Dayna C. Cooper (*pro hac vice pending)*
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl, Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

*Attorneys for Plaintiff Julius Johnson*
(Additional attorneys listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JULIUS JOHNSON, an individual,
Plaintiff,

vs.

ONIKA TANYA MARAJ P/K/A NICKI MINAJ, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; SONGS OF UNIVERSAL, INC., a California corporation; MICHAEL LEN WILLIAMS II P/K/A MIKE WILL MADE IT, an individual; KAZARION FOWLER P/K/A SKOOLY, an individual; MONEY MACK MUSIC INC., a Louisiana corporation; HARAJUKU BARBIE MUSIC, LLC, a Delaware limited liability company; ESTHER RENAY DEAN P/K/A ESTER DEAN, an individual; MARCUS BELL, an individual; SOUNDS FROM EARDRUMMERS LLC, a Georgia Corporation; WB MUSIC CORP., a Delaware Corporation; DAT DAMN DEAN; and DOES 1-10, inclusive.

Defendants.

Case No. 2:23-cv-5061

COMPLAINT FOR COPYRIGHT INFRINGEMENT; VICARIOUS INFRINGEMENT; CONTRIBUTORY INFRINGEMENT; LANHAM ACT - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN; LANHAM ACT - FALSE ADVERTISING; CONVERSION; FALSE ADVERTISING (STATE LAW); AND UNFAIR COMPETITION (STATE LAW)

DEMAND FOR JURY TRIAL

Date Action Filed: June 26, 2023

## COMPLAINT

Plaintiff Julius Johnson ("Johnson") by and through his undersigned attorneys, brings this Complaint and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Johnson's claims for copyright infringement, Lanham Act, and related claims pursuant to at least 17 U.S.C. §§ 501 *et. seq*., 15 U.S.C. § 1125, and 28 U.S.C. §§ 1331 & 1338.

2. This Court has supplemental jurisdiction over Johnson's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Johnson's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

3. The Court has personal jurisdiction over the Defendants because, on information and belief, each of them is domiciled in and/or regularly transacts or solicits business in the State of California and this District, and because the cause of action arises out of each of the respective Defendants' contacts with the State of California, this District, and persons therein and thereof.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and, on information and belief, Defendants are subject to personal jurisdiction in this District.

**PARTIES**

5. Johnson is a songwriter, musician, music composer, and producer. He is a resident of the State of Tennessee.

6. Defendant Onika Tanya Maraj p/k/a Nicki Minaj ("Minaj"), is an artist, singer, entertainer, performer, recording artist, hip-hop performer, and/or a rapper who resides in the State of California, and at all material times herein, is and was doing business in the State of California within this judicial district. On information and belief, Minaj participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

7. Defendant, Universal Music Group ("UMG"), is a U.S. record label and music industry conglomerate and Delaware corporation that is admitted and authorized to conduct business throughout the United States, and more specifically, is authorized to and does regularly conducts business within the State of California and has/maintains offices in the County of Los Angeles, State of California. On information and belief, UMG participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district.

8. On information and belief, Defendant Songs of Universal, Inc. ("SOU") is a music publisher and California corporation that conducts business throughout the United States, and more specifically, is authorized to and does regularly conduct business within the State of California and has/maintains offices in the County of Los

Angeles, State of California. On information and belief, SOU participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district.

9. On information and belief, Defendant Michael Len Williams II p/k/a Mike Will Made It ("Williams"), is a music producer and on information and belief, participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

10. On information and belief, Defendant Kazarion Fowler p/k/a Skooly ("Skooly") is a music producer that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

11. On information and belief, Defendant Money Mack Music, Inc. ("Mack"), is a Louisiana record label that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

12. On information and belief, Defendant Harajuku Barbie Music, LLC ("Harajuku Barbie Music"), is a Delaware music publishing company that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

13. On information and belief, Defendant Esther Renay Dean p/k/a Ester Dean ("Dean") is a singer, songwriter, music producer that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

14. On information and belief, Defendant Marcus Bell is a singer, songwriter, and/or music producer that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

15. On information and belief, Defendant Sounds from Eardrummers LLC, is a Georgia music publishing and/or production company that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

16. On information and belief, Defendant WB Music Corp, is a Delaware music publishing and/or production company that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

17. On information and belief, Defendant Dat Damn Dean, is an unincorporated music publishing and/or production company that is affiliated with Defendant Dean, and that participated in, facilitated, and/or encouraged the wrongful conduct alleged herein within this judicial district and/or regularly conducts business within this judicial district.

18. On information and belief, Defendants DOES 1-10, are one or more individuals and/or entities who participated in, facilitated, encouraged, and/or had supervisory authority over the wrongful conduct set forth herein within this judicial district.

## FACTUAL BACKGROUND

### *The Copyrighted Composition and Defendants Access Thereto*

19. In 2010, Johnson battled severe depression. As an outlet to express his emotions and avoid being consumed in self-harm, drug abuse, and thoughts of suicide, Johnson dedicated his time and energy to creating music.

20. In 2011, pursuant to his dedication to music, Johnson completed a musical work titled *onmysleeve* (the "Composition").

21. The Composition is registered with the United States Copyright Office under Registration No. SR 921-043. Exhibit B.

22. On September 23, 2011, Johnson, via his personal YouTube channel, JcubedEnt, published the Composition. Exhibit A. The Composition is still available for viewing at https://www.youtube.com/watch?v=Q-ATmEOOjs0&t=71s (last accessed June 14, 2023).

23. Johnson repeatedly re-published and re-circulated the Composition from the years of 2012-2015 via his personal social media platform(s).

24. During the years of 2012-2015, Johnson attended the Art Institute of Atlanta ("Institute"), where he received professional training in audio production.

25. On information and belief, associates and/or affiliates of Minaj and Williams attended and/or were physically present at the Institute during that same time period.

26. On information and belief, at all times relevant herein, Johnson as well as associates and affiliates of Minaj and Williams had full access to audio production studio room(s) at the Institute.

27. In or about winter 2013, during or after one of Johnson's studio session in the studio room(s), Johnson's hard drive which contained the copyright protected Composition (and other copyright protected works) was taken without his consent.

28. On information and belief, associates and/or affiliates of Minaj and Williams found or otherwise acquired Johnson's hard drive containing the Composition.

29. Johnson reported the missing hard drive to the administrative staff of the Institute and called on the help of his fellow classmates to assist with the search.

30. Despite his efforts, the hard drive was never returned or otherwise recovered by Johnson.

***The Infringing Work and Album***

31. On information and belief, sometime prior to December 2014, Defendants in their individual and respective capacities and/or acting in concert with each other, in violation of the 1978 Copyright Act, infringed upon Johnson's copyright protected

Composition, by taking, copying, using, and misappropriating same for Minaj's infringing work, *I Lied*, which was included in Minaj's album entitled, *The Pinkprint*.

32. On information and belief, the Defendants specifically and intentionally and strategically targeted, marketed, promoted the infringing album, *The Pinkprint* (which includes the infringing work, *I Lied*) within, to, and from the State of California and/or to residents of California and this District.

33. On information and belief, on or about December 15, 2014—three years after Johnson's publication of the Composition and one year after the hard drive was taken—some or all Defendants released, distributed, marketed, and sold throughout the United States, and more specifically, sold in the State of California, the infringing album, *The Pinkprint* (which includes the infringing work, *I Lied*).

34. On information and belief, *The Pinkprint* debuted at number two on the US Billboard 200, with 244,000 album-equivalent units (with 198,000 coming from pure sales and 46,000 combined track-equivalent units and streams) in its first week.[1]

35. On information and belief, *The Pinkprint* was streamed 16.8 million times across all on-demand streaming services in the United States during its first week.[2]

36. On information and belief, *The Pinkprint* held the number two position for three weeks before falling to number three on the *Billboard* 200.[3]

---

[1] *See* https://en.wikipedia.org/wiki/The_Pinkprint (last accessed June 14, 2023).

[2] *Id.*

37. On or about February 10, 2016, the Record Industry Association of America ("RIAA") certified the *The Pinkprint* album double platinum.[4]

38. The infringing work, *I Lied*, is substantially similar to, and contains significant substantially identical elements from Johnson's copyright protected Composition.

39. For example, when played in tandem, Johnson's copyright protected Composition and Defendants' infringing work, *I Lied,* contain substantially identical underlying instrumentation and beat. As exhibited in the clip available at https://www.cooperlegalsolutions.com/johnson-v-nicki-minaj-and-universal-music, both songs, *inter alia*, utilize at least the same style instrument bed, rhythm, beats per minute, and song key.

40. Defendants therefore are in violation of the 1978 Copyright Act (*e.g.*, 17 U.S.C. §501 *et seq*.), including by infringing upon Johnson's copyright protected Composition, by taking, copying, using, and misappropriating the same for *I Lied* and *The Pinkprint* album without the permission and consent of Johnson.

---

[3] *Id.*

[4] *See* https://www.riaa.com/gold-%20platinum/?tab_active=default-award&ar=nicki+minaj&ti=&lab=&genre=&format=Album&date_option=release&from=&to=&award=&type=&category=&adv=SEARCH&col=label&ord=asc (last accessed June 14, 2023).

41. On information and belief, at least the substantially identical nature of the instrumentation and beat in the Composition and *I lied* demonstrates that Defendants had access to Johnson's Composition and directly copied it.

42. Despite such direct copying, Defendants failed to credit or compensate Johnson or even seek a license from Johnson.

43. Johnson is and continues to be the sole author, creator, composer, writer, and producer of the Composition in addition to, being the sole legal and/or beneficial owner of all copyright interest therein.

44. Defendants wrongfully credited other third parties as being authors of Defendants' infringing work, *I Lied*—to the exclusion of Johnson. Exhibit C.

45. On information and belief, each Defendant, individually or acting in concert with one or more of the other Defendants, gave clearance and approval for, facilitated, promoted and/or otherwise supported the release and distribution of Defendants' infringing work, *I Lied* throughout the world and, more specifically, into and throughout the State of California.

46. On information and belief, each Defendant, individually or acting in concert with one or more of the other Defendants, placed the infringing work, *I Lied*, and the infringing album, *The Pinkprint*, into the California and worldwide marketplaces and stream of commerce without due credit or compensation to Johnson for Defendant's use of Johnson's copyright protected Composition.

47. On information and belief, each Defendant, individually or acting in concert with one or more other Defendants managed, produced, composed, arranged, controlled, released, performed, and/or caused *I Lied* to be performed worldwide and in the State of California without the express permission or consent of Johnson.

48. On information and belief, each Defendant, individually or acting in concert with one or more other Defendants, controlled, governed, and/or managed significant contractual and financial aspects involved in the management, production, creation, release, marketing, distribution, selling, and promotion of, *The Pinkprint* and/or *I Lied.*

49. On information and belief, each Defendant knew of or had reason to know of and/or cleared and approved, directly, and/or by way of its labels, departments, subdivisions, subsidiaries including, but not limited to one or more of the other Defendants, the contractual retainers, agreements, contracts of all collaborating songwriters and/or collaborating producers engaged for Defendants' infringing work, *I Lied* and/or for the infringing album, *The Pinkprint*.

50. On information and belief, each Defendant worked, conducted business, and/or appeared at various music studios within the State of California; caused, assisted, aided, booked, and/or scheduled Minaj to appear, perform, and/or work at various music studios and/or music performance venues in California; and/or participated in music production on behalf of one or more other Defendant with the

intention of marketing and distributing such music in California and to California residents.

***Johnson's Discovery of the Infringing Work***

51. In or about January 2022, while surfing Facebook reels, a video of Minaj was suggested to Johnson. Johnson watched the reel and, after researching the approximately 16-second clip, he then discovered the song *I Lied* via a Google® search of "Did I Lie" + "Niki Minaj".

52. Upon his first hearing of *I Lied,* Johnson immediately recognized that, with the exception of the vocals, most critical elements in *I Lied* were substantially identical to those of his copyrighted Composition.

53. Johnson obtained a copyright registration for the Composition from the United States Copyright Office on February 16, 2022. Exhibit B.

54. Soon thereafter on or about March 31, 2022, Johnson, by and through his undersigned counsel, sent a cease and desist letter to UMG and Minaj to avoid further harm to Johnson.

55. UMG and Minaj ignored the demand and to date, continue to exploit the Composition to Johnson's detriment and to Defendants' continued profit.

***Defendants' Continuing Infringement, Wrongful Acts, and Harm to Johnson***

56. Since each sale, stream, or duplicate constitutes a separate claim against Defendants under the Copyright Act, Johnson has sustained and will continue to sustain substantial damages to the value of his copyright in that the previously

described activities of Defendants have diminished and will continue to diminish the revenues in which Johnson would have otherwise been able to realize but for the unlawful infringement of his Composition.

57. Defendants have realized unlawful and unjust profits from their unauthorized and illegal copying, duplications, distribution, and release of Johnson's original copyright protected Composition and derivatives thereof—including, in particular, *I Lied.*

58. Defendants continue to infringe Johnson's copyright in the Composition and unless temporarily, preliminarily, and permanently enjoined by Order of this Court, will continue to infringe said copyrights, all to Johnson's irreparable injury.

59. As a result of Defendants' acts of infringement, Johnson is without an adequate remedy at law in that the full scope of damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Johnson may be required to pursue a multiplicity of actions.

60. As a direct result of the conduct of Defendants, Johnson has suffered and continues to suffer damages in an amount to be determined. Johnson was deprived of and unable to realize profit from his Composition, as attention and demand for his work has been hijacked or, at a minimum, overshadowed by the unauthorized copy and/or derivation thereof in Defendants' infringing work, *I Lied.*

61. On information and belief, Defendants' acts were willfully, maliciously, and oppressively made without regard to Johnson's proprietary rights.

**<u>COUNT I</u>**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 501 et seq.)**
(Against All Defendants)

62. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. Johnson is the exclusive owner of the copyright in the Composition, and, as such, has the exclusive rights under the Copyright Act, among other things, to reproduce, distribute, prepare derivative works from and otherwise exploit the Composition, and to allow or not allow third parties to exercise such rights.

64. Defendants had access to Johnson's Composition when they copied, took, used, misappropriated, and incorporated it into their infringing work, *I Lied,* and their infringing album, *The Pinkprint*.

65. Upon accessing Johnson's Composition, Defendants took and have continued to take, use, usurp, copy, make derivative works of, and publicly perform Johnson's Composition.

66. Defendants knew that they did not write, create, author, arrange, compose, and produce the Composition which is incorporated into Defendants' infringing work, *I Lied* and their infringing album, *The Pinkprint*.

67. Despite the industry standard practice and knowledge of copyright law, Defendants never sought to secure a license or other permission from Johnson herein and never obtained any permission from Johnson herein.

68. Despite the foregoing, Defendants, among other things, prepared the infringing work, *I Lied*, using Johnson's copyright protected Composition, thereby infringing Johnson's exclusive right under the Copyright Act to prepare derivative works from the Composition.

69. Defendants individually or collectively reproduced the infringing work, *I Lied*, and distributed it, and thereby infringed and infringe Johnson's exclusive rights under the Copyright Act to reproduce and distribute the Composition and derivative works thereof.

70. Defendants' unlawful taking and copying of Johnson's Composition, demonstrates Defendants' individual or collective willful, malicious, intentional, and deliberate efforts to unlawfully misappropriate, and use Johnson's copyright protected Composition with complete disregard for Johnson's rights and constitutes a brazen violation of the Copyright Act.

71. Each Defendant was and/or is contractually engaged in the production, manufacture, and worldwide distribution of music works written and/or produced by other Defendants including, but not limited to, Defendants' infringing work, *I Lied,* and infringing album, *The Pinkprint*.

72. Johnson's work was taken, copied, used, and misappropriated by Defendants without the opportunity for Johnson to agree to confer the benefit of consent to Defendants to copy, use, take, implement, or create derivative works from Johnson's copyright protected Composition.

73. Each Defendant knew or should have known that other Defendants writing, creation, and production of Defendants' infringing work, *I Lied*, contained, took, used, usurped, misappropriated, and implemented Johnson's copyright protected Composition without Johnson's knowledge or consent and without due and lawful credit and compensation to Johnson for same.

74. Defendants knew or should have known of the substantial similarities with the accompanying music including but not limited to musical notes, musical arrangement, musical beat, or musical rhythm between Johnson's Composition and Defendants' infringing work, *I Lied*, that is contained in, used in, taken, copied, misappropriated, and implemented by Defendants in Defendants' infringing work, *I Lied*.

75. Defendants have continued to further authorize and execute the manufacturing of worldwide distribution of all medium formats of Defendants' infringing work, *I Lied*, and their infringing album, *The Pinkprint* including, but not limited to: singles, albums, records, CDs, DVDs, internet streams, and/or concert performances and the like, substantially utilizing, taking, copying, and misappropriating Johnson's copyright protected Composition in and as part of Defendants' infringing work, *I Lied*, and their infringing album, *The Pinkprint* throughout the world.

76. As a direct result of the writing, creation, production, release, marketing, promotion, sales, performances, licensing, and/or distribution of Defendants'

infringing work, *I Lied*, and their infringing album, *The Pinkprint*, Defendants herein received and accepted, and continue to receive and accept financial enrichment, financial gains, financial profits, monies, income and/or revenues from the writing, production, sale, and worldwide distribution of Defendants' infringing work, and further receive and continue to receive the same unjustly and to the financial detriment and expense of Johnson as set forth herein.

77. Such unjust enrichment to Defendants is contrary Johnson's exclusive rights to reproduce and distribute his copyright protected work and create and authorize the creation of derivative works under copyright law.

78. It is against equity and good conscience to permit the Defendants herein to retain, in perpetuity, the ill-obtained financial unjust enrichments gained and received by Defendants and sought by Johnson for recovery under this action herein.

79. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Johnson great and irreparable injury that cannot fully be compensated or measured in money. Johnson has no adequate remedy at law.

## COUNT II
### VICARIOUS INFRINGEMENT
(Against all Defendants)

80. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81. Each Defendant is vicariously liable for the copyright infringement alleged above because he, she, or they had the right and ability to control the infringing conduct and had a direct financial interest in the infringement.

82. Each Defendant failed to or declined to exercise the right and ability to supervise or control by failing to ensure the proper controls to prevent the infringement outlined above.

83. On information and belief, Defendants maintained and continue to maintain and have or own a significant degree of contractual and/or financial interest in any and all underlying and/or resulting legal ownership rights including, but not limited to, those obtained through copyright protections initiated and/or held, individually or jointly, by one or more of the Defendants and/or by any third parties related thereto, in connection with the creating, producing, marketing, selling, releasing, performing and/or distributing of Defendants' infringing work, *I Lied* and their infringing album, *The Pinkprint.*

84. As result of Defendants' infringement, Johnson has sustained substantial injury, loss, and damage in an amount to be determined at trial, and, on information and belief, Defendants have derived substantial income and profits to which they are not entitled.

85. As a result of Defendants' actions, the infringing work, *I Lied*, is available through multiple websites hosted by internet service providers all of the world. If Defendants are permitted to continue to use the Composition and protected aspects

thereof in the infringing work, *I Lied*, and/or not required to take reasonable steps to stop the continued exploitation of the Infringing work, Johnson will suffer injury that is not compensable through an award of money damages, and for which he has no adequate remedy at law.

## COUNT III
### CONTRIBUTORY INFRINGEMENT
(Against all Defendants)

86. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. On information and belief, each Defendant knowingly induced, participated in, aided and abetted, and profited from the copyright infringement alleged above.

88. Each Defendant knew or had reason to know of the infringement of Johnson's copyright protected Composition. By engaging in the illegal conduct alleged herein, and in addition to directly organizing and effectuating such infringing activities, Defendants each also induced, caused, and materially contributed to infringing conduct both by each other and by third parties.

89. By reason of the foregoing, some or all Defendants copied or aided in the copying and performing of Johnson's Composition in various media without Johnson's permission.

90. Defendants undertook these actions both individually and jointly. Defendants conspired and acted in concert with one another to accomplish their

scheme to commit such acts, which they knew would damage, violate, and infringe Johnson's copyrights.

91. As a result of the Defendants' unlawful and deliberate conduct as set forth above, Johnson has been, and will continue to be, damaged.

92. Defendants unlawful conduct, as set forth herein, was deliberate, intentional, malicious, and willful.

93. As a result of Defendants' unlawful conduct as set forth herein, all Defendants, in addition to their liability for direct infringement of Johnson's copyrights, are jointly and severally liable for contributory infringement of Johnson's copyrights and other intellectual property rights.

94. Defendants' actions have caused and will continue to cause irreparable damage to Johnson, for which Johnson has no remedy at law. Unless Defendants are restrained by this court from continuing their infringement of Johnson's copyrights, these injuries will continue to occur in the future. Johnson is accordingly entitled to injunctive relief restraining Defendants from further infringement.

## COUNT IV
## LANHAM ACT - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. 1125(a)
(Against all Defendants)

95. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96. By reason of the foregoing, Defendants falsely designated certain Defendant-individuals and certain third-party individuals as authors of Johnson's Composition in advertising, publicizing, and crediting Defendants or other third-parties for the creation of *I Lied*.

97. Defendants' false designation of authors of *I Lied,* including, in particular, the exclusion of Johnson, has and is likely to cause consumer confusion as to the origin, connection, and/or association of the Composition.

98. By reason of the foregoing, Defendants have willfully and intentionally caused damage to Johnson by affixing and using in commerce such false descriptions or representations in violation of Johnson's rights.

**COUNT V**
**LANHAM ACT - FALSE ADVERTISING**
(Against all Defendants)

99. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Defendants have made false and misleading statements of fact with respect to their authorship, creation, and/or ownership of Johnson's copyright protected Composition in interstate commerce in connection with their marketing, advertising, and/or promotion of *I Lied* and *The Pinkprint*.

101. Such false and misleading statements have actually deceived and/or have a tendency to deceive a substantial number of consumers.

102. Defendants' false and misleading statements are material because, *inter alia,* Johnson received no credit for his unconsented contribution to the infringing works.

103. On information and belief, Defendants false and misleading statements have influenced or are likely to influence purchasing decisions.

104. Johnson has been damaged by Defendants' false and misleading statements and, unless their conduct is enjoined, Johnson's goodwill and reputation will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.

105. Defendants' unlawful actions constitute false advertisements, which entitles Johnson to actual damages in an amount to be determined at trial, as well as attorneys' fees, costs, and exemplary damages to deter Defendants from continuing to engage in such conduct against other artists and consumers.

**COUNT VI**
**CONVERSION**
(Against all Defendants)

106. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 105 of the Complaint as if fully set forth herein.

107. At all times herein mentioned, Johnson was, and still is, the sole owner of the hard drive containing the Composition (and other copyrighted works).

108. In taking the actions described above, at least one Defendant knowingly converted the hard drive described above to their own use and benefit, and the use and benefit of all Defendants.

109. As a natural, reasonable, and proximate result of Defendant(s)' conversion, Johnson has also suffered loss of expected profit all to Johnson's detriment in an amount to be proved at trial.

110. Between the time of Defendant(s)' conversion of the above-described property to their own use and the filing of this action, Johnson has reasonably and properly expended time and money in the pursuit of the converted property, all to Johnson's further damage in an amount to be proved at trial.

111. No adequate remedy at law exists for the injuries suffered by Johnson herein, insofar as further harm will result to Johnson from Defendants' wrongful acts of conversion absent injunctive relief. If this Court does not grant injunctive relief of the type and for the purpose as specified herein, Johnson will suffer irreparable injury. Johnson therefore requests that Defendants be enjoined from further use of Johnson's hard drive and the works contained thereon or obtained therefrom including the Composition, from further acts predicated on Defendants' misrepresentation that Defendants are the creators of the Composition (or the other copyrighted works) and be ordered to remove Defendants' name from the Composition (or the other copyrighted works).

112. At the time Defendant(s) converted the hard drive, they were guilty of fraud, malice, oppression, and a willful and conscious disregard for the rights of Johnson in the converted property.

113. Further, after knowledge and notice of Johnson's interest in the converted property was given to Defendant(s), they failed and refused, and continue to fail and refuse, to stop their activities with regard to the converted property. Defendants' acts justify the awarding of actual and exemplary damages.

**COUNT VII**
**FALSE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.***
(Against all Defendants)

114. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115. Defendants violated California Business and Professions Code Section 17500 by making or disseminating or causing to be made or disseminated, before the public in this state untrue or misleading statements in connection with the sale or goods or services that Defendants knew or should have known were false and/or misleading, including, but not limited, to statements concerning the authorship, creation, and/or ownership of Johnson's copyright protected Composition in connection with their marketing, advertising, and/or promotion of *I Lied* and *The Pinkprint*.

116. Such false and/or misleading statements have actually deceived and/or have a tendency to deceive a substantial number of consumers within the State of California and worldwide.

117. Johnson seeks an order requiring Defendants to make full corrective disclosures to correct their prior misrepresentations, omissions, failures to disclose and partial disclosures.

118. Unless Defendants' conduct is enjoined, Johnson's goodwill and reputation will continue to suffer irreparable injury.

## COUNT VIII
### UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 ET SEQ.
(Against all Defendants)

119. Johnson repeats and realleges the allegations contained in Paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120. Defendants' acts described above constitute unfair competition and unlawful business practices. Defendants have done so by its past and continued exploitation and misappropriation of Johnson's property, as set forth above.

121. As a direct and proximate result of the foregoing conduct, Johnson has suffered lost transaction opportunities, lost business opportunities, lost market share, and present and future diminishing of business value. Defendants' acts alleged herein have also caused and will continue to cause, irreparable injury to Johnson, unless and until Defendants are permanently enjoined and ordered to pay appropriate restitution.

122. Defendants have received and obtained substantial gains, profits, advantages, and benefits that Johnson rightfully deserves, by reason of their wrongful acts of unfair competition.

123. Johnson has no adequate remedy at law in that monetary damages would be difficult to ascertain, and would be inadequate to compensate Johnson for the harm caused by Defendants if not enjoined.

## DEMAND FOR JURY TRIAL

124. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

125. WHEREFORE, Johnson prays for judgment against all Defendants, jointly and severally, and in its favor as follows:

a. For a judgment permanently enjoining and restraining Defendants and their agents, servants, and employees, and all other persons acting in concert and participation with Defendants or acting on their behalf, and each of them, from copying or otherwise using or exploiting the infringing album, *The Pinkprint,* and the infringing work, *I Lied*, including its interpolation of the Composition;

b. For a judgment permanently enjoining and restraining and their agents, servants, and employees, and all other persons in active concert and participation with Defendants or acting on their behalf, and each of them,

to take reasonable steps to prevent third parties from using or exploiting the infringing work, *I Lied*, including its interpolation of the Composition;

c. For a judgment declaring that Johnson was an author of the music of *I Lied*;

d. For a judgement ordering that Defendants publicly and prominently provide Johnson with attribution credit for his contribution to *The Pinkprint* and *I Lied*;

e. An award of actual damages and Defendants' profits;

f. An award for statutory damages for continued infringement;

g. An award of statutory damages for willful infringement;

h. An award of exemplary damages;

i. An award of pre-judgment and post-judgment interest on any monetary award;

j. An award of Johnson's costs including his reasonable attorneys' fees;

k. An award of future royalties for all performances, sales, derivatives, and uses of *I Lied*;

l. An award of any and all equitable relief to which Plaintiffs may be entitled; and

m. For such other and further relief as the Court deems just and proper.

Dated: June 26, 2023

Respectfully submitted,

*/s/ Dayna C. Cooper*
Dayna C. Cooper (*pro hac vice* pending)
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl, Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

*Attorneys for Plaintiff,* Julius Johnson