Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp d/b/a WC Music Corp.*
*f/k/a WB Music Corp.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ONIKA TANYA MARAJ P/K/A NICKI MINAJ, et al.<br><br>    Defendants. | Case No. 2:23-cv-05061-PA-AFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:   November 6, 2023<br>Time:   1:30 p.m.<br>Place:  Courtroom 9A<br><br>**Honorable Percy Anderson** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................i

TABLE OF AUTHORITIES ...........................................................................ii

INTRODUCTION ..........................................................................................1

STATEMENT OF FACTS ..............................................................................2

ARGUMENT ..................................................................................................3

I.     APPLICABLE LEGAL STANDARDS........................................................3

II.    PLAINTIFF'S "SHOTGUN PLEADING" FAILS TO DISTINGUISH
AMONG DEFENDANTS.............................................................................4

III.   PLAINTIFF IMPROPERLY ALLEGES DIRECT, VICARIOUS, AND
CONTRIBUTORY COPYRIGHT INFRINGEMENT CLAIMS AGAINST ALL
DEFENDANTS.............................................................................................5

IV.   THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE DIRECT
INFRINGEMENT. .......................................................................................6

     A.    The Complaint Fails to Allege Registration of Plaintiff's Work
or Copying of a Sound Recording.........................................................7

     B.    The Complaint Fails to Allege Access.........................................11

     C.    The Complaint Fails to Allege Striking Similarity. ...................14

V.    COUNTS IV, V, VII, AND VIII ARE PREEMPTED BY THE COPYRIGHT
ACT.............................................................................................................17

VI.   THE COMPLAINT LACKS ANY ALLEGED FACTS IN SUPPORT
OF COUNT VI.............................................................................................18

CONCLUSION ............................................................................................20

L.R. 11-6.2 CERTIFICATION......................................................................21

# TABLE OF AUTHORITIES

## Cases

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ...................................................................5

*Adams v. Paramount Pictures Corp.*,
2009 WL 10671572 (C.D. Cal. Jan. 6, 2009) ...........................................19

*Agence France Presse v. Morel*,
769 F. Supp. 2d 295 (S.D.N.Y. 2011) .......................................................17

*Armes v. Post*,
2022 U.S. Dist. LEXIS 71155 (C.D. Cal. Apr. 18, 2022) ...................7, 8, 9

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
581 F.3d 1138 (9th Cir. 2009) .................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................3

*Baden Sports, Inc. v. Molten USA, Inc.*,
556 F.3d 1300 (Fed. Cir. 2009) ...............................................................17

*Batiste v. Najm*,
28 F. Supp. 3d 595 (E.D. La. 2014 .....................................................14, 15

*Batts v. Adams*,
2011 U.S. Dist. LEXIS 161402 (C.D. Cal. Feb. 8, 2011) ...................11, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................2, 3, 5

*Bernal v. Paradigm Talent and Literary Agency*,
788 F. Supp. 2d. 1043 (C.D. Cal. 2010) ..................................................11

*Bethea v. Burnett*,
2005 U.S. Dist. LEXIS 46944 (C.D. Cal. June 28, 2005) ........................17

*Beyond Blond Prods. v. Heldman*,
2020 U.S. Dist. LEXIS 150556 (C.D. Cal. Aug. 17, 2020) ........................5

*Bravado Int'l Group Merch. Servs. v. Cha*,
2010 U.S. Dist. LEXIS 80361 (C.D. Cal. June 30, 2010) ..........................6

*Briggs v. Blomkamp*,
70 F. Supp. 3d 1155 (N.D. Cal. 2014) ......................................................16

*Brion Jeannette Arch. v. KTGY Grp. Inc.*,
2009 U.S. Dist. LEXIS 136223 (C.D. Cal. July 30, 2009) ........................17

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
   824 F.3d 1156 (9th Cir. 2016) .................................................................3

*Cannarella v. Volvo Car USA LLC*,
   2016 U.S. Dist. LEXIS 192449 (C.D. Cal. Dec. 12, 2016) .......................17

*Carlini v. Paramount Pictures Corp.*,
   2021 U.S. Dist. LEXIS 46481 (C.D. Cal. Feb. 2, 2021) .................3, 11, 12

*Christianson v. West Publ'g Co.*,
   149 F.2d 202 (9th Cir. 1945) ....................................................................6

*Culinary Studios, Inc. v. Newsom*,
   517 F. Supp. 3d 1042 (E.D. Cal. 2021) ....................................................6

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003) .................................................................................17

*Davis v. Raymond*,
   2012 U.S. Dist. LEXIS 197347 (S.D. Fla. Nov. 29, 2012) .......................13

*Erickson v. Blake*,
   839 F. Supp. 2d 1132 (D. Or. 2012) .......................................................7, 8

*Evans v. NBCUniversal Media, LLC*,
   2021 U.S. Dist. LEXIS 194586 (C.D. Cal. Sep. 30, 2021) .......................11

*Flores v. EMC Mortg. Co.*,
   997 F. Supp. 2d 1088 (E.D. Cal. 2014) ....................................................6

*Focal Point Films, LLC v. Sandhu*,
   2019 U.S. Dist. LEXIS 219314 (N.D. Cal. Dec. 20, 2019) ..................16, 17

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) ...............................................................................7

*Friedman v. Zimmer*,
   2015 U.S. Dist. LEXIS 143941 (C.D. Cal. July 10, 2015) .......................17

*Frisby v. Sony Music Entm't*,
   2022 U.S. App. LEXIS 15673 (9th Cir. June 7, 2022) .............................7, 8

*Gadh v. Spiegel*,
   2014 U.S. Dist. LEXIS 64081 (C.D. Cal. Apr. 2, 2014) ............................6

*Gavriliuc v. Teksystems, Inc.*,
   2021 U.S. Dist. LEXIS 168287 (C.D. Cal. Apr. 14, 2021) .........................4

*Grady v. Scholastic Inc.*,
   2013 U.S. Dist. LEXIS 199969 (C.D. Cal. Jan. 31, 2013).......................17

*Gray v. Hudson*,
   28 F.4th 87 (9th Cir. 2022)..................................................................15, 16

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Gray v. Perry*,
 2018 U.S. Dist. LEXIS 138263 (C.D. Cal. Aug. 13, 2018),
 *aff'd*, *Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022) ..................................14, 15

*Greene v. Pete*,
 2023 U.S. Dist. LEXIS 40140 (S.D.N.Y. Jan. 3, 2023) ............................7, 8

*Grigson v. Lopez*,
 2023 U.S. Dist. LEXIS 83277 (C.D. Cal. May 10, 2023) ..............7, 8, 9, 10

*Hayes v. Keys*,
 2015 U.S. Dist. LEXIS 2860 (C.D. Cal. Jan. 7, 2015) ...............................11

*Hayes v. Minaj*,
 2013 U.S. Dist. LEXIS 201336 (C.D. Cal. Aug. 13, 2013) ........................11

*Herzog v. Castle Rock Entmt.*,
 193 F.3d 1241 (11th Cir. 1999) ...................................................................12

*Hoff v. Walt Disney Pictures*,
 2019 U.S. Dist. LEXIS 140343 (C.D. Cal. Aug. 19, 2019) ........................19

*Hord v. Jackson*,
 281 F. Supp. 3d 417 (S.D.N.Y. 2017) .........................................................12

*Johnson v. Knoller*,
 2017 U.S. Dist. LEXIS 217782 (C.D. Cal. Sep. 18, 2017) ........................12

*Karmo v. Morgan Creek Entm't Grp.*,
 2019 U.S. Dist. LEXIS 133833 (C.D. Cal. Apr. 12, 2019) ........................12

*Kodadek v. MTV Networks*,
 152 F.3d 1209 (9th Cir. 1998) .....................................................................17

*Laws v. Sony Music Entm't, Inc.*,
 448 F.3d 1134 (9th Cir. 2006) .....................................................................19

*Lois v. Levin*,
 2022 U.S. Dist. LEXIS 168358 (C.D. Cal. Sep. 16, 2022) ..................14, 15

*Loomis v. Cornish*,
 836 F.3d 991 (9th Cir. 2016) ................................................................10, 11

*Lynwood Invs. CY Ltd. v. Konovalov*,
 2021 U.S. Dist. LEXIS 58501 (N.D. Cal. Mar. 25, 2021) ...........................6

*Malibu Media, LLC v. Doe*,
 2019 U.S. Dist. LEXIS 56578 (S.D.N.Y. Apr. 2, 2019) ............................10

*Marshall v. Huffman*,
 2010 U.S. Dist. LEXIS 134334 (N.D. Cal. Dec. 9, 2010) ........................7, 8

*McCormick v. Sony Pictures*,
 2008 U.S. Dist. LEXIS 127715 (C.D. Cal. Feb. 4, 2008) ..........................16

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Micro/sys v. DRS Techs., Inc.*,
   2015 U.S. Dist. LEXIS 190099 (C.D. Cal. Feb. 18, 2015) ...................................17, 18

*Morrill v. Stefani*,
   338 F. Supp. 3d 1051 (C.D. Cal. 2018) .............................................................14, 15, 16

*Motown Record Corp. v. George A. Hormel & Co.*,
   657 F. Supp. 1236 (C.D. Cal. 1987) ...................................................................17, 18

*N. Music Corp. v. King Record Distrib. Co.*,
   105 F. Supp. 393 (S.D.N.Y. 1952) ...........................................................................14

*Newton v. Diamond*,
   204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004) .............7

*Patel Burica & Assocs. v. Lin*,
   2020 U.S. Dist. LEXIS 15774 (C.D. Cal. Jan. 30, 2020) ....................................6, 14

*Pickett v. Migos Touring, Inc.*,
   420 F. Supp. 3d 197 (S.D.N.Y. 2019) ......................................................................10

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018) .....................................................................................6

*Rice v. Fox Broadcasting Co.*,
   330 F.3d 1170 (9th Cir. 2003) ...................................................................................16

*Schkeiban v. Cameron*,
   2012 U.S. Dist. LEXIS 194037 (C.D. Cal. May 10, 2012) .............................10, 11

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ...................................................................................15

*Smith v. Jackson*,
   84 F.3d 1213 (9th Cir. 1996) .....................................................................................15

*Smith v. Weeknd*,
   2019 U.S. Dist. LEXIS 221922 (C.D. Cal. Aug. 23, 2019) ...........................................5

*Sollberger v. Wachovia Sec., LLC*,
   2010 U.S. Dist. LEXIS 66233 (C.D. Cal. June 30, 2010) .........................................3, 4

*Sound & Color, LLC v. Smith*,
   2023 U.S. Dist. LEXIS 34402 (C.D. Cal. Feb. 28, 2023) .................................5, 6, 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .......................................................................................3

*Stewart v. Wachowski*,
   574 F. Supp. 2d 1074 (C.D. Cal. 2005) ...................................................................16

*Swirsky v. Carey*,
   376 F.3d 841 (9th Cir. 2004) .....................................................................................15

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

*Sybersound Records, Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ...........................................................................17

*Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g, Inc.*,
  75 F. Supp. 2d 242 (S.D.N.Y. 1999) ....................................................................8

*Very Music Inc. v. Kid Glove Prods., Inc.*,
  2016 U.S. Dist. LEXIS 184845 (C.D. Cal. Apr. 28, 2016) ....................................8

*VMG Salsoul, Ltd. Liab. Co. v. Ciccone*,
  824 F.3d 871 (9th Cir. 2016) ...........................................................................1, 7

*Washington v. ViacomCBS, Inc.*,
  2020 U.S. Dist. LEXIS 188005 (C.D. Cal. Aug. 20, 2020) ...........................12, 13

*Weiss v. DreamWorks SKG*,
  2015 U.S. Dist. LEXIS 193840 (C.D. Cal. Feb. 9, 2015) ....................................13

*Weller v. Flynn*,
  312 F. Supp. 3d 706 (N.D. Ill. 2018) ..................................................................13

*Worth v. Universal Pictures, Inc.*,
  5 F. Supp. 2d 816 (C.D. Cal. 1997) ....................................................................19

*Xerox Corp. v. Apple Comput., Inc.*,
  734 F. Supp. 1542 (N.D. Cal. 1990) ...................................................................18

*Zinzuwadia v. Mortg. Elec. Reg. Sys., Inc.*,
  2012 U.S. Dist. LEXIS 182797 (E.D. Cal. Dec. 28, 2012) ...................................4

**Statutes**

17 U.S.C. § 102(a)(2) ...........................................................................................7

17 U.S.C. § 102(a)(7) ...........................................................................................7

17 U.S.C. § 106(6) ...............................................................................................9

17 U.S.C. § 114(b) ...............................................................................................7

17 U.S.C. § 411 .................................................................................................6, 7

Cal. Bus. & Prof. Code § 17200 ..........................................................................18

Cal. Bus. & Prof. Code § 17500 ..........................................................................18

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................2, 3, 5, 19

Fed. R. Civ. P. 8 ....................................................................................................5

**Other Authorities**

U.S. Copyright Office Circular 50.........................................................................8

U.S. Copyright Office Circular 56......................................................................8

U.S. Copyright Office Circular 56A...................................................................8

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendants Michael Len Williams, II, Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. (collectively, "Moving Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the claims asserted against them by Plaintiff Julius Johnson ("Plaintiff") in his Complaint (the "Complaint") for failure to state a claim.

## INTRODUCTION

The Complaint—in which Plaintiff alleges the 2014 musical work "*I Lied*" ("Defendants' Work") infringes his 2011 musical composition "*onmysleeve*" ("Plaintiff's Work")—is fatally deficient in several independent ways, each of which alone warrants dismissal. Pursuant to this Court's Standing Order, Moving Defendants' counsel conferred with Plaintiff's counsel, setting forth in detail the grounds for dismissal, including controlling Ninth Circuit precedent precluding certain claims. Plaintiff's counsel refused to withdraw or amend the Complaint.

By failing to distinguish among defendants, the Complaint is a paradigmatic "shotgun pleading" that fails to provide proper notice of what allegations and claims are directed to each defendant. The Ninth Circuit has held that this alone is cause for dismissal.

As one example, Plaintiff asserts claims against each defendant for both direct and secondary (vicarious and contributory) infringement. Controlling Ninth Circuit precedent holds that a defendant cannot be secondarily liable for its own direct infringement. Failing to identify whether a defendant allegedly directly or secondarily infringes violates Fed. R. Civ. P. 8 and fails to state a claim as a matter of law.

The Complaint fails to state a direct infringement claim for several independent reasons. It pleads registration of a sound recording copyright, not a musical composition copyright—yet plainly alleges infringement of a musical composition.[1] Plaintiff never alleges that Defendants' Work "samples" or directly uses portions of Plaintiff's Work—

---

[1] "Sound recordings and musical compositions are separate works with their own distinct copyrights." *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 877 (9th Cir. 2016); *see also* 17 U.S.C. § 102(a)(2) & (a)(7) (identifying "musical works" and "sound recordings" as separate "categories" of works of authorship).

the only way a sound recording copyright can be infringed. Further, the Complaint fails to plausibly plead access or "striking similarity," relying solely on the conclusory allegation that "defendants copied" Plaintiff's Work.

Plaintiff asserts claims for unfair competition under the Lanham Act and California statute based on alleged misrepresentation of authorship. The U.S. Supreme Court and Ninth Circuit have held that the Copyright Act preempts such claims.

Lastly, Plaintiff asserts a claim for conversion based on mere speculation concerning a purportedly lost hard drive. But Plaintiff never alleges the critical element that the hard drive was acquired or possessed by any defendant. This is fatal to Plaintiff's argument against preemption by the Copyright Act and fatal to the claim itself.

Each defect renders the Complaint subject to dismissal under Fed. R. Civ. P. 12(b)(6) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## STATEMENT OF FACTS

The Complaint asserts claims "Against All Defendants" for direct copyright infringement (Count I, ¶¶ 62-79), vicarious copyright infringement (Count II, ¶¶ 80-85), contributory copyright infringement (Count III, ¶¶ 86-94), unfair competition and false designation of origin (Lanham Act) (Count IV ¶¶ 95-98), false advertising (Lanham Act) (Count V, ¶¶ 99-105), conversion (Count VI, ¶¶ 106-113), false advertising (Cal. Bus. & Prof. Code § 17500) (Count VII, ¶¶ 114-118), and unfair competition (Cal. Bus. & Prof. Code § 17200) (Count VIII, ¶¶ 119-123). Each of the claims states Plaintiff "repeats and realleges the allegations contained in [every preceding paragraph] of the Complaint[.]" Compl. ¶¶ 62, 80, 86, 95, 99, 106, 114, 119.

Each claim relies on allegations as to "Defendants" generically. *Id.* ¶¶ 31-50, 56-61. The Complaint does not allege conduct by anyone other than "Defendants" as an undifferentiated group.

Plaintiff alleges infringement of a "Composition," *id.* ¶ 20, and always and only references a "Composition." *Id.* ¶¶ 20-23, 27-28, 31, 33, 38-41, 43, 46, 52-53, 55-58, 60, 63-66, 68-70, 72-75, 85, 88-89, 96-97, 100, 107, 111, 115, 125. Plaintiff's allegations of

copying only pertain to elements of a musical composition. *Id.* ¶ 74 ("Defendants knew or should have known of the substantial similarities with the accompanying music including but not limited to musical notes, musical arrangement, musical beat, or musical rhythm between Johnson's Composition and Defendants' infringing work, *I Lied*[.]"). Yet Plaintiff pleads ownership of only a sound recording copyright. *Id.* ¶ 53 & Ex. B. Plaintiff does not plead registration of a musical composition copyright.

Plaintiff attempts to plead "access" by alleging "[o]n information and belief, associates and/or affiliates of Minaj and Williams attended and/or were physically present at the [Art Institute of Atlanta] during that same time period [as Plaintiff]" and "[o]n information and belief, associates and/or affiliates of Minaj and Williams found or otherwise acquired Johnson's hard drive containing the Composition." *Id.* ¶¶ 25, 28. The Complaint never (1) identifies the unnamed "associates and/or affiliates" or (2) alleges that any *defendant* actually acquired the hard drive.

**ARGUMENT**

## I.      Applicable Legal Standards

Dismissal for failure to state a claim upon which relief can be granted is proper under Fed. R. Civ. P. 12(b)(6) when the complaint either fails to allege a "cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Carlini v. Paramount Pictures Corp.*, 2021 U.S. Dist. LEXIS 46481, at *18 (C.D. Cal. Feb. 2, 2021) (quoting *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016)). To survive dismissal, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has "facial plausibility" if it pleads facts "allowing the court to draw the reasonable inference that the defendant is liable[.]" *Id.* at *18-19 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233, at *7-8 (C.D. Cal. June 30, 2010) (quoting *Iqbal,* 129 S. Ct. at 1940),

3

or "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* (quoting *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001)).

## II.     Plaintiff's "Shotgun Pleading" Fails to Distinguish Among Defendants.

The entire Complaint is subject to dismissal because it impermissibly lumps all defendants together without distinguishing among defendants and identifying specific facts allegedly giving rise to liability for each defendant. As described by the court in *Sollberger*:

> One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong. Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then "each count incorporates every antecedent allegation by reference."

*Sollberger*, 2010 U.S. Dist. LEXIS 66233, at *12. A "shotgun pleading" is subject to dismissal on that ground alone. *Gavriliuc v. Teksystems, Inc.*, 2021 U.S. Dist. LEXIS 168287, at *6-7 (C.D. Cal. Apr. 14, 2021) ("This defect alone warrants dismissal.").

The failure to distinguish among defendants "mak[es] it impossible to discern which allegations are targeted against which defendants." *Id.* (quoting *Zinzuwadia v. Mortg. Elec. Reg. Sys., Inc.*, 2012 U.S. Dist. LEXIS 182797, at *7 (E.D. Cal. Dec. 28, 2012)). The Complaint is rife with examples. Plaintiff alleges "Defendants in their individual and respective capacities and/or acting in concert with each other," purportedly infringed Plaintiff's Work. Compl. ¶ 31. And every subsequent paragraph alleges action(s) by "Defendants." That is, Plaintiff "uses the omnibus term 'Defendants' throughout [the] complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Sollberger*, 2010 U.S. Dist. LEXIS 66233, at *12.

The conclusory allegation "[o]n information and belief, . . . Defendants . . . act[ed] in concert with each other," Compl. ¶ 31, cannot remedy this deficiency. *See, e.g., Gavriliuc*, 2021 U.S. Dist. LEXIS 168287, at *6-7 ("Although Plaintiff reiterates his allegation from the Complaint that 'all Defendants acted as agents of all other Defendants in committing the acts alleged in the complaint,' this conclusory legal allegation does not

4

absolve Plaintiff of the basic federal pleading requirements under Rule 8(a), *Twombly*, and *Iqbal*.").

Another example is the Complaint's assertion of claims against "All Defendants" for direct, vicarious, and contributory infringement of Plaintiff's alleged copyright rights. This constitutes a separate and independent ground for dismissal, as discussed below, but also exemplifies the impossibility of discerning which allegations are targeted at which defendants, in violation of Rule 8 and *Twombly.*

As a result of the foregoing, the entire Complaint fails to satisfy Rule 8 and *Twombly*, and is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See, e.g., Beyond Blond Prods. v. Heldman*, 2020 U.S. Dist. LEXIS 150556, at *11 (C.D. Cal. Aug. 17, 2020) ("[A] complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).").

## III. Plaintiff Improperly Alleges Direct, Vicarious, and Contributory Copyright Infringement Claims Against All Defendants.

Established Ninth Circuit precedent holds a defendant cannot be secondarily liable for its own infringement. *See, e.g., A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by *a third party*.") (emphasis added). Claims for contributory and vicarious copyright infringement against defendants who are also alleged to have directly infringed cannot survive dismissal. *See, e.g., Smith v. Weeknd*, 2019 U.S. Dist. LEXIS 221922, at *7-9 (C.D. Cal. Aug. 23, 2019) (rejecting plaintiff's argument that defendants simultaneously are direct infringers and "also necessarily contributorily and vicariously infringe when the song is played on streaming services, advertised and played on social media, downloaded, and sold in stores or online").

The court in *Sound & Color, LLC v. Smith*, 2023 U.S. Dist. LEXIS 34402 (C.D. Cal. Feb. 28, 2023), dismissed claims for contributory and vicarious infringement where the Complaint failed to "distinguish[] which of these defendants took what specific actions" and pleaded direct, contributory, and vicarious infringement against all defendants:

"Plaintiff asserts all three of its claims against all defendants and alleges that all defendants engaged in the same broad conduct, without providing sufficient non-conclusory facts that would assist each defendant in deciphering what grounds Plaintiff is basing its claims against them." *Id.* at *49-50 (*quoting Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021) ("A plaintiff who sues multiple defendants must allege the basis of [its] claim against each defendant."); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing complaint where it lacked "facts of the defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend.")).

Because the Complaint alleges direct, vicarious, and contributory infringement against all defendants, those claims cannot stand. *See, e.g., Lynwood Invs. CY Ltd. v. Konovalov*, 2021 U.S. Dist. LEXIS 58501, at *52-53 (N.D. Cal. Mar. 25, 2021) (dismissing direct infringement claim where complaint "lumps all the defendants together without stating which entity or person copied the work" and some allegations "belie the notion that all defendants copied the work"); *Bravado Int'l Group Merch. Servs. v. Cha*, 2010 U.S. Dist. LEXIS 80361, at *6 (C.D. Cal. June 30, 2010).

## IV.   The Complaint Fails to Plausibly Allege Direct Infringement.

Courts in the Ninth Circuit routinely dismiss copyright claims at the pleading stage when those claims are deficient on their face. *Patel Burica & Assocs. v. Lin*, 2020 U.S. Dist. LEXIS 15774, at *7 (C.D. Cal. Jan. 30, 2020) (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123 (9th Cir. 2018)); *Gadh v. Spiegel*, 2014 U.S. Dist. LEXIS 64081, at *3 n.2 (C.D. Cal. Apr. 2, 2014) (collecting cases; finding for "fifty years" courts have followed the Ninth Circuit's decision in *Christianson v. West Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945), to "dismiss[] copyright claims that fail from the face of the complaint"). Here, the Complaint fails to allege copying, access, or striking similarity.

**A.      The Complaint Fails to Allege Registration of Plaintiff's Work or Copying of a Sound Recording.**

"No civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made[.]" 17 U.S.C. § 411. "[R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). A pleading supported by registration of a copyrighted work that is not the allegedly infringed copyrighted work must be dismissed for failure to satisfy 17 U.S.C. § 411. *See, e.g., Grigson v. Lopez*, 2023 U.S. Dist. LEXIS 83277, at *13 (C.D. Cal. May 10, 2023); *Marshall v. Huffman*, 2010 U.S. Dist. LEXIS 134334, at *12 (N.D. Cal. Dec. 9, 2010).

"Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights." *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004) (citing 17 U.S.C. § 102(a)(2) & (7)). "A musical composition consists of rhythm, harmony, and melody, and it is from these elements that originality is to be determined." *Id.* In contrast, a sound recording is "the aggregation of sounds captured in a recording" of a particular performance—the actual "sound produced by the performer's rendition of the musical work[.]" *Id.* at 1249-50; *VMG Salsoul*, 824 F.3d at 879 (quoting *Newton*, 388 F.3d at 1193-94).

The rights of a copyright in a sound recording do not extend to the musical composition, and vice versa. *Armes v. Post*, 2022 U.S. Dist. LEXIS 71155, at *12-14 (C.D. Cal. Apr. 18, 2022) (citing *Newton*, 204 F. Supp. 2d at 1249). A defendant infringes a copyright in a musical composition by copying or distributing the composition in some way—by "performing the composition, broadcasting a performance of it, [or] arranging it[.]" *Id.* In contrast, a defendant infringes copyright in a sound recording *only* by copying or duplicating the *actual recording*—by making physical or digital copies, or broadcasting or distributing copies, of the *actual recording*. *Id.* (citing 17 U.S.C. § 114(b); *Erickson v. Blake*, 839 F. Supp. 1132, 1135 n.3 (D. Or. 2012) ("[A] copyright in a sound recording

only protects against a direct duplication of *that recording*.") (emphasis added)); *Grigson*, 2023 U.S. Dist. LEXIS 83277, at *13; *Marshall*, 2010 U.S. Dist. LEXIS 134334, at *4; *Frisby v. Sony Music Entm't*, 2022 U.S. App. LEXIS 15673, at *5 (9th Cir. June 7, 2022) (alleged infringing song "does not capture actual sounds contained in" asserted sound recording); *Greene v. Pete*, 2023 U.S. Dist. LEXIS 40140, at *6-8 (S.D.N.Y. Jan. 3, 2023) (in suit for infringement of sound recording, "Plaintiff is limited to claiming that Defendants sampled or otherwise directly copied his recording").

Here, Plaintiff alleges registration and ownership of only a sound recording copyright. Compl. ¶ 53 & Ex. B (claiming "Authorship: sound recording"). Neither the Complaint nor the sound recording copyright registration alleges or shows that Plaintiff possesses a registered copyright in any musical composition.[2]

The Complaint fails to state a claim for infringement of any sound recording because it does not allege that Defendants "sampled" or "duplicated" Plaintiff's sound recording. *Armes*, 2022 U.S. Dist. LEXIS 71155, at *12-14; *Erickson*, 839 F. Supp. 2d at 1135 n.3; *Grigson*, 2023 U.S. Dist. LEXIS 83277, at *13; *Marshall*, 2010 U.S. Dist. LEXIS 134334, at *4; *Frisby*, 2022 U.S. App. LEXIS 15673, at *5; *Greene*, 2023 U.S. Dist. LEXIS 40140, at *6-8.

Instead, the Complaint alleges infringement of a musical composition. Plaintiff refers to Plaintiff's Work continuously and solely as a "Composition" and never refers to any sound recording. Compl. ¶¶ 20-23, 27-28, 31, 33, 38-41, 43, 46, 52-53, 55-58, 60, 63-66, 68-70, 72-75, 85, 88-89, 96-97, 100, 107, 111, 115, 125. Plaintiff also alleges copying

---

[2] Copyright Office circulars provide "copyrights for sound recordings are registered on Copyright Office form SR, while musical compositions are registered on Copyright Office form PA." *Very Music Inc. v. Kid Glove Prods., Inc.*, 2016 U.S. Dist. LEXIS 184845, at *4 (C.D. Cal. Apr. 28, 2016); *see also* U.S. Copyright Office Circulars 50, 56, 56A (attached as Exhibits D-F to Lundin Decl.). Under certain circumstances a musical composition and a sound recording may be registered together on a single form SR, but to register both, the Copyright Office requires that a claimant *must* indicate authorship of *both* a sound recording and musical composition. Lundin Decl. Ex. F (Circular 56A) at 3, 5 ("it is very important to follow the instructions below in order to make sure both works are included on the application"); *Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g, Inc.*, 75 F. Supp. 2d 242, 247 (S.D.N.Y. 1999) (Circular 56A "indicates that to register both a musical composition and a sound recording on the Form SR, in the boxes labeled 'Nature of Authorship' the applicant should write 'Music and Sound Recording OR Music, Words, and Sound Recording.'"). Here, Plaintiff claimed only "Authorship: sound recording."

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

only of elements contained in a musical composition. *Id.* ¶¶ 39 ("substantially identical *underlying instrumentation and beat*. . . . at least the *same style instrument bed, rhythm, beats per minute, and song key*."); 41 ("substantially identical nature of the *instrumentation and beat*"); 74 ("substantial similarities . . . including but not limited to *musical notes, musical arrangement, musical beat, or musical rhythm*") (emphases added). All of the foregoing allegations would apply only to infringement of a musical composition. *Grigson*, 2023 U.S. Dist. LEXIS 83277, at *13 ("similarities in 'beat, rhythm, feel, theme,' . . . or in 'structure['] do not lead to an inference that Defendants used actual sounds from Plaintiff's sound recording"); *Armes*, 2022 U.S. Dist. LEXIS 71155, at *12-14 (musical composition is "a collection of melodies, harmonies, and rhythms" and may be infringed by, *inter alia,* "arranging it").[3]

The Complaint also incorporates by reference a letter Plaintiff sent to two defendants, *id.* ¶ 54, that plainly asserts infringement of a musical composition:

> both melodies start on a single chord, both repeated exactly twice (as two half notes) to take up the space of one 4/4 measure, or 4 full counts before moving in a small interval either up or down to two different chords ( again, taking up the space of one 4/4/ [sic] measure or 4 full counts, and again, as two half notes), before both returning to the starting tone again for two whole notes, or 8 full counts - then, repeating the exact same pattern as the song continues. Both songs incorporate high hat drums. In addition, the phrasing, as outlined in the melody, is not only substantially similar but nearly identical in chord movement timings during each progression.

Lundin Decl., Ex. G. The allegedly similar elements—chord progression, rhythm, "pattern," instruments, and "phrasing"—relate to claimed infringement of a musical composition copyright. *See, e.g., Grigson*, 2023 U.S. Dist. LEXIS 83277, at *13.

Further, Plaintiff alleges infringing conduct covered only by a musical composition copyright and not by a sound recording copyright. Compl. ¶¶ 75 (alleging infringement through "concert performances"); 50 ("appear[ing], perform[ing] . . . at various music studios and/or music performance venues"); *see also* 17 U.S.C. § 106(6) (public performance right for sound recording limited to performance "by means of a digital audio

---

[3] *See also* Section IV.C., *infra*, cases analyzing infringement of musical composition copyrights based on allegations of substantial similarity in melody, rhythm, instruments, chord progression, and key.

transmission," not live performance). This further shows that Plaintiff alleges infringement only of a musical composition that Plaintiff did not register.

The allegation that "[o]n information and belief, at least the substantially identical nature of the instrumentation and beat in the Composition and *I lied* [sic] demonstrates that Defendants had access to Johnson's Composition and directly copied it," Compl. ¶ 41, cannot support a claim for infringement of a sound recording. The *Grigson* court rejected such an argument: "The summary of these allegations is that 'the similarities in the songs are so striking that they can only be explained by copying,' not that *actual sounds from the sound recording were duplicated*." *Grigson*, 2023 U.S. Dist. LEXIS 83277, at *13. "For example, similarities in 'beat, rhythm, feel, theme,' . . . do not lead to an inference that Defendants used actual sounds from Plaintiff's sound recording." *Id.*

Plaintiff cannot avoid dismissal by belatedly applying to register a musical composition. *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019) ("Even assuming that Plaintiff were able to amend the registration to cover the musical composition aspect of his work, this action would still warrant dismissal. . . . a copyright infringement claim will be dismissed where the allegedly infringed work, in this case, the musical composition, was not registered at the time the original complaint was filed"); *Malibu Media, LLC v. Doe*, 2019 U.S. Dist. LEXIS 56578, at *1 (S.D.N.Y. Apr. 2, 2019) ("a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment"). Because Plaintiff did not register any musical composition copyright before filing suit, the Complaint must be dismissed.

Because failure to register Plaintiff's Work cannot by cured by amendment, the Complaint should be dismissed with prejudice. *New Day Worldwide Inc. v. Swift*, 2020 U.S. Dist. LEXIS 196525, at *6 (C.D. Cal. July 21, 2020) ("Given the facts Plaintiffs have affirmatively pled, the lack of registration cannot be cured. . . . amendment would be futile, so the action will be dismissed with prejudice.").

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**B.      The Complaint Fails to Allege Access.**

"Absent direct evidence of copying, proof of [copyright] infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016); *see also Schkeiban v. Cameron*, 2012 U.S. Dist. LEXIS 194037, at *1-2 (C.D. Cal. May 10, 2012) ("Copying may be established by demonstrating that (1) the defendant had access to the work and (2) that the works at issue are substantially similar in their protected elements.").

Failure to plead sufficient facts, as opposed to mere speculation, to render each element plausible on its face renders a claim subject to dismissal. *See, e.g., Schkeiban*, 2012 U.S. Dist. LEXIS 194037, at *2 (dismissing claim where "Plaintiff has pled no facts indicating that it was reasonably possible that defendants had access to the work but rather merely speculate that it occurred without foundation"); *Evans v. NBCUniversal Media, LLC*, 2021 U.S. Dist. LEXIS 194586, at *13-14 (C.D. Cal. Sep. 30, 2021). "Plaintiff's failure to allege access alone defeats the claim[.]" *Hayes v. Minaj*, 2013 U.S. Dist. LEXIS 201336, at *8 (C.D. Cal. Aug. 13, 2013).

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Access "may not be inferred through mere speculation or conjecture," but rather must be based on "significant, affirmative and probative evidence." *Hayes,* 2013 U.S. Dist. LEXIS 201336, at *7 (quoting *Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d. 1043, 1053-54 (C.D. Cal. 2010)). A plaintiff can either "(1) establish[] a chain of events linking the plaintiff's work and the defendant's access, or (2) show[] that the plaintiff's work has been widely disseminated."[4] *Carlini.*, 2021 U.S. Dist. LEXIS 46481, at *20-21.

---

[4] The Complaint does not allege widespread dissemination, and such an allegation would fail as a matter of law. As to dissemination of Plaintiff's Work before the alleged infringement, Plaintiff alleges only: "On September 23, 2011, Johnson, via his personal YouTube channel, JcubedEnt, published the Composition. Exhibit A. The Composition is still available for viewing at

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Plaintiff fails to allege access through a "chain of events." Plaintiff alleges only that "on information and belief" unnamed "associates and/or affiliates" of defendants Minaj and Williams were present at the Art Institute of Atlanta during the same vague period as Plaintiff, and that those unnamed "associates and/or affiliates of Minaj and Williams found or otherwise acquired" a hard drive Plaintiff allegedly lost. Compl. ¶ 24-28. Such wildly speculative allegations are insufficient to survive a motion to dismiss. *See, e.g., id.* (speculation based on attenuated connections insufficient to plead access); *Karmo v. Morgan Creek Entm't Grp.*, 2019 U.S. Dist. LEXIS 133833, at *12-13 (C.D. Cal. Apr. 12, 2019) (same); *Washington v. ViacomCBS, Inc.*, 2020 U.S. Dist. LEXIS 188005, at *7-9 (C.D. Cal. Aug. 20, 2020) (same); *Johnson v. Knoller*, 2017 U.S. Dist. LEXIS 217782, at *4-5 (C.D. Cal. Sep. 18, 2017) (mere speculation insufficient to raise more than a mere possibility of access); *Batts v. Adams*, 2011 U.S. Dist. LEXIS 161402, at *9 (C.D. Cal. Feb. 8, 2011) (*quoting Herzog v. Castle Rock Entmt.,* 193 F.3d 1241, 1252 (11th Cir. 1999) (An inference of access "requires more than a mere allegation that someone known to the defendant possessed the work in question"); *Hord v. Jackson*, 281 F. Supp. 3d 417, 423 (S.D.N.Y. 2017) ("Plaintiffs' naked assertions in their Complaint, that two non-parties allegedly showed the work to Defendants, are insufficient to establish access.") (quoted in *Karmo*).

In each of the above cited cases, the pleadings contained allegations *specifically identifying* the persons in the alleged chain of events who allegedly received the plaintiff's work. Yet in each instance, the court found the purported "chain of events" to be too

https://www.youtube.com/watch?v=Q-ATmEOOjs0&t=71s (last accessed June 14, 2023)." Compl. ¶ 22. This allegation is insufficient to plead widespread dissemination. *See, e.g., Loomis*, 2013 U.S. Dist. LEXIS 162607, at *47 ("The availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through widespread dissemination."); *Batts v. Adams*, 2011 U.S. Dist. LEXIS 161402, at *11-12 (C.D. Cal. Feb. 8, 2011) (access not established by evidence song was posted on YouTube, Amazon, and iTunes); *Hayes v. Keys*, 2015 U.S. Dist. LEXIS 2860, at *7 (C.D. Cal. Jan. 7, 2015) (access not established by allegation work was uploaded to YouTube). Here, merely appearing on YouTube cannot establish widespread dissemination, particularly where the YouTube post had been viewed only 116 times in 12 years. Compl., Ex. A. For the same reasons, the allegation Plaintiff "re-published and re-circulated the Composition from the years of 2012-2015 via his personal social media platform(s)" cannot establish widespread dissemination.

speculative or attenuated to plausibly plead access. Here, the Complaint is even more deficient than those dismissed in the cited cases because it relies solely on an "information and belief" allegation about *unnamed, unidentified* alleged "associates and/or affiliates" of defendants Minaj and Williams. Moreover, the Complaint alleges only that said unnamed, unidentified alleged "associates and/or affiliates" allegedly acquired the hard drive, not defendants Minaj or Williams, nor any other defendants. As such, the Complaint does not even allege any defendant received or heard Plaintiff's Work. *See, e.g., Washington*, 2020 U.S. Dist. LEXIS 188005, at *7-9.

The allegations in the Complaint are similar to those in *Davis v. Raymond,* 2012 U.S. Dist. LEXIS 197347, at *7-9 (S.D. Fla. Nov. 29, 2012) (quote in *Karmo*). There, the "allegations of access boil down to a single, nebulous claim that an unidentified songwriter delivered the work to Defendants[,]" namely, "[u]pon information or belief, one of the aforementioned songwriters or artists, without authorization, delivered or caused to have delivered" the song to Defendants. The court found that the plaintiff did not "identify which songwriter or artist delivered the work, nor does he specify which of Defendants received it. In fact, there are no details whatsoever describing when, where, and how the delivery occurred, or the nature of the relationship, if any, between the delivering songwriter and the receiving Defendant." The Court dismissed the Complaint as "nothing more than mere speculation and conjecture[.]" 2012 U.S. Dist. LEXIS 197347, at *7-9; *see also Weiss v. DreamWorks SKG*, 2015 U.S. Dist. LEXIS 193840, at *5 (C.D. Cal. Feb. 9, 2015) ("Plaintiff alleges that DreamWorks 'collaborated and schemed' to have a 'man in jeans and a black leather jacket' steal Plaintiff's flash drive that contained a copy of the script[.] There is no evidence that [defendants] had any part in the theft of the flash drive, and Plaintiff makes no allegations of such a connection. The chain of events, as alleged, is highly improbable at best."); *Weller v. Flynn*, 312 F. Supp. 3d 706, 718-19 (N.D. Ill. 2018) (recitation of a chain of professional relationships and "speculation that some unidentified intermediary, for some reason" showed defendants plaintiff's work failed to plead access).

Plaintiff's mere speculation that unnamed third parties possibly acquired an allegedly lost hard drive purportedly containing Plaintiff's Work fails to allege access by any defendant. As a result, the copyright infringement claim should be dismissed.

## C.   The Complaint Fails to Allege Striking Similarity.

In counsels' L.R. 7-3 conferral, Plaintiff's counsel argued "pleading access is not required" because "striking similarity has been alleged." Lundin Decl., Ex. B. Plaintiff's argument fails under established Ninth Circuit law. *See, e.g., Gray v. Perry*, 2018 U.S. Dist. LEXIS 138263, at *26-36 (C.D. Cal. Aug. 13, 2018), *aff'd*, *Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022); *Lois v. Levin*, 2022 U.S. Dist. LEXIS 168358, at *13 n.5 (C.D. Cal. Sep. 16, 2022); *Sound & Color*, 2023 U.S. Dist. LEXIS 158043; *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1058-62 (C.D. Cal. 2018); *Patel Burica*, 2020 U.S. Dist. LEXIS 15774, at *14-15.

Plaintiff relies on allegations that "the instrumentation and beat" are "substantially identical" in Plaintiff's Work and Defendants' Work, and "with the exception of the vocals, most critical elements in *I Lied* were substantially identical to those of" Plaintiff's Work. Compl. ¶¶ 41, 54. First, these allegations are merely legal conclusion. Further, the Complaint fails to identify the "substantially identical nature" of the alleged "instrumentation and beat" allegedly shared by the two works—what instrument(s) are "substantially identical," what is the "substantially identical" beat, or any other facts concerning the vague and ambiguous "instrumentation and beat."

Moreover, the only elements Plaintiff alleges are "substantially identical"— "instrumentation and beat" or "the same style instrument bed, rhythm, beats per minute, and song key," Compl. ¶¶ 39, 41—are unprotectable elements under established Ninth Circuit law. Even if Plaintiff were to contend that including a link to a video "clip" on his counsel's website was sufficient to incorporate into the Complaint the statements made in the video—which it is not—those statements ("both songs are within 65-67BPM," "both use syncopated highhats [sic] in triplet form," "both songs encompass an airy synth to carry

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

the melody," "phrasing, tempo, genre identical in chord progression," "pacing and uniqueness of the songs identical") identify only unprotectable elements.

"[T]he key or scale in which a melody is composed is not protectable as a matter of law." *Perry*, 2020 U.S. Dist. LEXIS 46313, at \*20. Rhythm also is not protectable. *Id. (*citing *Batiste v. Najm*, 28 F. Supp. 3d 595, 615-623 (E.D. La. 2014) (citing, *e.g.*, *N. Music Corp. v. King Record Distrib. Co.*, 105 F. Supp. 393, 400 (S.D.N.Y. 1952) ("originality of rhythm is a rarity, if not an impossibility"))*; Morrill*, 338 F. Supp. 3d at 1060 (rhythm not protectable); *Sound & Color*, 2023 U.S. Dist. LEXIS 158043, at \*32. A "triplet"—merely a musical pattern in which three notes are played in the time of two notes—is simply a type of rhythm. Similarly, "syncopation" is not protectable. *Perry*, 2020 U.S. Dist. LEXIS 46313, at \*20; *Morrill*, 338 F. Supp. 3d at 1060. Nor are chord progressions protectable. *Hudson*, 28 F.4th at 100 ("'[C]hord progressions may not be individually protected' because they are basic musical building blocks.") (quoting *Swirsky v. Carey*, 376 F.3d 841, 848 (9th Cir. 2004)); *Lois*, 2022 U.S. Dist. LEXIS 168358, at \*13 n.5 (key, tempo, chord progression all unprotectable). Use of common instruments like synthesizers and hi-hats is not protectable. *See, e.g., Hudson*, 28 F.4th at 99. Plainly, "genre" and "uniqueness" are not protectable under copyright law.

As the *Perry* court stated:

> Musical elements that are "common or trite"—such as the "use of a long-short-long rhythm," "chord progressions," certain "tempos," a "recurring vocal phrase," repeating "hook phrases," the alternating "emphasis of strong and weak beats," "syncopation," the use of "tritones," or the use of "basic musical devices in different manners," are, accordingly, not protectable. Nor are other elements "ubiquitous in popular music" like "rhythms," "glissando[s]," "chants," "the use of horns," or "jingling or pulsing synthesizer element[s]" entitled to protection. "These building blocks belong in the public domain and cannot be exclusively appropriated by any particular author."

2020 U.S. Dist. LEXIS 46313, at \*15-16 (citing, *e.g.*, *Morrill*, 338 F. Supp. 3d at 1060; *Smith v. Jackson*, 84 F.3d 1213, 1216 n.3 (9th Cir. 1996); *Swirsky*, 376 F.3d at 850; *Batiste*, 28 F. Supp. 3d at 615-623 (such elements are "common in nearly all pop genres" and thus "'unoriginal and, thus, unprotectable' as a matter of law")).

In affirming *Perry*, the Ninth Circuit in *Hudson* held both that each of the individual elements were not protectable and that they were not protectable as a "combination of unprotectable elements."[5] *Hudson*, 28 F.4th at 25-28. The court concluded that the alleged similarity consisted of "a manifestly conventional arrangement of musical building blocks." *Id.* at 28. Thus, the resulting combination of unprotectable elements did not meet the level of originality required for protection of a combination of same. *Id.*; *see also* *Morrill*, 338 F. Supp. 3d at 1060 (no protection, even across entire song, for five unprotectable elements). This reasoning applies to the unprotectable elements alleged in the Complaint.

Moreover, the foregoing decisions all considered whether works were "substantially similar" for the second prong of the copying analysis because access was not at issue. The test for "striking similarity" as an alternative to pleading access is even higher. *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155,1167 (N.D. Cal. 2014) ("Striking similarity is a high bar."). "The similarities should be sufficiently unique or complex as to make it unlikely that both pieces were copied from a prior common source, . . . or that the defendant was able to compose the accused work as a matter of independent creation." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1103 (C.D. Cal. 2005); *see also McCormick v. Sony Pictures*, 2008 U.S. Dist. LEXIS 127715, at *11 (C.D. Cal. Feb. 4, 2008) ("striking similarity" is "a more stringent standard than the showing of 'substantial similarity' required when a plaintiff has shown access) (citing *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003)). Here, the conclusory allegation that the alleged unprotectable elements are purportedly "substantially identical" is insufficient to show "striking similarity" because the elements are not "sufficiently unique or complex."

---

[5] A collection of otherwise unprotectable elements may be eligible for copyright protection "only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1074-76 (9th Cir. 2020).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

The claim for direct copyright infringement should be dismissed because the Complaint fails to allege non-conclusory, non-speculative facts as to access or striking similarity.

**V.     Counts IV, V, VII, and VIII Are Preempted by the Copyright Act.**

Established Ninth Circuit law provides that claims for unfair competition and false advertising under the Lanham Act or California statutes do not lie for allegedly false claims of authorship. Such claims are preempted by the Copyright Act.

A Lanham Act claim, whether couched as unfair competition or false advertising, does not lie for misrepresentations concerning authorship. *Focal Point Films, LLC v. Sandhu*, 2019 U.S. Dist. LEXIS 219314, at *16 (N.D. Cal. Dec. 20, 2019) (collecting cases). The court in *Focal Point Films* noted "numerous courts have relied on *Sybersound [Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1143 (9th Cir. 2008)] to conclude that misrepresentations concerning authorship do not fall within the ambit" of the Lanham Act. *Id.* at *14; *see also Cannarella v. Volvo Car USA LLC*, 2016 U.S. Dist. LEXIS 192449, at *9 (C.D. Cal. Dec. 12, 2016); *Friedman v. Zimmer*, 2015 U.S. Dist. LEXIS 143941, at *3-4 (C.D. Cal. July 10, 2015); *Grady v. Scholastic Inc.*, 2013 U.S. Dist. LEXIS 199969, at *5 (C.D. Cal. Jan. 31, 2013); *Brion Jeannette Arch. v. KTGY Grp. Inc.*, 2009 U.S. Dist. LEXIS 136223, at *4 n.2 (C.D. Cal. July 30, 2009); *Baden Sports, Inc. v. Molten USA, Inc.,* 556 F.3d 1300, 1307 (Fed. Cir. 2009) ("Following *Sybersound's* reasoning, we conclude that authorship . . . is not a nature, characteristic, or quality, as those terms are used in Section 43(a)(1)(B) of the Lanham Act."). Further, the Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003), held "'origin' under the Lanham Act could not be construed to include authorship, as this would effectively grant a perpetual copyright[.]" *Micro/sys v. DRS Techs., Inc.*, 2015 U.S. Dist. LEXIS 190099, at *6-7 (C.D. Cal. Feb. 18, 2015). The term "origin" refers instead to "the producer of the tangible goods that are offered for sale, and not to the author of the idea, concept, or communication embodied in those goods." *Dastar*, 539 U.S. at 37. The sole "recourse for unauthorized copying, . . . through a false claim of authorship . . . , lies in copyright law,

17

not in trademark." *Micro/sys*, 2015 U.S. Dist. LEXIS 190099, at *8 (quoting *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307-08 (S.D.N.Y. 2011)).

Claims for unfair competition, whether brought under the Lanham Act or state law, are preempted when they are essentially claims for copyright infringement. *See Kodadek v. MTV Networks*, 152 F.3d 1209, 1212-13 (9th Cir. 1998); *Bethea v. Burnett,* 2005 U.S. Dist. LEXIS 46944, at *17 (C.D. Cal. June 28, 2005) ("Unfair competition claims based on allegations of misappropriation of intellectual property are preempted by the Copyright Act."); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1240 (C.D. Cal. 1987) (California statutory unfair competition claim preempted when "[t]he essence of plaintiff's complaint is derived from defendants [sic] alleged unauthorized use of a copyrighted work."); *Micro/sys*, 2015 U.S. Dist. LEXIS 190099, at *15-17.

This is true for claims brought under the California unfair competition statute. *See, e.g., Xerox Corp. v. Apple Comput., Inc.*, 734 F. Supp. 1542, 1550-51 (N.D. Cal. 1990). To state a claim under the California unfair competition statute, a plaintiff must show a "likelihood of consumer confusion as to source or sponsorship." *Id.* But a claim "based upon the premise that [defendant's] products incorporate elements copyrighted by [plaintiff] and misappropriated by [defendants]" simply alleges violation of the Copyright Act. *Id.* (California unfair competition claims preempted); *see also Motown Record Corp.*, 657 F. Supp. at 1236 (no qualitative difference between a claim for unfair competition under Cal. Bus. & Prof. Code §§ 17200 & 17500 and copyright infringement claim alleging defendant copied plaintiff's music without authorization).

## VI.    The Complaint Lacks Any Alleged Facts in Support of Count VI.

Count VI for conversion "repeats and realleges the allegations contained in" all of the preceding paragraphs and alleges: "In taking the actions described above, at least one Defendant knowingly converted the hard drive described above to their own use and benefit, and the use and benefit of all Defendants." Compl. ¶¶ 106, 108.

In addition to being subject to dismissal for the reasons discussed in Part I, *supra*, Count VI is separately and independently subject to dismissal because no preceding

18

paragraph of the Complaint alleges that *any defendant* converted—or, indeed, that *any defendant* ever received—Plaintiff's alleged lost hard drive. Instead, the only allegations are "on information and belief" unnamed *third parties*, namely unnamed "associates and/or affiliates of Minaj and Williams found or otherwise acquired Johnson's hard drive containing the Composition." Compl. ¶ 28. The Complaint does not allege that *any defendant* received the hard drive. As such, there is no factual allegation to support the conclusory statements in Count VI.

Further, if Plaintiff were to contend the Complaint should be interpreted to allege conversion by defendants—even absent an allegation that any defendant received the hard drive—because Plaintiff alleges that defendants copied Plaintiff's Work contained on the hard drive, then Count VI would be preempted by the Copyright Act. *See, e.g., Hoff v. Walt Disney Pictures*, 2019 U.S. Dist. LEXIS 140343, at *16 (C.D. Cal. Aug. 19, 2019) ("In the Ninth Circuit, a state law claim is preempted by the Copyright Act if 'the subject matter of the state law claim fails within the subject matter of copyright'") (*quoting Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006)). In the event of such a contention, the gravamen of Plaintiff's claim would be that defendants converted the intellectual property on the hard drive, not the tangible hard drive itself. *Id.* In *Hoff*, the court found that a conversion claim premised on an allegation the defendants "received tangible copies of Plaintiff's screenplay" was preempted. Instead, the court ruled "Plaintiff's conversion claim is, at its core, a claim for copyright infringement. . . . Plaintiff alleges Defendants converted Plaintiff's screenplay by misusing Plaintiff's intellectual property. Plaintiff's conversion claim is thus preempted." *Id.* (citing, *e.g., Adams v. Paramount Pictures Corp.*, 2009 WL 10671572, at *3-5 (C.D. Cal. Jan. 6, 2009) (finding conversion claim preempted where the "thrust of plaintiff's grievance is Defendants' improper possession, reproduction, and distribution of materials related to [his] intellectual property"); *Worth v. Universal Pictures, Inc.*, 5 F. Supp. 2d 816, 822-23 (C.D. Cal. 1997) (same)).

Here, unlike in *Hoff*, Plaintiff does not even allege that any defendant received the tangible hard drive. As a result, Count VI either lacks any supporting factual allegation or is preempted by the Copyright Act. In either instance, Count VI must be dismissed.

## CONCLUSION

For each of the foregoing reasons, independently and collectively, Moving Defendants respectfully request that the Court grant their motion and enter an order dismissing the Complaint in its entirety, with prejudice, under Rule 12(b)(6).


Respectfully submitted, October 5, 2023


*/s/Thomas C. Lundin Jr.*
Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp f/k/a WB Music Corp.*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for defendants Michael Len Williams, II; Sounds From Eardrummers, LLC; and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., certifies that this brief contains 6,997 words, which complies with the word limit of L.R. 11-6.1.


Dated: October 5, 2023                    /s/Thomas C. Lundin Jr.
                                          Thomas C. Lundin Jr. (admitted *pro hac vice*)
                                          tom.lundin@fisherbroyles.com
                                          FISHERBROYLES LLP
                                          111 Favre Street
                                          Waveland, MS 39576
                                          Tel. (678) 778-8857

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT