Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants
Michael Len Williams, II; Sounds From Eardrummers, LLC; W Chappell Music Corp d/b/a WC Music Corp. f/k/a WB Music Corp.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIUS JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ONIKA TANYA MARAJ P/K/A NICKI MINAJ, et al.<br><br>　　　　Defendants. | Case No. 2:23-cv-05061-PA-AFM<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:　November 6, 2023<br>Time:　1:30 p.m.<br>Place:　Courtroom 9A<br><br>**Honorable Percy Anderson** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................i

TABLE OF AUTHORITIES ......................................................................................ii

INTRODUCTION ......................................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ..............................................................................................................2

I.     Plaintiff's "Opposition" Does Not Address the Substance of the Motion to Dismiss. ....................................................................................................2

II.    Plaintiff Should Not be Permitted to Unnecessarily Multiply These Proceedings with a Futile Amendment. ........................................................3

III.   Plaintiff Should Be Sanctioned for His Willful Violation of This Court's Standing Order and Local Rules. ..................................................................5

CONCLUSION ..........................................................................................................8

L.R. 11-6.2 CERTIFICATION ................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*ABS Entm't, Inc. v. Cumulus Media Inc.*,
  No. CV 15-6269 PA (AGRx), 2015 U.S. Dist. LEXIS 164551
  (C.D. Cal. Nov. 25, 2015) ...........................................................................9

*Ayer v. Frontier Commc'ns. Corp.*,
  No. ED CV 16-1946 PA (DTBx), 2017 U.S. Dist. LEXIS 146640
  (C.D. Cal. Sept. 5, 2017) ............................................................................9

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ....................................................................5

*Crestview Village Apts. v. U.S. Dep't of Housing and Urban Dev.*,
  383 F.3d 552 (7th Cir. 2004) .......................................................................4

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist.*,
  133 F.3d 1054 (7th Cir. 1998) .....................................................................4

*Feseha v. U.S. HUD*,
  2021 U.S. Dist. LEXIS 237229 (C.D. Cal. Apr. 27, 2021) ..........................3

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) .......................................................................6

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  139 S. Ct. 881 (2019) ..................................................................................4

*Grigson v. Lopez*,
  2023 U.S. Dist. LEXIS 83277 (C.D. Cal. May 10, 2023) ...........................5

*GS Holistic, LLC v. Smoke*,
  No. CV 22-6110 PA (MARx), 2022 U.S. Dist. LEXIS 229115
  (C.D. Cal. Dec. 19, 2022) ...........................................................................8

*McDaniel v. Diaz*,
  2020 U.S. Dist. LEXIS 164774 (E.D. Cal. Sept. 9, 2020) ..........................4

*Morgan v. McMillin*,
  2021 U.S. Dist. LEXIS 232931 (C.D. Cal. July 7, 2021) ...........................8

*Perkins v. Silverstein*,
  939 F.2d 463 (7th Cir. 1991) .......................................................................4

*Robles v. Domino's Pizza, LLC*,
  2019 U.S. Dist. LEXIS 227561 (C.D. Cal. June 13, 2019) .........................9

*Shizzle Pop, LLC v. Wham-O, Inc.*,
  No. CV 10-3491 PA (FFMx), 2010 U.S. Dist. LEXIS 86924
  (C.D. Cal. Aug. 2, 2010) .............................................................................9


*Silver v. Duel*,
   No. CV 21-9522 PA (KSx), 2022 U.S. Dist. LEXIS 206519
   (C.D. Cal. Apr. 13, 2022) ..................................................................................8

*Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*,
   2016 U.S. Dist. LEXIS 186805 (C.D. Cal. Sept. 8, 2016) ..............................9

*White v. Sanchez*,
   2023 U.S. Dist. LEXIS 175027 (C.D. Cal. June 30, 2023) .............................3

*Woodard v. Compton*,
   531 F. Supp. 2d 1228 (C.D. Cal. 2007) ........................................................4, 5

**Statutes**

17 U.S.C. § 411 ........................................................................................................4

**Rules**

C.D. Cal. L.R. 7-3 ............................................................................................1, 2, 8

C.D. Cal. L.R. 7-9 ....................................................................................................3

C.D. Cal. L.R. 83-7 ..............................................................................................6, 8

Fed. R. Civ. P. 15(a)(1)(B) ..................................................................................1, 3

**Other Authorities**

Standing Order (June 28, 2023) [Dkt. 12] .................................................1, 2, 7, 8

Defendants Michael Len Williams, II, Sounds From Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. (collectively, "Moving Defendants") respectfully submit this reply memorandum in support of their motion to dismiss the Complaint ("Complaint") filed by Plaintiff Julius Johnson ("Plaintiff").

## INTRODUCTION

Plaintiff's opposition [Dkt. 45] fails to substantively respond to the Moving Defendants' motion to dismiss and instead states that Plaintiff intends to file a First Amended Complaint ("FAC") under Fed. R. Civ. P. 15(a)(1)(B).[1] In so doing, Plaintiff makes plain both his willful disobedience of this Court's Standing Order and Local Rules, and his intent to wastefully multiply these proceedings with frivolous filings.

In accordance with Local Rule 7-3 and this Court's Standing Order [Dkt. 12], Moving Defendants conferred in good faith with Plaintiff well before preparing and filing their motion to dismiss. In their counsel's 15-page letter titled "Local Rule 7-3 Conferral; Rule 11 Notice," Moving Defendants quoted Section 6(a) of this Court's Standing Order and set forth in exhaustive detail the deficiencies in Plaintiff's Complaint, grounds for dismissal, and controlling legal authority in support. The letter further stated:

> Please note that, should Plaintiff refuse to withdraw the Complaint and decline to make any amendments that would cure the deficiencies identified herein, such that my clients are forced to file a motion to dismiss, and Plaintiff thereafter amends the Complaint under Fed. R. Civ. P. 15(a), my clients will move the court for sanctions in the form of costs and attorneys' fees for violation of L.R. 7-3 and Judge Anderson's Standing Order.

Declaration of Thomas C. Lundin Jr. in Support of Motion to Dismiss Complaint ("Lundin Decl.") [Dkt. 38-3], Ex. A at 18-19.

As discussed below, California district courts have ruled that "the right to amend as a matter of course is not absolute," and have limited such right where attempted amendment would be futile. Here, any amendment would be futile, for the reasons set forth in Moving

---

[1] Plaintiff's opposition refers to "Federal Rule of Civil Procedure 15(b)(1)(B)" [Dkt. 45 at 1], which subsection does not exist. It is plain from context, quoting language concerning amendment "as a matter of course," that Plaintiff intended to cite Fed. R. Civ. P. 15(a)(1)(B).

Defendants' memorandum in support of the motion to dismiss ("Memorandum"). *See, e.g.,* Dkt. 38-1 at 10, 18-19.

If the Court were to determine that Plaintiff should be permitted to file an FAC, the Court should sanction Plaintiff for his willful disobedience of the Court's Standing Order and Local Rule 7-3. Moving Defendants' motion to dismiss was necessitated by Plaintiff's willful disobedience of this Court's Order and Rules, and Moving Defendants should be awarded their costs and fees in preparing and filing that motion.

## STATEMENT OF FACTS

As set forth in the declaration of counsel accompanying Moving Defendants' motion to dismiss, Moving Defendants attempted to confer in good faith with Plaintiff, well in advance of preparing and filing their motion to dismiss, by sending a 15-page letter detailing the deficiencies in the Complaint. *See* Lundin Decl. [Dkt. 38-3], Ex. A (Sept. 15, 2023 letter of T. Lundin to D. Cooper *et al.*) at 5-19.

Plaintiff responded by generally denying any deficiency, relying on Fed. R. Civ. P. 8, and failing to address the legal authority set forth in Moving Defendants' letter. *Id.*, Ex. B (Sept. 22, 2023 letter of D. Cooper to T. Lundin) at 21-24.

While not necessary under Local Rule 7-3 or this Court's Standing Order, Moving Defendants responded noting Plaintiff's failure to carefully evaluate the enumerated deficiencies, in accordance with this Court's Standing Order, and providing further authority supporting dismissal. *Id.*, Ex. C (Sept. 25, 2023 letter of T. Lundin to D. Cooper *et al.*) at 26-28.

## ARGUMENT

**I.     Plaintiff's "Opposition" Does Not Address the Substance of the Motion to Dismiss.**

As an initial matter, Plaintiff's opposition simply announces his purported intent to amend the Complaint within the 21-day limit set forth in Fed. R. Civ. P. 15(a)(1)(B). The opposition does not respond substantively to any of the arguments set forth in the motion to dismiss. As such, the motion to dismiss currently stands substantively unopposed. *See*

*Feseha v. U.S. HUD*, 2021 U.S. Dist. LEXIS 237229, at *2 (C.D. Cal. Apr. 27, 2021) ("If Plaintiffs choose to oppose the Motion to Dismiss, their opposition brief must address each and every argument made by [defendant]."); *White v. Sanchez*, 2023 U.S. Dist. LEXIS 175027, at *3 (C.D. Cal. June 30, 2023) ("To oppose Defendant's motion to dismiss, Plaintiff must <u>respond to the arguments made in that motion.</u>") (emphasis in original); L.R. 7-9 ("Each opposing party shall . . . serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion."). Therefore, unless and until the Complaint were superseded by an FAC, the Complaint should be dismissed with prejudice on the grounds set forth in the motion to dismiss.

## II.  Plaintiff Should Not be Permitted to Unnecessarily Multiply These Proceedings with a Futile Amendment.

Plaintiff correctly notes that Fed. R. Civ. P. 15(a)(1)(B) provides that a party "may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" But "the right to amend as a matter of course is not absolute." *Woodard v. Compton*, 531 F. Supp. 2d 1228, 1231 (C.D. Cal. 2007) (adopting magistrate judge's report and recommendation) (citing *Crestview Village Apts. v. U.S. Dep't of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Perkins v. Silverstein*, 939 F.2d 463, 471-72 (7th Cir. 1991)); *see also McDaniel v. Diaz*, 2020 U.S. Dist. LEXIS 164774, at *3-4 (E.D. Cal. Sept. 9, 2020) (citing *Woodard*). The *Woodard* court stated: "Rather, 'a district court need not permit the filing of an amended [complaint], even when no responsive pleading has been filed, when examination of the proposed [complaint] makes clear that it . . . is doomed not to survive a motion to dismiss.'" *Woodard*, 531 F. Supp. 2d at 1231 (quoting *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist.*, 133 F.3d 1054, 1057 n.4 (7th Cir. 1998); *Crestview Village Apts.*, 383 F.3d at 558).

Here, as explained in Moving Defendants' Memorandum, the Complaint alleges registration of a sound recording copyright but alleges infringement of a musical composition. Dkt. 38-1 at 8. Plaintiff's failure to register any musical composition copyright cannot be cured by amendment.[2] Dkt. 38-1 at 7, 10. Any amendment would be futile because the FAC would still violate 17 U.S.C. § 411, which prohibits any suit for infringement of a copyright in a work until preregistration or registration of the copyright claim has been made. Dkt. 38-1 at 7 (quoting, e.g., *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); *Grigson v. Lopez*, 2023 U.S. Dist. LEXIS 83277, at *13 (C.D. Cal. May 10, 2023)).

Further, Counts IV, V, VII, and VIII of the Complaint, alleging unfair competition under federal and state law, are preempted by the Copyright Act. *See id.* at 17-18. Thus, any proposed FAC that includes both those counts and a claim for copyright infringement would be futile with respect to those unfair competition claims. And Count VI, for alleged conversion of a hard drive containing Plaintiff's Work, cannot be salvaged by amendment because it fails to allege possession of the hard drive by any defendant and, absent such allegation, this count is also preempted by the Copyright Act.[3]

Because any amendment would be futile, this case falls within the admittedly narrow exception wherein the right to amend as a matter of course is not absolute. *Woodard*, 531 F. Supp. 2d at 1231. Further, as explained below, Plaintiff's willfully disobedience of the Court's Standing Order and Local Rules provides an additional ground for the court to decline to consider an FAC. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (affirming district court's exercise of discretion in declining to consider supplemental filings that violated local rules: "The district court has considerable latitude

---

[2] As explained in the Memorandum, "[t]he Complaint fails to state a claim for infringement of any sound recording because it does not allege that Defendants 'sampled' or 'duplicated' Plaintiff's sound recording," which is the only way a sound recording copyright can be infringed. Dkt. 38-1 at 8. The filing of an FAC that attempts to salvage a copyright infringement claim by now alleging "sampling" would have no good faith factual basis and would raise serious ethical concerns.

[3] Similar to the concerns noted in footnote 2, *supra*, the filing of an FAC that simply newly alleges "on information and belief" that one or more Defendants came into possession of the missing hard drive would lack of any good faith factual basis and would raise serious ethical concerns.

in managing the parties' motion practice and enforcing local rules that place parameters on briefing. We cannot say that the court abused its discretion by declining to consider Hicks' multitudinous efforts to circumvent the court's local rules and to expand the scope of an already frivolous suit" in a copyright infringement suit where plaintiff changed theories multiple times.).

### III. Plaintiff Should Be Sanctioned for His Willful Violation of This Court's Standing Order and Local Rules.

Federal courts are empowered to levy sanctions by many sources. In the Central District of California, those sources include: (1) Fed. R. Civ. P. 11, which addresses signed writings filed with the court;[4] (2) 28 U.S.C. § 1927, which addresses attorney conduct that "unreasonably and vexatiously" multiplies the proceedings; (3) Local Rule 83-7, which addresses the failure of a party or its counsel to comply with any of the District's local rules; and (4) the court's inherent power, which addresses the willful or bad faith conduct of litigation. *See, e.g.*, *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001). Here, at least Local Rule 83-7 and the Court's inherent power authorize sanctions for Plaintiff's conduct. Local Rule 83-7 provides:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:
>
> (a)  monetary sanctions, if the Court finds that the conduct was ***willful***, grossly negligent, or reckless;
>
> (b)  the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a ***willful disobedience of a court order***; and/or
>
> (c)  for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

C.D. Cal. L.R. 83-7 (emphasis added). This Court's Standing Order provides, in pertinent part:

---

[4] Corresponding Local Rule 11-9 provides: "The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7."

Case 2:23-cv-05061-PA-AFM   Document 47   Filed 10/20/23   Page 10 of 14   Page ID #:585

> Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. . . . These principles require that ***counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint*** and in many instances, the moving party should agree to any amendment that would cure a curable defect.

Dkt. 12 at 4-5 (internal citations omitted; emphasis added).

Here, Moving Defendants obeyed this Court's Standing Order and provided Plaintiff a comprehensively detailed analysis of the deficiencies in the Complaint, the grounds for dismissal, and a long list of controlling authority. Dkt. 38-3 at 5-19 (Sept. 15, 2023 letter titled "Local Rule 7-3 Conferral; Rule 11 Notice"). Moving Defendants' counsel's 15-page letter essentially comprised a detailed outline of Moving Defendants' anticipated motion to dismiss that would be necessitated if Plaintiff failed to withdraw or amend his claims. *Id.* Moving Defendants' letter specifically emphasized and quoted the admonition set forth in Section 6(a) of this Court's Standing Order, *see id.* at 5-6, and noted Plaintiff's obligation under the Standing Order to address the Complaint's deficiencies at that time, not after a motion to dismiss was filed. The letter stated:

> Please note that, should Plaintiff refuse to withdraw the Complaint *and decline to make any amendments that would cure the deficiencies identified herein*, such that my clients are forced to file a motion to dismiss, and Plaintiff thereafter amends the Complaint under Fed. R. Civ. P. 15(a), my clients will move the court for sanctions in the form of costs and attorneys' fees for violation of L.R. 7-3 and Judge Anderson's Standing Order.

*Id.* at 18-19 (emphasis added).

Plaintiff willfully disobeyed this Court's Standing Order. Plaintiff's cursory response to Moving Defendants' Local Rule 7-3 conferral relied on rote statements concerning Fed. R. Civ. P. 8 and failed to engage with the legal authority cited in Moving Defendants' letter. *Id.* at 21-24. Plaintiff's willful disobedience of this Court's Order to "carefully evaluate the defendant's contentions as to the deficiencies in the complaint" [Dkt. 12 at 5] is shown by the fact that, when Moving Defendants filed their motion to

dismiss echoing precisely the arguments set forth in their letter, Plaintiff's counsel simply announced his intent to file an FAC.

Plaintiff's opposition does not attempt to offer any good faith justification for why amendment would be appropriate *after* the motion to dismiss was filed, but not *before* it was filed, when Moving Defendants' Rule 7-3 letter laid out in detail the grounds for the motion to dismiss. This is because no such justification exists.

Plaintiff's conduct thus constitutes both willful disobedience of this Court's order and a bad faith violation of the Local Rules, each of which justifies sanctions under Local Rule 83-7. At a minimum, Plaintiff should be ordered to pay Moving Defendants' costs and attorneys' fees incurred in preparing and filing the motion to dismiss.

Further, Section 6(a) of this Court's Standing Order expressly notes the parties' obligation to confer in good faith under Local Rule 7-3. Thus, Plaintiff's willful disobedience of the Court's Standing Order also constitutes willful violation of Local Rule 7-3. "The meet-and-confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by 'allowing for a possible informal resolution of an issue without court intervention, but also to enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner.'" *Morgan v. McMillin*, 2021 U.S. Dist. LEXIS 232931, at *4-5 (C.D. Cal. July 7, 2021). An award of Moving Defendants' costs and fees is necessary both to address Plaintiff's violation of Local Rule 7-3 and deter future such violations.

This Court repeatedly has emphasized the importance of obeying its Standing Order and the Local Rules. *See, e.g.*, *Silver v. Duel*, No. CV 21-9522 PA (KSx), 2022 U.S. Dist. LEXIS 206519, at *6 (C.D. Cal. Apr. 13, 2022) (ordering counsel for certain defendants and counsel for plaintiff to show cause in writing why they should not be sanctioned monetarily for failing to comply with the requirements of Local Rule 7-3); *GS Holistic, LLC v. Smoke*, No. CV 22-6110 PA (MARx), 2022 U.S. Dist. LEXIS 229115, at *2 (C.D. Cal. Dec. 19, 2022) (ordering plaintiff's counsel to show cause in writing why he should not be sanctioned monetarily for his repeated violations of the Court's Orders

and Local Rules); *ABS Entm't, Inc. v. Cumulus Media Inc.*, No. CV 15-6269 PA (AGRx), 2015 U.S. Dist. LEXIS 164551, at *3 (C.D. Cal. Nov. 25, 2015) ("Plaintiff's Motion for Class Certification is stricken for failure to comply with the Court's Standing Order and Local Rule 7-3"); *Shizzle Pop, LLC v. Wham-O, Inc.*, No. CV 10-3491 PA (FFMx), 2010 U.S. Dist. LEXIS 86924, at *1 n.1 (C.D. Cal. Aug. 2, 2010) ("Defendant is warned that any future failure to follow the Court's Standing Order may result in the imposition of sanctions."); *Ayer v. Frontier Commc'ns. Corp.*, No. ED CV 16-1946 PA (DTBx), 2017 U.S. Dist. LEXIS 146640, at *3-4 (C.D. Cal. Sept. 5, 2017) (noting striking of motion for failure to comply with Standing Order and Local Rule 7-3). Other courts in this district have done the same. *See, e.g., Robles v. Domino's Pizza, LLC*, 2019 U.S. Dist. LEXIS 227561, at *5 n.1 (C.D. Cal. June 13, 2019) ("Failure to timely meet and confer with opposing counsel may result in sanctions."); *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, 2016 U.S. Dist. LEXIS 186805, at *10 n.6 (C.D. Cal. Sept. 8, 2016) ("[The Court] admonishes the parties to comply with this Court's Local Rules and Standing Order in the future. A failure to do so may result in the imposition of sanctions."). Plaintiff willfully disobeyed the Standing Order and Local Rule 7-3.

If the Court were to allow Plaintiff to file an FAC, it should impose sanctions for Plaintiff's willful disobedience of the Court's Standing Order and Local Rule 7-3 in the form of an award of Moving Defendants' costs and fees incurred in filing the motion to dismiss.

## CONCLUSION

For the foregoing reasons, and those set forth in their Memorandum, Moving Defendants respectfully request that the Court (a) deny Plaintiff's attempt to circumvent the Court's Local Rules and Standing Order by filing an FAC, grant their motion and enter an order dismissing the Complaint in its entirety, with prejudice, under Rule 12(b)(6); or, alternatively, (b) if the Court were to allow the filing of an FAC, sanction Plaintiff's willful disobedience of the Court's Local Rules and Standing Order by awarding Moving

Defendants their costs and attorneys' fees incurred in preparing and filing the motion to dismiss.

Respectfully submitted, October 20, 2023

*/s/Thomas C. Lundin Jr.*
Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp. f/k/a WB Music Corp.*

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for defendants Michael Len Williams, II; Sounds From Eardrummers, LLC; and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., certifies that this brief contains 2,983 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 20, 2023          */s/Thomas C. Lundin Jr.*
                                 Thomas C. Lundin Jr. (admitted *pro hac vice*)
                                 tom.lundin@fisherbroyles.com
                                 FISHERBROYLES LLP
                                 111 Favre Street
                                 Waveland, MS 39576
                                 Tel. (678) 778-8857