UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court are two Motions for Alternate Service and to Extend the Deadline to Complete Service, filed by plaintiff Julius Johnson ("Plaintiff"). (Docket Nos. 24–25.) Plaintiff seeks leave to serve defendants Marcus Bell ("Bell"), Esther Renay Dean ("Dean"), and Dat Damn Dean ("DDD") (collectively, "Unserved Defendants") through alternative means. Plaintiff also seeks an extension of the 90-day limit for service of the Summons and Complaint contained in Federal Rule of Civil Procedure 4(m) to complete service on the Unserved Defendants. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearings scheduled for October 23, 2023, are vacated, and the matters taken off calendar.

    Plaintiff has unsuccessfully attempted to serve Dean in person at her last known home address, and Bell in person at his last known home and business addresses. Additionally, Plaintiff has unsuccessfully attempted to obtain waivers of service from all three Unserved Defendants. Plaintiff has conducted a "skip trace" on Bell, as well as performed general internet searches and reviewed copyright records in an effort to locate the Unserved Defendants. Plaintiff contends that these searches "failed to yield any new addresses believed to be reasonably calculated to effectuate service." (Docket Nos. 24-1 at p. 3, 25-1 at p. 4.) Now, Plaintiff requests permission to serve Bell by email or publication, and Dean and DDD by Instagram or publication.

    Although Plaintiff contends that the California Code of Civil Procedure authorizes service by "alternative means," including through email and Instagram, the Court concludes that the California Code of Civil Procedure does not allow for service through email or by Instagram. Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, see Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

(known as "substitute service"), see id. § 415.20; (3) service by mail with acknowledgment of receipt, see id. § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, see id. § 415.40; (5) service by publication, see id. § 415.50; and service on a business organization, form unknown, by leaving a copy the summons and complaint during usual office hours with the person who is apparently in charge of the office and then mailing a copy of the summons and complaint to the address where the summons and complaint were left by first-class mail, see id. § 415.95.  California law has additional rules setting out the persons upon whom a summons may be served, including for corporations and other business entities by:  (1) serving a designated agent for service of process or the corporation's officer or general manager, see id. § 416.10; (2) serving a designated agent, general partner, general manager, or officer of an unincorporated association or partnership, see id. § 416.40; or (3) serving the California Secretary of State, see Cal. Corp. Code §§ 1702.

In support of Plaintiff's request that the Court authorize service by email and Instagram, Plaintiff relies on California Code of Civil Procedure section 413.30, which provides:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30.  Although other courts have allowed service of process through email and other electronic means pursuant to section 413.30, see, e.g., Facebook, Inc. v. Banana Ads, LLC, CV 11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012), the Court concludes that the courts that have authorized such service have not properly construed the language of section 413.30.  Specifically, section 413.30 only allows service through alternative means "[w]here no provision is made in this chapter or other law for the service of summons."  Because California law does have provisions for service in the circumstances Plaintiff allegedly faces, and Plaintiff has not taken advantage of those other service methods, section 413.30 is not applicable.  See Federal Ins. Co. v. Caldera Med., Inc., CV 15-393 SVW (PJWx), 2015 WL 12655601, at *2 (C.D. Cal. Apr. 8, 2015) ("Federal's resort to California Civil Code Section 413.30 fails to salvage its argument.  That provision permits a court to direct service 'in a manner which is reasonably calculated to give actual notice to the party to be served' so long as 'no provision is made in this chapter or other law for the service of summons.'  Cal. Civ. Proc. Code § 413.30.  The problem here is that there are provisions providing for service of summons by publication.  See Cal. Civ. Proc. Code § 415.50.  Thus, the Court cannot invoke Section 413.30 to circumvent Section 415.50.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

California Code of Civil Procedure section 413.30 does not authorize service by alternative means when California law provides other methods for service. The Court therefore denies Plaintiff's requests to serve Bell by email, and Dean and DDD by Instagram.[1/]

California Code of Civil Procedure section 415.50 allows a summons to "be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner . . . ." Cal. Civ. Proc. Code § 415.50(a). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) (internal citations omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant . . . ." Id. This requirement exists because "it is generally recognized that service by publication rarely results in actual notice." Id. The Judicial Council's comment to section 415.50 lists several of the methods by which a plaintiff should first attempt to locate defendants before resorting to service by publication:

> A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessors' office, near the defendant's last known location, are generally sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication.

However, the showing of diligence in any given case must rest on its own facts; "[n]o single formula nor mode of search can be said to constitute due diligence in every case." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978). A plaintiff that fails to take exhaustive measures to locate a party to be served cannot establish reasonable diligence. Watts, 10 Cal. 4th at 749 n.5; see, e.g., Claimtek, LLC v. Med Off. Grp., Inc., No. 822CV01696FWSDFM, 2023 WL 4155359, at *4 (C.D. Cal. Apr. 7, 2023) (finding that "[p]laintiff has not demonstrated sufficient reasonable diligence to justify service by publication" where plaintiff requested that defendants'

---

[1/] Nothing in this Order limits Plaintiff from attempting to notify the Unserved Defendants of this action, or from providing copies of the relevant documents to these defendants through email or Instagram, in addition to another method authorized by the California Code of Civil Procedure. The Court only concludes that email and Instagram are not effective for service of process under the present circumstances.

Case 2:23-cv-05061-PA-AFM    Document 50    Filed 10/20/23    Page 4 of 4    Page ID #:598

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | October 20, 2023 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

counsel accept service via email, attempted to serve defendants by process server on three separate occasions at three different addresses, and conducted a skip trace).

In addition to the reasonable-diligence requirement, a plaintiff seeking to serve a summons by publication must demonstrate "upon affidavit" that "[a] cause of action exists against the party upon whom service is to be made . . . ." Cal. Civ. Proc. Code § 415.50(a)(1). The plaintiff must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." McNamara v. Sher, No. 11-cv-1344-BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012). "[S]ervice by publication is neither appropriate nor valid without such an affidavit." August Home, Inc. v. Shoprime Corp., 2021 WL 5302857, at *3 (N.D. Cal. Nov. 15, 2021); see Claimtek, 2023 WL 4155359, at *5 (C.D. Cal. Apr. 7, 2023) (denying motion for service by publication in part because plaintiff did not submit an affidavit demonstrating that a cause of action exists against defendants).

Here, the Court concludes that Plaintiff has not taken exhaustive measures to serve the Unserved Defendants. For instance, it does not appear that Plaintiff has utilized the search methods stated in the Judicial Council's comment to section 415.50. Additionally, Plaintiff has not submitted an affidavit demonstrating that a cause of action exists against the Unserved Defendants. The Court therefore denies Plaintiff's request to serve the Unserved Defendants by publication.

Plaintiff also seeks an extension of Rule 4(m)'s deadline for service of the Summons and Complaint on the Unserved Defendants. Ordinarily, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Here, the Court finds that Plaintiff has shown good cause to extend the deadline to serve the Unserved Defendants to November 23, 2023.

For all of the foregoing reasons, Plaintiff's Motions are granted in part and denied in part. Plaintiff is ordered to file proofs of service for the Unserved Defendants by November 23, 2023. If – after engaging in further attempts to serve the Unserved Defendants – Plaintiff again seeks leave from the Court to serve these defendants by publication, Plaintiff must do so prior to November 23, 2023. If Plaintiff has not sought such leave or filed proofs of service by that date, Plaintiff shall, no later than November 30, 2023, show cause in writing why his claims against the Unserved Defendants should not be dismissed without prejudice pursuant to Rule 4(m).

IT IS SO ORDERED.