Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp f/k/a WB Music Corp.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ONIKA TANYA MARAJ P/K/A NICKI MINAJ, et al.<br><br>Defendants. | Case No. 2:23-cv-05061-PA-AFM<br><br>**DECLARATION OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:  December 11, 2023<br>Time:  1:30 p.m.<br>Place:  Courtroom 9A<br><br>**Honorable Percy Anderson** |

I, Thomas C. Lundin Jr., hereby declare:

1.     I am an attorney with the law firm FisherBroyles LLP, located at 111 Favre Street, Waveland, Mississippi 39576, and counsel for defendants Michael Len Williams, II; Sounds From Eardrummers, LLC; and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. ("the Moving Defendants"). I am a member in good standing of the State Bars of Georgia, Louisiana, and Mississippi and have been admitted *pro hac vice* before this Court. I submit this declaration in support of the Motion to Dismiss Complaint by Moving Defendants filed concurrently herewith.

2.      I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would competently testify thereto.

3.      Attached as Exhibit A hereto is a true and correct copy of Plaintiff's counsel's email message dated October 28, 2023, stating in part: "With the exception of the supplemental registration, the substance of the complaint is generally the same, so you're already familiar with the claims alleged."

4.      Attached as Exhibit B hereto is a true and correct copy of my email message to Plaintiff's counsel dated November 1, 2023.

5.      Attached as Exhibit C hereto is a true and correct copy of Plaintiff's counsel's email message to me dated November 2, 2023.

6.      Attached as Exhibit D hereto is a true and correct copy of my email message to Plaintiff's counsel dated November 6, 2023.

7.      Attached as Exhibit E hereto is a true and correct copy of Plaintiff's email message to me dated November 7, 2023.

8.      Attached as Exhibit F-1 hereto is a true and correct copy of the ECF docket in *Asher v. Cyrus*, 1:18-cv-02288 (D. Colo.).

9.      Attached as Exhibit F-2 hereto is a true and correct copy of the Amended Complaint (Dkt. 29) in *Asher v. Cyrus*, 1:18-cv-02288 (D. Colo.).

10.     Attached as Exhibit F-3 hereto is a true and correct copy of the Notice of Dismissal Without Prejudice (Dkt. 44) in *Asher v. Cyrus*, 1:18-cv-02288 (D. Colo.).

11.     Attached as Exhibit G-1 hereto is a true and correct copy of the ECF docket in *May v. Sony Music Ent'mt*, 1:18-cv-02238, (S.D.N.Y.).

12.     Attached as Exhibit G-2 hereto is a true and correct copy of the Second Amended Complaint (Dkt. 32) in *May v. Sony Music Ent'mt*, 1:18-cv-02238, (S.D.N.Y.).

13.     Attached as Exhibit G-3 hereto is a true and correct copy of the Stipulation of Discontinuance (Dkt. 77) in *May v. Sony Music Ent'mt*, 1:18-cv-02238, (S.D.N.Y.).

14.     Attached as Exhibit H-1 hereto is a true and correct copy of the ECF docket in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

15.     Attached as Exhibit H-2 hereto is a true and correct copy of the Amended Complaint (Dkt. 89) in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

16.     Attached as Exhibit H-3 hereto is a true and correct copy of the Report and Recommendation (Dkt. 127) recommending dismissal of the Amended Complaint against all defendants except for Williams, who had never been served, in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

17.     Attached as Exhibit H-4 hereto is a true and correct copy of the Order (Dkt. 132) adopting the Report and Recommendation (Dkt. 127) and dismissing the Amended Complaint against all defendants except for Williams, who had never been served, in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

18.     Attached as Exhibit H-5 hereto is a true and correct copy of the Report and Recommendation (Dkt. 134) recommending dismissal of the Amended Complaint against Williams, who had never been served, in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

19.     Attached as Exhibit H-6 hereto is a true and correct copy of the Order (Dkt. 137) adopting the Report and Recommendation (Dkt. 134) and dismissing the Amended Complaint against Williams, who had never been served, in *Cruz v. RCA Record Label*, 3:14-cv-00623 (M.D. Tenn.).

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted, November 13, 2023

*/s/Thomas C. Lundin Jr.*
Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp f/k/a WB Music Corp.*

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit A

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Subject:**    Re: Stipulation regarding extension of time to respond to Amended Complaint
**Date:**      Saturday, October 28, 2023 at 19:27:56 Central Daylight Time
**From:**     Dayna Cooper
**To:**         Tom Lundin
**CC:**        Steinberg, David, Larry Sandell, Susan Meyer, Mark Posard, Hannah Brown, Edelstein, Lindsay
**Attachments:** image001.gif, image001.gif

Hi Tom;

Sorry for the delay. I try to unplug on the weekends.

With respect to the matter at hand, we are not inclined to grant an extension. With the exception of the supplemental registration, the substance of the complaint is generally the same, so you're already familiar with the claims alleged.  Accordingly, we do not believe an extension is necessary.

Take care.

Best,
Dayna

On Sat, Oct 28, 2023, 11:06 AM Tom Lundin <tom.lundin@fisherbroyles.com> wrote:

Dayna –


I'm following up on my below message and request. In light of the time-sensitive nature of the matter, please respond at your earliest convenience.


Cordially,


**Tom Lundin Jr.**

Partner

*Admitted to practice in Georgia, Louisiana, and Mississippi*

_____

**FisherBroyles LLP**

Mailing: 111 Favre Street | Waveland, MS 39576 | USA

Office: 3440 Peachtree Road NE, Suite 1800 | Atlanta, GA 30326 | USA

direct: +1.678.778.8857

tom.lundin@fisherbroyles.com

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit B

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Subject:** Re: Amended Complaint - Rule 7.3 Conferral

**Date:**   Wednesday, November 1, 2023 at 19:03:43 Central Daylight Time

**From:**   Tom Lundin

**To:**   Dayna Cooper, Larry Sandell

**CC:**   Steinberg, David, Susan Meyer, Mark Posard, Hannah Brown, Edelstein, Lindsay

Dayna –

Thanks for your message. I appreciate your professionalism and cooperation. I understand that we now are in agreement on the November 13 deadline for all defendants to respond to the FAC.

Although I disagree with the characterizations in your below email, my clients do contend that Plaintiff's amendments do not cure the deficiencies set forth in the motion to dismiss the original complaint, and that the FAC continues to contain a number of deficiencies, and introduces new ones, that provide grounds for a Rule 12(b)(6) motion to dismiss the FAC. Please let me know your availability for a Rule 7.3 conferral Thursday or Friday. To facilitate conferral, I'm providing below an outline of the deficiencies in the FAC that provide grounds for dismissal.

1.      Any claims concerning infringement of a music composition remain subject to dismissal under 17 U.S.C. § 411 because Plaintiff did not register a music composition copyright before initiating litigation. The contention concerning Plaintiff's supplemental registration set forth in the FAC at paragraph 21, and the legal argument set forth at footnote 1, are not well supported. Among other reasons, the *Warren* decision predates the Supreme Court's *Fourth Estate* opinion and the *Suzhou Angela Online Game Tech. Co.* decision addressed a legal doctrine applicable only to derivative works.

2.      The FAC still fails to satisfy Rule 8 and *Twombly* because it fails provide proper notice to each Defendant and fails to assert claims that are plausible on their face as to each Defendant; merely converting one paragraph of substantive allegations against all Defendants to a number of separate paragraphs repeating the same language verbatim against each Defendant, ignoring the distinctions between different Defendants and their roles with respect to the allegedly infringing work, fails to remedy the deficiencies in the original pleading.

3.      The FAC also fails to satisfy Rule 8 and *Twombly* because it fails to identify what is allegedly infringed—a sound recording, musical composition, or both. The FAC purposefully avoids stating what is allegedly infringed, consistently using ambiguous formulations such as, by way of example only, "Composition, Sound Recording, and/or infringing derivative" and "incorporated it/them" (¶¶ 201, 202); "Composition, Sound Recording, and/or infringing derivative" and "its musical and/or lyrical contribution" (¶¶ 205, 208, 212); and "Composition and/or Sound Recording which is/are incorporated" (¶¶ 206, 209, 213); and "infringement of Johnson's Composition and/or Sound Recording" (¶¶ 384-408). Indeed, the FAC removes certain allegations in the original complaint that identified elements of a musical composition that Plaintiff alleged were similar, making the allegations in the FAC more vague than in the original complaint. And the FAC still does not allege sampling of Plaintiff's sound recording. Accordingly, the FAC fails to provide fair and sufficient notice of Plaintiff's claims.

4.      The FAC still fails to state a claim for direct infringement because it fails to plausibly allege access and fails to allege striking similarity, for the reasons set forth in the motion to

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

allege access and fails to allege striking similarity, for the reasons set forth in the motion to dismiss the original complaint. Indeed, as noted above, because it removes certain allegations present in the original complaint, the FAC suffers from greater deficiency with respect to allegations of similarity. Simply stating that, *e.g.*, the alleged infringing work "is strikingly similar (or at least, substantially similar) to and contains many substantially identical elements from Johnson's original and unique copyright-protected Composition and Sound Recording" does not plausibly allege striking similarity. By being purposefully vague about what is infringed, avoiding identifying what "critical elements" it alleges are similar, and whether it is alleging striking similarity or substantial similarity, and by failing to plausibly alleged access, the FAC fails to state a claim for direct infringement.

5.      The FAC is still subject to dismissal for asserting both direct infringement and secondary infringement against each Defendant, for the reasons set forth in the motion to dismiss the original complaint. With respect to Count III, adding the prefatory language "to the extent that [Defendant] did not engage in direct infringement" followed by mere recitals of the elements and conclusory statements does not remedy the deficiency set forth in the motion to dismiss the original complaint.

6.      The FAC still fails to state a claim for unfair competition under the Lanham Act and California law for the reasons set forth in the motion to dismiss the original complaint. The cosmetic changes in the allegations do not change the gravamen of the claims.

7.      The FAC still fails to state a claim for conversion, and fails to satisfy Rule 8 and *Twombly*, because it alleges only that "at least one Defendant" is liable and because the claim is not supported by allegations that are plausible on their face. Allegations on information and belief that Williams, his associates, and/or his affiliates, or associates and/or affiliates of Minaj, obtained Johnson's hard drive—that is, altering the allegations to simply add Williams's name—are insufficient to support the claim, for the reasons set forth in the motion to dismiss the original complaint.

Please let me and the other Defendants' counsel know your availability for a conferral Thursday or Friday.

Cordially,

**Tom Lundin Jr.**
Partner
*Admitted to practice in Georgia, Louisiana, and Mississippi*

_____

**FisherBroyles LLP**
Mailing: 111 Favre Street | Waveland, MS 39576 | USA
Office: 3440 Peachtree Road NE, Suite 1800 | Atlanta, GA 30326 | USA
direct: +1.678.778.8857
tom.lundin@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC | WILMINGTON

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If

# Exhibit C

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Subject:** Re: Amended Complaint - Rule 7.3 Conferral
**Date:** Thursday, November 2, 2023 at 11:16:27 Central Daylight Time
**From:** Dayna Cooper
**To:** Tom Lundin
**CC:** Larry Sandell, Steinberg, David, Susan Meyer, Mark Posard, Hannah Brown, Edelstein, Lindsay

Thanks for your detailed email.  Can you give me three dates and times for next week? This week is not good for me.

Thank you.

Best regards,
Dayna

 **Dayna C. Cooper, Esq., Principal**
(202) 642.5470 (ph) (757) 257.9878 (fax)
www.CooperLegalSolutions.com

 SCHEDULE APPOINTMENT       ACCESS CLIENT PORTAL

**NOTICE:** This message (including any attachments) from Cooper Legal, LLC may constitute an attorney-client communication and may contain information that is **PRIVILEGED, CONFIDENTIAL, and/or ATTORNEY WORK PRODUCT.** If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy, or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to info@cooperlegalsolutions.com.

On Wed, Nov 1, 2023 at 8:03 PM Tom Lundin <tom.lundin@fisherbroyles.com> wrote:

Dayna –

Thanks for your message. I appreciate your professionalism and cooperation. I understand that we now are in agreement on the November 13 deadline for all defendants to respond to the FAC.

Although I disagree with the characterizations in your below email, my clients do contend that Plaintiff's amendments do not cure the deficiencies set forth in the motion to dismiss the original complaint, and that the FAC continues to contain a number of deficiencies, and introduces new ones, that provide grounds for a Rule 12(b)(6) motion to dismiss the FAC. Please let me know your availability for a Rule 7.3 conferral Thursday or Friday. To facilitate conferral, I'm providing below an outline of the deficiencies in the FAC that provide grounds for dismissal.

11
DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit D

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Subject:** Re: Amended Complaint - Rule 7.3 Conferral

**Date:** Monday, November 6, 2023 at 23:08:00 Central Standard Time

**From:** Tom Lundin

**To:** Dayna Cooper, Larry Sandell

**CC:** Steinberg, David, Susan Meyer, Mark Posard, Hannah Brown, Edelstein, Lindsay, Larry Schmadeka

Dayna –

Thanks for your time and participation in the LR 7-3 meet and confer today, where you and I, along with counsel from Mitchell Silberberg & Knupp LLP on behalf of defendants Universal Music Group, Inc.; Songs of Universal, Inc.; and Money Mack Music, Inc., and counsel from Gordon Rees Scully Mansukhani, LLP on behalf of defendants Miraj and Harajuku Barbie Music, LLC, conferred concerning my clients' intended motion to dismiss Plaintiff's First Amended Complaint. I'm writing in part to memorialize, and in part to follow up on, our discussion.

As an initial matter, you agreed defendants had satisfied the LR 7-3 conferral obligation. I understand that you intended to forward or cite certain authority with respect to one or more of the positions you advanced on our call, including a case you suggested had been included in your letter to me of September 22, 2023. I certainly will advise you promptly if my clients' position were to change as a result of any such authority that you provide. But I understand that the parties have reached an impasse with respect to the positions listed in my below message setting forth grounds for my clients' intended motion to dismiss.

More particularly, with respect to item nos. 6 and 7, we discussed that the parties differ in their interpretations of the law concerning preemption by the Copyright Act and the gravamen of Plaintiff's claim, given that, as you stated, Plaintiff is not making a claim for the minimal value of the hard drive itself, but instead for the value of the materials allegedly saved thereon. In the course of that discussion, you stated that unfair competition claims would apply because one or more of the defendants "might have repackaged and sold" the materials on the hard drive. When defendants noted that such statements were mere speculation, and asked what good faith basis existed for such a claim, you were unable to provide any factual basis.

With respect to item nos. 4 and 5, we discussed that the parties differ in their interpretations of what allegations are required at the pleading stage. I understand your position to be that allegations of access are not required because you contend that Plaintiff has sufficiently alleged striking similarity. As you know, our position is that striking similarity has not been plausibly alleged, particularly where, as here, Plaintiff has not identified—indeed, as you stated, cannot identify—what work—sound recording, musical composition, or both—allegedly was infringed. And similarly, your position is that because Plaintiff does not know what any particular defendant did with respect to the allegedly infringing work, Plaintiff need not plead facts concerning whether a particular defendant is liable for direct infringement or is liable secondarily, for vicarious infringement or contributory infringement. As you know, defendants disagree with that position. Defendants contended that Plaintiff's allegations consist largely of mere speculation without any factual basis, and you disagreed that Plaintiff is required to provide any greater factual detail at the pleading stage.

I understand your position with respect to item nos. 2 and 3 to be similar to that with respect to item no. 5, discussed above. That is, I understand your position to be that Plaintiff is permitted to plead "on information and belief" when, as you contend, certain facts would be solely within

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

to plead "on information and belief" when, as you contend, certain facts would be solely within the possession of a defendant. As I understand you to have expressed Plaintiff's position, you contend that Plaintiff believes his work or works was copied, but Plaintiff doesn't know who did the initial copying, what work was copied—sound recording or musical composition—and what any defendant did with respect to the allegedly copied work, or any "derivative" of said copied work, or so forth. As you know, defendants' positions are that the FAC is fatally vague with respect to what alleged work was allegedly infringed, and Plaintiff's admitted inability to state what work was infringed requires dismissal. Further, the chain of inference you articulated is fatally deficient because Plaintiff has yet to articulate any good faith basis for its belief, or anything other than mere speculation, that any named defendant is responsible for the first "link" in the chain. We discussed that the parties disagree concerning what constitutes the good faith basis for a claim required by Rule 11.

Lastly, with respect to item no. 1, we discussed the statutory and regulatory language, as well as guidance set forth in the Compendium of Copyright Office Practices, concerning supplementary registration. In addition to discussing our differing positions concerning the applicability or weight that should be accorded the case law cited in the FAC footnote 1, I stated that because both the sound recording registration and the application for supplemental registration filed with the Copyright Office after this action was initiated to add a claim to a musical composition stated that the works were published, but based on the allegations of the Complaint and FAC the works are unpublished, it was not clear that "correction" or "amplification" through the supplemental registration process was possible. I did not have at hand the relevant sections of the Compendium on our call, but I would refer you at least to sections 1802.6(I) and 1802.7(C). Whether supplementary registration might or might not be an appropriate procedure in this instance, and thus whether a supplemental registration might be granted, may depend, in part, on the deposit copy that was submitted with the application to register the sound recording, a copy of which my clients do not currently possess. I further note that the copy of the application for supplemental registration attached as Exhibit B to the FAC contains an additional error, in that it is certified by "Dayna Cooper, Authorized agent of Dayna Cooper," rather than as agent for Plaintiff/Applicant. Although this is a technical error, it is not clear to me that the Copyright Office will determine that the application for supplemental registration complies with the certification requirements set forth in the Compendium and, thus, whether a supplemental registration might be granted. Of course, defendants are unable to determine how the possibility that a supplemental registration might not be granted would affect the viability of Plaintiff's claims because the FAC purposefully does not identify, and you were unable on our call to state Plaintiff's position on, what work is allegedly infringed.

Please don't hesitate to call with any questions.

Cordially,

**Tom Lundin Jr.**
Partner
*Admitted to practice in Georgia, Louisiana, and Mississippi*

_____

**FisherBroyles LLP**
Mailing: 111 Favre Street | Waveland, MS 39576 | USA
Office: 3440 Peachtree Road NE, Suite 1800 | Atlanta, GA 30326 | USA
direct: +1.678.778.8857
tom.lundin@fisherbroyles.com

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit E

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**Subject:** Re: Amended Complaint - Rule 7.3 Conferral
**Date:** Tuesday, November 7, 2023 at 14:10:37 Central Standard Time
**From:** Dayna Cooper
**To:** Tom Lundin
**CC:** Larry Sandell, Steinberg, David, Susan Meyer, Mark Posard, Hannah Brown, Edelstein, Lindsay, Larry Schmadeka

Hello Tom,

I hope you are feeling better. If you haven't already, try some EmergenC or zinc and echinacea.

With respect to the matter at hand, thank you for your detailed email below.  For ease, I have provided my responses in blue below.

Take care.

Best regards,
Dayna



**Dayna C. Cooper, Esq., Principal**
(202) 642.5470 (ph) (757) 257.9878 (fax)
www.CooperLegalSolutions.com

 SCHEDULE APPOINTMENT           ACCESS CLIENT PORTAL

**NOTICE:** This message (including any attachments) from Cooper Legal, LLC may constitute an attorney-client communication and may contain information that is **PRIVILEGED, CONFIDENTIAL, and/or ATTORNEY WORK PRODUCT.** If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy, or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to info@cooperlegalsolutions.com.

On Tue, Nov 7, 2023 at 12:08 AM Tom Lundin <tom.lundin@fisherbroyles.com> wrote:

> Dayna –
>
> Thanks for your time and participation in the LR 7-3 meet and confer today, where you and I, along with counsel from Mitchell Silberberg & Knupp LLP on behalf of defendants Universal Music Group, Inc.; Songs of Universal, Inc.; and Money Mack Music, Inc., and counsel from Gordon Rees Scully Mansukhani, LLP on behalf of defendants Miraj and Harajuku Barbie Music, LLC, conferred concerning my clients' intended motion to dismiss Plaintiff's First Amended Complaint. I'm writing in part to memorialize, and in part to follow up on, our discussion.

I agree that the named parties were present at the meet and confer yesterday.

As an initial matter, you agreed defendants had satisfied the LR 7-3 conferral obligation. I understand that you intended to forward or cite certain authority with respect to one or more of the positions you advanced on our call, including a case you suggested had been included in your letter to me of September 22, 2023. I certainly will advise you promptly if my clients' position were to change as a result of any such authority that you provide. But I understand that the parties have reached an impasse with respect to the positions listed in my below message setting forth grounds for my clients' intended motion to dismiss.

I agree that we are at an impasse and that the conferral obligation has been met. With respect to the case law, you were correct, I was referring *See, Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1122 (C.D. Cal. 2001). With respect to the other case, it is provided below regarding your statements about the hard drive.

More particularly, with respect to item nos. 6 and 7, we discussed that the parties differ in their interpretations of the law concerning preemption by the Copyright Act and the gravamen of Plaintiff's claim, given that, as you stated, Plaintiff is not making a claim for the minimal value of the hard drive itself, but instead for the value of the materials allegedly saved thereon. In the course of that discussion, you stated that unfair competition claims would apply because one or more of the defendants "might have repackaged and sold" the materials on the hard drive. When defendants noted that such statements were mere speculation, and asked what good faith basis existed for such a claim, you were unable to provide any factual basis.

You are correct about the parties' interpretations of the law concerning preemption by the Copyright Act and my client's conversion and unfair competition claims. As stated on the call and in my prior correspondence, "the conversion claim is not preempted by the Copyright Act." 'Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is not preempted.' *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984)." The claim for conversion is the hard drive not the theft or copying of OnMySleeve. The "gravamen" of the pleaded conversion claim has nothing to do with copying or authorship. I believe this is abundantly clear in the complaint. ¶¶ 417, 426, 434, 435 ("Aside from the copying and copyright infringement of the Composition and/or Sound Recording,").  Your claim that we are alleging, "Plaintiff is not making a claim for the minimal value of the hard drive itself, but instead for the value of the materials allegedly saved thereon" is a mischaracterization or misinterpretation of my statements.  As discussed on the call, I am providing you with case law that might help you to better understand the distinction. *Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984)("At least some of Oddo's state law claims *pass the preemption* test stated above, and so the general damages award may stand. For example, Oddo alleged conversion of the papers comprising his manuscript. Conversion of tangible property involves actions different from those proscribed by the copyright laws, and thus is *not preempted*.")(emphasis added). Also provided in my prior correspondence - Under the extra element test, it is clear that federal copyright law *does not preempt state* causes of action alleging fraud or *conversion*—the two theories pleaded in the complaint." *Gladstone v. Hillel*, 203 Cal. App. 3d 977, 987, 250 Cal. Rptr. 372, 378 (Ct. App. 1988). Fraud involves "the extra element of misrepresentation." *Id*. (citing to Brignoli v. Balch Hardy and Scheinman, Inc., 645 F.Supp. 1201, 1205.). Conversion entails the "wrongful possession of the tangible embodiment of a work. On appeal, Gladstone also relies on two provisions in the state unfair competition law. Business and Professions Code section 17200, which broadly condemns "unlawful, unfair or fraudulent business practice," has been construed to prohibit "appropriating the property of

17

another and selling it as one's own." *Id.* (citing to *Ojala v. Bohlin* (1960) 178 Cal.App.2d 292, 301, 2 Cal.Rptr. 919). *See also, Capitol Records, LLC v. BlueBeat, Inc.,* C.D.Cal.2010, 765 F.Supp.2d 1198 ("finding that BlueBeat is liable for **copyright infringement**, **misappropriation**, **unfair competition, and conversion.")**(emphasis added).

You are correct that the complaint alleges "on information and belief" for the allegations of repackaging and selling. It is very unlikely that there was a transfer of property without compensation. The law permits pleading on information belief when the facts are solely within the possession and control of the Defendant. *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)("The Twombly plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." ) Here, you are threatening Rule 11 sanctions because we are unable to prove facts that are solely within the possession and control of the Defendant that we could not possibly ascertain without being present at the time the events occurred or conducting discovery.

With respect to item nos. 4 and 5, we discussed that the parties differ in their interpretations of what allegations are required at the pleading stage. I understand your position to be that allegations of access are not required because you contend that Plaintiff has sufficiently alleged striking similarity. As you know, our position is that striking similarity has not been plausibly alleged, particularly where, as here, Plaintiff has not identified—indeed, as you stated, cannot identify—what work—sound recording, musical composition, or both—allegedly was infringed. And similarly, your position is that because Plaintiff does not know what any particular defendant did with respect to the allegedly infringing work, Plaintiff need not plead facts concerning whether a particular defendant is liable for direct infringement or is liable secondarily, for vicarious infringement or contributory infringement. As you know, defendants disagree with that position. Defendants contended that Plaintiff's allegations consist largely of mere speculation without any factual basis, and you disagreed that Plaintiff is required to provide any greater factual detail at the pleading stage.

Your memorialization of these points are also inaccurate. Access or striking similarity are required to be alleged in order to plead copyright infringement. There is no dispute about that. We have alleged both. We have alleged that the Sound Recording, Composition, and/or unauthorized derivative was copied. Again, you are asking that we prove which Defendant copied which work. Again, this information is solely within the possession and control of the Defendants. I also never stated that a defendant need not be identified as a direct infringer, contributory infringer, or vicariously liable therefor.  My statement was that this information is in the possession or control of the Defendants. Unless we were present at the time of the infringement, we have no possible way of ascertaining this information. One "factual basis" is that Mr. Johnson's work is included in the *Pinkprint* and *I Lied* without his consent and each named Defendant is listed as an author and/or contributor of an unauthorized derivative work. In addition, the named Defendants without authorization, distributed or caused it to be distributed, took credit for it, and did not compensate him. Again, all of the facts as to how exactly that occurred are solely within the possession and control of the Defendants.

I understand your position with respect to item nos. 2 and 3 to be similar to that with respect to item no. 5, discussed above. That is, I understand your position to be that Plaintiff is permitted to plead "on information and belief" when, as you contend, certain facts would be solely within the possession of a defendant. As I understand you to have expressed Plaintiff's position, you contend that Plaintiff believes his work or works was copied, but

Plaintiff's position, you contend that Plaintiff believes his work or works was copied, but Plaintiff doesn't know who did the initial copying, what work was copied—sound recording or musical composition—and what any defendant did with respect to the allegedly copied work, or any "derivative" of said copied work, or so forth. As you know, defendants' positions are that the FAC is fatally vague with respect to what alleged work was allegedly infringed, and Plaintiff's admitted inability to state what work was infringed requires dismissal. Further, the chain of inference you articulated is fatally deficient because Plaintiff has yet to articulate any good faith basis for its belief, or anything other than mere speculation, that any named defendant is responsible for the first "link" in the chain. We discussed that the parties disagree concerning what constitutes the good faith basis for a claim required by Rule 11.

Your memorialization of these points are also inaccurate. See my statements above.

Lastly, with respect to item no. 1, we discussed the statutory and regulatory language, as well as guidance set forth in the Compendium of Copyright Office Practices, concerning supplementary registration. In addition to discussing our differing positions concerning the applicability or weight that should be accorded the case law cited in the FAC footnote 1, I stated that because both the sound recording registration and the application for supplemental registration filed with the Copyright Office after this action was initiated to add a claim to a musical composition stated that the works were published, but based on the allegations of the Complaint and FAC the works are unpublished, it was not clear that "correction" or "amplification" through the supplemental registration process was possible. I did not have at hand the relevant sections of the Compendium on our call, but I would refer you at least to sections 1802.6(I) and 1802.7(C). Whether supplementary registration might or might not be an appropriate procedure in this instance, and thus whether a supplemental registration might be granted, may depend, in part, on the deposit copy that was submitted with the application to register the sound recording, a copy of which my clients do not currently possess. I further note that the copy of the application for supplemental registration attached as Exhibit B to the FAC contains an additional error, in that it is certified by "Dayna Cooper, Authorized agent of Dayna Cooper," rather than as agent for Plaintiff/Applicant. Although this is a technical error, it is not clear to me that the Copyright Office will determine that the application for supplemental registration complies with the certification requirements set forth in the Compendium and, thus, whether a supplemental registration might be granted. Of course, defendants are unable to determine how the possibility that a supplemental registration might not be granted would affect the viability of Plaintiff's claims because the FAC purposefully does not identify, and you were unable on our call to state Plaintiff's position on, what work is allegedly infringed.

Your memorialization of these points are also inaccurate. I provided my position Plaintiff's position and reiterate it here. The copyright registration provides that the works were published on September 23, 2011. Moreover, the elements of a plausible copyright infringement claim do not require publication. Assuming *arguendo*, the publication date or status of publication is incorrect, the section you cited from the Compendium states that both may be corrected with a supplemental registration. 1802.6(I) "As a general rule, **an error involving the date of publication** for the work **may be corrected with a supplementary registration**. This determination should be based on the facts that existed at the time when the basic registration was made. For instance, if the applicant mistakenly **provided a date of publication** for a work that has **not been published**, a statement **may** be added to the registration record to **clarify that the work is actually unpublished**." You have no facts to support that 1802.7(C) applies.

*Suahou* is clear in that the "defendants' supplementary registrations are not barred by the fact that they

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Suzhou* is clear in that the "defendants' supplementary registrations are not barred by the fact that they were **filed** in the middle of this litigation." *Suzhou Angela Online Game Tech. Co. v. Snail Games USA Inc.*, No. 221CV09552CASSKX, 2023 WL 2414261, at *6 (C.D. Cal. Mar. 7, 2023)(emphasis added). Accordingly, your concerns are unsupported by the precedent of this circuit. In addition, the elements of copyright infringement do not require that the deposit copy be provided to the defendants or appended to the complaint to survive a motion to dismiss.  Finally, errors on a certificate do not invalidate a copyright. *Yellowcake, Inc. v. Morena Music, Inc.*, 522 F. Supp. 3d 747 (E.D. Cal. 2021)( Inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless alleged infringer has relied to its detriment on mistake, or claimant intended to defraud Copyright Office by making misstatement.)(citing to 7 U.S.C.A. § 411(b)(1)-(2).  Here, the Defendants infringed Mr. Johnson's work prior to the registration, and thus, Defendants cannot say that they relied on the errors to their detriment.

In summary, the parties have reached an impasse and I decline to litigate these issues further over email.  If Defendants elect to file a Motion to Dismiss, Plaintiff will respond via an opposition brief that includes, but will not be limited to the summary of our positions above.

Please don't hesitate to call with any questions.

Cordially,

**Tom Lundin Jr.**

Partner

*Admitted to practice in Georgia, Louisiana, and Mississippi*

_____

**FisherBroyles LLP**

Mailing: 111 Favre Street | Waveland, MS 39576 | USA

Office: 3440 Peachtree Road NE, Suite 1800 | Atlanta, GA 30326 | USA

direct: +1.678.778.8857

tom.lundin@fisherbroyles.com

www.fisherbroyles.com

ATLANTA | AUSTIN | BOSTON | CHARLOTTE | CHICAGO | CINCINNATI | CLEVELAND | COLUMBUS | DALLAS | DENVER | DETROIT | HOUSTON | LONDON | LOS ANGELES | MIAMI | NAPLES | NEW YORK | PALO ALTO | PHILADELPHIA | PRINCETON | SALT LAKE CITY | SEATTLE | WASHINGTON, DC | WILMINGTON

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit F-1

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT



# 1:18cv2288, Asher V. Cyrus Et Al

US District Court Docket

United States District Court, Colorado

(Denver)

**This case was retrieved on 10/31/2023**

## Header

**Case Number:** 1:18cv2288
**Date Filed:** 09/05/2018
**Assigned To:** Judge Wiley Y. Daniel
**Referred To:** Magistrate Judge N. Reid Neureiter
**Nature of Suit:** Copyrights (820)
**Cause:** Copyright Infringement
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Closed
**Closed:** 11/14/2018
**Statute:** 17:101
**Jury Demand:** Plaintiff
**Demand Amount:** $150,000
**NOS Description:** Copyrights

## Participants

### Litigants

Ariella Asher
an individual | also known as | Yella the Triple Threat |
**Plaintiff**

Destiny Hope Cyrus
an individual | also known as | Miley Cyrus |
[Terminated: 11/14/2018]
**Defendant**

Michael Len Williams, II
an individual | also known as | Mike Will Made It | also known
as | Mike Will Made-It | also known as | Mike Will |
[Terminated: 11/14/2018]
**Defendant**

### Attorneys

Douglas Ivan Richards
ATTORNEY TO BE NOTICED
Richards Carrington, LLC
1444 Blake Street
Denver, CO  80202
USA
303-962-2690 Fax: 303-962-2691
Email:Doug@richardscarrington.Com

Michael Beylkin
ATTORNEY TO BE NOTICED
Fox Rothschild LLP-Denver
1225 17th Street Suite 2200
Denver, CO  80202-5516
USA
303-446-3871 Email:Mike@zansberglaw.Com

Felicity Sloan Kohn
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0166 Fax: 212-798-6385
Email:Fkohn@pryorcashman.Com

Ilene Susan Farkas

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | ATTORNEY TO BE NOTICED<br>Pryor Cashman, LLP<br>7 Times Square<br>New York, NY  10036-6569<br>USA<br>212-326-0188 Fax: 212-798-6382<br>Email:Ifarkas@pryorcashman.Com |
| Jordan Houston<br>an individual \| also known as \| Juicy J \|<br>[Terminated: 10/18/2018]<br>**Defendant** | |
| CAMERON JIBRIL THOMAZ<br>an individual \| also known as \| Wiz Khalifa \| doing business as \| Wiz Khalifa Publishing \|<br>[Terminated: 11/14/2018]<br>**Defendant** | Felicity Sloan Kohn<br>ATTORNEY TO BE NOTICED<br>Pryor Cashman, LLP<br>7 Times Square<br>New York, NY  10036-6569<br>USA<br>212-326-0166 Fax: 212-798-6385<br>Email:Fkohn@pryorcashman.Com<br><br>Ilene Susan Farkas<br>ATTORNEY TO BE NOTICED<br>Pryor Cashman, LLP<br>7 Times Square<br>New York, NY  10036-6569<br>USA<br>212-326-0188 Fax: 212-798-6382<br>Email:Ifarkas@pryorcashman.Com |
| Theron Thomas<br>an individual \|<br>[Terminated: 11/14/2018]<br>**Defendant** | |
| Timothy Thomas<br>an individual \|<br>[Terminated: 11/14/2018]<br>**Defendant** | |
| Pierre Ramon Slaughter<br>an individual \| also known as \| P-Nasty \| also known as \| P Nasty \| also known as \| P Nazty \| also known as \| P-Nazty \| also known as \| PNazty \|<br>[Terminated: 11/14/2018]<br>**Defendant** | Felicity Sloan Kohn<br>ATTORNEY TO BE NOTICED<br>Pryor Cashman, LLP<br>7 Times Square<br>New York, NY  10036-6569<br>USA<br>212-326-0166 Fax: 212-798-6385<br>Email:Fkohn@pryorcashman.Com<br><br>Ilene Susan Farkas<br>ATTORNEY TO BE NOTICED<br>Pryor Cashman, LLP<br>7 Times Square<br>New York, NY  10036-6569<br>USA<br>212-326-0188 Fax: 212-798-6382<br>Email:Ifarkas@pryorcashman.Com |
| Toluca Lake Tours, Inc.<br>a Tennessee corporation \|<br>[Terminated: 11/14/2018]<br>**Defendant** | Michael Beylkin<br>ATTORNEY TO BE NOTICED<br>Fox Rothschild LLP-Denver<br>1225 17th Street Suite 2200<br>Denver, CO  80202-5516<br>USA |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

## Litigants

## Attorneys

Smiley Miley, Inc.
a Tennessee corporation |
[Terminated: 11/14/2018]
**Defendant**

303-446-3871 Email:Mike@zansberglaw.Com
Michael Beylkin
ATTORNEY TO BE NOTICED
Fox Rothschild LLP-Denver
1225 17th Street Suite 2200
Denver, CO  80202-5516
USA
303-446-3871 Email:Mike@zansberglaw.Com

EARDRUMMERS MUSIC PUBLISHING LLC
a Georgia limited liability company |
[Terminated: 11/14/2018]
**Defendant**

Ilene Susan Farkas
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0188 Fax: 212-798-6382
Email:Ifarkas@pryorcashman.Com

Houston & Associates LLC
a California limited liability company |
[Terminated: 10/18/2018]
**Defendant**

Blackground-Interscope Records, LLC
a Delaware limited liability company |
[Terminated: 10/11/2018]
**Defendant**

Universal Music Group, Inc.
a Delaware corporation |
[Terminated: 11/14/2018]
**Defendant**

Universal Music Publishing, Inc.
a California corporation |
[Terminated: 11/14/2018]
**Defendant**

Warner-Tamerlane Publishing Corp
a California corporation |
[Terminated: 11/14/2018]
**Defendant**

Felicity Sloan Kohn
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0166 Fax: 212-798-6385
Email:Fkohn@pryorcashman.Com

Ilene Susan Farkas
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0188 Fax: 212-798-6382
Email:Ifarkas@pryorcashman.Com

Sounds from Eardrummers LLC
a Georgia limited liability company |
[Terminated: 11/14/2018]
**Defendant**

Ilene Susan Farkas
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0188 Fax: 212-798-6382
Email:Ifarkas@pryorcashman.Com

WB Music Corp

Felicity Sloan Kohn

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

## Litigants

## Attorneys

a California corporation |
[Terminated: 11/14/2018]
**Defendant**

ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0166 Fax: 212-798-6385
Email:Fkohn@pryorcashman.Com

Ilene Susan Farkas
ATTORNEY TO BE NOTICED
Pryor Cashman, LLP
7 Times Square
New York, NY  10036-6569
USA
212-326-0188 Fax: 212-798-6382
Email:Ifarkas@pryorcashman.Com

BMG Rights Management, LLC
a Delaware limited liability company; and Does 1-5 |
[Terminated: 10/23/2018]
**Defendant**

Umg Recordings, Inc.
a Delaware corporation |
[Terminated: 11/14/2018]
**Defendant**

Songs of Universal, Inc.
California corporation |
[Terminated: 11/14/2018]
**Defendant**

Michael Beylkin
ATTORNEY TO BE NOTICED
Fox Rothschild LLP-Denver
1225 17th Street Suite 2200
Denver, CO  80202-5516
USA
303-446-3871 Email:Mike@zansberglaw.Com

BMG Rights Management (US) LLC
a Delaware limited liability company; and Does 1-5 |
[Terminated: 11/14/2018]
**Defendant**

## Proceedings

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 09/05/2018 | COMPLAINT and Jury Demand against BMG Rights Management, LLC, Blackground-Interscope Records, LLC, Destiny Hope Cyrus, Does 1-5, Eardrummers Music Publishing LLC, Houston & Associates LLC, Pierre Ramon Slaughter, Smiley Miley, Inc., Sounds from Eardrummers LLC, Theron Thomas, Timothy Thomas, Cameron Jibril Thomaz, Toluca Lake Tours, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., WB Music Corp, Warner-Tamerlane Publishing Corp, Michael Len Williams, II, Jordan houston (Filing fee $ 400,Receipt Number 1082-6281668)Attorney Douglas Ivan Richards added to party Ariella Asher(pty:pla), filed by Ariella Asher. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Civil Cover Sheet)(Richards, Douglas) (Entered: 09/05/2018) | |
| 2 | 09/05/2018 | Report re Copyright: Report on the filing of an action emailed | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | separately to the Director of the Copyright Office. (cmadr, ) (Entered: 09/06/2018) | |
| 3 | 09/05/2018 | Case assigned to Judge Wiley Y. Daniel and drawn to Magistrate Judge N. Reid Neureiter. Text Only Entry. (cmadr, ) (Entered: 09/06/2018) | |
| 4 | 09/06/2018 | Summons issued by Clerk. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Magistrate Judge Consent Form) (cmadr, ) (Entered: 09/06/2018) | |
| 5 | 09/06/2018 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter for non-dispositive matters. That pursuant to 28 U.S.C. Section 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this matter is referred to the assigned United States Magistrate Judge is designated to conduct proceedings in this civil action as follows: (1) Convene a scheduling conference under Fed.R.Civ.P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2. (2) Conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause. (3) Hear and determine pretrial matters, including discovery and other non-dispositive motions. (4) Alternative Dispute Resolution Authority: Court sponsored alternative dispute resolution is governed by D.C.COLOLCivR 16.6. On the recommendation or informal request of the magistrate judge, or on the request of the parties by motion, the court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. It is further ORDERED that parties and counsel shall be familiar and comply with the above judge's requirements found at www.cod.uscourts.gov. By Judge Wiley Y. Daniel on 9/6/18. Text Only Entry (rkeec) (Entered: 09/06/2018) | |
| 6 | 09/07/2018 | ORDER Setting Scheduling/Planning Conference for 11/15/2018 09:30 AM in Courtroom C205 before Magistrate Judge N. Reid Neureiter, by Magistrate Judge N. Reid Neureiter on 9/07/2018. (slibi, ) (Entered: 09/10/2018) | |
| 7 | 10/01/2018 | SUMMONS Returned Executed by Ariella Asher. Cameron Jibril Thomaz served on 9/23/2018, answer due 10/15/2018. (Richards, Douglas) (Entered: 10/01/2018) | |
| 8 | 10/01/2018 | SUMMONS Returned Executed by Ariella Asher. BMG Rights Management, LLC served on 9/24/2018, answer due 10/15/2018. (Richards, Douglas) (Entered: 10/01/2018) | |
| 9 | 10/01/2018 | SUMMONS Returned Executed by Ariella Asher. Jordan Houston served on 9/24/2018, answer due 10/15/2018. (Richards, Douglas) (Entered: 10/01/2018) | |
| 10 | 10/10/2018 | SUMMONS Returned Executed by Ariella Asher. Timothy Thomas served on 9/26/2018, answer due 10/17/2018. (Richards, Douglas) (Entered: 10/10/2018) | |
| 11 | 10/10/2018 | SUMMONS Returned Executed by Ariella Asher. Pierre Ramon Slaughter served on 9/27/2018, answer due 10/18/2018. (Richards, Douglas) (Entered: 10/10/2018) | |
| 12 | 10/10/2018 | SUMMONS Returned Executed by Ariella Asher. Michael Len Williams, II served on 10/3/2018, answer due 10/24/2018. (Richards, Douglas) (Entered: 10/10/2018) | |
| 13 | 10/11/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. Destiny Hope Cyrus waiver sent on 10/5/2018, answer due 12/4/2018. (Richards, Douglas) (Entered: 10/11/2018) | |
| 14 | 10/11/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Toluca Lake Tours, Inc. waiver sent on 10/5/2018, answer due 12/4/2018. (Richards, Douglas) (Entered: 10/11/2018) | |
| 15 | 10/11/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. Smiley Miley, Inc. waiver sent on 10/5/2018, answer due 12/4/2018. (Richards, Douglas) (Entered: 10/11/2018) | |
| 16 | 10/11/2018 | SUMMONS Returned Executed by Ariella Asher. Theron Thomas served on 10/1/2018, answer due 10/22/2018. (Richards, Douglas) (Entered: 10/11/2018) | |
| 17 | 10/11/2018 | NOTICE of Voluntary Dismissal of Party Blackground-Interscope Records, LLC by Plaintiff Ariella Asher (Richards, Douglas) (Entered: 10/11/2018) | |
| 18 | 10/11/2018 | Party Blackground-Interscope Records, LLC (a Delaware limited liability company) terminated pursuant to the [ 17] Notice of Voluntary Dismissal filed in this case on 10/11/2018. Text Only Entry (evana, ) (Entered: 10/15/2018) | |
| 19 | 10/16/2018 | SUMMONS Returned Executed by Ariella Asher. WB Music Corp served on 10/2/2018, answer due 10/23/2018. (Richards, Douglas) (Entered: 10/16/2018) | |
| 20 | 10/16/2018 | SUMMONS Returned Executed by Ariella Asher. Warner-Tamerlane Publishing Corp served on 10/2/2018, answer due 10/23/2018. (Richards, Douglas) (Entered: 10/16/2018) | |
| 21 | 10/18/2018 | MOTION for Entry of Default as to Defendant Timothy Thomas by Plaintiff Ariella Asher. (Attachments: # 1 Affidavit of Douglas I. Richards, # 2 Proposed Order (PDF Only))(Richards, Douglas) (Entered: 10/18/2018) | |
| 22 | 10/18/2018 | NOTICE of Voluntary Dismissal of Party Jordan Houston and Houston & Associates LLC by Plaintiff Ariella Asher (Richards, Douglas) (Entered: 10/18/2018) | |
| 23 | 10/18/2018 | Party Jordan Houston (an individual) and Houston & Associates LLC (a California limited liability company) terminated pursuant to the 22 Notice of Voluntary dismissal in this case on 10/18/2018. Text Only Entry (evana, ) (Entered: 10/19/2018) | |
| 24 | 10/19/2018 | Clerk's ENTRY OF DEFAULT as to Timothy Thomas re 21 MOTION for Entry of Default as to Defendant Timothy Thomas, by Clerk. Text Only Entry (evana, ) (Entered: 10/19/2018) | |
| 25 | 10/22/2018 | NOTICE of Entry of Appearance  by Felicity Sloan Kohn on behalf of Pierre Ramon Slaughter, Cameron Jibril Thomaz, WB Music Corp, Warner-Tamerlane Publishing Corp, Michael Len Williams, IIAttorney Felicity Sloan Kohn added to party Pierre Ramon Slaughter(pty:dft), Attorney Felicity Sloan Kohn added to party Cameron Jibril Thomaz(pty:dft), Attorney Felicity Sloan Kohn added to party WB Music Corp(pty:dft), Attorney Felicity Sloan Kohn added to party Warner-Tamerlane Publishing Corp(pty:dft), Attorney Felicity Sloan Kohn added to party Michael Len Williams, II(pty:dft) (Kohn, Felicity) (Entered: 10/22/2018) | |
| 26 | 10/22/2018 | NOTICE of Entry of Appearance  by Ilene Susan Farkas on behalf of Pierre Ramon Slaughter, Cameron Jibril Thomaz, WB Music Corp, Warner-Tamerlane Publishing Corp, Michael Len Williams, IIAttorney Ilene Susan Farkas added to party Pierre Ramon Slaughter(pty:dft), Attorney Ilene Susan Farkas added to party Cameron Jibril Thomaz(pty:dft), Attorney Ilene Susan Farkas added to party WB Music Corp(pty:dft), Attorney Ilene Susan Farkas added to party Warner-Tamerlane Publishing Corp(pty:dft), Attorney Ilene Susan Farkas added to party Michael Len Williams, II(pty:dft) (Farkas, Ilene) (Entered: 10/22/2018) | |
| 27 | 10/23/2018 | MOTION for Entry of Default as to Defendant Theron Thomas by Plaintiff Ariella Asher. (Attachments: # 1 Affidavit of Douglas I. Richards, # 2 Proposed Order (PDF Only))(Richards, Douglas) (Entered: 10/23/2018) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 28 | 10/23/2018 | Clerk's ENTRY OF DEFAULT as to Theron Thomas re 27 MOTION for Entry of Default as to Defendant Theron Thomas, by Clerk. Text Only Entry (evana, ) (Entered: 10/23/2018) | |
| 29 | 10/23/2018 | AMENDED COMPLAINT  against Destiny Hope Cyrus, Eardrummers Music Publishing LLC, Pierre Ramon Slaughter, Smiley Miley, Inc., Sounds from Eardrummers LLC, Theron Thomas, Timothy Thomas, Cameron Jibril Thomaz, Toluca Lake Tours, Inc., WB Music Corp, Warner-Tamerlane Publishing Corp, Michael Len Williams, II, UMG Recordings, Inc., Songs of Universal, Inc., BMG Rights Management (US) LLC, filed by Ariella Asher.(Richards, Douglas) (Entered: 10/23/2018) | |
| 30 | 10/23/2018 | NOTICE of Filing Amended Pleading re 29 Amended Complaint, by Plaintiff Ariella Asher (Attachments: # 1 Exhibit 1)(Richards, Douglas) (Entered: 10/23/2018) | |
| 31 | 10/25/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. UMG Recordings, Inc. waiver sent on 10/24/2018, answer due 12/24/2018. (Richards, Douglas) (Entered: 10/25/2018) | |
| 32 | 10/25/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. Songs of Universal, Inc. waiver sent on 10/24/2018, answer due 12/24/2018. (Richards, Douglas) (Entered: 10/25/2018) | |
| 33 | 11/07/2018 | WAIVER OF SERVICE Returned Executed by Ariella Asher. BMG Rights Management (US) LLC waiver sent on 10/24/2018, answer due 12/24/2018. (Richards, Douglas) (Entered: 11/07/2018) | |
| 34 | 11/07/2018 | Unopposed MOTION to Reset Scheduling/Planning Conference by Plaintiff Ariella Asher. (Attachments: # 1 Proposed Order (PDF Only))(Richards, Douglas) (Entered: 11/07/2018) | |
| 35 | 11/07/2018 | MEMORANDUM regarding 34 Unopposed MOTION to Reset Scheduling/Planning Conference filed by Ariella Asher. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Wiley Y. Daniel on 11/7/18. Text Only Entry (rkeec) (Entered: 11/07/2018) | |
| 36 | 11/08/2018 | MINUTE ORDER denying 34 Motion to Reset Scheduling Conference, by Magistrate Judge N. Reid Neureiter on 11/8/2018. (tsher, ) (Entered: 11/08/2018) | |
| 37 | 11/08/2018 | STRICKEN Proposed Scheduling Order  by Plaintiff Ariella Asher. (Richards, Douglas) Modified on 11/9/2018 pursuant to 41 Minute Order (tsher, ). (Entered: 11/08/2018) | |
| 38 | 11/09/2018 | MOTION to Withdraw Document re 37 Proposed Scheduling Order  by Plaintiff Ariella Asher. (Attachments: # 1 Proposed Order (PDF Only))(Richards, Douglas) (Entered: 11/09/2018) | |
| 39 | 11/09/2018 | Stipulated MOTION for Extension of Time to File Answer or Otherwise Respond re 29 Amended Complaint,  by Plaintiff Ariella Asher. (Attachments: # 1 Proposed Order (PDF Only))(Richards, Douglas) (Entered: 11/09/2018) | |
| 40 | 11/09/2018 | MEMORANDUM regarding 38 MOTION to Withdraw Document re 37 Proposed Scheduling Order  filed by Ariella Asher, 39 Stipulated MOTION for Extension of Time to File Answer or Otherwise Respond re 29 Amended Complaint,  filed by Ariella Asher. Motions referred to Magistrate Judge N. Reid Neureiter by Judge Wiley Y. Daniel on 11/9/18. Text Only Entry (rkeec) (Entered: 11/09/2018) | |
| 41 | 11/09/2018 | MINUTE ORDER by Magistrate Judge N. Reid Neureiter on 11/9/2018 granting 38 Motion to Withdraw Proposed Scheduling Order and granting 39 Motion for Extension of Time to Answer or Otherwise Respond Pierre Ramon Slaughter answer due 12/4/2018; Cameron Jibril Thomaz answer due 12/4/2018; WB Music Corp answer due 12/4/2018; Warner-Tamerlane Publishing Corp answer due 12/4/2018; Michael Len Williams, II answer due 12/4/2018. The proposed Scheduling Order 37 submitted only by Plaintiff is STRICKEN. (tsher, ) (Entered: 11/09/2018) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 42 | 11/12/2018 | Proposed Scheduling Order  by Plaintiff Ariella Asher. (Richards, Douglas) (Entered: 11/12/2018) | |
| 43 | 11/14/2018 | ADVISORY NOTICE TO ATTORNEYS: JoAn Cho and Maura K. Gierl attempted to enter their appearances in this case by affixing their "s/" signatures to Docket Number 42. Neither counsel is a member of this Court's bar. Pursuant to D.C.COLO.LAttyR 5(a)(5) their purported appearances will not be recognized. (Text Only Entry) (mfred) (Entered: 11/14/2018) | |
| 44 | 11/14/2018 | NOTICE of Voluntary Dismissal of Case without Prejudice by Plaintiff Ariella Asher (Richards, Douglas) (Entered: 11/14/2018) | |
| 45 | 11/14/2018 | MINUTE ORDER in light of Plaintiffs Notice of Voluntary Dismissal of Case without Prejudice Dkt. # 44 , the Scheduling/Planning Conference set for November 15, 2018 at 9:30 a.m. is VACATED, by Magistrate Judge N. Reid Neureiter on 11/14/2018. (slibi, ) (Entered: 11/15/2018) | |
| 46 | 11/14/2018 | Civil Case Terminated pursuant to the 44 Notice of Voluntary Dismissal Without Prejudice filed in this case on 11/14/2018. Defendants have been terminated. Text Only Entry (evana, ) (Entered: 11/15/2018) | |
| 47 | 11/14/2018 | Report re Copyright: Report on the determination of an action emailed separately to the Director of the Copyright Office. (evana, ) (Entered: 11/15/2018) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit F-2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:18-cv-02288-WYD-NRN**

ARIELLA ASHER a.k.a. YELLA THE TRIPLE THREAT, an individual,

      Plaintiff,

v.

DESTINY HOPE CYRUS a.k.a. MILEY CYRUS, an individual;
MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT / MIKE WILL MADE-IT / MIKE WILL an individual;
CAMERON JIBRIL THOMAZ a.k.a. WIZ KHALIFA, an individual d/b/a WIZ KHALIFA PUBLISHING;
THERON THOMAS, an individual;
TIMOTHY THOMAS, an individual;
PIERRE RAMON SLAUGHTER, a.k.a. P-NASTY / P NASTY / P NAZTY / P-NAZTY / PNAZTY an individual;
TOLUCA LAKE TOURS, INC., a Tennessee corporation;
SMILEY MILEY, INC., a Tennessee corporation;
EARDRUMMERS MUSIC PUBLISHING LLC, a Georgia limited liability company;
UMG RECORDINGS, INC., a Delaware corporation;
SONGS OF UNIVERSAL, INC., a California corporation;
WARNER-TAMERLANE PUBLISHING CORP, a California corporation;
SOUNDS FROM EARDRUMMERS LLC; a Georgia limited liability company
WB MUSIC CORP., a California corporation;
BMG RIGHTS MANAGEMENT (US) LLC, a Delaware limited liability company; and
DOES 1-5.

      Defendants.

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

      Plaintiff Ariella Asher ("Ms. Asher"), through counsel, hereby asserts the following

amended complaint against Defendants Destiny Hope Cyrus a.k.a. Miley Cyrus; Michael

1

Len Williams, II a.k.a. Mike Will Made It / Mike Will Made-IT / Mike Will; Cameron Jibril Thomaz a.k.a. Wiz Khalifa, d/b/a Wiz Khalifa Publishing; Theron Thomas; Timothy Thomas; Pierre Ramon Slaughter a.k.a. P-Nasty / P Nasty / P Nazty / P-Nazty / Pnazty; Toluca Lake Tours, Inc.; Smiley Miley, Inc.; Eardrummers Music Publishing LLC; UMG Recordings Inc.; Songs of Universal, Inc.; Warner-Tamerlane Publishing Corp.; Sounds from Eardrummers LLC; WB Music Corp.; BMG Rights Management (US) LLC; and Does 1-5 (collectively "Defendants"), as follows:

## NATURE OF THE CASE

1.     Plaintiff is Ariella Asher a.k.a. Yella the Triple Threat ("Ms. Asher").

2.     Defendants are Destiny Hope Cyrus a.k.a. Miley Cyrus ("Cyrus"); Michael Len Williams, II a.k.a. Mike Will Made It / Mike Will Made-IT / Mike Will ("Williams"); Cameron Jibril Thomaz a.k.a. Wiz Khalifa, d/b/a Wiz Khalifa Publishing ("Thomaz"); Theron Thomas; Timothy Thomas; Pierre Ramon Slaughter a.k.a. P-Nasty / P Nasty / P Nazty / P-Nazty / Pnazty ("Slaughter"); Toluca Lake Tours, Inc. ("Toluca"); Smiley Miley, Inc. ("Smiley"); Eardrummers Music Publishing LLC ("Eardrummers"); UMG Recordings, Inc. ("UMG"); Songs of Universal, Inc. ("SOU"); Warner-Tamerlane Publishing Corp. ("Warner"); Sounds from Eardrummers LLC ("Sounds"); WB Music Corp. ("WB"); BMG Rights Management (US) LLC ("BMG"); and Does 1-5 (collectively "Defendants"), as follows:

3.     This action involves the blatant copying of Ms. Asher's hit original musical composition, "J's On My Feet ft Fleetwood."

4.      The phrase "J's On My Feet" is a reference to the "Air Jordan" basketball shoes made by Nike, Inc., and named after legendary basketball player Michael Jordan.

5.      In June 2012, Ms. Asher recorded the original musical composition, "J's On My Feet ft Fleetwood".

6.      On or about September 4, 2012, Ms. Asher released and published the original musical composition "J's On My Feet ft Fleetwood".

7.      On or about September 4, 2012, Ms. Asher released a promotional mix titled, *The Big Bang*, which contained a series of her original musical compositions including "J's On My Feet ft Fleetwood".   *The Big Bang* is a reference to the word "Banger," which the Urban Dictionary defines as "a song [that] is extremely tight or just unbelievably awesome."

8.      The Defendants are the writers, composers, producers, record labels, manufacturers, distributors, publishers, performers, and concert promoters of the infringing and derivative musical composition "23 (J's On My Feet)", the infringing sound recording of "23 (J's On My Feet)", and the music videos and other products embodying the infringing musical composition and sound recording "23 (J's On My Feet)".

9.      The infringing composition and sound recording "23 (J's On My Feet)" was used to promote Defendant Cyrus' triple platinum album *Bangerz*.

10.     Upon information and belief, Defendant's infringing composition and sound recording, "23 (J's On My Feet)" was recorded on the same day Defendants Cyrus, Williams, Theron Thomas, and Timothy Thomas recorded the hit song, "We Can't Stop."

3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

11.     Defendants Cyrus, Williams, Theron Thomas, and Timothy Thomas are defendants in a suit filed in the U.S. District Court, Southern District of New York, titled *Michael May v. Destiny Hope Cyrus, et al.* (1:18-CV-02238, S.D.N.Y.) where it is alleged that these Defendants violated the Copyright Act related to the hit song, "We Can't Stop."

**THE PARTIES**

12.     Plaintiff Ms. Asher at all relevant times herein mentioned is the author and creator of the original musical composition entitled "J's On My Feet ft Fleetwood" and is the legal and/or beneficial owner of a copyright interest in and to that musical composition. Ms. Asher is a resident and citizen of the state of Colorado.

13.     Defendant Cyrus is a writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Cyrus is a resident and citizen of the state of California.

14.     Defendant Williams is a producer, writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Williams a resident and citizen of the state of Georgia.

15.     Defendant Thomaz is a writer, composer, performer, and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Thomaz a resident and citizen of the state of California.

16.     Defendant Theron Thomas is one half of the duo known as "Rock City" a.k.a. R. City.  Defendant Theron Thomas is a writer, composer, performer and publisher of the infringing composition and sound recording "23 (J's On My Feet)".   Upon

4

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

information and belief, Defendant Theron Thomas a resident and citizen of the state of Georgia.

17.     Defendant Timothy Thomas is one half of the duo known as "Rock City" a.k.a. R. City.  Defendant Timothy Thomas is a writer, composer, performer and publisher of the infringing composition and sound recording "23 (J's On My Feet)".   Upon information and belief, Defendant Timothy Thomas a resident and citizen of the state of Georgia.

18.     Defendant Slaughter is a writer, composer, performer and publisher of the infringing composition and sound recording "23 (J's On My Feet)".  Upon information and belief, Defendant Slaughter a resident and citizen of the state of Georgia.

19.     Defendant Toluca is a Tennessee corporation.   Defendant Toluca marketed, promoted and produced, or co-marketed, co-promoted, and co-produced the *Bangerz Tour* which prominently featured Defendant Cyrus's performance of the infringing composition and sound recording "23 (J's On My Feet)".  Defendant Toluca's principal place of business is in the state of Tennessee; however, it conducts systematic and continuous business in the state of Colorado.

20.     Defendant Smiley is a Tennessee corporation.   Defendant Smiley owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant Smiley's principal place of business is in the state of Tennessee; however, it conducts systematic and continuous business in the state of Colorado.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

21.     Defendant Eardrummers is a Georgia limited liability company.  Defendant Eardrummers owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant Eardrummers principal place of business is in the state of Georgia; however, it conducts systematic and continuous business in the state of Colorado.

22.     Defendant UMG is a Delaware corporation and through its subsidiaries, released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)".  Defendant UMG's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

23.     Defendant SOU is a California corporation.  Defendant SOU owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant SOU's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

24.     Defendant Warner is a California corporation.  Defendant Warner owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant Warner's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

25.     Defendant Sounds is a Georgia limited liability company.  Defendant Sounds owns or co-owns the publishing rights in and to the infringing composition and

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

sound recording "23 (J's On My Feet)".  Defendant Sounds principal place of business is in the state of Georgia; however, it conducts systematic and continuous business in the state of Colorado.

26.     Defendant WB is a California corporation.  Defendant WB owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant WB's principal place of business is in the state of California; however, it conducts systematic and continuous business in the state of Colorado.

27.     Defendant BMG is a Delaware limited liability company.  Defendant BMG owns or co-owns the publishing rights in and to the infringing composition and sound recording "23 (J's On My Feet)".  Defendant BMG's principal place of business is in the state of New York; however, it conducts systematic and continuous business in the state of Colorado.

28.     The true names and capacities, whether individual, corporate, or otherwise, of Defendants named as Does 1 through 5 are unknown to Ms. Asher, who, therefore, sues them by such fictitious names.  At such time as their true names and capacities have been ascertained, Ms. Asher will seek leave of the Court to amend this Complaint accordingly.  On information and belief, Ms. Asher alleges that each of the Does 1 through 5 are liable to Ms. Asher in connection with one or more claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

### JURISDICTION AND VENUE

29.     The jurisdiction of this Court with respect to the copyright infringement claims is based upon 28 U.S.C. §§ 1331 and 1338(a) in that a controversy arises under

7

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

30.     This Court has personal jurisdiction over the Defendants based upon 28 U.S.C. § 1400(a) because Defendants conduct systematic and continuous business in this judicial district, specifically target their goods and services to this judicial district, including but not limited to the infringing composition and sound recording "23 (J's On My Feet)", and enjoy the benefits and protections of this judicial district.  Indeed, the Defendants marketed, distributed, and performed the infringing composition and sound recording "23 (J's On My Feet)" in Colorado, including but not limited to when, on March 4, 2014, Defendant Cyrus performed the infringing composition and sound recording "23 (J's On My Feet)" as part of the *Bangerz Tour* at the Pepsi Center, 1000 Chopper Circle, Denver, Colorado 80204.

31.     Defendants wrote, composed, produced, manufactured, distributed, published, performed and promoted the infringing composition and sound recording "23 (J's On My Feet)" for which they and their related entities received a benefit in this judicial district based upon the sale, promotion, and performance of the infringing composition and sound recording "23 (J's On My Feet)" in this judicial district.

32.     Ms. Asher, a key witness to this case, resides in this judicial district, which is the judicial district where Ms. Asher learned of the infringement and where Ms. Asher's notes and effects related to this lawsuit are located.

## **GENERAL ALLEGATIONS**

33.    This action for copyright infringement arises from the Defendants' infringement of Ms. Asher's copyright in the original musical composition "J's On My Feet ft Fleetwood" originally released and published on September 4, 2012.  The original musical composition "J's On My Feet ft Fleetwood" has been registered in the United States Copyright Office, with Copyright Registration Numbers SR817-195 and PA2-118-344.

34.    In January 2013, Ms. Asher's acquaintance provided Defendant Williams with a copy of Ms. Asher's promotional mix, *The Big Bang*, containing the original musical composition "J's On My Feet ft Fleetwood".

35.    On or about February 12, 2013, Defendant Williams posted the following message to his verified Twitter handle @MikeWiLLMadeIt: "First song drops soon.  It's called "23" and its (sic) NOT RIGHT."

36.    On or about September 9, 2013, Defendants published the infringing composition and sound recording "23 (J's On My Feet)".

37.    Or about September 10, 2013, Defendants released the infringing composition and sound recording "23 (J's On My Feet)".

38.    Defendant Interscope released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)" world-wide.

39.    Defendant UMG released, manufactured, marketed, and distributed the infringing composition and sound recording "23 (J's On My Feet)" world-wide.

9

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

40.     Defendant Williams has said in interviews that he wanted a "new and fresh" female artist to perform lead vocals on the infringing composition and sound recording "23 (J's On My Feet)".

41.     Upon information and belief, Defendant Cyrus used the release of the infringing composition and sound recording "23 (J's On My Feet)" to reinvent her musical career from child star to the edgier, urban, and adult performer she is today.

42.     Before the release of the infringing composition and sound recording "23 (J's On My Feet)", Defendant Cyrus changed her image to a hairstyle which is strikingly similar to Ms. Asher's photograph in the artwork for the promotional mix, *The Big Bang*, which features the original song "J's On My Feet ft Fleetwood".  Those similarities are depicted by the following images:




*Ms. Asher / The Big Bang (2012)*          *Defendant Cyrus / Bangerz (2013)*




10

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

43.     The infringing composition and sound recording "23 (J's On My Feet)" received domestic and international success.

44.     Domestic success alone for infringing composition and sound recording "23 (J's On My Feet)" includes but is not limited to:

     a.  23 weeks on the Billboard Hot 100 chart, peaking at number 11;

     b.  26 weeks on the Billboard Hot R&B/Hip-Hop chart, peaking at number 2;

     c.  20 weeks on the Billboard Rhythmic Songs chart, peaking at number 8;

     d.  19 weeks on the Billboard R&B/Hip-Hop Airplay chart, peaking at number 16.

45.     The explicit and clean versions of the infringing composition and sound recording "23 (J's On My Feet)" music videos have YouTube views exceeding 794 million and 16 million respectively.

46.     The infringing composition and sound recording "23 (J's On My Feet)" appears on promotional materials for Defendant Cyrus's hit album titled *Bangerz*. *Bangerz* achieved 3x Platinum status after selling 3 million units.

47.     Defendant Williams is an executive producer of Defendant Cyrus's album *Bangerz*.

48.     On or about March 4, 2014, the *Bangerz Tour* stopped in Denver, Colorado where Defendant Cyrus performed the infringing composition and sound recording "23 (J's On My Feet)" at The Pepsi Center, Colorado's largest indoor entertainment venue with a capacity of 18,000 fans, as evidenced by the following advertisement:

11

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT



49.    The infringing composition and sound recording "23 (J's On My Feet)" was performed on the *Bangerz Tour* during 68 of the 79 worldwide performances.  The *Bangerz Tour* reportedly grossed $63 million.

50.    Defendants filmed, marketed, and distributed DVDs of the *Bangerz Tour* featuring live recordings and performances of the infringing composition and sound recording "23 (J's On My Feet)".

51.    Defendants are the writers, composers, producers, record labels, manufacturers, distributors, publishers, performers, and concert promoters who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the infringing composition and sound recording "23 (J's On My Feet)".

12

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

52.     The infringing composition and sound recording "23 (J's On My Feet)", and the music videos and other products embodying the infringing musical composition sound recording "23 (J's On My Feet)" (collectively, the "Infringing 23 Works"), are embodied in all forms of media, including videos, digital downloads, records, violation of synchronization rights and advertisements, all of which constitute, among other things, the improper preparation of a derivative work and direct, vicarious, and contributory infringement.

53.     To write and record the infringing composition and sound recording "23 (J's On My Feet)", the Defendants' intentionally, willfully, maliciously, and unlawfully copied and assembled distinctive and important elements from the original musical composition, "J's On My Feet ft Fleetwood".

54.     Defendant's copying of the original musical composition "J's On My Feet ft Fleetwood" includes but is not limited to:

 a. Using the phrase, "J's On My Feet" in the title of the infringing composition and sound recording "23 (J's On My Feet)";

 b. Repeating the lyrical hook, "J's On My Feet" no less than 24 times throughout the infringing composition and sound recording "23 (J's On My Feet)";

 c. Utilizing a reinvented Defendant Cyrus to perform the role of a Caucasian female rapper on the infringing composition and sound recording "23 (J's On My Feet)", which is Ms. Asher's signature look; and

13

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

      d.    Otherwise rendering a sound recording that is substantially similar to the original musical composition "J's On My Feet ft Fleetwood".

55.    Defendants have, without authorization, and without giving songwriter credit or a copyright interest to Ms. Asher, created a derivative work of the original musical composition, "J's On My Feet ft Fleetwood" and reproduced, distributed, displayed, publicly performed and otherwise exploited the Infringing 23 Works, resulting in substantial revenue, profit, and notoriety for the Defendants.

56.    Defendants performed and continue to perform the infringing composition and sound recording "23 (J's On My Feet)" on the radio, at live concerts, at personal appearances, in videos, on television, on the internet, and/or otherwise.

57.    Defendants continue to infringe on the original musical composition "J's On My Feet ft Fleetwood" by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing 23 Works.

58.    The infringing composition and sound recording "23 (J's On My Feet)" continues to be reproduced, sold, distributed, publicly performed, licensed and otherwise exploited on compact discs and albums, as digital downloads, ringtones, mastertones, in theatrical motion pictures, music videos, advertisements, and otherwise, all without songwriter credit or payment to Ms. Asher.

59.    As co-infringers, the Defendants are jointly and severally liable to Ms. Asher in an amount to be proven at trial.

14

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**CLAIM FOR RELIEF**
**(Direct, Contributory, and Vicarious Copyright Infringement**
**of "J's On My Feet ft Fleetwood" Against All Defendants)**

60.    Ms. Asher incorporates the allegations set forth above.

61.    Ms. Asher is the sole owner of the U.S. copyright in all rights, titles, and interests in the original musical composition "J's On My Feet ft Fleetwood". The musical composition is properly registered with the United States Copyright Office.

62.    Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work "23 (J's On My Feet)" of the original musical composition "J's On My Feet ft Fleetwood" infringes on Ms. Asher's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*, including but not limited to:

   a.  reproducing the copyrighted work in copies or phonorecords;

   b.  preparing derivative works based upon the copyrighted work;

   c.  distributing copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

   d.  performing the copyrighted work publicly;

   e.  displaying the copyrighted work publicly; and

   f.  performing the copyrighted work publicly by means of a digital audio transmission.

63.    Defendants did not seek or receive permission to copy or interpolate any portion of original musical composition "J's On My Feet ft Fleetwood" into the infringing composition and sound recording "23 (J's On My Feet)".

15

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

64.     Defendants conduct has at all times been knowing, willful, unlawful, and with complete disregard to Ms. Asher's rights.

65.     The Infringing 23 Works copy quantitatively and qualitatively distinct, important, and recognizable portions of the original song, "J's On My Feet ft Fleetwood".

66.     Specifically, the infringing composition and sound recording "23 (J's On My Feet)" copies "J's On My Feet ft Fleetwood" by, *inter alia*: similar titles, similar subject matters, similar compositional elements, and similar female performer persona.

67.     The inclusion of the signature elements of the original song, "J's On My Feet ft Fleetwood" greatly enhances the musical and financial value of the infringing composition and sound recording "23 (J's On My Feet)".

68.     From the date of the creation of the infringing composition and sound recording "23 (J's On My Feet)", all of the Defendants have infringed Ms. Asher's copyright interest in the original song, "J's On My Feet ft Fleetwood" in various ways, including but not limited to:

    a. Substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the infringing composition and sound recording "23 (J's On My Feet)" at radio, live concerts, personal appearances, and on film, video, television, the internet, and otherwise;

    b. Authorizing the reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or selling, manufacturing,

16

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

and/or distributing the infringing composition and sound recording "23 (J's On My Feet)" through various sources;

c.   Substantially copying the related marketing and promotion of the sale of the infringing composition and sound recording "23 (J's On My Feet)" records, videos, tickets to concerts and other performances, and other merchandise; and

d.   Participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the original song, "J's On My Feet ft Fleetwood" in and as part of the Infringing 23 Works, packaged in a variety of ways including radio, concerts, personal appearances, film, video, television, internet, and/or otherwise.

69.   Ms. Asher has not received songwriter credit for, or a copyright ownership interest in, the infringing composition and sound recording "23 (J's On My Feet)" or any of the works associated with the infringing composition and sound recording "23 (J's On My Feet)".

70.   With knowledge of the infringement, the Defendants have induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

71.   The Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

17

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

72.     The infringing composition and sound recording "23 (J's On My Feet)" was used to promote Defendant Cyrus' album *Bangerz*, as depicted by song number 6 in the following image:



73.     Defendants infringement is ongoing as both the infringing composition and sound recording "23 (J's On My Feet)" and *Bangerz* continue to be marketed, distributed, performed, licensed for sale, available for digital downloads, ringtones, mastertones, motion pictures, advertisements and other exploitations.

74.     As a direct and proximate result of the conduct of the Defendants, Ms. Asher has suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

75.     Pursuant to 17 U.S.C. § 504(b), Ms. Asher is entitled to damages, including the substantial profits of the Defendants, in an amount to be proven at trial.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

76.     In the alternative, pursuant to 17 U.S.C. § 504(c), Ms. Asher is entitled to the maximum statutory damages of $150,000 per infringement.

77.     Ms. Asher is entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

78.     Defendants conduct is causing and, unless enjoined by this Court, will continue to cause Ms. Asher irreparable injury that cannot be fully compensated or measured in monetary terms.  Ms. Asher has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Ms. Asher is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the infringing composition and sound recording "23 (J's On My Feet)", including all Infringing 23 Works.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Ariella Asher requests an award for relief, against the Defendants, including but not limited to:

1.     A declaration that the Defendants have willfully infringed on Ms. Asher's copyrighted works in violation of the Copyright Act;

2.     A declaration that the Defendants are directly, vicariously and/or contributorily liable for copyright infringement as applicable;

3.     A permanent injunction requiring the Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting,

19

inducing, and/or participating in the infringement of any of Ms. Asher's rights protected by the Copyright Act;

4.      An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of the Defendants in an amount to be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of infringement;

5.      An award of compensatory and special damages in an amount to be proven at trial;

6.      For punitive damages on each count to the extent permitted by law;

7.      All pre- and post-judgment interest, as well as attorneys' fees and costs to the extent permitted by law; and

8.      Such other relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff Ariella Asher demands a trial by jury on all issues so triable.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

20

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DATED: October 23, 2018                Respectfully submitted,

                                       _s/ Douglas I. Richards_____
                                       Douglas I. Richards
                                       RICHARDS CARRINGTON, LLC
                                       1700 Lincoln Street, Suite 3400
                                       Denver, Colorado 80203
                                       Telephone: 303-962-2690
                                       Facsimile:  303-962-2691
                                       Email:  doug@richardscarrington.com

                                       *Attorney for Ariella Asher*

Ariella Asher
c/o Richards Carrington, LLC
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203

21

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2018, a true and correct copy of the foregoing **AMENDED COMPLAINT AND JURY DEMAND** was served via CM/ECF upon the following:

Felicity Kohn
Ilene Farkas
Pryor Cashman LLP
fkohn@pryorcashman.com
ifarkas@pryorcashman.com

*Attorneys for Defendants, Michael Len Williams II, Cameron Jibril Thomaz, Pierre Ramon Slaughter, Warner-Tamerlane Publishing Corp, and WB Music Corp*

*s/ Dyanna Spicher*
Dyanna Spicher, Paralegal

22

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit F-3

Case 1:18-cv-02288-WYD-NRN   Document 44   Filed 11/14/18   USDC Colorado   Page 1 of 3
Case 2:23-cv-05061-PA-AFM   Document 54-3   Filed 11/13/23   Page 54 of 167   Page ID
#:812

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.  18-cv-02288-WYD-NRN**

ARIELLA ASHER a.k.a. YELLA THE TRIPLE THREAT, an individual,

      Plaintiff,

v.

DESTINY HOPE CYRUS a.k.a. MILEY CYRUS, an individual;
MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT / MIKE WILL MADE-IT / MIKE WILL an individual;
CAMERON JIBRIL THOMAZ a.k.a. WIZ KHALIFA, an individual d/b/a WIZ KHALIFA PUBLISHING;
THERON THOMAS, an individual;
TIMOTHY THOMAS, an individual;
PIERRE RAMON SLAUGHTER, a.k.a. P-NASTY / P NASTY / P NAZTY / P-NAZTY / PNAZTY an individual;
TOLUCA LAKE TOURS, INC., a Tennessee corporation;
SMILEY MILEY, INC., a Tennessee corporation;
EARDRUMMERS MUSIC PUBLISHING LLC, a Georgia limited liability company;
UMG RECORDINGS, INC., a Delaware corporation;
SONGS OF UNIVERSAL, INC., a California corporation;
WARNER-TAMERLANE PUBLISHING CORP, a California corporation;
SOUNDS FROM EARDRUMMERS LLC; a Georgia limited liability company
WB MUSIC CORP., a California corporation;
BMG RIGHTS MANAGEMENT (US) LLC, a Delaware limited liability company; and
DOES 1-5.

      Defendants.

---

**NOTICE OF DISMISSAL WITHOUT PREJUDICE**

---

1

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Case 1:18-cv-02288-WYD-NRN   Document 44   Filed 11/14/18   USDC Colorado   Page 2 of 3
Case 2:23-cv-05061-PA-AFM   Document 54-3   Filed 11/13/23   Page 55 of 167   Page ID
#:813

NOTICE IS HEREBY GIVEN that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Ariella Asher voluntarily dismisses without prejudice the above-captioned action against all Defendants. This Notice of Dismissal without Prejudice is being filed with the Court before service by any of the Defendants of either an answer or a motion for summary judgment.

Dated this 14th day of November, 2018.

Respectfully submitted,

By: */s/ Douglas I. Richards*
Douglas I. Richards
doug@richardscarrington.com
RICHARDS CARRINGTON, LLC
1700 Lincoln Street, Suite 3400
Denver, Colorado 80203
Telephone:  303-962-2690
Facsimile:   303-962-2691

*Attorney for Plaintiff*

2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2018, a true and correct copy of the foregoing **NOTICE OF DISMISSAL WITHOUT PREJUDICE** was served via CM/ECF and/or electronic mail upon the following:

Felicity Kohn
Ilene Farkas
Pryor Cashman LLP
fkohn@pryorcashman.com
ifarkas@pryorcashman.com

*Attorneys for Defendants, Michael Len Williams II p.k.a. Mike Will Made It, Cameron Jibril Thomaz p.k.a. Wiz Khalifa, Pierre Ramon Slaughter p.k.a. P-Nasty, Eardrummers Music Publishing LLC, Warner-Tamerlane Publishing Corp., Sounds from Eardrummers LLC and WB Music Corp.*

David Aronoff
Michael Beylkin
Fox Rothschild LLP
daronoff@foxrothschild.com
mbeylkin@foxrothschild.com

*Attorneys for Defendants Miley Ray Cyrus, Smiley Miley, Inc., Toluca Lake Tours, Inc., Songs of Universal, Inc.*

Robert A. Jacobs
Maura K. Gierl
rjacobs@manatt.com
mgierl@manatt.com

*Attorneys for Defendant BMG Rights Management (US) LLC*

JoAn Cho
Universal Music Group
joan.cho@umusic.com

*Attorneys for Defendant UMG Recordings, Inc.*

*s/ Dyanna Spicher*
Dyanna Spicher, Paralegal

3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit G-1

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT



# 1:18cv2238, May V. Cyrus Et Al

US District Court Docket

United States District Court, New York Southern

(Foley Square)

**This case was retrieved on 10/31/2023**

## Header

**Case Number:** 1:18cv2238
**Date Filed:** 03/13/2018
**Assigned To:** Judge Lewis A. Kaplan
**Referred To:** Magistrate Judge Robert W. Lehrburger
**Nature of Suit:** Copyrights (820)
**Cause:** Copyright Infringement
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Closed
**Closed:** 01/03/2020
**Statute:** 28:1440(a)
**Jury Demand:** Plaintiff
**Demand Amount:** $9,999,000
**NOS Description:** Copyrights

## Participants

| Litigants | Attorneys |
| --- | --- |

Michael May
an individual | also known as | Flourgon |
**Plaintiff**

Carol Nadine Green
ATTORNEY TO BE NOTICED
Carol Green Von Kaul, P.A.
150 Nw 70th Avenue, Suite 4
Plantation, FL  33317
USA
(305)-903-1654 Email:Cgreen@vonkaul.Legal

Larry Alan Strauss
ATTORNEY TO BE NOTICED
Law Offices of Gary, Williams, Parenti, Watson & Gary, P.L
221 S.E. Osceola Street
Stuart, FL  34994
USA
(772)-283-8260 Email:Lstrauss@gedlawyers.Com

Loreal Myrick McDonald
ATTORNEY TO BE NOTICED
Gary, Williams, Parenti, Watson & Gary, LLC
221 Se Osceola Street
Stuart, FL  34994
USA
(772)-463-4312 Fax: (772)-220-3343
Email:Lm@williegary.Com

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | Stephen Lloyd Drummond
ATTORNEY TO BE NOTICED
Drummond & Squillance, PLLC
175-61 Hillside Avenue Ste. 205
Jamaica, NY  11432
USA
718-298-5050 Fax: 718-298-5554
Email:Sdrummond@dswinlaw.Com

Victor G. Swift
ATTORNEY TO BE NOTICED
Law Offices of Gary, Williams, Parenti, Watson & Gary, P.L.L
221 Se Osceola Street
Stuart, FL  34994
USA
(772)-288-6149 Fax: (772)-220-3343
Email:Vgs@williegary.Com

Willie Edward Gary
ATTORNEY TO BE NOTICED
Gary, Williams, Parenti, Watson & Gary, PLLC
221 E Osceola Street
Stuart, FL  34994
USA
(772)-283-8260 Fax: (772)-220-3343
Email:Eva@williegary.Com

JoAnn Squillace
ATTORNEY TO BE NOTICED
Drummond & Crawford, P.C.,
221-10 Jamaica Avenue, Suite 106-108
Queens Village, NY  11428
USA
516 599 8585 Fax: 516 599 0144
Email:Jsquillace@dswinlaw.Com |
| Destiny Hope Cyrus
an individual | also known as | Miley Ray Cyrus |
**Defendant** | James Eric Rosenfeld
ATTORNEY TO BE NOTICED
Davis Wright Tremaine LLP (NYC)
1251 Avenue Of The Americas
New York, NY  10020
USA
212-603-6455 Fax: 212-489-8340
Email:Jamesrosenfeld@dwt.Com

Lacy Herman Koonce , III
ATTORNEY TO BE NOTICED
Klaris Law, PLLC
29 Little West 12th Street 10014
Ny, NY  10010
USA
917-612-5861 Email:Lance.Koonce@klarislaw.Com

Marcia Beth Paul
ATTORNEY TO BE NOTICED
Davis Wright Tremaine LLP (NYC)
1251 Avenue Of The Americas
New York, NY  10020
USA
(212) 603-6427 Fax: (212) 489-8340 |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | Email:Marciapaul@dwt.Com |

<table>
<tr><td></td><td>Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340<br>Email:Meredithsantana@dwt.Com</td></tr>
<tr><td>Theron Thomas<br>an individual |<br><b>Defendant</b></td><td>Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com</td></tr>
<tr><td></td><td>Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340<br>Email:Marciapaul@dwt.Com</td></tr>
<tr><td></td><td>Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340<br>Email:Meredithsantana@dwt.Com</td></tr>
<tr><td>Timothy Thomas<br>an individual |<br><b>Defendant</b></td><td>Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com</td></tr>
<tr><td></td><td>Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340<br>Email:Marciapaul@dwt.Com</td></tr>
<tr><td></td><td>Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340</td></tr>
</table>

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | Email:Meredithsantana@dwt.Com |
| Sony Corporation of America<br>a New York corporation \|<br>[Terminated: 06/05/2018]<br>**Defendant** | |
| Sony Music<br>a Delaware corporation \|<br>[Terminated: 06/05/2018]<br>**Defendant** | |
| Sony Music Holdings Inc.<br>a Delaware corporation \| formerly known as \| Sony Music Entertainment \|<br>[Terminated: 06/05/2018]<br>**Defendant** | |
| RCA Records<br>a Delaware corporation \|<br>[Terminated: 06/05/2018]<br>**Defendant** | |
| Michael Len Williams II<br>also known as \| Mike Will Made It \| also known as \| Mike Will Made-It \| also known as \| Mike Will \|<br>**Defendant** | Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com |
| | Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340<br>Email:Marciapaul@dwt.Com |
| | Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340<br>Email:Meredithsantana@dwt.Com |
| Larry Rudolph<br>an individual \|<br>**Defendant** | Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com |
| | Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340 |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | Email:Marciapaul@dwt.Com |
| | Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340<br>Email:Meredithsantana@dwt.Com |
| Sony Music Entertainment<br>a Delaware General Partnership \|<br>**Defendant** | Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com |
| | Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340<br>Email:Marciapaul@dwt.Com |
| | Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340<br>Email:Meredithsantana@dwt.Com |
| Smiley Miley, Inc.<br>a Tennessee corporation \|<br>**Defendant** | Lacy Herman Koonce , III<br>ATTORNEY TO BE NOTICED<br>Klaris Law, PLLC<br>29 Little West 12th Street 10014<br>Ny, NY  10010<br>USA<br>917-612-5861 Email:Lance.Koonce@klarislaw.Com |
| | Marcia Beth Paul<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212) 603-6427 Fax: (212) 489-8340<br>Email:Marciapaul@dwt.Com |
| | Meredith Ivana Santana<br>ATTORNEY TO BE NOTICED<br>Davis Wright Tremaine LLP (NYC)<br>1251 Avenue Of The Americas<br>New York, NY  10020<br>USA<br>(212)-603-6417 Fax: (212)-489-8340 |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

## Litigants

## Attorneys

Email:Meredithsantana@dwt.Com

Victor G Swift
The Cochran Firm Treasure Coast | 5033 SE Federal
Highway, FL 34997 | 7722664159 |
**Interested Party**

## Proceedings

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 03/13/2018 | COMPLAINT against Destiny Hope Cyrus, RCA Records, Larry Rudolph, SONY CORP OF AMERICA, Sony Music, Sony Music Holdings Inc., Theron Thomas, Timothy Thomas, mICHAEL IEN Williams. (Filing Fee $ 400.00, Receipt Number 0208-14806876)Document filed by Michael May. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Squillace, JoAnn) (Entered: 03/13/2018) | |
| 2 | 03/13/2018 | FILING ERROR - PDF ERROR - CIVIL COVER SHEET filed. (Squillace, JoAnn) Modified on 3/14/2018 (pc). (Entered: 03/13/2018) | |
| 3 | 03/13/2018 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU - NOTICE of SUMMONS re: 1 Complaint, 2 Civil Cover Sheet. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/14/2018 (pc). (Entered: 03/13/2018) | |
| 4 | 03/13/2018 | FILING ERROR - PDF ERROR -  AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review. (Attachments: # 1 Affidavit Affirmation of Service of AO 121 form)(Squillace, JoAnn) Modified on 6/11/2018 (jgo). (Entered: 03/13/2018) | |
| 5 | 03/13/2018 | NOTICE OF APPEARANCE by JoAnn Squillace on behalf of Michael May. (Squillace, JoAnn) (Entered: 03/13/2018) | |
| 6 | 03/13/2018 | NOTICE OF APPEARANCE by JoAnn Squillace on behalf of Michael May. (Squillace, JoAnn) (Entered: 03/13/2018) | |
| | 03/14/2018 | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney JoAnn Squillace. The party information for the following party/parties has been modified: Destiny Hope Cyrus, RCA Records, Larry Rudolph, SONY CORP OF AMERICA, Sony Music, Sony Music Holdings Inc., Theron Thomas, Timothy Thomas, mICHAEL IEN Williams, Michael May. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party name was entered in all caps; party text was omitted; alias party name was omitted. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney JoAnn Squillace to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): Multiple Jurisdictions were selected. Choose one, and if Diversity, select only one citizenship of principal parties for the first listed plaintiff and first listed defendant. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney JoAnn Squillace. The following case opening statistical information was erroneously selected/entered: Cause of Action code 17:101; Dollar Demand blank; County code New York. The | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:1400; the Dollar Demand has been modified to $9,999,000; the County code has been modified to XX Out of U.S. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 3 Notice (Other),. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Lewis A. Kaplan. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | Magistrate Judge Robert W. Lehrburger is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (pc) (Entered: 03/14/2018) | |
| | 03/14/2018 | Case Designated ECF. (pc) (Entered: 03/14/2018) | |
| 7 | 03/14/2018 | FILING ERROR - DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS  REQUEST FOR ISSUANCE OF SUMMONS as to DESTINY HOPE CYRUS a/ka MILEY RAY CYRUS, THERON THOMAS, TIMOTHY THOMAS, SONY CORP OF AMERICA, SONY MUSIC HOLDINGS, SONY MUSIC, RCA RECORDS, MICHAEL LEN WILLIAMS II, LARRY RUDOLPH, re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/15/2018 (vf). (Entered: 03/14/2018) | |
| 8 | 03/14/2018 | CIVIL COVER SHEET filed. (Squillace, JoAnn) (Entered: 03/14/2018) | |
| | 03/15/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 7 Request for Issuance of Summons. The filing is deficient for the following reason(s): defendant party name errors; defendants name listed on summons must correspond to pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (vf) (Entered: 03/15/2018) | |
| 9 | 03/15/2018 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -  REQUEST FOR ISSUANCE OF SUMMONS as to DESTINY HOPE CYRUS a/ka MILEY RAY CYRUS, THERON THOMAS, TIMOTHY THOMAS, SONY CORP OF AMERICA, SONY MUSIC HOLDINGS, SONY MUSIC, RCA RECORDS, MICHAEL LEN WILLIAMS II, LARRY RUDOLPH, re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/16/2018 (jgo). (Entered: 03/15/2018) | |
| | 03/16/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 9 Request for Issuance of | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Summons,. The filing is deficient for the following reason(s): case caption party names do not exactly match party names entered on CM/ECF. If all party names do not fit, please use first first Plaintiff or Defendant party name followed by et al;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 03/16/2018) | |
| 10 | 03/16/2018 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -  REQUEST FOR ISSUANCE OF SUMMONS as to Destiny Hope Cyrus a/k/a Miley Ray Cyrus, et.al., re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/19/2018 (jgo). (Entered: 03/16/2018) | |
| 11 | 03/19/2018 | FILING ERROR - DEFICIENT DOCKET ENTRY -  MOTION for Willie E. Gary, Victor Gregory Swift and Larry A. Strauss to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14827068. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Michael May. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Squillace, JoAnn) Modified on 3/19/2018 (ma). (Entered: 03/19/2018) | |
| | 03/19/2018 | >>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 11 MOTION for Willie E. Gary, Victor Gregory Swift and Larry A. Strauss to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14827068. Motion and supporting papers to be reviewed by Clerk's Office staf.. The filing is deficient for the following reason(s): THE AFFIDAVIT/DECLARATION MUST BE WRITTEN BY THE ATTORNEY SEEKING TO APPEAR PRO HAC VICE PURSUANT TO LOCAL RULE 1.3 AND THE CERTIFICATE OF GOOD STANDING MUST BE ISSUED BY THE SUPREME COURT OF FLORIDA.;. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (ma) (Entered: 03/19/2018) | |
| | 03/19/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 10 Request for Issuance of Summons,. The filing is deficient for the following reason(s): case caption does not exactly match caption on CM/ECF;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 03/19/2018) | |
| 12 | 03/20/2018 | FILING ERROR - DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS REQUEST FOR ISSUANCE OF SUMMONS as to Destiny Hope Cyrus a.k.a. Miley Ray Cyrus, an individual, Theron Thomas, an individual, Timothy Thomas, an individual, Sony Corporation of America, a New York corporation, Sony Music Holdings, Inc. f.k.a. Sony Music Entertainment, a Delaware corporation, Sony Music, a Delaware corporation, RCA Records, a Delaware corporation, Michael Len Williams II a.k.a. Mike Will Made It/Mike Will Made-It/Mike Will, an individual, and Larry Rudolph, an individual, re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/23/2018 (vf). (Entered: 03/20/2018) | |
| | 03/23/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 12 Request for Issuance of | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Summons. The filing is deficient for the following reason(s): defendant party name errors on summons and caption; defendants name listed on summons must correspond to pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (vf) (Entered: 03/23/2018) | |
| 13 | 03/23/2018 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation). All such motions. Referred to Magistrate Judge Robert W. Lehrburger. (Signed by Judge Lewis A. Kaplan on 3/22/2018) (anc) (Entered: 03/23/2018) | |
| 14 | 03/23/2018 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -  REQUEST FOR ISSUANCE OF SUMMONS as to Destiny Hope Cyrus a.k.a. Miley Ray Cyrus, an individual, Theron Thomas, an individual, Timothy Thomas, an individual, Sony Corporation of America, a New York corporation, Sony Music Holdings, Inc. f.k.a. Sony Music Entertainment, a Delaware corporation, Sony Music, a Delaware corporation, RCA Records, a Delaware corporation, Michael Len Williams II a.k.a. Mike Will Made It/Mike Will Made-It/Mike Will, an individual, and Larry Rudolph, an individual, re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) Modified on 3/26/2018 (pne). (Entered: 03/23/2018) | |
| | 03/26/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney JoAnn Squillace to RE-FILE Document No. 14 Request for Issuance of Summons. The filing is deficient for the following reasons: defendant party name error ; defendant's name listed on summons must correspond to pleading; 'Sony Music Holdings' is not a party in this case. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pne) (Entered: 03/26/2018) | |
| 15 | 03/26/2018 | REQUEST FOR ISSUANCE OF SUMMONS as to Destiny Hope Cyrus a.k.a. Miley Ray Cyrus, an individual, Theron Thomas, an individual, Timothy Thomas, an individual, Sony Corporation of America, a New York corporation, Sony Music Holdings, Inc. f.k.a. Sony Music Entertainment, a Delaware corporation, Sony Music, a Delaware corporation, RCA Records, a Delaware corporation, Michael Len Williams II a.k.a. Mike Will Made It/Mike Will Made-It/Mike Will, an individual, and Larry Rudolph, an individual, re: 1 Complaint,. Document filed by Michael May. (Squillace, JoAnn) (Entered: 03/26/2018) | |
| 16 | 03/27/2018 | ELECTRONIC SUMMONS ISSUED as to Destiny Hope Cyrus, RCA Records, Larry Rudolph, Sony Corporation of America, Sony Music, Sony Music Holdings Inc., Theron Thomas, Timothy Thomas, Michael Len Williams. (jgo) (Entered: 03/27/2018) | |
| 17 | 03/30/2018 | AMENDED COMPLAINT amending 1 Complaint, against Destiny Hope Cyrus, RCA Records, Larry Rudolph, Sony Corporation of America, Sony Music, Sony Music Holdings Inc., Theron Thomas, Timothy Thomas, Michael Len Williams with JURY DEMAND.Document filed by Michael May. Related document: 1 Complaint,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Squillace, JoAnn) (Entered: 03/30/2018) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| 18 | 04/03/2018 | NOTICE OF APPEARANCE by Carol Nadine Green on behalf of Michael May. (Green, Carol) (Entered: 04/03/2018) | |
| 19 | 04/10/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Destiny Hope Cyrus waiver sent on 4/9/2018, answer due 6/8/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 04/10/2018) | |
| 20 | 04/10/2018 | AMENDED MOTION for Willie E. Gary, Victor Gregory Swift, Larry A. Strauss and Garth Alexander Clarke to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Michael May. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Squillace, JoAnn) (Entered: 04/10/2018) | |
| | 04/10/2018 | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 20 AMENDED MOTION for Willie E. Gary, Victor Gregory Swift, Larry A. Strauss and Garth Alexander Clarke to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 04/10/2018) | |
| 21 | 04/11/2018 | ORDER FOR ADMISSION PRO HAC VICE ON WRITTEN MOTION granting 20 Motion for Willie E. Gary, Victor Gregory Swift, Larry A. Strauss and Garth Alexander Clarke to Appear Pro Hac Vice. (Signed by Magistrate Judge Robert W. Lehrburger on 4/11/2018) (mml) (Entered: 04/11/2018) | |
| 22 | 04/13/2018 | NOTICE OF APPEARANCE by Larry Alan Strauss on behalf of Michael May. (Strauss, Larry) (Entered: 04/13/2018) | |
| 23 | 04/19/2018 | NOTICE OF APPEARANCE by Victor G. Swift on behalf of Michael May. (Swift, Victor) (Entered: 04/19/2018) | |
| 24 | 04/23/2018 | MOTION for Loreal M. McDonald to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14978197. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Michael May. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Squillace, JoAnn) (Entered: 04/23/2018) | |
| | 04/24/2018 | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 24 MOTION for Loreal M. McDonald to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-14978197. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 04/24/2018) | |
| 25 | 04/24/2018 | ORDER FOR ADMISSION PRO HAC VICE ON WRITTEN MOTION granting 24 Motion for Loreal M. McDonald to Appear Pro Hac Vice. (Signed by Magistrate Judge Robert W. Lehrburger on 4/24/2018) (mro) (Entered: 04/24/2018) | |
| 26 | 04/24/2018 | NOTICE OF APPEARANCE by Loreal Myrick McDonald on behalf of Michael May. (McDonald, Loreal) (Entered: 04/24/2018) | |
| 27 | 04/24/2018 | NOTICE OF APPEARANCE by Willie Edward Gary on behalf of Michael May. (Gary, Willie) (Entered: 04/24/2018) | |
| 28 | 04/26/2018 | NOTICE OF APPEARANCE by Marcia Beth Paul on behalf of Destiny Hope Cyrus. (Paul, Marcia) (Entered: 04/26/2018) | |
| 29 | 04/26/2018 | NOTICE OF APPEARANCE by James Eric Rosenfeld on behalf of Destiny Hope Cyrus. (Rosenfeld, James) (Entered: 04/26/2018) | |
| 30 | 06/05/2018 | NOTICE of Stipulation to Amend Complaint to name and add parties and to withdraw and voluntary dismissal of parties without prejudice and without costs re: 1 Complaint, 17 Amended Complaint,. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/05/2018) | |
| 31 | 06/05/2018 | FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT -  STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | their respective counsel(s) that the above-captioned action is voluntarily dismissed, WITHOUT prejudice against the defendant(s) RCA Records, Sony Corporation of America, Sony Music, Sony Music Holdings Inc. and WITHOUT costs to either party pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Michael May.(Squillace, JoAnn) Modified on 6/6/2018 (km). (Entered: 06/05/2018) | |
| | 06/05/2018 | ADD PARTY FOR PLEADING. Defendants/Respondents Destiny Hope Cyrus, Larry Rudolph, Theron Thomas, Timothy Thomas, Michael Len Williams II, Sony Music Entertainment, Smiley Miley, Inc. added. Party added pursuant to 1 Complaint, 17 Amended Complaint,.Document filed by Michael May. Related document: 1 Complaint, 17 Amended Complaint,.(Squillace, JoAnn) (Entered: 06/05/2018) | |
| 32 | 06/05/2018 | SECOND AMENDED COMPLAINT amending 1 Complaint, 17 Amended Complaint, against Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II with JURY DEMAND.Document filed by Michael May. Related document: 1 Complaint, 17 Amended Complaint,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Squillace, JoAnn) (Entered: 06/05/2018) | |
| | 06/06/2018 | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney JoAnn Squillace for noncompliance with Section 18.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 31 Stipulation of Voluntary Dismissal to: judgments@nysd.uscourts.gov. (km) (Entered: 06/06/2018) | |
| 33 | 06/06/2018 | SCHEDULING ORDER: Initial Conference set for 7/23/2018 at 11:00 AM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Counsel shall jointly complete and file Judge Lehrburger's [Proposed] Civil Case Management Plan and Scheduling Order, which must be submitted in compliance with Judge Lehrburger's Individual Practices no later than one week before the initial case management conference. If suitable for the case, the parties are encouraged to use Judge Lehrburgers model Joint Electronic Discovery Submission and Proposed Order. These forms are available on the SDNY website at http://nysd.uscourts.gov/judge/Lehrburger. (Signed by Magistrate Judge Robert W. Lehrburger on 6/6/2018) (rsh) (Entered: 06/06/2018) | |
| | 06/06/2018 | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney JoAnn Squillace. The party information for the following party/parties has been modified: Sony Music Entertainment; Smiley-Miley, Inc.. The information for the party/parties has been modified for the following reason/reasons: party text was omitted. (sj) (Entered: 06/06/2018) | |
| 34 | 06/07/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Sony Music Entertainment waiver sent on 6/6/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/07/2018) | |
| 35 | 06/07/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Smiley Miley, Inc. waiver sent on 6/6/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/07/2018) | |
| 36 | 06/07/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Destiny Hope Cyrus waiver sent on 6/6/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/07/2018) | |
| 37 | 06/07/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Michael Len Williams II waiver sent on 6/6/2018, answer due 8/6/2018. | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/07/2018) | |
| 38 | 06/07/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Larry Rudolph waiver sent on 6/6/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/07/2018) | |
| 39 | 06/07/2018 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigneds, as attorneys of record for their respective parties in the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a co1m11ittee has been appointed, the above entitled action be, and the same hereby is discontinued/withdrawn, without prejudice, as against Defendants SONY CORPORATION OF AMERICA, SONY MUSIC HOLDINGS, INC. f.k.a. SONY MUSIC ENTERTAINMENT, SONY MUSIC and RCA RECORDS (the "Withdrawn Defendants, without costs, expenses, fees or otherwise to the parties as against the other, as further set forth in this Order. IT IS FURTHER STIPULATED AND AGREED, by and between the undersigneds, as attorneys of record for their respective parties in the above entitled action, that SONY MUSIC ENTERTAINMENT and SMILEY MILEY, INC. be named/added/included as Defendants in the within action as of the date of the filing of this Stipulation, and, in furtherance of same, the undersigned counsel and attorneys of record for same SONY MUSIC ENTERTAINMENT and SMILEY MILEY, INC. hereby further stipulate, agree and consent to Plaintiff amending his Complaint to remove the Withdrawn Defendants and to name/add/include SONY MUSIC ENTERTAINMENT and SMILEY MILEY, INC. as Defendants herein and stipulate, agree and consent to the within Stipulation being filed with the Court in furtherance of Plaintiff amending his Complaint to effectuate same. For the avoidance of doubt, Defendants expressly reserve their rights to deny, deny knowledge or information sufficient to form a belief or otherwise answer; to move to dismiss, to strike, for summary judgment, or seek any other form of relief; and/or to respond otherwise. Furthermore, this stipulation is not an admission of liability or to the truth of any or all of the prior or modified allegations in the Complaint, Amended Complaint or Second Amended Complaint, as further set forth in this Order. (Signed by Magistrate Judge Robert W. Lehrburger on 6/7/2018) (mml) (Entered: 06/07/2018) | |
| 40 | 06/08/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Theron Thomas waiver sent on 6/7/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/08/2018) | |
| 41 | 06/08/2018 | WAIVER OF SERVICE RETURNED EXECUTED. Timothy Thomas waiver sent on 6/7/2018, answer due 8/6/2018. Document filed by Michael May. (Squillace, JoAnn) (Entered: 06/08/2018) | |
| | 06/11/2018 | ***NOTICE TO ATTORNEY REGARDING DEFICIENT COPYRIGHT FORM. Notice to Attorney JoAnn Squillace Document No. 4 AO 121 Form Copyright - Notice of Submission by Attorney,. The filing is deficient for the following reason(s):. Clerk information to be left blank on pdf.. (jgo) (Entered: 06/11/2018) | |
| 42 | 07/06/2018 | LETTER MOTION for Conference  addressed to Magistrate Judge Robert W. Lehrburger from Marcia B. Paul dated 7/6/2018. Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II.(Paul, Marcia) (Entered: 07/06/2018) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 43 | 07/11/2018 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Robert W. Lehrburger from JoAnn Squillace dated 07/11/2018 re: 42 LETTER MOTION for Conference addressed to Magistrate Judge Robert W. Lehrburger from Marcia B. Paul dated 7/6/2018. . Document filed by Michael May. (Squillace, JoAnn) (Entered: 07/11/2018) | |
| 44 | 07/11/2018 | NOTICE OF APPEARANCE by Stephen Lloyd Drummond on behalf of Michael May. (Drummond, Stephen) (Entered: 07/11/2018) | |
| 45 | 07/11/2018 | ORDER terminating 42 Letter Motion for Conference. Having received the parties' letters dated July 6 and 11, 2018, the Court will discuss Defendants' proposed motion to dismiss at the July 23, 2018 conference. The parties are reminded that a proposed case management plan is due no later than July 16, 2018. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger)(Text Only Order) (Lehrburger, Robert) (Entered: 07/11/2018) | |
| 46 | 07/16/2018 | NOTICE OF APPEARANCE by Lacy Herman Koonce, III on behalf of Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Koonce, Lacy) (Entered: 07/16/2018) | |
| 47 | 07/16/2018 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Sony Corporation (Japan) for Sony Music Entertainment. Document filed by Sony Music Entertainment.(Rosenfeld, James) (Entered: 07/16/2018) | |
| 48 | 07/16/2018 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Destiny Hope Cyrus a.k.a. Miley Ray Cyrus for Smiley Miley, Inc.. Document filed by Smiley Miley, Inc..(Rosenfeld, James) (Entered: 07/16/2018) | |
| 49 | 07/16/2018 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Michael May.(Squillace, JoAnn) (Entered: 07/16/2018) | |
| | 07/23/2018 | Minute entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Initial Pretrial Conference held on 7/23/2018 at 11:00 a.m. (rsh) (Entered: 07/23/2018) | |
| 50 | 07/23/2018 | ORDER: As per today's conference, discovery is hereby stayed pending determination of Defendants' forthcoming motion to dismiss. The motion shall be filed by August 22, 2018. Plaintiff shall respond by September 21, 2018. Defendants shall reply by October 5, 2018. (Signed by Magistrate Judge Robert W. Lehrburger on 7/23/2018) (Lehrburger, Robert) (Entered: 07/23/2018) | |
| 51 | 08/22/2018 | MOTION to Dismiss . Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II.(Paul, Marcia) (Entered: 08/22/2018) | |
| 52 | 08/22/2018 | MEMORANDUM OF LAW in Support re: 51 MOTION to Dismiss . . Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Paul, Marcia) (Entered: 08/22/2018) | |
| 53 | 08/22/2018 | DECLARATION of Lacy H. Koonce, III in Support re: 51 MOTION to Dismiss .. Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF)(Koonce, Lacy) (Entered: 08/22/2018) | |
| 54 | 08/30/2018 | TRANSCRIPT of Proceedings re: Initial Pretrial Conference held on 7/23/2018 before Magistrate Judge Robert W. Lehrburger. Court Reporter/Transcriber: Shari Riemer, (518) 581-8973. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/20/2018. Redacted Transcript Deadline set for 10/1/2018. Release of Transcript Restriction set for 11/28/2018.(aea) (Entered: 08/30/2018) | |
| 55 | 08/30/2018 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Initial Pretrial Conference proceeding held on 7/23/2018 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.(aea) (Entered: 08/30/2018) | |
| 56 | 09/20/2018 | MEMORANDUM OF LAW in Opposition re: 51 MOTION to Dismiss . . Document filed by Michael May. (Squillace, JoAnn) (Entered: 09/20/2018) | |
| 57 | 09/20/2018 | DECLARATION of JOANN SQUILLACE, ESQ. in Opposition re: 51 MOTION to Dismiss .. Document filed by Michael May. (Attachments: # 1 Exhibit A Part 1, # 2 Exhibit A Part 2, # 3 Exhibit A Part 3, # 4 Exhibit A Part 4, # 5 Exhibit B)(Squillace, JoAnn) (Entered: 09/20/2018) | |
| 58 | 10/04/2018 | NOTICE OF APPEARANCE by Meredith Ivana Santana on behalf of Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Santana, Meredith) (Entered: 10/04/2018) | |
| 59 | 10/05/2018 | REPLY MEMORANDUM OF LAW in Support re: 51 MOTION to Dismiss . . Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Paul, Marcia) (Entered: 10/05/2018) | |
| 60 | 11/14/2018 | SCHEDULING ORDER: Oral Argument set for 12/5/2018 at 4:00 PM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Parties are instructed to review and adhere to Judge Lehrburger's individual rules and practices. (Signed by Magistrate Judge Robert W. Lehrburger on 11/14/2018) (rsh) (Entered: 11/14/2018) | |
| | 12/03/2018 | Oral Argument rescheduled for 1/8/2019 at 2:00 PM in Courtroom 18D, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Robert W. Lehrburger. Parties are instructed to review and adhere to Judge Lehrburger's individual rules and practices. (rsh) Modified on 12/3/2018 (Landers, Rigoberto). Modified on 12/3/2018 (Landers, Rigoberto). (Entered: 12/03/2018) | |
| | 01/08/2019 | Minute entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Oral Argument held on 1/8/2019 at 2:00 p.m. (Court Reporter Kristen Carannante present) (rsh) (Entered: 01/08/2019) | |
| 61 | 02/08/2019 | TRANSCRIPT of Proceedings re: argument held on 1/8/2019 before Magistrate Judge Robert W. Lehrburger. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300. | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
|  |  | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/1/2019. Redacted Transcript Deadline set for 3/11/2019. Release of Transcript Restriction set for 5/9/2019.(McGuirk, Kelly) (Entered: 02/08/2019) |  |
| 62 | 02/08/2019 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a argument proceeding held on 1/8/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/08/2019) |  |
| 63 | 02/13/2019 | REPORT AND RECOMMENDATION ON MOTION TO DISMISS re: 51 MOTION to Dismiss  filed by Michael Len Williams II, Larry Rudolph, Smiley Miley, Inc., Timothy Thomas, Destiny Hope Cyrus, Theron Thomas, Sony Music Entertainment. For the foregoing reasons, I recommend that Defendants' motion to dismiss be GRANTED in part, limiting pre-filing damages to a three-year period, and DENIED in all other respects. The current record suggests several ways in which Defendants may well prevail on the merits, from a determination that the Phrase was not original to May or that May made only trivial changes to a pre-existing strict Patois version of the Phrase, to indisputable proof that Defendants did not copy from May's song but instead adopted the Phrase from one of many other sources, to facts establishing fair use as a matter of law. Those determinations, however, must await summary judgment. The Court has considered the remaining arguments raised by the parties, and to the extent they are not addressed herein, finds them to be without merit. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the court, with extra copies delivered to the Chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review. Objections to R&R due by 2/27/2019. (Signed by Magistrate Judge Robert W. Lehrburger on 2/13/2019) Copies Sent By Chambers. (mml) (Entered: 02/13/2019) |  |
| 64 | 02/14/2019 | NOTICE of Charging Lien. Document filed by Victor G Swift. (Swift, Victor) (Entered: 02/14/2019) |  |
| 65 | 02/27/2019 | OBJECTION to 63 Report and Recommendations of Magistrate Judge Robert W. Lehrburger. Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II. (Paul, Marcia) (Entered: 02/27/2019) |  |
| 66 | 03/13/2019 | RESPONSE re: 65 Objection to Report and Recommendations, . Document filed by Michael May. (Squillace, JoAnn) (Entered: 03/13/2019) |  |
| 67 | 06/28/2019 | ORDER granting in part and denying in part 51 Motion to Dismiss. Accordingly, defendants' motion to dismiss the second amended complaint [DI 51] is granted to the extent that plaintiffs claims for statutory damages, attorneys fees, and damages for any infringement occurring prior to March 13, 2015 are dismissed. It is |  |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|------|----------------|--------|
| | | denied in all other respects. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 6/28/2019) (jca) (Entered: 06/28/2019) | |
| 68 | 07/10/2019 | JOINT LETTER MOTION for Extension of Time to File Answer re: 32 Amended Complaint,  addressed to Magistrate Judge Robert W. Lehrburger from Marcia B. Paul dated July 10, 2019. Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II.(Paul, Marcia) (Entered: 07/10/2019) | |
| 69 | 07/11/2019 | ORDER: Defendants, with Plaintiffs' consent, have requested to adjourn the deadline, sine die, for Defendants to answer the SAC because the parties have agreed to attempt private mediation. The Court applauds the parties' efforts. At the same time, the Court does not favor open-ended deadlines. Accordingly, Defendants' time to answer is extended to the earlier of (1) two weeks following unsuccessful mediation, or (2) 60 days from the current deadline. Should the parties require additional time, they may apply to the Court. In the meantime, the parties shall proceed expeditiously to schedule, conduct and complete the mediation. (HEREBY ORDERED by Magistrate Judge Robert W. Lehrburger)(Text Only Order) (Lehrburger, Robert) (Entered: 07/11/2019) | |
| 70 | 09/05/2019 | CONSENT LETTER MOTION for Extension of Time to File Answer re: 32 Amended Complaint, Re: September 23, 2019 Mediation, addressed to Magistrate Judge Robert W. Lehrburger from Meredith I. Santana dated September 5, 2019. Document filed by Destiny Hope Cyrus, Larry Rudolph, Smiley Miley, Inc., Sony Music Entertainment, Theron Thomas, Timothy Thomas, Michael Len Williams II.(Santana, Meredith) (Entered: 09/05/2019) | |
| 71 | 09/05/2019 | ORDER granting 70 Letter Motion for Extension of Time to Answer. Granted - deadline to answer is extended to Oct. 14, 2019. SO ORDERED. Destiny Hope Cyrus answer due 10/14/2019; Larry Rudolph answer due 10/14/2019; Smiley Miley, Inc. answer due 10/14/2019; Sony Music Entertainment answer due 10/14/2019; Theron Thomas answer due 10/14/2019; Timothy Thomas answer due 10/14/2019; Michael Len Williams II answer due 10/14/2019. (Signed by Magistrate Judge Robert W. Lehrburger on 9/5/2019) (mml) (Entered: 09/05/2019) | |
| 72 | 10/10/2019 | LETTER MOTION for Conference  Telephone Conference addressed to Magistrate Judge Robert W. Lehrburger from JoAnn Squillace dated October 10, 2019. Document filed by Michael May.(Squillace, JoAnn) (Entered: 10/10/2019) | |
| 73 | 10/11/2019 | ORDER granting 72 Letter Motion for Conference. NOTICE AND ORDER OF HEARING: Telephone Conference set October 15, 2019 at 4:30 p.m., before Magistrate Judge Robert W. Lehrburger. Counsel shall call the teleconference line at (888) 398-2342 and enter conference code 9543348. SO ORDERED. Telephone Conference set for 10/15/2019 at 04:30 PM before Magistrate Judge Robert W. Lehrburger. (Signed by Magistrate Judge Robert W. Lehrburger on 10/11/2019) Copies Sent By Chambers. (mml) (Entered: 10/11/2019) | |
| 74 | 10/15/2019 | ORDER: Pursuant to the telephonic conference held on October 15, 2019, Defendants' time to respond is further extended to November 14, 2019. (Signed by Magistrate Judge Robert W. Lehrburger on 10/15/2019) (Giglio, Amanda) (Entered: 10/15/2019) | |
| | 10/15/2019 | Minute Entry for proceedings held before Magistrate Judge Robert W. Lehrburger: Telephone Conference held on 10/15/2019 at 4:30 p.m. (rsh) (Entered: 10/16/2019) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 75 | 11/14/2019 | ORDER: Pursuant to the telephonic conference held on November 14, 2019, Defendants' time to respond to the Complaint is extended to December 14, 2019. (Signed by Magistrate Judge Robert W. Lehrburger on 11/14/2019) (Lehrburger, Robert) (Entered: 11/14/2019) | |
| 76 | 12/12/2019 | ENDORSED LETTER addressed to Magistrate Judge Robert W. Lehrburger from Davis Wright Tremaine dated 12/12/2019 re: request that the deadline to answer Second Amended Complaint be further adjourned. ENDORSEMENT: Granted. SO ORDERED. (Destiny Hope Cyrus answer due 1/31/2020; Larry Rudolph answer due 1/31/2020; Smiley Miley, Inc. answer due 1/31/2020; Sony Music Entertainment answer due 1/31/2020; Theron Thomas answer due 1/31/2020; Timothy Thomas answer due 1/31/2020; Michael Len Williams II answer due 1/31/2020.) (Signed by Magistrate Judge Robert W. Lehrburger on 12/12/2019) (rro) (Entered: 12/12/2019) | |
| 77 | 01/03/2020 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, with prejudice against the defendant(s) Destiny Hope Cyrus, RCA Records, Larry Rudolph, Smiley Miley, Inc., Sony Corporation of America, Sony Music, Sony Music Entertainment, Sony Music Holdings Inc., Theron Thomas, Timothy Thomas, Michael Len Williams II and without costs pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Michael May. Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers)..(Squillace, JoAnn) (Entered: 01/03/2020) | |
| | 01/03/2020 | Terminate Transcript Deadlines (km) (Entered: 01/03/2020) | |
| 78 | 01/03/2020 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 1/3/2020 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (km) (Entered: 01/03/2020) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit G-2

Docket No.: 18 CV 2238 (LAK)(RWL)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------------------------------X

MICHAEL MAY a.k.a. FLOURGON, an individual,

Plaintiff,

-against-

SONY MUSIC ENTERTAINMENT, a Delaware General Partnership, DESTINY HOPE CYRUS a.k.a. MILEY RAY CYRUS, an individual, SMILEY-MILEY, INC., a Tennessee corporation, THERON THOMAS, an individual, TIMOTHY THOMAS, an individual, MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT/ MIKE WILL MADE-IT/MIKE WILL, an individual, and LARRY RUDOLPH, an individual,

Defendants.

-----------------------------------------------------------------------------------------------------------X

## SECOND AMENDED COMPLAINT AND JURY DEMAND
## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff MICHAEL MAY a.k.a. FLOURGON (hereinafter "May"), through his undersigned attorneys, hereby alleges, upon information and belief, as follows:

### PARTIES

1.     That at all relevant times herein mentioned, Plaintiff MICHAEL MAY (hereinafter "May") is a songwriter and a resident of Jamaica, West Indies.  That at all relevant times herein mentioned, Plaintiff May is the sole author/creator of the musical composition entitled "*We Run Things*" and is the legal and/or beneficial owner of a copyright interest in and to that musical composition.

1

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

2. That at all relevant times herein mentioned, Plaintiff May created, authored and released his original, creative and unique musical composition/song/work entitled "We Run Things" in or about 1988 and/or earlier.

3. That all relevant times herein mentioned, Plaintiff May is also known as, goes by the name of, creates under the name of, authors under the name of, sings under the name of and/or performs under/as the name, to wit: "Flourgon" including, but not limited to, Plaintiff May's 1988 original and creative musical work/composition/song entitled "We Run Things".

4. That at all relevant times herein mentioned and upon information and belief, Defendant SONY MUSIC ENTERTAINMENT (hereinafter "SME") is an American record label/music industry conglomerate and a Delaware General Partnership, admitted and authorized to conduct business in the State of New York, and has offices/headquarters in the County of New York, State of New York.

5. That at all relevant times herein mentioned and upon information and belief, Defendant SME is/was a subsidiary/subdivision of Sony Corporation of America.

6. That at all relevant times herein mentioned and upon information and belief, Defendant SME is/was the parent company/subsidiary/subdivision of all relevant Sony subsidiaries, subdivisions and/or departments ultimately responsible for all contractual and fiscal elements involved in the management, production and distribution of music-sound recordation, music-video recordation, music-sound production, music-video production, live tour performances, live media performances and arrangements that were conducted/performed in connection with Defendants' *"We Can't Stop"*

7. That at all relevant times herein mentioned and upon information and belief, Defendant SME controlled, governed and/or managed all contractual and financial aspects

2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

involved in the management, production, creation, release, marketing, distribution, selling and promoting of Defendants' *"We Can't Stop."*

8.      That at all relevant times herein mentioned and upon information and belief, Defendant SME, prior to releasing, distributing, producing, marketing, placing into the stream of commerce and selling same *"We Can't Stop",* Defendant SME managed, oversaw, reviewed, cleared and approved the content, melody and lyrics contained in same *"We Can't Stop"* including, but not limited to: reviewing, clearing and approving for release and distribution, the infringing lyrics that Defendants unlawfully misappropriated and took from Plaintiff.

9.      That at all relevant times herein mentioned and upon information and belief, Defendant SME gave clearance and approval of the infringing work/song *"We Can't Stop"* for world-wide production, marketing, sales, promotion and distribution into the world-wide entertainment marketplace/stream of commerce.

10.      That at all relevant times herein mentioned, and upon information and belief, Defendant SME was/is contractually engaged in the production, manufacture and world-wide distribution of music works written and/or produced by Defendant Cyrus and her contracted third-party collaborators/songwriters/producers including, but not limited to, Defendants Theron, Timothy and Mike will herein, under and pursuant to her artist-label relationship with RCA and/or Defendant SME including, but not limited to, Defendants' *"We Can't Stop."*

11.      That at all relevant times herein mentioned and upon information and belief, Defendant SME directly presided over, managed, governed, operated and/or controlled any, part of and/or all creative, financial and contractual aspects and undertakings involved in the contractual creation, production and distribution of Defendants' *"We Can't Stop."*

3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

12.     That at all relevant times herein mentioned and upon information and belief, Defendant SME is/was the parent company/subdivision/subsidiary to/of RCA Records (hereinafter "RCA"), which is the veteran music label to which Defendant Cyrus was/is contractually signed as a music artist at all times relevant to this action.

13.     That at all relevant times herein mentioned and upon information and belief, RCA is/was one of three flagship record labels, subsidiaries, subdivisions and/or departments of Defendant SME.

14.     That at all relevant times herein mentioned and upon information and belief, Defendant SME knew of and/or had reason to know of and/or cleared and approved, directly and/or by way of its RCA label/department/subdivision, the contractual retainers/agreements/contracts of all collaborating songwriters and collaborating producers engaged by Defendant Cyrus and/or Defendant Rudolph.

15.     That at all relevant times herein mentioned and upon information and belief, Defendant SME knew of and/or had reason to know of, and/or cleared and approved, directly and/or by way of RCA, the contractual retainers/agreements/contracts of the other named Defendants herein and/or other unnamed third-parties, to write, collaborate, create and/or produce *"We Can't Stop,"* and/or assist in/participate in the writing, collaborating, creating and/or producing of same.

16.     That at all relevant times herein mentioned and upon information and belief, Defendant SME knew of and/or had reason to know of and/or cleared and approved, directly and/or by way of RCA, those contractual retainers/agreements/contracts with/for Defendant Mike Will Made It and/or Defendants Timothy and Theron Thomas in furtherance of Defendants' music-sound recordation, music-video recordation, music-sound production, music-

4

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

video production and the overall creation, production, distribution, marketing, promotion, selling and releasing of Defendants' *"We Can't Stop."*

17. That at all relevant times herein mentioned and upon information and belief, Defendant DESTINY HOPE CYRUS a.k.a. MILEY RAY CYRUS (hereinafter "Cyrus"), is a singer and songwriter, who is a resident of the State of California and, at all material times, is and was doing business in the State of New York within this judicial district.

18. That at all relevant times herein mentioned and upon information and belief, Defendant Cyrus co-wrote, performed and continues to perform the infringing musical composition "*We Can't Stop*."

19. That at all relevant times herein mentioned and upon information and belief, Defendant Cyrus is a professional music entertainment singer, songwriter and performer who is contractually signed as a music entertainment artist to RCA and, by virtue of said contract with RCA, to Defendant SME. That at all relevant times herein mentioned, and upon information and belief,

20. That at all relevant times herein mentioned and upon information and belief, Defendant SME's label, subdivision, department and/or subsidiary RCA was/is the music label under which Defendant Cyrus and Defendants Mike Will, Timothy and Theron co-wrote and co-produced *"We Can't Stop"* and by which Defendant SME reviewed, cleared, approved, released, marketed, promoted, produced, sold and distributed Defendants' *"We Can't Stop"*.

21. That at all relevant times herein mentioned and upon information and belief, Defendant SME, through its label/subdivision/department/subsidiary RCA, knew and/or had reasons to know of and/or managed, governed and/or controlled, the hiring of all third party music, lyric and production professionals engaged by Defendants for songwriting, music-audio

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

sound production and arrangement, video-music sound production and arrangement, and, songwriting production and arrangement for Defendants' *"We Can't Stop."*

22.     That at all relevant times herein mentioned and upon information and belief, Defendant SME, directly and/or by/through its label/subdivision/department/subsidiary RCA, maintained and continues to maintain and have/own a significant degree of contractual and/or financial interest in any and all underlying and/or resulting legal ownership rights including, but not limited to, those obtained by/through copyright protections initiated and/or held, individually or jointly, by Defendant Cyrus and/or Defendant SME and/or Defendant SMI, and/or by any third parties related thereto and/or any of the other named Defendants herein, in connection with the creating, producing, marketing, selling, releasing, performing and/or distributing of Defendants' *"We Can't Stop."*

23.     That at all relevant times herein mentioned and upon information and belief, Defendant SMILEY-MILEY, INC., (hereinafter "SMI") is a corporation organized and existing under the laws of the State of Tennessee, admitted and authorized to conduct business in the State of New York and, at all relevant times herein, is and was doing business in the State of New York within this judicial district.  At all relevant times herein mentioned, Defendant SMI was registered in 2006 and remains an active, for-profit corporation which owns several separately registered and active Trademarks for entities directly linked/connected to the professional entertainment industry including, and in particular, for Defendant Cyrus herein.

24.     That at all relevant times herein mentioned and upon information and belief, Defendant Cyrus owns, manages, controls and/or operates Defendant SMI as a corporate vehicle through which Defendant Cyrus enters into professional entertainment contracts, partnerships, businesses and/or agreements with third-party entities and which houses or processes any

6

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

revenue generated therefrom including, but not limited to, Defendants Cyrus and SMI's contract/agreement/business agreement/contractual relationship with Defendant SME and/or RCA for the creating, recording, selling, producing, marketing, performing and distributing of Defendants' *"We Can't Stop"*.

25.     That at all relevant times herein mentioned and upon information and belief, Defendant SMI additionally and/or alternatively houses various companies and copyright ownership interests owned and held by Defendant Cyrus that are related to her various music entertainment and other entrepreneurial ventures including, but not limited to, the creating, recording, selling, producing, marketing, performing and distributing of Defendants' *"We Can't Stop."*

26.     That at all relevant times herein mentioned and upon information and belief, Defendant SMI was established to receive, and presently receives, holds, processes, and/or distributes various forms and amounts of revenues, royalties, dividends and payments generated and received through transactions, partnerships, projects, and sales through and with various third party entities including, but not limited to, those generated and received through the creating, recording, selling, producing, marketing, performing and distributing of Defendants' *"We Can't Stop."*

27.     That at all relevant times herein mentioned and upon information and belief, Defendant SMI is a corporation created, owned, operated, managed, governed, controlled and/or established by Defendant Cyrus for the purposes of receiving, processing, holding and/or converting her contractual and/or non-contractual revenues and/or royalties earned and/or received by, gifted and/or otherwise granted to Defendant Cyrus in her capacity as a professional music entertainment artist including, but not limited to, such revenues generated and/or received

7

by Defendants Cyrus and/or SMI for/from the creating, recording, selling, producing, marketing, performing and distributing of Defendants' *"We Can't Stop."*

28.     That at all relevant times herein mentioned and upon information and belief, Defendant Cyrus established Defendant SMI for the purposes of receiving, processing, holding, and/or converting her contractual and/or non-contractual revenues and/or royalties earned, received by, gifted and/or otherwise granted to her in connection with any and all obligations, duties and/or endeavors executed or discharged under any contract she holds with Defendant SME, with Defendant SME's label RCA and/or with any of SME's subsidiaries/subdivisions/department and/or other third party entities, subsidiaries, labels, subdivisions, companies and/or individuals connected to her general entertainment and/or songwriting, production, live tour performance, live media performance and/or media-recorded performance undertakings and endeavors including, but not limited to, for the creating, recording, selling, producing, marketing, performing and distributing of Defendants' *"We Can't Stop."*

29.     That at all relevant times herein mentioned, upon information and belief, Defendant THERON THOMAS (hereinafter "Theron"), one half of the duo known as Rock City a.k.a. R. City, was born in St. Thomas, U.S. Virgin Islands. Upon information and belief and at all relevant times herein mentioned, Defendant Theron is a songwriter and music producer, is a resident of the State of Georgia and, at all relevant times herein, is and was doing business in the State of New York within this judicial district.

30.     That at all relevant times herein mentioned and upon information and belief, Defendant Theron co-wrote Defendants' song *"We Can't Stop"* --- the infringing musical composition herein.

8

31.     That at all relevant times herein mentioned and upon information and belief, Defendant TIMOTHY THOMAS (hereinafter "Timothy"), who was born in St. Thomas, U.S. Virgin Islands, is Defendant Theron's brother and is the other half of the Rock City duo. Upon information and belief and at all relevant times herein mentioned, Defendant Timothy is a songwriter and music producer, is a resident of the State of Georgia and, at all relevant times herein, is and was doing business in the State of New York and within this judicial district.

32.     That at all relevant times herein mentioned and upon information and belief, Defendant Timothy co-wrote Defendants' song "*We Can't Stop*" -- the infringing musical composition herein.

33.     That at all relevant times herein mentioned and upon information and belief, Defendant Theron, in his capacity as music producer and collaborating songwriter of Defendants' "*We Can't Stop*" individually, directly, purposefully, willfully, and cooperatively engaged in and participated in all aspects of the songwriting, musical production and/or arrangement, lyric arrangement, lyric composition, production, recording production and/or video-music production and arrangement of Defendants' "*We Can't Stop.*"

34.     That at all relevant times herein mentioned and upon information and belief, Defendant Theron was personally and professionally aware of the existence of Plaintiff May, of Plaintiff May's contributions to the realm of professional music in particular, to the musical genre of reggae music and, specifically, of Plaintiff May's authoring, creating, writing and the production, performance and success of Plaintiff May's song "*We Run Things*" and of his unique, original and creative lyrics contained in same, to wit: "We run things. Things no run we".

9

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

35.     That at all relevant times herein mentioned and upon information and belief, Defendant Theron, in his capacity as music producer and collaborating songwriter of Defendants' "*We Can't Stop,*" individually and directly participated, collaborated and worked with Co-Defendants Timothy, Mike Will and Cyrus in identifying and implementing musical samplings, lyrics and interpolations involved in the songwriting and production of Defendants' "*We Can't Stop*" including, but not limited to, the use and implementation of Plaintiff May's unique, original and creative lyrics, to wit: "We run things. Things no run we" in/into Defendants' "*We Can't Stop.*"

36.     That at all relevant times herein mentioned and upon information and belief, Defendant Theron, in his capacity as music producer and collaborating songwriter of Defendants' "*We Can't Stop,*" individually and directly participated with Defendant Cyrus in procuring, utilizing and/or applying certain music engineering tools and applications involved in the songwriting and production of Defendants' "*We Can't Stop.*"

37.     That at all relevant times herein mentioned and upon information and belief, Defendant Timothy, in his capacity as music producer and collaborating songwriter of Defendants' "*We Can't Stop,*" individually, directly, purposefully, willfully, and cooperatively engaged in and participated in all aspects of the songwriting, musical production and/or arrangement, lyric arrangement, lyric composition, production, recording production and/or video-music production and arrangement of Defendants' "*We Can't Stop.*"

38.     That at all relevant times herein mentioned and upon information and belief, Defendant Timothy, in his capacity as music producer and collaborating songwriter of Defendants' "*We Can't Stop,*" individually and directly participated with Defendant Cyrus in

10

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

procuring, utilizing and/or applying certain music engineering tools and applications involved in the songwriting and production of Defendants' *"We Can't Stop."*

39.     That at all relevant times herein mentioned and upon information and belief, Defendant Timothy, in his capacity as music producer and collaborating songwriter of Defendants' *"We can't Stop,"* individually and directly participated with Co-Defendants Theron, Mike Will and Cyrus in identifying and implementing musical samplings, lyrics and interpolations involved in the songwriting and production of Defendants' *"We Can't Stop"* including, but not limited to, the use and implementation of Plaintiff May's unique, original and creative lyrics, to wit: "We run things. Things no run we" in/into Defendants' *"We Can't Stop".*

40.     That at all relevant times herein mentioned and upon information and belief, Defendant Timothy was personally and professionally aware of the existence of Plaintiff May, of Plaintiff May's contributions to the realm of professional music in particular, to the musical genre of reggae music and, specifically, of Plaintiff May's authoring, creating, writing and the production, performance and success, of Plaintiff May's song *"We Run Things"* and of his unique, original and creative lyrics contained in same, to wit: "We run things. Things no run we."

41.     That at all relevant times herein mentioned and upon information and belief, Rock City is the American musical songwriting and music production duo formed in 2003, consisting of Defendants Theron and Timothy Thomas. Defendants Theron and Timothy use the stage names Uptown AP and A.I., respectively, and together constitute the songwriting and music production team for various popular music artists, including but not limited to, upon information and belief, for Defendant Cyrus herein and for Defendant's *"We Can't Stop"* herein.

11

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

42. That at all relevant times herein mentioned and upon information and belief, Defendants Timothy and Theron freely acknowledge that their collective inspiration for the production of the arrangements contained, used and implemented in within Defendants' *"We Can't Stop"* was largely rooted in Caribbean musical influence.

43. That at all relevant times herein mentioned and upon information and belief, Defendant MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT a.k.a MIKE WILL MADE-IT a.k.a MIKE WILL (hereinafter "Mike Will") is a songwriter and music producer, is a resident of the State of California and, at all relevant times herein, is and was doing business in the State of New York and within this judicial district.

44. That at all relevant times herein mentioned and upon information and belief, Defendant Mike Will helped, participated in, assisted in, collaborated on, co-wrote and/or produced the Defendants' infringing musical composition herein, to wit: Defendants' *"We Can't Stop."*

45. That at all relevant times herein mentioned and upon information and belief, Defendant Mike Will, in his capacity as music producer and/or collaborating songwriter of Defendants' *"We Can't Stop,"* individually, directly, purposefully, willfully, and cooperatively engaged in and participated in all aspects of the songwriting, musical production and/or arrangement, lyric arrangement, lyric composition, production, recording production and/or video-music production and arrangement of Defendants' *"We Can't Stop"*.

46. That at all relevant times herein mentioned and upon information and belief, Defendant Mike Will, in his capacity as music producer and/or collaborating songwriter of Defendants' *"We Can't Stop,"* individually and directly participated with Defendant Cyrus in

12

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

procuring, utilizing and/or applying certain music engineering tools and applications involved the songwriting and production of Defendants' "*We Can't Stop*."

47.    That at all relevant times herein mentioned and upon information and belief, Defendant Mike Will, in his capacity as music producer and/or collaborating songwriter of Defendants' "*We Can't Stop*," individually and directly participated with Co-Defendants Timothy, Theron and Cyrus in identifying and implementing musical samplings, lyrics and interpolations involved in the songwriting and production of Defendants' "*We Can't Stop*" including, but not limited to, the use and implementation of Plaintiff May's unique, original and creative lyrics, to wit: "We run things. Things no run we" in/into Defendants' "*We Can't Stop*".

48.    That at all relevant times herein mentioned and upon information and belief, Defendant LARRY RUDOLPH (hereinafter "Rudolf"), a former entertainment lawyer, is a talent manager of various artists, is a resident of the State of California and, at all relevant times herein, is and was doing business in the State of New York and within this judicial district.

49.    That at all relevant times herein mentioned and upon information and belief, Defendants SME, Cyrus and/or SMI hired, contracted with, collaborated with and/or worked with Defendant Rudolph in 2013 to be Defendant Cyrus' new entertainment talent and career manager.

50.    That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph, as Defendant Cyrus' new entertainment talent and career manager, was responsible for revitalizing and revamping Defendant Cyrus' personal and career-based image to transition Defendant Cyrus from a child star into an "edgy" adult pop star.

51.    That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph served as the entertainment talent and career manager for Defendant Cyrus

and thus managed, facilitated, presided over, directed, controlled and remained aware of all ideas of creative collaboration, artistry and music songwriting and/or production endeavored and/or undertaken by Defendant Cyrus in her capacity as collaborating songwriter and performer along with Defendants Timothy, Theron and Mike Will, in their respective capacities as collaborating songwriters and collaborating music producers, including for and of Defendants' *"We Can't Stop"* herein.

52.     That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph was hired to, and did, craft, develop, tailor, re-invent, re-vamp and/or revitalize Defendant Cyrus' personal and career-based image and, in particular her personal and career-based image for her entertainment/music projects including, but not limited, to her image for the creation, writing, production, marketing, promoting, selling, releasing and distribution of Defendants' *"We Can't Stop"* herein.

53.     That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph was responsible for and/or participated in the management, control, governance and supervision of any of, part of and/or all creative and contractual endeavors and undertakings related to Defendant Cyrus' performances of Defendants' *"We Can't Stop,"* including his curation of Defendant Cyrus' revamped entertainment image featuring an urban and island-inspired flair.

54.     That at all relevant times herein mentioned and upon information and belief, Defendant SME, directly and/or by/through RCA, knew and/or had reason to know that, Defendant Rudolph was hired as a talent and career manager for Defendants Cyrus to craft, develop, tailor, re-invent, re-vamp and/or revitalize her personal and career-based image and, in particular her personal and career-based image for her entertainment projects including, but not

14

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

limited, to that for the creation, writing, production, marketing, promoting, selling, releasing and distribution of Defendants' *"We Can't Stop"* herein.

55. That at all relevant times herein mentioned, upon information and belief, Defendant SME , directly and/or by/through RCA, knew and/or had reason to know that Defendant Rudolph managed, controlled, governed and/or supervised any of, part of and/or all creative and contractual endeavors and undertakings related to Defendant Cyrus' performances of Defendants' *"We Can't Stop,"* including his curation of Defendant Cyrus' revamped entertainment image featuring an urban and island-inspired flair.

56. That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph, in collaboration with representatives of Defendants SME, Cyrus and/or SMI managed, controlled, governed, oversaw, ran and/or supervised Defendants' hiring of third party contributors in the creation, development and performance of Defendants' *"We Can't Stop,"* including, but not limited to, the hiring of, contracting with, collaborating with and/or working with Defendants Theron, Timothy and Mike Will herein for and in connection/furtherance of the creation, recording, selling, production, marketing, performance and distribution of Defendants' *"We Can't Stop."*

57. That at all relevant times herein mentioned and upon information and belief, Defendant Rudolph was responsible for, assisted with, engaged in, collaborated on and/or participated in the conceptualizing, developing and curating the new "edgy" image and identity of/for Defendant Cyrus including same for/in Defendants' *"We Can't Stop".*

58. That at all relevant times herein mentioned, upon information and belief, Defendant Rudolph managed, controlled, governed, oversaw, ran and/or supervised Defendant

15

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Cyrus' career and performances of Defendants' infringing musical composition "*We Can't Stop.*"

59.      That at all relevant times herein mentioned and upon information and belief, Defendant SME knew and/or had reason to know of, and/or managed, facilitated, governed, recommended and/or controlled Defendant Cyrus' agreement, contract, retainer, collaboration and/or musical collaboration/engagement with Defendants Theron, Timothy and Mike Will in all music, lyric and video creation, writing, composing, recording, arrangement and production for/of the songwriting, arrangement and production of Defendants' "*We Can't Stop.*"

60.      That at all relevant times herein mentioned and upon information and belief, Defendant SME knew and/or had reason to know, and was provided advance notice of all musical samplings, lyrics, compositions, lyrical compositions and/or interpolations written, created, arranged, selected, implemented and produced by Defendants Cyrus, Theron, Timothy and Mike Will in the songwriting, lyrical composition, arrangement and production of Defendants' "We Can't Stop."

## JURISDICTION

61.      This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. §1388(a) because of this Court's exclusive jurisdiction over copyright cases.

62.      Venue is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside or may be found within this district and personal jurisdiction may be properly obtained over the Defendants.

16

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## GENERAL ALLEGATIONS
### Plaintiff and "We Run Things"

63.    Plaintiff repeats, reiterates, re-asserts, re-alleges and restates each and every allegation and factual allegation set forth in paragraphs of the Complaint numbered "1" to "62" with the same force and effect as if more fully set forth at length herein.

64.    That at all relevant times herein mentioned, Plaintiff May is a Jamaican songwriter and recording artist who has released several hit reggae singles in the late 1980s and 1990s. He has recorded for various producers and collaborated with internationally-known reggae artists such as Freddie McGregor (*"Bless My Soul"*), Sanchez (*"Madly In Love"*), Ninjaman (*"Zip It Up"*), and ThrillerU (*"Girls Just Wanna Have Fun"*).

65.    That in or about 1981 and continuing through to 1988, Plaintiff May performed as and was a disc jockey/DJ performing throughout Jamaica, West Indies for the sound system known as "Rambo Mango International" for which he performed and created sound system sets and created his own sound and authored/created his own lyrics.

66.    That in or about 1981, as part of Plaintiff May's sound system and performance as a disc jockey/DJ, Plaintiff May created, originated and authored lyrics to be used as a "hook" and/or "punch line" to/for his sound system performances/sets. That in or about 1981, Plaintiff May created, originated and authored the unique, original and creative lyrics/lyrical phrase, to wit: "We run things. Things no run we" and performed and/or sang same original, creative and unique lyrics/lyrical phrase during his sound system performances/sets as a disc jockey/DJ from in or about 1981 and continuing through to in or about 1988 when Plaintiff May then authored and created his original, unique and creative protected work/song entitled "We Run Things".

67.    That witnesses to Plaintiff May's authoring, originating and creating, in or about the year 1981, of the lyrical phrase "We run things. Things no run we", include Mr. Cleveland

17

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Constantine Browne, Mr. Cyril Nelson, Mr. Junor Bryan and Mr. Nigel Lloyd. As attested to by the sworn Affidavits of each of the aforementioned individuals, Plaintiff May in or about the year 1981, authored, created and originated the lyrical phrase "We run things. Things no run we" from when Plaintiff May was a disc jockey/DJ with the sound system "Rambo Mango International" and, that, prior to Plaintiff May creating, authoring and originating same lyrical phrase, each of them, individually and collectively, have never heard same phrase, lyrical phrase or saying in any conversations, communications, songs, vernacular or otherwise prior to Plaintiff May creating and authoring same. *See* **Composite Exhibit A.**

68. In or about the year 1988 and/or earlier, Plaintiff May solely authored/created the song "*We Run Things*," which was musically arranged with the assistance of Cleveland Browne, Haldane Browne and Wycliffe Johnson. "We Run Things" was released to the public in 1988 and became a cultural hit garnering significant sales and popularity both domestically in the Caribbean region and internationally. Specifically, in December 1988, Plaintiff May's "We Run Things" became a No. 1 hit in Jamaica, West Indies as reported by the Jamaica Gleaner. *See* **Exhibit B.** The song was additionally met with great acclaim in the United Kingdom, Canada and the United States of America. Since its release, "*We Run Things*" remains a favorite for lovers of reggae music worldwide.

69. Plaintiff May's original, creative and unique lyrical phrase "We run things. Things no run we" was featured prominently throughout his work as a disc jockey from in or about 1981 through to 1988, and is in his song "We Run Things." This lyrical phrase is distinctly Plaintiff May's with its own unique phraseology, meaning and linguistic combinations using part of the Jamaican Patois dialect and uniquely and creatively mixing same with the English language. Phonetically, in strict Jamaican Patois, Mr. May's lyrical phrase would be

18

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

spelled "Wi run tings. Tings nuh run wi." Though grammatically incorrect, the literal English translation is "We run things. Things don't run we." That incorrect grammar is a critical lyrical distinction. The grammatically correct version, that a native English language speaker such as Defendant Cyrus would be expected to use, is "We run things. Things don't run us." Yet Defendants' song instead _uses the grammatically incorrect version_ of the lyrical phrase – the exact, original, creative and unique lyrical phrase coined by Plaintiff May thirty-seven (37) years ago. The Defendants' infringement is linguistically and grammatically distinct and, as a result, unequivocal, particularly when the lyrical phrases are viewed side-by-side:

| Lyrical Phrase Comparison | | | |
|---|---|---|---|
| Michael May (Flourgon's) song, "We Run Things": | | | Miley Cyrus's/Defendants' song, "We Can't Stop": |
| We Run Things<br>Things no run we<br>Anything we do haffi done properly | | | We Run Things<br>Things don't run we<br>Don't take nothing from nobody |
| **Amount of times repeated** | 9 | | 3 |
| **Placement in song** | Title of Song and Hook of Repeated Chorus | | Hook of Repeated Chorus |

70.     That at all relevant times herein mentioned, as solely created/authored/originated by Plaintiff May in or about 1981, and continuing through to 1988, Plaintiff May's unique, creative and original lyrical phrase "We run things. Things no run we" describes an attitude of personal freedom and situational control, where an individual need not be constrained by fear or reproach as he/she is not controlled or ruled by one's circumstances – a substantially similar theme/attitude also copied and misappropriated from Plaintiff May's protected work/song/musical composition/lyrical phrase by Defendants in Defendants' "We Can't Stop".

19

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

71.     That at all relevant times herein mentioned, Plaintiff May's protected content was completely original, creative and unique from in or about 1981 and continuing through to 1988. Plaintiff May was the first to construct/create/author such a sequence using the phrase "We run things. Things no run we" and was the first musical artist to convey this unique, creative and original lyrical phrase/sequence into musical arrangement, from in or about 1981 as a disc jockey/DJ and continuing through to his 1988 release of "We Run Things", not only domestically in Jamaica, West Indies and the Caribbean region, but also internationally, with acclaim in the United Kingdom, Canada and the United States of America.

72.     That at all relevant times herein mentioned, Plaintiff May's linguistic/lyrical phrase/sequence created by Plaintiff May in or about 1981 and continuing to 1988, is creative, original, unique and copyrightable.

73.     That upon information and belief, in or about 1999, Plaintiff May's original, creative and unique lyrics/lyrical phrase "We run things. Things no run we" and his 1988 song "We Run Things" containing Plaintiff May's lyrics/lyrical phrase "We ring things. Things no run we" were used/sampled/featured in the 1999 film/soundtrack for the 1999 film entitled *"Third World Cop",* a Jamaican action-crime film produced by Chris Blackwell of Island Jamaica films and directed by Chris Browne. That Plaintiff May gave permission to the filmmakers of *"Third World Cop"* to use/sample/feature his lyrical phrase/lyrics "We run things. Things no run we" and to use/sample/feature his 1988 song "We Run Things", containing said lyrics/lyrical phrase, in said film/film soundtrack for which Plaintiff May was given proper credit in the film for same.

74.     In 2017, Plaintiff May sought from the United States Copyright Office formal ownership protections over this unique musical arrangement. In recognition of the uniqueness, originality and creativity embodied by Plaintiff May's bold musical integration of his unique,

20

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

original and creative lyrical phrase, Plaintiff May was granted formal copyright protection of all musical arrangements contained within "*We Run Things*." _See_ **Exhibit C.**

## DEFENDANTS' INFRINGEMENT

75.     Plaintiff repeats, reiterates, re-asserts, re-alleges and restates each and every allegation and factual allegation set forth in paragraphs of the Complaint numbered "1" to "66" with the same force and effect as if more fully set forth at length herein.

76.     That at all relevant times herein mentioned, Defendants have exploited and continue to exploit and greatly profit from "*We Run Things*" in this jurisdiction, within the balance of all U.S. jurisdictions, throughout the international entertainment market and the world by reproducing, preparing derivative works, copying, distributing, selling, singing, licensing, publicly performing, and/or otherwise exploiting Defendants' "We Can't Stop" and by further, upon information and belief, marketing, selling, licensing and/or distributing merchandise/merchandise products exploiting Defendants' "We Can't Stop by using, misappropriating and infringing on Plaintiff May's unique, creative and original lyrical phrase.

77.     That at all relevant times herein mentioned, Defendants' infringement of Plaintiff May's protected work/content/musical composition/song/lyrical phrase is continuing to present date as Defendants' "We Can't Stop" continues to be sold, publicly performed, distributed and/or licensed by Defendants herein, and, as Defendants, despite industry practice, never sought a license or permission from Plaintiff May.  Defendants' infringement of Plaintiff May's work also includes, upon information and belief, Defendants' registering "We run things. Things don't run us" as search terms/ internet search engine terms and that Defendants have done so intentionally to manipulate search engines and search engine terms to Defendants' direct benefit and/or profit. That, upon information and belief, Defendants' registering Plaintiff May's lyrical phrase as

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

search engine terms continues as an infringement of Plaintiff May's protected work to present date.

78.     That at all relevant times herein mentioned, Defendants' infringing acts herein include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, publicly performing, concert touring, licensing, marketing, and/or distributing the musical composition and sound recording of Defendants' "We Can't Stop" containing Plaintiff May's protected work/content/song/musical composition/lyrical phrase. Defendants, upon information and belief, further unlawfully infringed upon Plaintiff May's protected work and unique lyrical phrase by selling, marketing, licensing and/or distributing merchandise/merchandise products to exploit Defendants' "We Can't Stop by using Plaintiff May's lyrical phrase in/on same merchandise. Defendants' infringement is the unlawful appropriation of Plaintiff May's copyrighted material including Plaintiff May's original, creative and unique lyrical phrase "We run things. Things no run we." *See* **Exhibit D.**

79.     That at all relevant times herein mentioned, without seeking to obtain any form of advance permission from Plaintiff May, upon information and belief, Defendants intentionally and unlawfully used Plaintiff May's original, creative and unique lyrical phraseology as the repeated chorus and hook in "*We Can't Stop*." With purposeful knowledge and intent, Defendants unlawfully misappropriated Plaintiff May's original, unique and creative lyrical phraseology in order to establish an overarching and pervasive theme for "*We Can't Stop*." As evidenced by its ongoing significant success, "*We Can't Stop*" features a theme of defiant audaciousness in the realm of self-discovery and self-governance. The entire theme of "*We Can't Stop*" would be hollow in sound and impact, and would fail to achieve stated success without the

22

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

unique thrust of authenticity and the substantially similar theme of /provided by Plaintiff May's original, protected content.

80.     That at all relevant times herein mentioned, upon information and belief, upon public debut, "*We Can't Stop*" was immediately received and recognized as a theme song and mantra of sorts for an entirely new musical audience for Defendant Cyrus; Defendants' song's meteoric success is squarely attributable to the fact that legions of newfound fans throughout the world download, direct-request and zealously respond to live performances of this song on a routine basis.

81.     That at all relevant times herein mentioned, upon information and belief, for this reason, Defendant Cyrus intentionally performs and continues to perform to present date "*We Can't Stop*" during nearly every single live

82.     That, upon information and belief, Defendant Cyrus began her musical career as Hannah Montana in 2006 mainly within the U.S. based television market. Hannah Montana was a television program created and produced by Disney in 2006. Hannah Montana was quite purposefully marketed as an "all-American," wholesome musical and television character, whose trademark sound was purely pop in nature. In 2007 Defendant Cyrus' music landed her on Billboard Chart's "Top 200."

83.     That, upon information and belief, in August 2012, Defendant Cyrus dramatically chopped off her flowing blond hair, trading it for a very avant garde, short, spiked and partly-shaven, platinum hairstyle. During that time, she commented very heavily within various media outlets about becoming "edgy" in her new approach to life and music.  In 2013, Defendant Cyrus signed with RCA and hired Defendant Rudolph as her new entertainment and talent and career manager including in furtherance of the altering, changing and reinventing of Defendant Cyrus's

23

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

personal and career image and musical sound into a new more urban image and sound and to transform her from a child star to an edgy adult pop star.

84.     That, upon information and belief, from the inception of her career, the focus of Defendant Cyrus' creative sound was exclusively oriented towards modern pop-music. Her music was bereft of any traces or hints of urban or Caribbean sound. However, in or about 2012 and 2013, Defendant Cyrus endeavored to revamp and overhaul her sound and personal image, seeking to reinvent her industry style and profile by urbanizing her musical sound.

85.     That, upon information and belief, in doing so, Defendant Cyrus exchanged her trademark "good girl" Disney profile for a gritty and hyper-sexualized image, quite often brazenly and defiantly invoking provocative and obscene statements, lyrics and gestures in her live and recorded performances. While doing so, Defendant Cyrus dramatically changed her style of dress and personal vocalizations to reflect the grittiness, aggression and sultriness associated with U.S.-based hip-hop, R&B, urban and Caribbean music. *See* **Exhibit E.**

86.     That, upon information and belief, within this process of self-reinvention, Defendant Cyrus sought production input and contribution from some of the most highly-celebrated musical legends of hip-hop R&B, rap and urban music. Defendant Cyrus similarly and contemporaneously sought parallel contributions from popular U.S. and Caribbean writing and production fixtures including, but not limited to, Defendants Timothy, Theron and Mike Will as she so collaborated/worked with for/on Defendants' "We Can't Stop". Defendant Cyrus sought this valuable writing production input in order to authenticate and add credibility by association to her aggressive new sound.

87.     That, upon information and belief, most recently, Defendant Cyrus has very publicly looked to American urban music and Caribbean music for inspiration in her evolving

24

career and Defendants' *"We Can't Stop"* has garnered a brand-new musical audience for Defendant Cyrus, especially given the industry-status and popularity of her new-found association with Co-Defendants Timothy, Theron and Mike Will within the realm of urban music.

88.    That, upon information and belief, the Caribbean, and in particular Jamaica, has long been a source of creative inspiration for generations of international artists of all races, creeds, colors and national origin. The Caribbean has been regarded for decades as a rich and attractive source of artistic inspiration, offering dynamic, engaging, trend-setting and enticing cultural enlightenment to artists and tourists alike, and, that for generations scores of American and international artists have based their musical productions on hallmark sounds hailing from various Caribbean communities and items.

89.    That, upon information and belief, throughout her highly-successful career, Defendant Cyrus and her team have successfully sampled various songs from a cross-section of musical artists for which Cyrus and her team have routinely gone through the proper industry channels of protocol in order to seek and obtain advanced clearance for use of the subject, protected musical content. This repeated adherence to decades-old industry protocol demonstrates that Defendant Cyrus and her team are well versed in the necessity of securing advance clearance and the associated repercussions in absence of the same.

90.    That, at all relevant times herein mentioned, and upon information and belief, in 2013, Defendants Cyrus, Theron, Timothy, and Mike Will co-authored and produced the musical composition entitled *"We Can't Stop."* The composition of Defendants' "We Can't Stop" was recorded and performed by Defendant Cyrus and was released to the general public on Cyrus' fourth album, *Bangerz,* on June 3, 2013.  Defendants re-released "We Can't Stop" in 2014,

25

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

continuing to re-release in 2015, continuing to re-release in 2016, continuing to re-release in 2017 and continuing to re-release same to present date for which same is released and continues to be release to present date to the public for sale.

91.    That at all relevant times herein mentioned, Defendants' "*We Can't Stop*" copies, misappropriates, takes, includes in its entirety, and/or is substantially similar to, Plaintiff May's unique, creative and original lyrical phrase "*We run things. Things no run we,*" by Defendants featuring/containing the substantially similar lyrical phrase in Defendants' song, to wit: "We run things. Things don't run we" prominently throughout the repeated chorus of Defendants' "We Can't Stop" -- which is repeated at least three (3) times in the Defendants' infringing composition.

92.    That at all relevant times herein mentioned, upon information and belief, the overarching theme of defiance seen in Defendants' "*We Can't Stop*" is nearly exclusively based upon and authenticated by the brash and defiant nature/self rule/self-control embodied by Plaintiff May's original, creative and unique lyrical phrase "We run things. Things no run we".

93.    That at all relevant times herein mentioned, Defendants', including but not limited to Defendant Cyrus', use/taking/copying/misappropriating of Plaintiff May's original, unique and creative lyrical phrase within Defendants' "*We Can't Stop*" fully establishes the memorable context for which Defendants' song is popularly known. Particularly, Plaintiff May's original, unique and creative lyrical phrase is used by Defendants to form the repeated chorus or "hook" of Defendants' "*We Can't Stop*".

94.    That at all relevant times herein mentioned, and based upon the foregoing, in all, the infringed material belonging to Plaintiff May accounts for approximately **Fifty Percent (50%)** of the substantive content of Defendants' "*We Can't Stop*" and, as such, Defendants' "*We*

*Can't Stop*" owes the basis of its chart-topping popularity and its highly-lucrative success to Plaintiff May's protected, unique, creative and original content from Plaintiff May's original, unique and creative musical composition of/in his 1988 hit "We Run Things".

95.     That at all relevant times herein mentioned, and upon information and belief, the entire theme of Plaintiff May's 1988 and/or earlier song "*We Run Things*" is about being reminded that as individuals we should not operate in fear or reproach, but rather with liberty and personal freedom as he/she is in charge, i.e. in situational control. This is evidenced by the song's opening lyrics "All manner of things, hold tight. Shock out, for we rule," and later followed by "We run things. Things no run we. Anything we do haffi done properly . . . We rule dollars. Dollars don't rule we. . . We rule girls. Girls no rule we."

96.     That at all relevant times herein mentioned, and upon information and belief, substantially similar to "*We Run Things*," is the theme of Defendants' "*We Can't Stop*" as same is centered around being in control of one's own actions, where an individual has license and personal freedom to do what he or she wants and not to be constrained by another person's dictates, as he/she is in charge.

97.     That at all relevant times herein mentioned, and upon information and belief, in Defendants' substantially similar lyrical and thematic version, Plaintiff May's original, creative and unique lyrical phrase is repeated by Defendants using the literal English translation, but substantially similar phraseology to Plaintiff May's, while wholly maintaining the unique Patois phraseology and the vocal/lyrical sequence/cadence/inflection/rhythm, in Defendants' "We run things, things don't run we...Don't take nothing from nobody... "

98.     That at all relevant times herein mentioned, and upon information and belief, Defendants' substantially similar version/copy describes a similar theme of personal liberty as

evidenced in Defendants' song, i.e. "Don't take nothing from nobody. Yeah, yeah. It's our party, we can do what we want. It's our party, we can say what we want. It's our party, we can love who we want. We can kiss who we want. We can see who we want."

99. That at all relevant times herein mentioned, and upon information and belief, Defendants undoubtedly had access to "*We Run Things*" prior to writing and releasing "*We Can't Stop*" given its wide commercial success and given Defendants' knowing of, including but not limited to Defendants Theron and Timothy, Plaintiff May's 1988 and/or earlier hit "We Run Things".

100. That at all relevant times herein mentioned, and upon information and belief, in particular, Defendants Timothy and Theron of Rock City are Caribbean born and contributed significantly to the writing of "*We Can't Stop*." In 2015, Defendant Theron of the Rock City duo admitted in an interview with Vibe Magazine that:"…we incorporate Caribbean culture because that's who we are and that's the base of our creativity."[1] Specifically, he added: "You have to listen like 'We run tings, tings don't run we' and 'Hands inna di air like we don't care,'" as they incorporate "that bottom of who we are, that root into the music."[2]

101. That at all relevant times herein mentioned, and upon information and belief, Defendant Timothy, the second half of the Rock City duo, similarly admits in the same Vibe interview that: "We pull so many different melodies from Caribbean music because we like to believe Caribbean music has some of the best melodies in music."[3]

102. That at all relevant times herein mentioned, and upon information and belief, Defendants Cyrus, Timothy, Theron, and Mike Will are seasoned music industry songwriters and

---

[1] Augustin, Camille, "Views From The Studio: Meet R. City, The Hardest Working Songwriters In Show Business" *Vibe E-Magazine,* July 17, 2015, https://www.vibe.com/2015/07/views-from-the-studio-r-city/.
[2] *Id.*
[3] *Id.*

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

industry professionals who are well-versed in the standard industry practices associated with the production of popular music. Defendants knew or should have known that the phrase "*We Run Things*" could not be used in a musical work by Defendants without a license and/or songwriting credit, as is customary standard practice in the music industry.

103. That at all relevant times herein mentioned, and upon information and belief, Defendant Rudolph is a former entertainment attorney and therefore has actual and constructive knowledge of the standard industry practices.

104. That at all relevant times herein mentioned, and upon information and belief, Defendants adhered to the established industry practice with this very same song regarding the interpolation of the song "*La Di Da Di*" being incorporated into Defendants' "We Can't Stop" as Defendants have duly provided writing credits to the songwriters of "*La Di Da Di*", to wit: Douglas E. Davis a.k.a. Doug. E Fresh and Richard Martin Lloyd Walters a.k.a. Slick Rick, for Defendants' use, copying, sampling and/or interpolation of "*La Di Da Di.*"

105. That at all relevant times herein mentioned, and upon information and belief, Defendants knew and/or should have known that Plaintiff May's unique, original and creative lyrical phrase "We run things. Things no run we" was required to be cleared in a similar manner as Defendants did with Doug E. Fresh and Slick Rick's "*La Di Da Di"* for the very same Defendants' song of "We Can't Stop."

106. That at all relevant times herein mentioned, and upon information and belief, Plaintiff May's unique, original and creative lyrical phrasing "We run things, Things no run we" is not syntactically correct, and is a conspicuous departure from proper English grammar with its improper sentence construction such that it is noticeably unique, creative and original thereby mandating further inquiry, which should have been conducted by Defendants herein.

107. That at all relevant times herein mentioned, and upon information and belief, the failure of Defendants Cyrus, Timothy, Theron and Mike Will to deviate in any way from the syntactical uniqueness of Plaintiff May's original, creative and unique lyrical phrasing/protected content demonstrates Defendants' collective, willful and intentional efforts to unlawfully duplicate/copy/misappropriate/take Plaintiff May's protected content/unique, creative and original lyrical phrasing in his 1988 hit "We Run Things".

108. That at all relevant times herein mentioned, and upon information and belief, had the Defendants performed a cursory search, they would have known that Plaintiff May's unique, creative and original 1988 and/or earlier hit "We Run Things", which was solely authored by Plaintiff May, preexisted Defendants' *"We Can't Stop."*

109. That at all relevant times herein mentioned, and upon information and belief, had Defendants performed a basic Google search for Defendants' intended lyrics of *"We Can't Stop"* in 2013, Plaintiff May's protected 1988 and/or earlier *"We Run Things"* would have appeared, further informing Defendants of Plaintiff May's copyrighted work.

110. That at all relevant times herein mentioned, and upon information and belief, in addition to the unique, creative and original lyrics of Plaintiff May's "We Run Things", Defendants Cyrus, Timothy, Theron and Mike Will have substantially incorporated the vocal melody/cadence/inflection/vocal rhythm solely authored/created by Plaintiff May in his 1988 and/or earlier hit "We Run Things" into the vocal melody/rhythm/cadence/inflection of the repeated chorus of Defendants' *"We Can't Stop"* including, but not limited to, Defendants' use/copying/recording/singing/producing the substantially similar hook that they took/misappropriated from Plaintiff May, to wit: "We run things. Things don't run we", as well

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

as taking the substantially similar vocal/lyrical sequence/cadence/inflection/rhythm of Plaintiff May's lyrical phrase "We run things. Things no run we. Anything we do haffi done properly".

111.    That at all relevant times herein mentioned, and upon information and belief, Defendants Timothy and Theron have already admitted to taking the melodies of Caribbean songs and incorporating them into their songwriting.    The combination of the substantial similarities of both lyrics and accompanying vocal melody/cadence/inflection/rhythm of and between Plaintiff May's "*We Run Things*" and Defendants' "*We Can't Stop*" goes beyond substantial and is liable to engender immediate recognition of copying by an observer that is familiar with both songs.

112.    That at all relevant times herein mentioned, and upon information and belief, musical misappropriations are considered so egregious in nature that even the industry's leading talents are not immune from becoming ensnared in content ownership feuds. For example, popular songstress Beyoncé has been involved in circumstances regarding alleged content theft, where such theft was taken seriously and, in some cases, resulted in presumably significant settlements in favor of the artist allegedly deprived of production credit or production compensation. This especially holds true when the subject material is covered by copyright protections.

113.    That at all relevant times herein mentioned, and upon information and belief, song writer Ricky Allen sued Beyoncé in Federal Court on December 10, 2009 for musical misappropriation in connection with theft of his copyrighted song "*Cater 2 U.*"[4] According to relevant documentation, Allen registered the copyright for "*Cater 2 U*" with the Copyright

---

[4] The Judiciary Report, "Beyonce Steals Song again", *The Judiciary Report*, Nov. 10, 2009, http://www.judiciaryreport.com/beyonce_steals_song_again.htm.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Office/Library of Congress in Washington, D.C., in 2000.[5] In 2004, Beyoncé's ladies-group, Destiny's Child, released a song entitled "*Cater 2 U*" featuring the same exact music, lyrics and song title, as the preexisting, copyrighted song Allen registered with the Library of Congress.[6] The wildly successful musical trio reportedly settled the claim with Allen out of court for an undisclosed figure.[7]

114. That at all relevant times herein mentioned, and upon information and belief, another example is Beyoncé's song "*Hold Up*" which features lyrics from two previous copyrighted works – the Yeah Yeah Yeahs' "*Maps*"[8] and Soulja Boy's "*Turn My Swag On*." [9] The chorus in "*Maps*" includes the lyrics: "Wait, they don't love you like a love you."[10] "*Hold Up*" riffs off of these lyrics with the chorus: "Hold up, they don't love you like I love you / Slow down, they don't love you like I love you / Back up, they don't love you like I love you / Step down, they don't love you like I love you."[11]

115. That at all relevant times herein mentioned, and upon information and belief, Soulja Boy's "*Turn My Swag On*" includes the lyrics: "Hopped up out the bed turn my swag on / Took a look in the mirror said what's up" while "*Hold Up*" interpolates this lyric with: "I hop up out the bed and get my swag on / I look in the mirror, say, 'What's up?'"[12] Similar to how

[5] *Id.*

[6] Sam, "Beyonce Accused Of Song-Stealing; Due In Court Next Month?" ThatGrapeJuice.com, November 9, 2009, http://thatgrapejuice.net/2009/11/beyonce-accused-songstealing-due-court-month/.

[7] Essence, "Destiny's Child Settles 'Cater 2 U' Lawsuit," *Essence.com*, December 4, 2009, https://www.essence.com/2009/12/04/destinys-child-settles-cater-2-u-lawsuit.

[8] Payne, Chris, "Here's How Ezra Koenig Squeezed the Yeah Yeah Yeahs' 'Maps' Into Beyonce's 'Lemonade'," *Billboard*, April 4, 2016, https://www.billboard.com/articles/columns/rock/7348295/beyonce-lemonade-credit-hold-up-ezra-koenig-yeah-yeah-yeahs-vampire-weekend.

[9] Feature, "Soulja Boy Responds To Beyoncé's 'Turn My Swag On' Homage," *Genius*, June 9, 2016, https://genius.com/a/soulja-boy-responds-to-beyonces-turn-my-swag-on-homage.

[10] *Supra*, n. 8.

[11] *Id.*

[12] *Supra*, n. 9.

32

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

"*Shake if Off*" repeats the words "play," "hate," "break," and "fake" at the end of the phrase, the lyrics in "*Hold Up*" repeat the phrase "What's Up" three times at the end of the phrase.[13]

116.    That at all relevant times herein mentioned, and upon information and belief, even though "*Hold Up*" did not use the lyrics from "*Turn My Swag On*" or "*Maps*" verbatim, the use of the lyrics from both of these songs was still cleared in advance with the copyright owners. This demonstrates the industry standard practice to clear such lyrical similarities.

117.    That at all relevant times herein mentioned, and upon information and belief, despite this industry standard practice, Defendants never sought or contemplated to secure a license or other permission from Plaintiff May herein.

118.    That at all relevant times herein mentioned, Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, performing, manufacturing, producing, selling, licensing marketing and/or distributing the musical composition and sound recording of "*We Can't Stop.*" Defendants' infringement amounts to the unlawful appropriation of Plaintiff May's copyrighted material including his original, unique and creative lyrical phrase "We run things. Things no run we" by containing in Defendants' "We Can't Stop", the repeated hook of the repeated chorus: "We run things. Things don't run we".

119.    That at all relevant times herein mentioned, Defendants' infringement includes the unlawful appropriation of Plaintiff May's vocal melody/cadence/rhythm/inflection contained in Plaintiff May's "We Run Things".

120.    That at all relevant times herein mentioned, and upon information and belief, Defendants continue to exploit, "*We Can't Stop*" to their significant financial enrichment and to the complete detriment and exclusion of Plaintiff May. Since the release of "*We Can't Stop*,"

---

[13] *Id.*

33

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants have continued to profit greatly from their reproduction, preparation, distribution, licensing and ongoing public performance of *"We Can't Stop."*

121.     That at all relevant times herein mentioned, and upon information and belief, Defendant Cyrus' popularity and earnings have dramatically increased by virtue of the popularization of *"We Can't Stop."* The wildly-popular song has opened new doors of economic opportunity and has generated new streams of income and wealth for her through a variety of entertainment and media channels.

122.     That at all relevant times herein mentioned, and upon information and belief, *"We Can't Stop"* was released by Defendants including, but not limited to, Defendant Cyrus on June 3, 2013.[14] Defendants re-released "We Can't Stop" in 2014, in 2015, in 2016, in 2017 and into present date as "We Can't Stop" is still presently released to the public for sale. This song was Defendant Cyrus' 'comeback' single, as it went on to become a worldwide commercial success, topping the charts in territories such as the United Kingdom.[15] Internationally, it enjoyed significant success across Europe, and peaked at number one in New Zealand.[16] *"We Can't Stop"* peaked at number 2 on the U.S. Billboard Hot 100, tying it with *"Party in the U.S.A."* as Defendant Cyrus' highest-peaking single in the country at the time.[17]

123.     That at all relevant times herein mentioned, and upon information and belief, the song's music video set the VEVO record for most views within twenty-four hours of release, and became the first to reach one-hundred million (100,000,000) views on the site.[18]     The accompanying music video was released on June 19, 2013, with ten-million seven hundred

---

[14] "Miley Cyrus' 'We Can't Stop' Single Due June 3," *Billboard*, May 19, 2013, retrieved September 10, 2013.

[15] Hung, Steffen. "Miley Cyrus – We Can't Stop," *charts.org.nz*, retrieved September 10, 2013; "Miley Cyrus earns first UK number one single with 'We Can't Stop' – Music News," *Digital Spy*, August 11, 2013, retrieved September 10, 2013.

[16] "Miley Cyrus – We Can't Stop," *Ultratop*, Hung Medien, retrieved August 25, 2013.

[17] "Miley Cyrus – Chart history," *Billboard*, retrieved August 25, 2013.

[18] "Miley Cyrus' 'We Can't Stop' Video Breaks VEVO Record," *Billboard*, July 29, 2013, retrieved September 10, 2013.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

thousand (10,700,000) views in its first day.[19] It was also the fastest video to reach one-hundred million (100,000,000) views, having done so in thirty-seven (37) days.[20]

124.    That at all relevant times herein mentioned, and upon information and belief, upon release, *"We Can't Stop"* debuted at number 11 on Billboard's Hot 100 chart with first-week sales of two-hundred fourteen thousand (214,000) downloads. By August 2013, the song hit No. 2 on Billboard's Hot 100 chart and the song went on to become a massive worldwide hit for Defendant Cyrus, staying on the Billboard's Hot 100 for twenty-six (26) weeks. *"We Can't Stop"* has subsequently been certified 5x Platinum by the RIAA with over five million (5,000,000) copies sold.[21]

125.    That at all relevant times herein mentioned, and upon information and belief, the music video for *"We Can't Stop"* debuted on June 19, 2013 and has, to date, gained eight-hundred one million, one hundred and thirty-one-thousand, four hundred and forty-five (801,131,445) views on YouTube.[22]

126.    That at all relevant times herein mentioned, and upon information and belief, on October 2, 2013, MTV aired the documentary *Miley: The Movement*, which chronicled the recording of her fourth studio album *Bangerz*, which was released on October 4, 2013.[23] The documentary was a commercial success, debuting at number one on the Billboard 200 with first week sales of two-hundred and seventy thousand (270,000) copies.[24]

---

[19] *Id.*
[20] Lipshutz, Jason, "Miley Cyrus' 'We Can't Stop' Video Breaks VEVO Record," *Billboard*, July 29, 2013, retrieved August 25, 2013.
[21] *Id.*
[22] *Id.*
[23] "MTV to Premiere 'Miley: The Movement' Tonight at 10PM (Video)," *TVbytheNumbers*, October 2, 2013, retrieved October 7, 2013; "Miley: The Movement Sneak Peek: Singer Says Mom Tish Cyrus Is My Homie," *E!*, October 2, 2013, retrieved October 7, 2013, http://www.eonline.com/news/465684/miley-the-movement-sneak-peek-singer-says-mom-tish-cyrus-is-my-homie.
[24] Caulfield, Keith, "Miley Cyrus' 'Bangerz' Debuts At No. 1 On Billboard 200," *Billboard*, October 16, 2013.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

127. That at all relevant times herein mentioned, and upon information and belief, in late 2013, Defendant Cyrus was declared Artist of the Year by MTV.[25] On January 29, 2014, she played an acoustic concert show on MTV Unplugged, performing songs from *Bangerz* featuring a guest appearance by Madonna.[26] It became the highest rated MTV Unplugged in the past decade with over one million seven-hundred thousand (1,700,000) streams.[27] Defendant Cyrus launched her controversial *Bangerz* Tour in the same year of 2014 which received a generally positive reception.[28]

128. That at all relevant times herein mentioned, and upon information and belief, during her appearance on the *Today* show on October 7, 2014, Defendant Cyrus first mentioned her intentions to tour in 2014.[29] The tour was promoted by the American entertainment company LiveNation Entertainment, which was reported to be paying Defendant Cyrus Five Hundred Thousand Dollars ($500,000.00) per presentation.[30] The first leg of the tour visited North America and was originally scheduled to include thirty-eight (38) shows.[31]

129. That at all relevant times herein mentioned, and upon information and belief, the *Bangerz* Tour was the 16th highest-grossing tour of 2014, earning Sixty-Two Million Nine Hundred Thousand Dollars ($62.9 million).[32]   ***See* Exhibit F.**

---

[25] Associated Press, "MTV declares Miley Cyrus its artist of the year," *The San Diego Union-Tribune*, December 9, 2013.

[26] Lee, Ashley (February 6, 2014). "Miley Cyrus' Uncensored 'MTV Unplugged' Performance Released," *The Hollywood Reporter*, retrieved February 6, 2014.

[27] *Id.*

[28] Farber, Jim, "Bangerz Tour is Campy and Surreal," *New York Daily News*, April 4, 2014, retrieved July 31, 2014; Deen, Sarah, "Miley Cyrus Bangerz tour kicks off in Canada: 11 weird moments from the first show," *Metro Canada*, February 15, 2014.

[29] Oldenburg, Ann, "Miley will be less sexual at 40, 'maybe'," *USA Today*, October 7, 2013, retrieved October 9, 2013.

[30] Jones, Rhian, "Live Nation and AEG in bidding war for Miley Cyrus' tour – report," *Music Week*, October 28, 2013.

[31] MileyCyrus.com, "Miley To Launch Bangerz Tour on Valentine's Day 2014," *MileyCyrus.com*, November 6, 2013, retrieved November 6, 2013.

[32] Statistic Brain, "Miley Cyrus Career Album Sale Statistics," *Statistic Brain*, October 28, 2013, https://www.statisticbrain.com/miley-cyrus-career-album-sale-statistics/.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

130.   That at all relevant times herein mentioned, and upon information and belief, tickets for the highly lucrative tour became available for purchase on November 16, began at the Rogers Arena in Vancouver on February 14, 2014[33] and concluded on October 23 at the Perth Arena in Perth, Australia.[34] In addition, Defendants sold DVDs of the tour, which were officially released on or about March 23, 2015. *See* id.

131.   That at all relevant times herein mentioned, and upon information and belief, in furtherance of Defendant Cyrus' expanding exposure, a two-hour television special titled: "Miley Cyrus: Bangerz Tour" was filmed during Defendant Cyrus' performances in Barcelona, Spain and Portugal, and was broadcast on July 6, 2014 on NBC in the United States.[35]

132.   That at all relevant times herein mentioned, and upon information and belief, Defendant Cyrus' album *Bangerz*, for which "*We Can't Stop*" is the lead single, has been certified 2x Double-Platinum by the RIAA with over two-million (2,000,000) certified units sold in the United States. Additionally, *Bangerz* has sold over four million five hundred thousand (4,500,000) units worldwide.[36] "*We Can't Stop*" has proven to be such a hitmaker and popular song for the Defendants that it is routinely performed by Defendant Cyrus, to present date, as part of her repertoire in live performances and promotional appearances.

133.   That upon information and belief, Defendant Cyrus has previously been accused of creative misappropriation. Defendant Cyrus and L.A. rock band Lustra had a feud after the band accused her hit song "Rockstar" was a copy of their song "Scotty Doesn't Know."

---

[33] *Id.*
[34] Just Announced! European Dates of Miley's Bangerz Tour". MileyCyrus.com. December 9, 2013. Retrieved December 9, 2013.
[35] *Id.*
[36] Lansky, Sam, "Miley Cyrus' "We Can't Stop": Hear Her Comeback Single Here," *Idolator. Spin Media*, June 3, 2013, retrieved April 20, 2014.

Meanwhile, the teen sensation refuses to be held responsible for the band's accusation, stating that she's not the one who wrote the song. [37]

134.    That upon information and belief, Lustra offered a few promotional solutions, none of which were accepted. Lustra's guitarist Nick Cloutman also explained that they don't actually mind having any of their songs used by Defendant Cyrus as long as they would get a credit for it.[38] "We could share even more of our songs with Ms. Cyrus, just as long as we get credit for it, which is what we have wanted all along."[39] In her defense, Cyrus' spokesperson denied she wrote the song, "She doesn't write the songs – she sings them. We have referred this to Disney."[40]

135.    That at all relevant times herein mentioned, and upon information and belief, since the release of her breakout single, "*We Can't Stop*," Defendant Cyrus has continued her highly-lucrative nation-wide travel and tour circuit during which she performs the hit song. For example, on October 10, 2017 Defendant Cyrus performed the song on The Late Show with James Corden "Carpool Karaoke"; on May 26, 2017 she performed the song on the Today Show; on June 17, 2017 she performed the song during the Kiss 108 Concert in Mansfield, Massachusetts; on June 10, 2017 she performed the song at the iHeart Summer '17 Concert in Miami; on May 13, 2017 she perfumed the song at Kiss FM's Wango Tango Fest; December 5, 2015 she performed the song in concert in Philadelphia, Pennsylvania with "Her Dead Petz" presentation; December 25, 2015 she performed the song in concert in Vancouver; May 14, 2015 she performed the song in New York City at Adult Swim Upfront Concert.

---

[37] Aceshowbiz, "Miley Cyrus to End Song Feud With Lustra," *Aceshowbiz.com*, May 28, 2008, https://www.aceshowbiz.com/news/view/00016122.html.
[38] *Id.*
[39] *Id.*
[40] *Id.*

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement against All Defendants)

136.    Plaintiff repeats, reiterates, re-asserts, re-alleges and restates each and every allegation and factual allegation set forth in paragraphs of the Complaint numbered "1" to "135" with the same force and effect as if more fully set forth at length herein.

137.    That at all relevant times herein mentioned, Plaintiff's May's original, creative and unique composition *"We Run Things"* contains copyrightable subject matter under the copyright laws of the United States.

138.    That at all relevant times herein mentioned, Plaintiff May was/is the owner of the copyright to "We Run Things" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

139.    That at all relevant times herein mentioned, Plaintiff May's original, creative and unique lyrical phrase "We run things. Things no run we. Anything we do haffi done properly", along with the vocal/lyrical sequence/cadence/inflection/rhythm of his words indicating a theme of being in control, as detailed above, is properly the subject of copyright protection.

140.    That at all relevant times herein mentioned, among the exclusive rights granted to each Plaintiff May under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and prepare derivative works.

141.    That at all relevant times herein mentioned, and upon information and belief, Defendants have continued to copy and publicly perform Plaintiff May's copyrighted material. Defendants have further authorized the making or distribution of singles, albums, records, CDs, and/or DVD performances and the like, substantially utilizing Plaintiff's copyrighted material in and as part of Defendants' *"We Can't Stop"* throughout the world.

39

142.     That at all relevant times herein mentioned, and upon information and belief, Defendants' exploitation of Plaintiff May's "*We Run Things*" was made without Plaintiff's knowledge or consent and constitutes a brazen violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

143.     That at all relevant times herein mentioned, and upon information and belief, Defendants' foregoing acts of infringement have been willful, intentional, in disregard for and indifferent to Plaintiff May's rights herein.

144.     That at all relevant times herein mentioned, and upon information and belief, Defendants have profited substantially from their infringing activities, have collected, and continue to collect fees and royalties from the sale of the infringing work and/or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiff May. Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities, whether or not collected and retained by them, as practical partners.

145.     That at all relevant times herein mentioned, and upon information and belief, Defendant SME was/is contractually engaged in the production, manufacture and world-wide distribution of music works written and/or produced by Defendant Cyrus and her contracted third-party collaborators/songwriters/producers including, but not limited to, Defendants Theron, Timothy and Mike will herein, under and pursuant to her artist-label relationship with RCA and/or Defendant SME including, but not limited to, Defendants' *"We Can't Stop."*

146.     That at all relevant times herein mentioned, and upon information and belief, Plaintiff May's work was misappropriated by Defendants without the opportunity for Plaintiff May to agree to confer the benefit of consent to Defendants to copy, use, take, implement and/or

40

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

create derivative songs/lyrics/works from Plaintiff May's unique, original and creative copyrighted work "*We Run Things*."

147.    That at all relevant times herein mentioned, and upon information and belief, Defendants SME, SMI and/or Rudolph knew or should have known of Defendant Cyrus' collaboration with Defendants Mike Will, Timothy and Theron, in the writing, creation and production of Defendants' *"We Can't Stop"*, and that it contained, took, used and implemented Plaintiff May's original, unique and creative protected lyrics/music/content without Plaintiff May's knowledge, consent, permission and authority, and, without due and lawful credit and compensation to Plaintiff May for same.

148.    That at all relevant times herein mentioned, and upon information and belief, as a direct result of the writing, creation, production, release, marketing, promoting, sales, performances and distribution of Defendants' *"We Can't Stop"*, the Defendants herein received and accepted, and continue to receive and accept to present date, financial enrichment, financial gains, financial profits, monies, income and/or revenues from the writing, production, sale and world-wide distribution of Defendants' "We Can't Stop", and, further receive and continue to receive same unjustly and to the financial detriment and expense of Plaintiff May as set forth herein.

149.    That at all relevant times herein mentioned, and upon information and belief, Defendant SME was/is contractually, professionally and financially enriched by the musical works written, conceptualized, produced and/or performed by Defendants.

150.    That at all relevant times herein mentioned, and upon information and belief, the Defendants knew and/or should have known of the substantial similarities with the lyrics and accompanying vocal melody/cadence/inflection/rhythm of and between Plaintiff May's "*We Run*

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Things. Things No Run We" and* Defendants' "We run things. Things don't run we" that is contained in, used in, taken and implemented by Defendants in Defendants' *"We Can't Stop."*

151.    That at all relevant times herein mentioned, and upon information and belief, the Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured and sold "We Can't Stop" to the complete contractual, professional and financial exclusion, detriment and expense of Plaintiff May as set forth herein.

152.    That at all relevant times herein mentioned, and upon information and belief, the Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured, sold and/or performed Defendants' *"We Can't Stop"* in a total exclusionary fashion and at his expense and to the Defendants' unjust enrichment, and, contrary to Plaintiff May's exclusive rights to reproduce and distribute the copyrighted materials to the public and to authorize derivative works under copyright law to/for Plaintiff's own benefit/financial benefit.

153.    That at all relevant times herein mentioned, and upon information and belief, the Defendants have continued to release, promote, market, distribute, manufacture, sell and/or perform *"We Can't Stop,"* while unjustly receiving, and continuing to receive to present date, perpetual financial unjust enrichment from Plaintiff May's unique, creative, original and copyrighted material at Plaintiff May's expense and to his financial detriment.

154.    That at all relevant times herein mentioned, and upon information and belief, the Defendants have continued to further authorize and execute the manufacturing of and world-wide distribution of all medium formats of Defendants' *"We Can't Stop"* including, but not limited to, -singles, albums, records, CDs, and/or DVD performances and the like, substantially

42

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

utilizing, taking and misappropriating Plaintiff's unique, original, creative and copyrighted material in and as part of Defendants' *"We Can't Stop"* throughout the world to present date.

155.    That at all relevant times herein mentioned, and upon information and belief, Plaintiff May's work was misappropriated by Defendants without the opportunity for Plaintiff May to agree to confer the benefit of consent to Defendants to copy, use, take, implement and/or create derivative songs/lyrics/works from Plaintiff May's unique, original and creative copyrighted work *"We Run Things*."

156.    That at all relevant times herein mentioned, and upon information and belief, Defendants SME, SMI and/or Rudolph knew or should have known of Defendant Cyrus' collaboration with Defendants Mike Will, Timothy and Theron, in the writing, creation and production of Defendants' *"We Can't Stop",* and that it contained, took, used and implemented Plaintiff May's original, unique and creative protected lyrics/music/content without Plaintiff May's knowledge, consent, permission and authority, and, without due and lawful credit and compensation to Plaintiff May for same.

157.    That at all relevant times herein mentioned, and upon information and belief, as a direct result of the writing, creation, production, release, marketing, promoting, sales, performances and distribution of Defendants' *"We Can't Stop",* the Defendants herein received and accepted, and continue to receive and accept to present date, financial enrichment, financial gains, financial profits, monies, income and/or revenues from the writing, production, sale and world-wide distribution of Defendants' "We Can't Stop", and, further receive and continue to receive same unjustly and to the financial detriment and expense of Plaintiff May as set forth herein.

43

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

158.    That at all relevant times herein mentioned, and upon information and belief, Defendant SME was/is contractually, professionally and financially enriched by the musical works written, conceptualized, produced and/or performed by Defendants.

159.    That at all relevant times herein mentioned, and upon information and belief, the Defendants knew and/or should have known of the substantial similarities with the lyrics and accompanying vocal melody/cadence/inflection/rhythm of and between Plaintiff May's "*We Run Things. Things No Run We*" *and* Defendants' "We run things. Things don't run we" that is contained in, used in, taken and implemented by Defendants in Defendants' "*We Can't Stop.*"

160.    That at all relevant times herein mentioned, and upon information and belief, the Defendants knew of Plaintiff May, knew of Plaintiff May's original, unique and creative lyrics, to wit: "We run things. Things no run we", and, knew of Plaintiff May's 1988 song entitled "We Run Things" containing the foregoing infringed upon lyrics/lyrical content, when the Defendants took, used, implemented, misappropriated same and intentionally placed same in the repeated chorus of Defendants' "*We Can't Stop*" and when they wrote, created, composed, produced, cleared, approved, released, marketed, promoted, manufactured, distributed, sold and performed Defendants' "*We Can't Stop*".

161.    That at all relevant times herein mentioned, and upon information and belief, the Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured and sold "We Can't Stop" to the complete contractual, professional and financial exclusion, detriment and expense of Plaintiff May as set forth herein.

162.    That at all relevant times herein mentioned, and upon information and belief, the Defendants wrote, created, produced, composed, cleared, approved, released, promoted, marketed, distributed, manufactured, sold and/or performed Defendants' "*We Can't Stop*" in a

44

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

total exclusionary fashion and at his expense and to the Defendants' unjust enrichment, and, contrary to Plaintiff May's exclusive rights to reproduce and distribute the copyrighted materials to the public and to authorize derivative works under copyright law to/for Plaintiff's own benefit/financial benefit.

163.    That at all relevant times herein mentioned, and upon information and belief, the Defendants have continued to release, promote, market, distribute, manufacture, sell and/or perform *"We Can't Stop,"* while unjustly receiving, and continuing to receive to present date, perpetual financial unjust enrichment from Plaintiff May's unique, creative, original and copyrighted material at Plaintiff May's expense and to his financial detriment.

164.    That at all relevant times herein mentioned, and upon information and belief, the Defendants have continued to further authorize and execute the manufacturing of and world-wide distribution of all medium formats of Defendants' *"We Can't Stop"* including, but not limited to: singles, albums, records, CDs, and/or DVD performances and the like, substantially utilizing, taking and misappropriating Plaintiff's unique, original, creative and copyrighted material in and as part of Defendants' *"We Can't Stop"* throughout the world to present date.

165.    That at all relevant times herein mentioned, and upon information and belief, Defendants have willfully and intentionally continued to receive unjust financial enrichment from its perpetual exploitation of Plaintiff May's *"We Run Things"* without Plaintiff's knowledge or consent, at his expense and to his financial detriment which constitutes a violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

166.    That at all relevant times herein mentioned, and upon information and belief, Defendants' foregoing acts of infringement have been willful and intentional and in deliberate disregard for Plaintiff May's rights granted under copyright law.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

167. That at all relevant times herein mentioned, and upon information and belief, Defendants have been and continue to be unjustly enriched with millions of dollars in revenues and royalties garnered in the world-wide production and world-wide distribution of Defendants' "We Can't Stop" at Plaintiff's expense, to his financial detriment and in violation of his rights under copyright law.

168. That at all relevant times herein mentioned, and upon information and belief, it is against equity and good conscience to permit the Defendants herein to retain the ill-obtained financial unjust enrichments gained and received by Defendants and sought by Plaintiff May for recovery under this action herein.

169. That at all relevant times herein mentioned, as a result of Defendants' willful infringement of Plaintiff May's copyrights and exclusive rights under copyright, Plaintiff May is entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c), and/or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiff May's election, and such other relief as is provided by laws. Plaintiff May is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

170. That at all relevant times herein mentioned, and upon information and belief, the conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff May great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff May has no adequate remedy at laws.

171. That at all relevant times herein mentioned, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff May is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiff's exclusive rights.

172.    That at all relevant times herein mentioned, Plaintiff May is entitled to damages including, but not limited to, the disgorgement of profits received from the creation of, production of, marketing of, promoting of, releasing of, selling of, manufacture of, world-wide sale of, world-wide distribution of and world-wide performance by Defendants of "*We Can't Stop*" which unlawfully uses, takes and misappropriates Plaintiff May's original, creative and unique copyrighted lyrics.

## PLAINTIFF DEMANDS TRIAL BY JURY

173.    Plaintiff May respectfully demands and requests a trial by jury in the within action.

**WHEREFORE,** Plaintiff MICHAEL MAY prays for relief as follows:

1.    For a judicial determination that Plaintiff's copyright has been infringed upon by Defendants;

2.    For injunctive relief against Defendants, jointly and severally, enjoining Defendants from continuing to infringe on Plaintiff's copyright/protected content/lyrics including, but not limited to, enjoining Defendants from releasing, selling, distributing and/or performing "We Can't Stop" in any forum, fashion or manner;

3.    For damages against Defendants, jointly and severally, in such amount as may be found, or as otherwise permitted by laws;

4.    For attorney's fees and costs pursuant to 17 U.S.C. §505; and

5.    For any such other and further relief as the Court may deem just and proper.

Dated: May 25, 2018

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Respectfully Submitted By:

Gary, Williams, Parenti, Watson & Gary, PLLC

/s/ Willie E. Gary, Esq.
/s/ Loreal McDonald, Esq.
/s/ Larry A. Strauss, Esq.
/s/ Victor Gregory Swift, Esq.
Attorneys for Plaintiff MICHAEL MAY
*Pro Hac Vice*
221 S. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260
WEG@williegary.com

Drummond & Squillace, PLLC

/s/ Stephen L. Drummond, Esq. (SLD 7359)
/s/ JoAnn Squillace, Esq. (JS 4217)
Drummond & Squillace, PLLC
Attorneys for Plaintiff MICHAEL MAY
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050
(718) 298-5554(fax)
sdrummond@dswinlaw.com
jsquillace@dswinlaw.com

Carol Green von Kaul, P.A.

/s/ Carol N. Green, Esq. (CG 1102)
Carol Green von Kaul, P.A.
Attorneys for Plaintiff MICHAEL MAY
150 NW 70th Avenue, Suite 4
Plantation, Florida 33317
(954) 692-6026
cgreen@vonkaul.legal

Garth Alexander Clarke, Esq.

/s/ Garth A. Clarke, Esq.
Attorneys for Plaintiff MICHAEL MAY
*Pro Hac Vice*
145 Canal Street
Shelton, Connecticut 06484
(202) 286-6829; garthclarke@yahoo.com

48

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

**ATTORNEY'S VERIFICATION**

WILLIE E. GARY, ESQ., an attorney duly admitted to practice *Pro hac Vice* before this Honorable Court of this Honorable District, the Southern District of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.    I am an attorney at GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC, attorneys of record for Plaintiff Michael May and I am admitted as counsel herein for Plaintiff *Pro Hac Vice*. I have read the annexed **SECOND AMENDED COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.    This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:    Stuart, Florida
            May 25, 2018

/s/ WILLIE E. GARY, ESQ.

49

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Docket No.: 18 CV 2238 (LAK)(RWL)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------------------------X

MICHAEL MAY a.k.a. FLOURGON, an individual,

Plaintiff,

-against-

SONY MUSIC ENTERTAINMENT, a Delaware General Partnership, DESTINY HOPE CYRUS a.k.a. MILEY RAY CYRUS, an individual, SMILEY-MILEY, INC., a Tennessee corporation, THERON THOMAS, an individual, TIMOTHY THOMAS, an individual, MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL MADE IT/ MIKE WILL MADE-IT/MIKE WILL, an individual, and LARRY RUDOLPH, an individual,

Defendants.

-------------------------------------------------------------------------------------------------------------X

## SECOND AMENDED COMPLAINT AND JURY DEMAND

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC

### DRUMMOND & SQUILLACE, PLLC

### CAROL GREEN VON KAUL, P.A.

### GARTH ALEXANDER CLARKE, ESQ.

*Attorneys for Plaintiff MICHAEL MAY a/k/a FLOURGON*

50

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit G-3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

MICHAEL MAY a.k.a. FLOURGON,

               Plaintiff,

    - against -

SONY MUSIC ENTERTAINMENT; DESTINY
HOPE CYRUS a.k.a. MILEY RAY CYRUS;
SMILEY MILEY, INC.; THERON THOMAS;
TIMOTHY THOMAS; MICHAEL LEN
WILLIAMS II a.k.a. MIKE WILL MADE IT/
MIKE WILL; and LARRY RUDOLPH,

               Defendants.

--------------------------------------------------- x

Case No. 1:18-cv-02238 (LAK) (RWL)

Honorable Robert W. Lehrburger

**STIPULATION OF
DISCONTINUANCE**

      **IT IS HEREBY STIPULATED AND AGREED,** by and between plaintiff Michael May

a.k.a. Flourgon ("Plaintiff"), on the one hand, and defendants Sony Music Entertainment, Destiny

Hope Cyrus a.k.a. Miley Ray Cyrus, Smiley Miley, Inc., Theron Thomas, Timothy Thomas,

Michael Len Williams II a.k.a. Mike Will Made It / Mike Will, and Larry Rudolph (collectively,

"Defendants"), on the other hand, and their respective undersigned counsel, that this action shall

be discontinued with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, with each party to bear its or his own costs and attorneys' fees.

Dated: December 20, 2019

Respectfully submitted,

DRUMMOND & SQUILLACE PLLC

_Mun Squillace_

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

_James Rosenfeld_ ms

JoAnn Squillace
Stephen Drummond
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Telephone: (718) 298-5050
Email: jsquillace@dswinlaw.com
      sdrummond@dswinlaw.com

*Counsel for Plaintiff*

Marcia B. Paul
James Rosenfeld
Meredith I. Santana
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Email: marciapaul@dwt.com
      jamesrosenfeld@dwt.com
      meredithsantana@dwt.com

*Counsel for Defendants*

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-1



# 3:14cv623, Cruz V. Rca Record Label Et Al

US District Court Docket

United States District Court, Tennessee Middle

(Nashville)

**This case was retrieved on <span style="color:red">10/31/2023</span>**

## Header

**Case Number:** 3:14cv623
**Date Filed:** 03/10/2014
**Assigned To:** District Judge Aleta A. Trauger
**Referred To:** Magistrate Judge E. Clifton Knowles
**Nature of Suit:** Copyrights (820)
**Cause:** Copyright Infringement
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Closed
**Closed:** 09/15/2015
**Statute:** 17:0101
**Jury Demand:** None
**Demand Amount:** $0
**NOS Description:** Copyrights

## Participants

### Litigants

Jamie Cruz
**Plaintiff**

### Attorneys

Jamie Cruz
PRO SE

#5474 10745 Route 18
Albion, PA  16475
USA

RCA Record label
[Terminated: 08/24/2015]
**Defendant**

Chris L. Vlahos
ATTORNEY TO BE NOTICED
Ritholz Levy Fields, LLP
131 South 11th Street
Nashville, TN  37206
USA
(615) 250-3939 Email:Cvlahos@rlfllp.Com

Elizabeth O. Gonser
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Egonser@rjfirm.Com

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

## Litigants

## Attorneys

John R. Jacobson
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Email:Jjacobson@rjfirm.Com

Timothy L. Warnock
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Twarnock@loeb.Com

Big Machin Record label
[Terminated: 08/24/2015]
**Defendant**

Chris L. Vlahos
ATTORNEY TO BE NOTICED
Ritholz Levy Fields, LLP
131 South 11th Street
Nashville, TN  37206
USA
(615) 250-3939 Email:Cvlahos@rlfllp.Com

Elizabeth O. Gonser
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Egonser@rjfirm.Com

John R. Jacobson
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Email:Jjacobson@rjfirm.Com

Timothy L. Warnock
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Twarnock@loeb.Com

MTV Network
[Terminated: 08/24/2015]
**Defendant**

Chris L. Vlahos
ATTORNEY TO BE NOTICED
Ritholz Levy Fields, LLP
131 South 11th Street
Nashville, TN  37206
USA
(615) 250-3939 Email:Cvlahos@rlfllp.Com

Elizabeth O. Gonser
ATTORNEY TO BE NOTICED

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| Litigants | Attorneys |
|---|---|
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Fax: (615) 320-3737 |
| | Email:Egonser@rjfirm.Com |
| | |
| | John R. Jacobson |
| | ATTORNEY TO BE NOTICED |
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Email:Jjacobson@rjfirm.Com |
| | |
| | Timothy L. Warnock |
| | ATTORNEY TO BE NOTICED |
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Fax: (615) 320-3737 |
| | Email:Twarnock@loeb.Com |
| VH1 Network | Chris V. Vlahos |
| [Terminated: 08/24/2015] | ATTORNEY TO BE NOTICED |
| **Defendant** | Ritholz Levy Fields, LLP |
| | 131 South 11th Street |
| | Nashville, TN  37206 |
| | USA |
| | (615) 250-3939 Email:Cvlahos@rlfllp.Com |
| | |
| | Elizabeth O. Gonser |
| | ATTORNEY TO BE NOTICED |
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Fax: (615) 320-3737 |
| | Email:Egonser@rjfirm.Com |
| | |
| | John R. Jacobson |
| | ATTORNEY TO BE NOTICED |
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Email:Jjacobson@rjfirm.Com |
| | |
| | Timothy L. Warnock |
| | ATTORNEY TO BE NOTICED |
| | Riley, Warnock & Jacobson |
| | 1906 West End Avenue |
| | Nashville, TN  37203 |
| | USA |
| | (615) 320-3700 Fax: (615) 320-3737 |
| | Email:Twarnock@loeb.Com |
| Miley Cyrus | Chris L. Vlahos |
| (Musical artist) | | ATTORNEY TO BE NOTICED |
| [Terminated: 08/24/2015] | Ritholz Levy Fields, LLP |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

## Litigants

## Attorneys

**Defendant**

131 South 11th Street
Nashville, TN  37206
USA
(615) 250-3939 Email:Cvlahos@rlfllp.Com

Elizabeth O. Gonser
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Egonser@rjfirm.Com

John R. Jacobson
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Email:Jjacobson@rjfirm.Com

Timothy L. Warnock
ATTORNEY TO BE NOTICED
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN  37203
USA
(615) 320-3700 Fax: (615) 320-3737
Email:Twarnock@loeb.Com

Mike Will I Made It
**Defendant**

## Proceedings

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 02/04/2014 | COMPLAINT against All Defendants, filed by Jamie Cruz.(aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 2 | 02/04/2014 | MOTION for Leave to Proceed in forma pauperis by Jamie Cruz.(aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 3 | 02/04/2014 | PRISONER AUTHORIZATION by Jamie Cruz allowing prison to submit copy of prisoner's trust fund account to the court, and approving the entire filing fee to be deducted from prisoner inmate account. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 4 | 02/04/2014 | PRO SE LETTER ISSUED w/ Notice & Consent Form. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 5 | 02/04/2014 | STANDING PRACTICE ORDER issued and sent to Plaintiff. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 6 | 02/04/2014 | ADMINISTRATIVE ORDER sent to Prison Superintendent. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
|   | 02/04/2014 | DOCKET ANNOTATION: Original paperwork forwarded to Chambers. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/04/2014) | |
| 9 | 02/07/2014 | EXHIBITs filed by Jamie Cruz. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/14/2014) | |
| 7 | 02/11/2014 | AO 121 sent to Copyright Office with Complaint and Docket Sheet. (aaa) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/11/2014) | |
| 8 | 02/11/2014 | REPORT AND RECOMMENDATION - The plaintiffs motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. Since the complaint reveals that venue does not lie in this district, it is recommended that the Court enter an order pursuant to 28 U.S.C. § 1406, transferring this matter to the United States District Court for the Middle District of Tennessee, which clearly has venue over the matters set forth in the complaint. It is further recommended that this matter be resolved through a transfer order, rather than an order dismissing the action, since such a transfer order avoids any unintendedprejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. Objections to R&R due by 2/28/2014. Signed by Magistrate Judge Martin C. Carlson on February 11, 2014. (kjn) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/11/2014) | |
| 10 | 02/18/2014 | Letter from Jamie Cruz, Re: Evidence Supporting Claim. (ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/18/2014) | |
| 11 | 02/18/2014 | Letter from Jamie Cruz, Re: Request status of case. (ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/18/2014) | |
| 12 | 02/20/2014 | MOTION for Conference with Counsel by Jamie Cruz.(ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/20/2014) | |
| 13 | 02/20/2014 | BRIEF IN SUPPORT re 12 MOTION for Conference with Counsel filed by Jamie Cruz.(ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/20/2014) | |
| 14 | 02/24/2014 | Document filed, Entitled: "Report and Background" by Jamie Cruz.. (ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/24/2014) | |
| 15 | 02/24/2014 | LETTER/MOTION for Extension of Time of Two Weeks to file Additional documents by Jamie Cruz.(ga) Modified on 2/24/2014 (ga). [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/24/2014) | |
| 16 | 02/28/2014 | Letter from Jamie Cruz to The Counnsel of RCA Records (ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/28/2014) | |
| 17 | 02/28/2014 | REQUEST for Status of Case and Documents by Jamie Cruz. (ga) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 02/28/2014) | |
|   | 03/05/2014 | Receipt of payment from JAMIE CRUZ in the amount of $0.17 for PLRA CIVIL FILING FEE. Transaction posted on 3/4/2014. Receipt number 333036363 processed by tscott. (jjs, ) [Transferred from Pennsylvania Middle on 3/10/2014.] (Entered: 03/05/2014) | |
| 18 | 03/07/2014 | ORDER 1. The Report and Recommendation of Magistrate Judge Carlson (Doc.8) is ADOPTED in its entirety. 2. Plaintiffs motion to proceed in forma pauperis (Doc. 2 ) is GRANTED. 3. The Clerk of Court shall TRANSFER this matter to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1406. The Clerk of Court is directed to CLOSE the file on this case.(eo) [Transferred from Pennsylvania Middle on 3/10/2014.] | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | (Entered: 03/07/2014) | |
| 20 | 03/07/2014 | Letter from Jamie Cruz regarding case transfer. Docket Sheet mailed to Plaintiff on this date. (afs) (Entered: 03/12/2014) | |
| 19 | 03/10/2014 | Case transferred in from the District of Pennsylvania Middle; Case Number 1:14-cv-00186. Original file certified copy of transfer order and docket sheet received. (Entered: 03/10/2014) | |
| 21 | 03/17/2014 | Argument, Briefing, Recommendation and Motion by Jamie Cruz. (afs) (Entered: 03/18/2014) | |
| 22 | 03/20/2014 | ORDER: This case is referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72, FED.R.CIV.P. It is so ORDERED. Signed by District Judge Aleta A. Trauger on 3/19/14. (xc:Pro se party by regular and certified mail.) (afs) (Entered: 03/20/2014) | |
| 23 | 03/20/2014 | CERTIFIED MAIL RECEIPT re 22 Order(afs) (Entered: 03/20/2014) | |
| 24 | 03/26/2014 | ORDER: The Clerk shall file this letter as part of the record in this case. The Clerk is further directed to furnish to counsel for all parties a copy of the letter and this Order. Signed by District Judge Aleta A. Trauger on 3/26/14. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(dt) (Entered: 03/26/2014) | |
| 25 | 03/26/2014 | Letter from Jamie Cruz Sr. (dt) (Main Document 25 replaced on 3/27/2014) (dt). Modified Text on 3/27/2014 (dt). (Entered: 03/26/2014) | |
| 26 | 03/26/2014 | ORDER: The Clerk is directed to send the Plaintiff a service packet [a blank summons and USM-285 form] for each Defendant named in this action. The Plaintiff shall complete the service packets and return them to the Clerk's Office within 30 days of receipt of this Order. Once the service packets have been returned to the Clerks Office, process shall issue to the Defendants. Upon completion of service of process, an appropriate scheduling order will be entered for the progression of this case. Signed by Magistrate Judge E. Clifton Knowles on 3/26/14. (xc:Pro se party w/ summons and USM forms by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(dt) Modified Text on 3/26/2014 (dt). Modified Text on 3/27/2014 (dt). (Entered: 03/26/2014) | |
| 27 | 03/26/2014 | CERTIFIED MAIL RECEIPT re 26 Order, 25 Letter and 24 Order. (dt) (Entered: 03/27/2014) | |
| 28 | 03/27/2014 | ORDER: The Clerk shall file this "Motion and Brief in Support ofMotion" as part of the record in this case. The Clerk is further directed to furnish to counsel for all parties a copy of the Motion And Brief in Support of Motion and this Order. Signed by District Judge Aleta A. Trauger on 3/26/14. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(dt) (Entered: 03/27/2014) | |
| 29 | 03/27/2014 | MOTION and Brief in support of Motion by Jamie Cruz. (dt) (Entered: 03/27/2014) | |
| 30 | 03/28/2014 | GREEN CARD RETURNED Executed as to 22 Order. (af) (Entered: 03/28/2014) | |
| 31 | 03/28/2014 | CERTIFIED MAIL RECEIPT re 28 Order and 29 Motion.(dt) (Entered: 03/28/2014) | |
| 32 | 03/31/2014 | NOTICE of Filing: Motion, Brief and Complaint by Jamie Cruz (afs) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | (Entered: 04/01/2014) | |
| 33 | 04/07/2014 | Certified return receipt card to Jamie Cruz returned 4/7/14 as to DE#28 and 29 ; signed by Jamie Cruz on 4/1/14. (afs) (Entered: 04/08/2014) | |
| 34 | 04/07/2014 | Certified return receipt card to Jamie Cruz returned 4/7/14 as to DE#24 ; signed by Jamie Cruz on 4/1/14. (afs) (Entered: 04/08/2014) | |
| 35 | 04/07/2014 | Summons issued as to Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. Forwarded to USMS for service. (afs) (Entered: 04/10/2014) | |
| 36 | 04/16/2014 | MOTION to Appoint Counsel by Jamie Cruz. (afs) (Entered: 04/16/2014) | |
| 37 | 04/18/2014 | ORDER denying 36 Motion to Appoint Counsel. Signed by Magistrate Judge E. Clifton Knowles on 4/18/14. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(dt) (Entered: 04/18/2014) | |
| 38 | 04/18/2014 | CERTIFIED MAIL RECEIPT re 37 Order. (dt) (Entered: 04/18/2014) | |
| 39 | 04/24/2014 | SUMMONS returned executed Big Machin Record label served on 4/18/2014. (afs) (Entered: 04/28/2014) | |
| 40 | 04/28/2014 | Certified return receipt card to Jamie Cruz returned 4/28/14 as to DE# 37 ; signed by Jamie Cruz on 4/22/14. (afs) (Entered: 04/29/2014) | |
| 41 | 05/01/2014 | Letter from Jamie Cruz. (afs) (Entered: 05/02/2014) | |
| 42 | 05/06/2014 | MOTION for Extension of Time to File Answer re 1 Complaint , to Move or to Otherwise Respond by Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Warnock, Timothy) (Entered: 05/06/2014) | |
| 43 | 05/07/2014 | ORDER granting 42 Motion for Extension of Time to Answer re 1 Complaint Miley Cyrus answer due 6/13/2014; MTV Network answer due 6/13/2014; RCA Record label answer due 6/13/2014; VH1 Network answer due 6/13/2014. Signed by Magistrate Judge E. Clifton Knowles on 5/7/14. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 05/07/2014) | |
| 44 | 05/08/2014 | CERTIFIED MAIL RECEIPT re 43 Order (afs) (Entered: 05/08/2014) | |
| 45 | 05/12/2014 | NOTICE of Appearance by Elizabeth O. Gonser on behalf of Miley Cyrus, MTV Network, RCA Record label, VH1 Network (Gonser, Elizabeth) (Entered: 05/12/2014) | |
| | 05/14/2014 | BAR STATUS for Attorney Elizabeth O. Gonser of TN, verified as active on this date. (afs) (Entered: 05/14/2014) | |
| 48 | 05/14/2014 | SUMMONS returned executed VH1 Network served on 4/21/2014. (afs) (Entered: 05/15/2014) | |
| 49 | 05/14/2014 | SUMMONS returned executed as to MTV Network served on 4/21/2014. (afs) (Entered: 05/15/2014) | |
| 46 | 05/15/2014 | SUMMONS returned executed Miley Cyrus Accepted Service by Certified Service on 4/22/2014. (afs) (Main Document 46 replaced on 5/15/2014) (afs). (Entered: 05/15/2014) | |
| 47 | 05/15/2014 | SUMMONS returned executed RCA Record label Accepted Service by Certified Mail on 4/22/2014. (afs) (Entered: 05/15/2014) | |
| 50 | 05/15/2014 | Letter from Jamie Cruz to Judge Knowles. (afs) (Entered: 05/16/2014) | |
| 51 | 05/21/2014 | ORDER: For the foregoing reasons, the instant Motion (Docket No. 21 ) is DENIED. IT IS SO ORDERED. Signed by Magistrate Judge E. Clifton Knowles on 5/21/14. (xc:Pro se party by regular | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 05/21/2014) | |
| 52 | 05/21/2014 | ORDER: For the foregoing reasons, the instant Motion 29 is DENIED. Signed by Magistrate Judge E. Clifton Knowles on 5/21/14. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 05/21/2014) | |
| 53 | 05/22/2014 | CERTIFIED MAIL RECEIPT re 51 Order 52 Order (afs) (Entered: 05/22/2014) | |
| 54 | 05/27/2014 | Letter from Jamie Cruz regarding status of case. (afs) (Entered: 05/28/2014) | |
| 55 | 06/02/2014 | GREEN CARD Executed as to 51 Order 52 Order (afs) (Entered: 06/03/2014) | |
| 56 | 06/12/2014 | MOTION to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment Unreported Cases)(Warnock, Timothy) (Entered: 06/12/2014) | |
| 57 | 07/07/2014 | RESPONSE to Motion re 56 MOTION to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law filed by Jamie Cruz. (afs) (Entered: 07/07/2014) | |
| 58 | 08/04/2014 | Letter from Jamie Cruz regarding response to motion. (afs) (Entered: 08/05/2014) | |
| | 08/05/2014 | Docket Sheet mailed to Plaintiff Cruz on this date. (afs) (Entered: 08/05/2014) | |
| 59 | 09/18/2014 | ORDER: Defendants shall file a Reply to Plaintiffs Response within fourteen (14) days after service of the instant Order. Signed by Magistrate Judge E. Clifton Knowles on 9/18/14. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 09/18/2014) | |
| 60 | 09/22/2014 | CERTIFIED MAIL RECEIPT re 59 Order (afs) (Entered: 09/22/2014) | |
| 61 | 09/24/2014 | MOTION To Receive All Documents pertaining to the song "We Can't stop such as Financial Records. by Jamie Cruz. (afs) (Entered: 09/24/2014) | |
| 62 | 09/24/2014 | MOTION to Add "Mike Make It" To the Docket as a New Defendant. (afs) (Entered: 09/24/2014) | |
| 63 | 10/02/2014 | REPLY to Response to Motion re 56 MOTION to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment Sony/ATV Music Publishing v. DJ Miller Music Distributors)(Warnock, Timothy) (Entered: 10/02/2014) | |
| 64 | 10/02/2014 | GREEN CARD RETURNED Executed as to Jamie Cruz re: 59 Order. (dt) (Entered: 10/03/2014) | |
| 65 | 10/06/2014 | Letter from Jamie Cruz regarding filing. (afs) (Entered: 10/07/2014) | |
| | 10/07/2014 | Docket Sheet mailed to Jamie Cruz. (afs) (Entered: 10/07/2014) | |
| 68 | 10/07/2014 | Letter from Jamie Cruz, regarding filing of new evidence. (Attachments: # 1 Attachment "New Evidence", # 2 Attachment Envelope)(afs) (Entered: 10/08/2014) | |
| 72 | 10/07/2014 | Letter from Jamie Cruz to Judge Trauger/Knowles. (afs) (Entered: 10/21/2014) | |
| 66 | 10/08/2014 | RESPONSE in Opposition re 61 MOTION to Receive All Documents filed by Big Machin Record label, Miley Cyrus, MTV | |

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Network, RCA Record label, VH1 Network. (Warnock, Timothy) (Entered: 10/08/2014) | |
| 67 | 10/08/2014 | RESPONSE in Opposition re 62 MOTION to Amend/Correct filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment Unreported Cases)(Warnock, Timothy) (Entered: 10/08/2014) | |
| 69 | 10/14/2014 | Letter from Jamie Cruz requesting copy of original complaint. (afs) (Entered: 10/15/2014) | |
| 70 | 10/16/2014 | MOTION to Stay Proceedings and MOTION for Leave to Amend. by Jamie Cruz. (afs) (Entered: 10/16/2014) | |
| 71 | 10/20/2014 | REPLY to Response to Motion 67 RESPONSE in Opposition re 62 MOTION to Amend/Correct filed by Jamie Cruz. (Attachments: # 1 Attachment Envelope)(afs) (Entered: 10/21/2014) | |
| 73 | 10/23/2014 | RESPONSE in Opposition re 70 MOTION to Stay MOTION for Leave to Amend filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Warnock, Timothy) (Entered: 10/23/2014) | |
| 74 | 10/24/2014 | PLAINTIFF'S REPLY to 66 Response in Opposition to Motion, filed by Jamie Cruz (afs) (Entered: 10/24/2014) | |
| 75 | 10/30/2014 | GREEN CARD RETURNED Executed as to 43 Order (afs) (Entered: 10/31/2014) | |
| 76 | 10/31/2014 | MOTION to Amend/Correct 1 Complaint by Jamie Cruz. (Attachments: # 1 Attachment Amended Complaint) (afs) (Entered: 11/03/2014) | |
| 77 | 11/03/2014 | CERTIFICATE OF SERVICE by Jamie Cruz re 76 MOTION to Amend/Correct 1 Complaint (afs) (Entered: 11/04/2014) | |
| 78 | 11/06/2014 | CROSS-REPLY to re 73 Response in Opposition to Motion filed by Miley Cyrus, Big Machin Record label, RCA Record label, VH1 Network, MTV Network. filed by Jamie Cruz (afs) (Entered: 11/07/2014) | |
| 79 | 11/13/2014 | RESPONSE in Opposition re 76 MOTION to Amend/Correct 1 Complaint  filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Warnock, Timothy) (Entered: 11/13/2014) | |
| 80 | 11/20/2014 | MOTION to Ascertain Status of Jamie Cruz re 62 , 61 , 76 , 70 by Jamie Cruz. (afs) (Entered: 11/21/2014) | |
| 81 | 12/04/2014 | Letter from Jamie Cruz Sr.. (afs) (Entered: 12/05/2014) | |
| 82 | 12/16/2014 | CROSS-REPLY filed by Jamie Cruz re 79 Response in Opposition to Motion filed by Miley Cyrus, Big Machin Record label, RCA Record label, VH1 Network, MTV Network. (afs) (Entered: 12/17/2014) | |
| 83 | 01/05/2015 | Letter from plaintiff Cruz re status of case (sent docket sheet). (af) (Entered: 01/05/2015) | |
| 84 | 01/20/2015 | Letter from Jamie Cruz. to Magistrate Judge Knowles. (afs) (Entered: 01/21/2015) | |
| 85 | 01/20/2015 | Letter from Jamie Cruz to Miley Cyrus. (afs) (Entered: 01/23/2015) | |
| 86 | 01/26/2015 | ORDER granting 76 Motion to Amend/Correct. Signed by Magistrate Judge E. Clifton Knowles on 1/26/15. (xc:Pro se party by regular mail w/service packet for added party and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 01/26/2015) | |
| 87 | 01/26/2015 | ORDER: For the foregoing reasons, the two Motions to Amend at issue (Docket Nos. 62 , 70 ), are DENIED AS MOOT. Plaintiffs "Motion to Stay Proceedings" is also DENIED AS MOOT. Signed by Magistrate Judge E. Clifton Knowles on 1/26/15. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 01/26/2015) | |
| 88 | 01/26/2015 | ORDER: This matter is before the Court upon Defendants' "Motion to Dismiss For Failure to State a Claim." Docket No. 56 . Since the filing of the Motion, the Court has granted Plaintiff leave to amend his Complaint. Docket No. 86 . Because the Motion to Dismiss was directed to Plaintiff's original Complaint, and because Plaintiff has now filed an Amended Complaint, the instant Motion is DENIED AS MOOT. Signed by Magistrate Judge E. Clifton Knowles on 1/26/15. (xc:Pro se party by regular and certified mail.)(afs) Modified on 1/27/2015 (afs). (Entered: 01/26/2015) | |
| 89 | 01/26/2015 | AMENDED COMPLAINT against Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network, Mike Will I Make It, filed by Jamie Cruz.(afs) Modified on 1/28/2015 (afs). (Entered: 01/26/2015) | |
| 90 | 01/26/2015 | Letter from Jamie Cruz. (afs) (Entered: 01/27/2015) | |
| 91 | 01/26/2015 | STATEMENT of facts. (afs) (Entered: 01/27/2015) | |
| 92 | 01/28/2015 | CERTIFIED MAIL RECEIPT re 86 Order on Motion to Amend/Correct, 87 ORDER 88 Order on Motion to Dismiss for Failure to State a Claim. (afs) Modified on 1/28/2015 (afs). Modified on 1/28/2015 (afs). (Entered: 01/28/2015) | |
| 93 | 02/09/2015 | MOTION to Dismiss for Failure to State a Claim  by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment Unreported Case Law)(Warnock, Timothy) (Entered: 02/09/2015) | |
| 94 | 02/09/2015 | GREEN CARD RETURNED Executed as to 87 Order 86 Order 88 Order (afs) (Entered: 02/10/2015) | |
| 95 | 02/09/2015 | Letter from Jamie Cruz to Judge Knowles. (afs) (Entered: 02/10/2015) | |
| 96 | 02/09/2015 | Brief and Motion to be Emergency Transferred to the State Correctional Institution at Albron in Pennsylvania. by Jamie Cruz. (Attachments: # 1 Attachment Proposed Order, # 2 Attachment Envelope)(afs) (Entered: 02/10/2015) | |
| 97 | 02/11/2015 | Letter from Jamie Cruz. (afs) (Entered: 02/12/2015) | |
| 98 | 02/12/2015 | ORDER: Motion 96 DENIED. Signed by Magistrate Judge E. Clifton Knowles on 2/12/15. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 02/12/2015) | |
| 99 | 02/12/2015 | CERTIFIED MAIL RECEIPT re 98 Order. (hb) (Entered: 02/12/2015) | |
| 100 | 02/19/2015 | Letter from Jamie Cruz. (afs) (Entered: 02/20/2015) | |
| 101 | 02/19/2015 | Letter from Jamiae Cruz regarding Summons. (afs) (Entered: 02/20/2015) | |
| | 02/19/2015 | SERVICE PACKET RECEIVED FROM Plaintiff on this date. Forms unreadable not sent from this Court. Forms returned to Plaintiff. (afs) (Entered: 02/20/2015) | |
| 102 | 02/23/2015 | Plaintiff's Jamie Cruz's MOTION for Additional Time To File Response/Reply as to 93 MOTION to Dismiss for Failure to State a Claim  by Jamie Cruz. (afs) (Entered: 02/24/2015) | |
| 103 | 02/23/2015 | GREEN CARD RETURNED Executed as to 98 Order (afs) (Entered: 02/24/2015) | |
| 104 | 02/26/2015 | NOTICE of forthcoming change of address, by Jamie Cruz (afs) (Entered: 02/27/2015) | |
| | 02/27/2015 | SERVICE PACKET RECEIVED from Plaintiff on this date. (afs) (Entered: 03/03/2015) | |
| 105 | 03/02/2015 | Summons issued as to Mike Will I Made It. Forwarded to USMS for service. (afs) (Entered: 03/03/2015) | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: ___

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 106 | 03/03/2015 | ORDER: Plaintiff shall have an additional 30 days to respond to Defendants' Motion to Dismiss. Signed by Magistrate Judge E. Clifton Knowles on 3/3/15. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 03/03/2015) | |
| | 03/03/2015 | Updated Docket Sheet Forwarded to Plaintiff on this date. (afs) (Entered: 03/03/2015) | |
| 107 | 03/09/2015 | NOTICE of Filing by RCA Record label of Declaration of Julie Shapiro (Attachments: # 1 Attachment Declaration of Julie Shapiro)(Warnock, Timothy) (Entered: 03/09/2015) | |
| 108 | 03/09/2015 | CERTIFIED MAIL RECEIPT re 106 Order (afs) (Entered: 03/10/2015) | |
| 109 | 03/10/2015 | CERTIFIED MAIL RECEIPT re 106 Order (afs) (Entered: 03/10/2015) | |
| | 03/10/2015 | DE 106 Mailed to Plaintiff at new address listed in DE 104 . (afs) (Entered: 03/10/2015) | |
| 110 | 03/16/2015 | Mail Returned as Undeliverable. Copy of docket sheet. Mail sent to Jamie Cruz (afs) (Entered: 03/17/2015) | |
| 111 | 03/19/2015 | GREEN CARD RETURNED Executed as to 106 Order (afs) (Entered: 03/20/2015) | |
| 112 | 03/23/2015 | MAIL RETURNED as to 106 Order. Mail sent to Jamie Cruz. (afs) Modified on 3/24/2015 (afs). (Entered: 03/24/2015) | |
| 113 | 03/23/2015 | CERTIFIED Mail Returned as Undeliverable. 106 Order. Mail sent to Jamie Cruz (afs) (Entered: 03/24/2015) | |
| 114 | 03/27/2015 | MOTION for Continuance To Respond to Defendants' 93 MOTION to Dismiss for Failure to State a Claim  by Jamie Cruz. (Attachments: # 1 Attachment Proposed Order)(afs) (Entered: 03/30/2015) | |
| 115 | 03/31/2015 | RESPONSE to Motion re 114 MOTION for Extension of Time to File Response/Reply as to 93 MOTION to Dismiss for Failure to State a Claim   filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Warnock, Timothy) (Entered: 03/31/2015) | |
| | 04/01/2015 | Address updated for Plaintiff, Jamie Cruz, per mailing of DE 114 . (afs) (Entered: 04/01/2015) | |
| 116 | 04/01/2015 | ORDER: Motion 114 granted. Plaintiff's Response is due May 15, 2015. Signed by Magistrate Judge E. Clifton Knowles on 4/1/15. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 04/01/2015) | |
| 117 | 04/01/2015 | CERTIFIED MAIL RECEIPT re 116 Order on Motion for Extension of Time to File Response/Reply. (afs) (Entered: 04/01/2015) | |
| 125 | 04/02/2015 | SUMMONS returned executed as to Mike Will I Made It served on 4/1/2015. (afs) (Entered: 04/27/2015) | |
| 118 | 04/10/2015 | RESPONSE to re 93 MOTION to Dismiss for Failure to State a Claim  filed by Jamie Cruz. (afs) (Entered: 04/13/2015) | |
| 119 | 04/13/2015 | GREEN CARD RETURNED Executed as to 116 Order(afs) (Entered: 04/14/2015) | |
| 120 | 04/14/2015 | Summons Returned Unexecuted "Process returned by postal Service as undeliverable, by Mike Will I Made It as to Mike Will I Made It. (afs) (Entered: 04/15/2015) | |
| 121 | 04/22/2015 | MOTION for Leave to file a Reply in further support of Defendants' Motion to Dismiss re 93 MOTION to Dismiss for Failure to State a Claim , 118 Response to Motion  by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment proposed Reply in Further Support of Motion to Dismiss Complaint, # 2 Attachment unreported cases)(Warnock, Timothy) (Entered: 04/22/2015) | |
| 122 | 04/23/2015 | ORDER granting 121 Motion for Leave to File Reply. Signed by | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Magistrate Judge E. Clifton Knowles on 4/23/15. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 04/23/2015) | |
| 123 | 04/23/2015 | DEFENDANTS SONY MUSIC ENTERTAINMENT, THE VALORY MUSIC COMPANY, VIACOM MEDIA NETWORKS, AND MILEY CYRUSS REPLY to Response to Motion re 93 MOTION to Dismiss for Failure to State a Claim filed by Big Machin Record label, Miley Cyrus, MTV Network, RCA Record label, VH1 Network. (Attachments: # 1 Attachment Unreported Cases)(afs) (Entered: 04/23/2015) | |
| 124 | 04/24/2015 | CERTIFIED MAIL RECEIPT re 122 Order(afs) (Entered: 04/24/2015) | |
| 126 | 05/01/2015 | GREEN CARD RETURNED Executed as to 122 Order (afs) (Entered: 05/04/2015) | |
| 127 | 07/30/2015 | REPORT AND RECOMMENDATION: For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted with regard to all moving Defendants. Therefore, the instant Motion (Docket No. 93 ) should be GRANTED. Signed by Magistrate Judge E. Clifton Knowles on 7/30/15. (xc:Pro se party by regular and certified mail.) (DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 07/30/2015) | |
| 128 | 07/30/2015 | ORDER: For the foregoing reasons, the instant Motion 61 is DENIED. Signed by Magistrate Judge E. Clifton Knowles on 7/30/15. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 07/30/2015) | |
| 129 | 07/30/2015 | ORDER TO SHOW CAUSE: Within twenty (20) days of the date of entry of this Order, therefore, Plaintiff shall file a written statement showing good cause for his failure to serve Defendant within 120 days after the filing of the Complaint. If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice as to Defendant "Mike Will I Made It" a/k/a Michael Len Williams II. IT IS SO ORDERED. Signed by Magistrate Judge E. Clifton Knowles on 7/30/15. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 07/30/2015) | |
| 130 | 07/30/2015 | ORDER: This matter is before the Court upon the pro se Plaintiff's request for a "Status Update" on his pending Motions. The Motion is GRANTED. As of the date of the entry of this instant Order, there are no pending Motions in this action. IT IS SO ORDERED. Signed by Magistrate Judge E. Clifton Knowles on 7/30/15. (xc:Pro se party by regular and certified mail.)(afs) (Entered: 07/30/2015) | |
| 131 | 07/30/2015 | CERTIFIED MAIL RECEIPT re 130 Order to Ascertain Status, 129 Order to Show Cause, 128 Order on Motion for Miscellaneous Relief, 127 Report and Recommendation,. (afs) (Entered: 07/31/2015) | |
| 132 | 08/24/2015 | ORDER: On July 30, 2015, the Magistrate Judge issued a Report and Recommendation (Docket No. 127 ), to which no timely objections have been filed. The Report and Recommendation is therefore ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby ORDERED that the Motion to Dismiss filed by all defendants except "Mike Will I Made It" (Docket No. 93 ) is GRANTED. Signed by District Judge Aleta A. Trauger on 8/24/15. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | READ THE ORDER.)(afs) Modified on 8/24/2015 (afs). (Entered: 08/24/2015) | |
| 133 | 08/24/2015 | CERTIFIED MAIL RECEIPT re 132 Order on Report and Recommendation. (afs) (Entered: 08/25/2015) | |
| 134 | 08/25/2015 | REPORT AND RECOMMENDATION: For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE as to Defendant "Mike Will I Made It" a/k/a Michael Len Williams II. Furthermore, since the referenced Defendant is the only remaining Defendant in this action, the undersigned recommends that this case be closed. Signed by Magistrate Judge E. Clifton Knowles on 8/25/15. (xc:Pro se party by regular and certified mail.)(DOCKET TEXT SUMMARY ONLY-ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.)(afs) (Entered: 08/25/2015) | |
| 135 | 08/25/2015 | CERTIFIED MAIL RECEIPT re 134 Report and Recommendation. (afs) (Entered: 08/26/2015) | |
| 136 | 09/08/2015 | Certified Mail Returned as Unclaimed re: 130 , 129 , 128 Orders and 127 Report and Recommendation. Mail sent to Jamie Cruz. (dt) (Entered: 09/09/2015) | |
| 137 | 09/15/2015 | ORDER ADOPTING REPORT AND RECOMMENDATIONS: On August 25, 2015, the Magistrate Judge issued a Report and Recommendation (DE # 134 ), to which no timely objections have been filed. The Report and Recommendation is thereby ACCEPTED and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, it is hereby ORDERED that the claims against defendant "Mike Will I Made It" a/k/a Michael Len Williams II are DISMISSED WITHOUT PREJUDICE. This order constitutes the judgment in this case.. Signed by District Judge Aleta A. Trauger on 9/15/15. (xc:Pro se party by regular and certified mail.) (afs) (Entered: 09/15/2015) | |
| 138 | 09/15/2015 | Entry of Judgment re 137 Order (xc:Pro se party by regular and certified mail.) (afs) (Entered: 09/15/2015) | |
| 139 | 09/16/2015 | CERTIFIED MAIL RECEIPT re 137 Order Adopting Report and Recommendations, 138 ENTRY OF JUDGMENT - DOCKET CLERK. (afs) (Entered: 09/16/2015) | |
| 140 | 09/22/2015 | GREEN CARD RETURNED Executed as to Jamie Cruz re: 137 Order and 138 Entry of Judgment. (dt) (Entered: 09/23/2015) | |
| 141 | 09/23/2015 | CERTIFED Mail Returned as Undeliverable. 134 Report and Recommendation. Mail sent to Jamie Cruz (afs) (Entered: 09/23/2015) | |
| 142 | 09/23/2015 | CERTIFIED Mail Returned as Undeliverable. 132 Order on Report and Recommendation. Mail sent to Jamie Cruz (afs) (Entered: 09/23/2015) | |
| 143 | 07/22/2019 | Letter requesting a docket sheet and documents from Jamie Cruz Sr. (Pro se party sent a docket sheet and copy work form by regular mail.) (am) (Entered: 07/23/2019) | |
| 144 | 05/06/2020 | MOTION to Amend 1 Complaint Against Defendant Mike by Jamie Cruz. (am) Modified Date on 5/13/2020 (am). (Entered: 05/08/2020) | |
| 145 | 05/06/2020 | Proof of Service by Jamie Cruz re 144 MOTION to Amend/Correct 1 Complaint. (am) Modified Date on 5/13/2020 (am). (Entered: 05/08/2020) | |
| 146 | 01/26/2021 | ORDER denying 144 Motion to Amend/Correct. Accordingly, the Motion to Amend Complaint, which the court construes broadly as an unsupported motion for relief from judgment under Rule 60, is DENIED, and this case shall remain closed. (xc:Pro se party by regular mail.) Signed by District Judge Aleta A. Trauger on 1/26/2021. (DOCKET TEXT SUMMARY ONLY-ATTORNEYS | |

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DocketUpdate: __

| # | Date | Proceeding Text | Source |
|---|---|---|---|
| | | MUST OPEN THE PDF AND READ THE ORDER.)(bs) (Entered: 01/26/2021) | |
| 147 | 02/23/2021 | Mail Returned as Refused 146 Order on Motion to Amend/Correct. Mail sent to Jamie Cruz. (ln) (Entered: 02/24/2021) | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESEE

JAMIE CRUZ,

          Plaintiff

    V.

SONY MUSIC ENTERTAINMENT (RCA
RECORDS), VALORY MUSIC GROUP
(BIG MACHINE RECORDS), VIACOM
MEDIA NET (MTV & VH1), MILEY CYRUS,
MIKE WILL I MADE IT;
              Defendants

CIVIL ACTION No. 3:14-CV-623
Jury Trial Demand

RECEIVED
IN CLERK'S OFFICE

OCT 31 2014

U.S. DISTRICT COURT
MID. DIST. TENN.

AMENDED COMPLAINT

I. Introduction

    This is a copyright infringement action against both music executives and entertainer(s) for their unauthorized reproduction, distribution, and/or performance of Plaintiff's musical works for financial gain. Plaintiff seeks monetary damages, declaratory and injunctive relief against defendants in their individual capacities. Plaintiff further reserves the right to seek criminal penalties pursuant to the federal copyright Act of 1976.

II. Jurisdiction

    1. This Honorable Court has jurisdiction of this action that raises a "Federal Question" pursuant to the United States Constitution, Article III, Section 2; Title 28 U.S.C.A § 1331, and the Copyright Act of 1976.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

III. Parties

2. Plaintiff, Jamie Cruz, is currently an incarcerated inmate at the State Correctional Institution, Huntingdon, serving a state sentence of 3 to 6 years that is to expire February 2014. ~~Plaintiff is also a war veteran, serving and defending the integrity of the United States in the Iraqi War, which he received an Honorable discharge when being injured during fierce enemy aggression.~~ Since Plaintiff's incarceration to the Pennsylvania Department of Corrections he has been mentally rehabilitated, and now is an aspiring song-writer, being the genuine author of song "We Can't Stop" that is the subject of this copyright infringement action.

3. Defendant "Sony Music Entertainment" (hereinafter "Sony") was the distributor of the infringed musical works, for financial gain.

4. Defendant "Valory Music Group" is the parent company of "Big Machine Records", being the initial infringer of Plaintiff's musical works for financial gain.

5. Defendant "Viacom Media Net" (hereinafter "Viacom") is the network provider of both VH1 and MTV cable stations, that provided the venue for the unauthorized performance of Plaintiff's music works for financial gain, and the publically false representations as to the authorship of Plaintiff's musical works.

6. Defendant "Mike Will Made It" is a music producer who was employed by RCA Records, who fraudulently represented that he was the author of Plaintiff's musical works, on a VH1 program. Further selling Plaintiff's work as his own for financial gain.

7. Defendant "Miley Cyrus" is the actual unauthorized performer of Plaintiff's musical works on the MTV cable station for financial gain.

8. All defendants are sued in their individual capacities.

IV. FACTS

9. During Plaintiff's incarceration he has found solitude and tranquility in the art of songwriting. This including music and lyrics. Plaintiff has amassed a large catalog of songs in different genres of music, including, as subject to this action, the song "We Can't Stop."

10. In the month and year of November 2011 Plaintiff sought copyright protection of song "We Can't Stop", by following all the procedures of the Copyright Office in Washington, D.C.; submitting a completed application form, deposit, and fee (request for special relief). Plaintiff heard nothing further, and was left to assume his material was registered, and he was awaiting his copyright certificate.

146
(3)

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

11. After forwarding all necessary paperwork to the Copyright Office as prescribed by law, and not recieving a response for several months, Plaintiff desired to shop his musical work seeking an interested purchaser of the song "We Can't Stop", this encompassing the lyrics and music to the song.

12. In the year of January 2012  Plaintiff mailed a copy of the song "We Can't Stop" to Defendant "Big machine Records", with an explicit dis-claimer that the song was for sale, and any reproduction, distribution, or other-wise was unauthorized by Plaintiff. Plaintiff further made clear that Plaintiff was the sole author of the lyrics and producer of the written music to the song. Plaintiff recieved no response of intent to purchase his work by Big machine Records.

13. It wasn't until August, 2013 as Plaintiff sat in his cell watching the Video Music Awards (VMA), to his utter horror and disbelief, Defendant Miley Cyrus as a guest appearance, was performing Plaintiff's song "We Can't Stop" almost word for word, coupled to Plaintiff's very own written music. Cyrus never sought or gained Plaintiff's consent to perform his song nor music at the VMA awards, or anywhere else for that matter.

14. Needless to say, Plaintiff's song was considered a smash hit. Plaintiff's song was compiled on Cyrus's own album "Bangerz" that went on to net millions of dollars. The song as a single also netted millions as well, and it is believed to have since been performed by Cyrus numerous times, possibly internationally.

15. After said performance, Plaintiff wrote the Copyright office in Washington, D.C., inquiring as to the certificate for his musical work that he had yet to recieve after following all procedures of the Copyright office almost (2) years preceding the unauthorized performance of Cyrus.

16. In the Copyright office's response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused", without any further explanation.

17. Plaintiff filed suit in February 4, 2014 that caused quite a buzz in the music industry and media. Consequently, the stir exposed Cyrus and those closely associated with the infringement to alot of negative publicity.

18. In an effective but illegal conspiratorial effort of damage control, Defendant Mike will I made it appeared on Defendant Viacom's network, MTV channel, on the program "Miley Cyrus movement" in 2014, as a conduit of RCA records.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
(3)
147

19. The show in large part was surrounded around the song "We Can't Stop" and its origin.

20. On the show, Defendant Mike Will I Made It, knowingly made false representations that he was in fact the true author of song "We Can't Stop" even going as far to imply that he wrote the song especially for Cyrus, and when he presented to her and she sang the song, he knew it was an organic fit. This defendant's public averments are nothing less than fraud.

21. Plaintiff reserves the right to amend the complaint as facts are uncovered through the discovery process.

## V. CAUSE OF ACTION

22. Defendant Sony reproduced and distributed Plaintiff's musical works nationally/internationally for financial gain. The reproduction and distribution was unauthorized by Plaintiff, nor did Plaintiff enjoy any of the profits from said reproduction and distribution.

23. Defendant Valory Music Group had initial possession of Plaintiff's musical works, who in turn, either sold or forwarded such to RCA Records/Mike Will I Made It for sale without Plaintiff's authorization.

24. Defendant Viacom provided the venue for the unauthorized performance by Cyrus of the song "We Can't Stop", on their cable channel VH1, during the Video Music Awards in August 2013. Defendant Viacom also provided the venue for co-defendant Mike Will I Made It to make fraudulent representations as to his authorship of song "We Can't Stop."

25. Defendant Miley Cyrus performed the song "We Can't Stop" without Plaintiff's authorization at the Video Music Awards in August 2013, and possibly still performing the song to this day without Plaintiff's authorization for financial gain.

26. Defendant Mike Will I Made It, made public statements falsely representing that he was the author of song "We Can't Stop", knowing said statement was false, thereby illegally claiming ownership. This defendant further sold said song to Defendant Cyrus without Plaintiff's authorization.

27. All defendants in concert engaged in a conspiracy to publically further false representations that Plaintiff was not the author of song "We Can't Stop", thereby aiding and assisting one another in the criminal theft of Plaintiff's intellectual property.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## VI. Relief

28. Plaintiff seeks a declaratory judgment that the unauthorized performance, reproduction, distribution, and illegal claimed authorship of his musical works was in violation of the Copyright Act of 1976.

29. An preliminary/permanent injunction enjoining defendants and their associates from continuing to perform, reproduce, distribute, and claim authorship and ownership of the song "We Can't Stop."

30. Compensatory damages against each defendant, that includes but not limited to: Full monetary amount of the sale of song "We Can't Stop" with Statutory interest; 100% royalties, masters, and publishing to song "We Can't Stop" being applied retroactively; monetary percentage of the commercial advertising sales space of MTV & VH1 during the unauthorized performance of "We Can't Stop"; monetary percentage of the commercial advertising sales space of MTV during program "Miley Cyrus Movement", etc...

31. Punitive damages against each defendant.

32. Any other relief this Honorable Court may deem just and appropriate.

## VERIFICATION

I, Jamie Cruz, verify under the penalty of perjury that everything contained herein is true and correct to the best of my personal knowledge, information and/or belief.

DATE: 10/28/14

Jamie Cruz, Pro Se Plaintiff
1100 Pike Street
Huntingdon, PA 16654-1112

DATE: 10/22/14

Prepared by:

Corey Bracey, GS #4754
1100 Pike Street
Huntingdon, PA 16654-1112

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I, Jamie Cruz, certify under the penalty of perjury that I caused a true and correct copy of the herein contained "Motion to Amend" to be served on the undernamed party, via First Class U.S. Mail, by depositing the same in the institution mailbox.

Clerk of Court
800 Courthouse Ave
Nashville, Tennessee 37302

_Jamie Cruz_, Pro se Plaintiff
1100 Pike Street
Huntingdon, PA 16654-1112

DATE: 10/28/14
CC: FILE

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMIE CRUZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CASE NO. 3:14-0623** |
| **vs.** | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| | ) | |
| | ) | |
| **RCA RECORD LABEL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court upon a "Motion to Dismiss the Amended Complaint . . ." filed by all Defendants, except a Defendant known as "Mike Will I Made It."[1]  Docket No. 93. The Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6), and Defendants' Memorandum of Law is included in the Motion.  The pro se Plaintiff has filed a Response in Partial Opposition to the Motion to Dismiss.  Docket No. 118.  With leave of Court (Docket No. 122), Defendants have submitted a Reply to the Response.  Docket No. 123.  Judge Trauger has referred this action to the undersigned "for case management, decision on all pretrial, non-dispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72, Fed. R. Civ. P."  Docket No. 22.

This is a copyright infringement action brought by Plaintiff, who, at the time of the filing

---

[1]  Defendant "Mike Will I Made It" has also been referred to as "Mike Will Make It." Docket Nos. 62, 105.  Plaintiff obtained a Summons for "Michael Len Williams II (aka) Mike Will Make It."  Docket No. 105.  That Summons was returned unexecuted.  Docket No. 120. Insofar as the record shows, this Defendant has never been served.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

of the Complaint, happened to be an inmate at the State Correctional Institution in Huntingdon, Pennsylvania.  Docket No. 1.  He initially filed this action in the United States District Court for the Middle District of Pennsylvania, which transferred the case, *sua sponte*, to this Court. Docket No. 19.

Plaintiff's operative Complaint is the "Amended Complaint" he filed on January 26, 2015.  Docket No. 89.  Plaintiff avers that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and the Copyright Act of 1976.  *Id.*, p. 1.  He avers that he is the author of the song "We Can't Stop" "that is the subject of this copyright infringement action."  *Id.*, p. 2.  He avers that Defendant Sony Music Entertainment was the distributor of the infringed musical work.  He avers that Defendant Valory Music Group is a parent company of "Big Machine Records," and the initial infringer of the musical work.  He avers that Defendant Viacom Media Net provided the venue for the unauthorized performance of Plaintiff's musical work.  He avers that Defendant "Mike Will I Made It" is a music producer who was employed by RCA Records, who fraudulently represented that he was the author of the musical work on a VH1 program.  Finally, he avers that Defendant Miley Cyrus is the "actual unauthorized performer" of the musical work on the MTV cable station.

In a segment headed "FACTS," he states that he has amassed a large catalog of songs including the song "We Can't Stop."  He avers that in November 2011, he "sought copyright protection" of the song "by following all the procedures of the Copyright Office in Washington, D.C. submitting a completed application form, deposit, and fee (request for special relief)."  He avers that he heard nothing further and was left to assume that his material had been registered and he was simply awaiting his Copyright Certificate.  He states that in January 2012, he mailed

2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

a copy of the song to Defendant Big Machine Records offering the song for sale.  With his copy of the song to Big Machine Records, he sent "an explicit disclaimer that the song was for sale, and any reproduction, distribution, or otherwise was unauthorized by Plaintiff."  *Id.*, p. 3.  He also "made clear that Plaintiff was the sole author of the lyrics and producer of the written music to the song.  He avers that he received no response of intent to purchase his work by Big Machine Records.

He avers that in August 2013, he was watching television (the Video Music Awards) in his cell and he saw Defendant Miley Cyrus perform his song "We Can't Stop" "almost word for word, coupled to Plaintiff's very own written music."  *Id.*, p. 3.  Moreover, the song was a smash hit and was compiled on Cyrus' album "Bangerz," that netted millions of dollars.  *Id.*

After he saw the television performance, he wrote the Copyright Office in Washington, D.C. inquiring as to the Certificate for his musical work that he had yet to receive "after following all procedures of the Copyright Office almost (2) years preceding the unauthorized performance."  *Id*.  He avers, "in the Copyright Office's response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused," without any further explanation.

Plaintiff sues all Defendants for copyright infringement and conspiracy.  He further avers that Defendant "Mike Will I Made It," made public statements falsely representing that he was the author of the song, and that he sold the song to Defendant Cyrus without Plaintiff's authorization.

Defendants raise three arguments in the instant Motion.  First, Defendants contend that Plaintiff's failure to apply for registration of the song he claims to have written bars the claims made in his Amended Complaint.  Second, Defendants argue that Plaintiff is not entitled to a

3

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

preliminary injunction. Third, Defendants argue that Plaintiff cannot recover punitive damages for claims under the Copyright Act as a matter of law.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

Defendants argue that the Copyright Act provides in relevant part "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Docket No. 93, p. 5, *citing* 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (holding that § 411(a) imposes a precondition to filing an infringement claim); *Coles v. Wonder*, 283 F.3d 789, 801 (6th Cir. 2002) ("[A] cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act."). In order to

4

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

register a copyright "in accordance with this title," one must deliver to the Copyright Office the deposit of the work at issue "together with the application and fee specified by sections 409 and 708." 17 U.S.C. § 408(a).  Defendants argue that Plaintiff has not set forth facts to show that he complied with the Copyright Act's registration requirements.

The only allegations regarding Plaintiff's copyright registration found in the Amended Complaint are as follows:

> 10.  In the month and year of November 2011, Plaintiff sought copyright protection of song "We Can't Stop, by following all of the procedures of the Copyright Office in Washington, D.C., submitting a complete application form, deposit, and fee (request for special relief).
>
> . . .
>
> 15.  After said performance, Plaintiff wrote the Copyright Office in Washington, D.C., inquiring as to the Certificate for his musical work that he had yet to receive after following all procedures of the Copyright Office almost (2) years preceding the unauthorized performance of Cyrus.
>
> 16.  In the Copyright Office's Response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused," without any further explanation.

Docket No. 89, ¶¶ 10, 15, 16.

It is important to note that Plaintiff never alleges that he actually complied with the relevant provisions of the Copyright Act.  Instead, he states that he "sought copyright protection of the song" and that he subsequently learned that his registration of the song had been "refused" without any further explanation.  While Plaintiff avers in his Amended Complaint that he followed "all the procedures of the Copyright Office," that is a legal conclusion, not a fact.

Plaintiff takes the position in his Amended Complaint that he actually did submit an

5

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

application with a "request for special relief" from the fee requirement.  Docket No. 93, p. 6, *citing* Docket No. 89, p. 2 ¶ 10.  The Court accepts those facts as true.  But those facts are irrelevant, because there are three necessary elements required for registration: the deposit, the application, and the fee.  *Jones v. U.S. Copyright Office*, 2014 WL 5149209 at *6 (M. D. Kan. October 14, 2014).  Additionally, 37 C.F.R. § 202.3(c)(2) provides in part "All completed application forms shall be accompanied by the appropriate filing fee . . . ."  Docket No. 93, p. 6.

As Judge Trauger has previously stated, District Courts within the Sixth Circuit "have uniformly concluded that, upon a motion for failure to state a claim under Rule 12(b)(6), claims premised on unregistered copyrights must be dismissed in light of § 411(a)."  *Schenck v. Orosz*, 2013 WL 5963557 at *7 (M.D. Tenn. November 7, 2013) (footnote and citations omitted).  *See also Sony/ATV Music Publishing LLC v. D. J. Miller Music Distributors, Inc.,* 2010 WL 3872802;  *Maxberry v. University of Kentucky Medical Center,* 39 F. Supp. 3d 872, 875 (E.D. Ky. 2014).

In his Response to the instant Motion, Plaintiff begins his argument with the following statement:

> While the defendants did not challenge the allegations of the complaint as not stating a claim under the Copyright Act, and this is inferred as their acceptance that Plaintiff has sufficiently stated a claim which relief can be granted, Plaintiff will nonetheless briefly address the allegations and claims for clarity purposes.

Docket No. 118, p. 2.

The Court has no idea what Plaintiff means.  Defendants obviously have challenged the Complaint as not stating a claim under the Copyright Act.

Plaintiff  argues that he submitted a request for special relief from the fee requirement.

6

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Docket No. 118, p. 3.  He further notes that Defendants have argued that the request for special relief has nothing to do with the fee requirement, but instead concerns the requirement that the applicant deposit original copies of the work, *citing* 17 U.S.C. § 408(c).  Plaintiff then claims that he mistakenly "cited the language of 408(c) instead of 708(c)."  Docket No. 118, p. 3.

Again, the Court is perplexed.  Plaintiff did not cite the language of 408(c) in his Amended Complaint, nor did he cite § 408(c) at all.  He then argues that 17 U.S.C. § 708(c) "makes provision for the waiver of the filing fee that comparable to the waiver of the deposit requirement in 17 U.S.C. § 408(c)."  He quotes the language of § 708(c) as follows:

> The fees prescribed by or under this section are applicable to the United States Government and any of its agencies, employees, or officers, but the Register of Copyrights has discretion to waive the requirement of this subsection in occasional or isolated cases involving relatively small amounts.

As Defendants correctly point out in their Reply, however, § 708(c) provides that the Register of Copyright may waive fees for the U.S. Government and any of its agencies, employees, or officers.  Plaintiff does not fall into any of these categories.

Moreover, neither § 408(c) nor § 708(c) specifically discusses a "request for special relief."  The only references to requests for special relief in relation to copyright law of which the Court is aware are found in 37 CFR § 202.19(e) and § 202.20(d).  Neither of these provisions pertains to special relief with regard to the fee requirement.  Plaintiff offers no authority for the proposition that, by merely requesting "special relief," he satisfies the fee requirement of § 411(a).

Plaintiff finally argues that Defendants have erroneously claimed that he did not comply with § 411(a) because after the application was "refused," Plaintiff did not submit notice of suit

7

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

to the Copyright Office with a copy of the Complaint.  As discussed above, § 411(a) essentially

provides that no civil action for infringement of the copyright in any United States work shall be

instituted until preregistration or registration of the copyright claim has been made in accordance

with Title 17.  That section continues:

> In any case, however, where the deposit, application, and fee
> required for registration have been delivered to the Copyright
> Office in proper form and registration has been refused, the
> applicant is entitled to institute a civil action for infringement if
> notice thereof, with a copy of the complaint, is served on the
> Register of Copyrights.

Plaintiff apparently overlooks the fact that the notice and service provision of § 411(a)

allows an applicant to institute a civil action for infringement "where the deposit, application,

and *fee required for registration have been delivered* to the Copyright Office in proper

form . . . ." (Emphasis added).

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim

upon which relief can be granted with regard to all moving Defendants.  Therefore, the instant

Motion (Docket No. 93) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to

this Recommendation with the District Court.  Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections.  Failure to file specific objections within fourteen (14) days of

service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

9

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-4

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMIE CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14-0623 |
| | ) | Judge Trauger |
| RCA RECORD LABEL, BIG MACHIN RECORD | ) | Magistrate Judge Knowles |
| LABEL, MTV NETWORK, VH1 NETWORK, | ) | |
| and MILEY CYRUS, musical artist, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

On July 30, 2015, the Magistrate Judge issued a Report and Recommendation (Docket No. 127), to which no timely objections have been filed.  The Report and Recommendation is therefore **ACCEPTED** and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein, it is hereby **ORDERED** that the Motion to Dismiss filed by all defendants except "Mike Will I Made It" (Docket No. 93) is **GRANTED**.

This case is returned to the Magistrate Judge for further handling under the original referral order.

It is so **ORDERED.**

Enter this 24th day of August, 2015.

_____
ALETA A. TRAUGER
U.S. District Judge

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-5

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JAMIE CRUZ,                          )
                                     )
            Plaintiff,               )
                                     )
                                     )
vs.                                  )          CASE NO. 3:14-0623
                                     )          JUDGE TRAUGER/KNOWLES
                                     )
RCA RECORD LABEL, et al.,            )
                                     )
            Defendants.              )

### REPORT AND RECOMMENDATION

On July 30, 2015, the undersigned entered an Order requiring Plaintiff to file a Response within 20 days showing good cause for his failure to serve Defendant "Mike Will I Made it" a/k/a Michael Len Williams II, within 120 days after the filing of the Complaint, as required by Fed. R. Civ. P. 4(m).  Docket No. 129.  The undersigned's Order stated in relevant part, "If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice as to Defendant "Mike Will I Made It" a/k/a Michael Len Williams II. *Id*.

As of the date of entry of the instant Order, Plaintiff has failed to comply with the Court's Order referred to above.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE as to Defendant "Mike Will I Made It" a/k/a Michael Len Williams II. Furthermore, since the referenced Defendant is the only remaining Defendant in this action, the undersigned recommends that this case be closed.

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

2

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# Exhibit H-6

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMIE CRUZ, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil No. 3:14-cv-0623 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| MIKE WILL I MADE IT, | ) | |
| | ) | |
|     Defendant. | ) | |

## O R D E R

On August 25, 2015, the Magistrate Judge issued a Report and Recommendation

(DE #134), to which no timely objections have been filed.  The Report and Recommendation is

thereby ACCEPTED and made the findings of fact and conclusions of law of this court.  For the

reasons expressed therein, it is hereby ORDERED that the claims against defendant "Mike Will I

Made It" a/k/a Michael Len Williams II are DISMISSED WITHOUT PREJUDICE.

This order constitutes the judgment in this case.

It is so **ORDERED**.

Enter this 15th day of September 2015.

_____

ALETA A. TRAUGER
U.S. District Judge

DECL. OF THOMAS C. LUNDIN JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT