1  DAVID A. STEINBERG (SBN 130593)
      das@msk.com
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  *Attorneys for Defendants
   Universal Music Group, Inc.,*
6  *Songs of Universal, Inc.,
   and Money Mack Music, Inc.*

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                           WESTERN DIVISION

| | |
|---|---|
| 11  JULIUS JOHNSON, an individual, | CASE NO. 2:23-cv-05061-PA-AFM |
| 12         Plaintiff, | Honorable Percy Anderson |
| 13         v. | **NOTICE OF JOINDER AND JOINDER OF DEFENDANTS UNIVERSAL MUSIC GROUP, INC., SONGS OF UNIVERSAL, INC., AND MONEY MACK MUSIC, INC. IN MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 14  ONIKA TANYA MARAJ P/K/A NICKI MINAJ, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; SONGS OF UNIVERSAL, INC., a California corporation; MICHAEL LEN WILLIAMS II P/K/A MIKE WILL MADE IT, an individual; KAZARION FOWLER P/K/A SKOOLY, an individual; MONEY MACK MUSIC INC., a Louisiana corporation; HARAJUKU BARBIE MUSIC, LLC, a Delaware limited liability company; ESTHER RENAY DEAN P/K/A ESTER DEAN, an individual; MARCUS BELL, an individual; SOUNDS FROM EARDRUMMERS LLC, a Georgia corporation; WB MUSIC CORP., a Delaware corporation; DAT DAMN DEAN; and DOES 1-10, inclusive, | Time:     December 11, 2023<br>Date:     1:30 p.m.<br>Location: Courtroom 9A<br><br>Filed:    June 26, 2023<br>Trial:    To be set |
| 25         Defendants. | |

28

Mitchell
Silberberg &
Knupp LLP

**NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS PLAINTIFF'S FAC**

**TO ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music, Inc. (collectively, the "Joining Defendants") will and hereby do join in the motion of certain other defendants to this action who are represented by the law firm FisherBroyles LLP (the "Fisher Motion") to dismiss the First Amended Complaint (ECF 51) of Plaintiff Julius Johnson ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), which is currently set for hearing at 1:30 p.m. on December 11, 2023, in Courtroom 9A of the First Street Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012.

The Joining Defendants hereby adopt and incorporate by reference the Fisher Motion in its entirety, including all Points and Authorities, Declarations, Exhibits, and Reply Briefs submitted in support thereof. This joinder is based on those papers in support of the Fisher Motion and this notice of joinder and joinder.

Counsel for the Joining Defendants participated in the conference of counsel pursuant to L.R. 7-3, which took place on November 6, 2023.

DATED: November 13, 2023

DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
David A. Steinberg (SBN 130593)
*Attorneys for Defendants*
*Universal Music Group, Inc.,*
*Songs of Universal, Inc., and*
*Money Mack Music, Inc.*

**Joinder in Motion to Dismiss Plaintiff's First Amended Complaint**

Defendants Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music, Inc. (collectively, the "Joining Defendants") respectfully join in and incorporate each and every one of the arguments raised in the motion of certain other defendants to this action who are represented by the law firm FisherBroyles LLP (the "Fisher Motion") to dismiss the First Amended Complaint (ECF 51) of Plaintiff Julius Johnson ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Federal Rule") 12(b)(6).[1]  As set forth in more detail in the Fisher Motion, Plaintiff's First Amended Complaint should be dismissed with prejudice, as it fails to state a claim against the Joining Defendants, as well as the other defendants to this action, for numerous, independent reasons.[2]

Specifically, the bases for dismissal include, but are not limited to, the following:

***First***, the First Amended Complaint improperly lumps each defendant together throughout, fails to distinguish between any of them, and fails to provide proper notice of what allegations and/or claims are directed to the Joining Defendants (or any defendant for that matter) in violation of Federal Rule 8 and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  This alone warrants dismissal of the entire First Amended Complaint.  *See*, *e.g.*, *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *5 (C.D. Cal. June 30, 2010) ("This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong . . . this defect alone warrants dismissal.") (internal citation omitted).

---

[1] Plaintiff alleges that Universal Music Group, Inc. and Money Mack Music, Inc. are "record label[s]" (Compl. ¶¶ 8, 14), and that Songs of Universal, Inc. is a "music publisher." *Id.* ¶ 9.

[2] Despite being put on notice of certain deficiencies in his original Complaint via a previously-filed motion to dismiss and joinders filed in this action (*see* ECF 38, 41, 42), Plaintiff's First Amended Complaint fails to cure such deficiencies, and suffers from additional fatal flaws.

1  ***Second***, and relatedly, Plaintiff cannot maintain both his direct and
2  secondary liability claims against the Joining Defendants, as his "alleg[ations] that
3  all defendants engaged in the same broad conduct" fails to satisfy the notice
4  requirement of Federal Rule 8(a)(2) with respect to these claims.  *See*, *e.g.*, *Sound*
5  *& Color, LLC v. Smith*, 2023 WL 2821881, at *16 (C.D. Cal. Feb. 28, 2023)
6  (dismissing claims for contributory and vicarious liability).  Because Plaintiff
7  alleges direct, vicarious, *and* contributory infringement against *all* defendants,
8  those claims cannot stand.

9  ***Third***, Plaintiff fails to plead the most basic elements of a copyright
10 infringement claim: copying and access.

11 As to copying, and as an initial matter, Plaintiff fails even to identify the
12 *specific work* he alleges was copied, instead vaguely referencing alleged copying
13 of "one or both" of the musical composition or sound recording.  FAC ¶ 71.  This
14 lack of notice is improper, and is sufficient grounds for dismissal.  *See Patel*
15 *Burica & Assocs., Inc. v. Lin*, 2019 WL 6954256, at *3 (C.D. Cal. Dec. 19, 2019).
16 Relatedly, Plaintiff's lack of clarity in his First Amended Complaint raises
17 potential issues under 17 U.S.C. § 411, as – to the extent he is pursuing a claim as
18 to alleged infringement of the musical composition (which the First Amended
19 Complaint does not make clear) – he does not have standing to bring this lawsuit
20 due to his failure to obtain a copyright registration for same prior to the filing of
21 his lawsuit.  *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.
22 Ct. 881, 887 (2019) ("[R]egistration is akin to an administrative exhaustion
23 requirement that the owner must satisfy before suing to enforce ownership rights").
24 His alleged supplementary registration cannot cure this deficiency.  *See Pickett v.*
25 *Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019) ("Even assuming
26 that Plaintiff were able to amend the registration to cover the musical composition
27 aspect of his work, this action would still warrant dismissal. . . . a copyright
28 infringement claim will be dismissed where the allegedly infringed work, in this

Mitchell
Silberberg &
Knupp LLP

2

**NOTICE OF JOINDER AND JOINDER IN MOTION TO DISMISS PLAINTIFF'S FAC**

case, the musical composition, was not registered *at the time the original complaint was filed*.") (emphasis added).

And even if Plaintiff does have standing – which he has not adequately pled – the First Amended Complaint is devoid of sufficient facts to show that the works are "substantially similar" or that any defendants reasonably had "access" to his work, each independent threshold requirements to show copying. *See*, *e.g.*, *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016).

As to "substantial similarity" (or "striking similarity"), Plaintiff's conclusory, speculative facts as to any alleged similarities between the two works (*see* FAC ¶¶ 66, 71, 154, 295-307) do not pass muster under *Twombly*, and any alleged purported similarities between the works are unoriginal and thus unprotectable as a matter of law. *See*, *e.g.*, *Gray v. Hudson*, 28 F.4th 87, 97 (9th Cir. 2022) (identifying myriad unprotectable elements of musical works).

As to access, Plaintiff's speculative allegations that unnamed "associates and/or affiliates" of defendants Minaj and Williams, or Williams, were present at the Art Institute of Atlanta during the same four-year period as Plaintiff, and speculation that "Williams, his associates, and/or his affiliates," or possibly "associates and/or affiliates of Minaj," obtained a hard drive Plaintiff allegedly lost (FAC ¶¶ 24-32), have nothing to do with the Joining Defendants and are insufficient to survive dismissal. *See*, *e.g.*, *Johnson v. Knoller*, 2017 WL 5640554, at *2 (C.D. Cal. Sept. 18, 2017) ("a plaintiff must show beyond 'mere speculation' that there was more than a 'bare possibility' the defendant viewed the plaintiff's work") (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000)).

***Fourth***, Plaintiff's claim for conversion concerning a purportedly lost hard drive is deficient because it lacks any supporting factual allegations, and is, in any event, preempted by the Copyright Act. In either instance, this cause of action must be dismissed. Indeed, the First Amended Complaint lacks any non-

speculative allegations that any defendant, as opposed to an unidentified third party, obtained Plaintiff's alleged lost hard drive. Aside from Plaintiff's addition of specific defendants' names to the speculative allegations in the First Amended Complaint (FAC ¶¶ 70, 428), it suffers the same flaws as his initial pleading. Alternatively, in the event Plaintiff contends that his conversion allegations are plausible based on the allegation that defendants copied "the Works" contained on the hard drive, this cause of action would be preempted by the Copyright Act. *See, e.g., Adams v. Paramount Pictures Corp.*, 2009 WL 10671572, at *3-5 (C.D. Cal. Jan. 6, 2009) (conversion claim preempted where the "thrust of [plaintiff's] grievance is Defendants' improper possession, reproduction, and distribution of materials related to [his] intellectual property") (internal quotations omitted).

*Lastly,* as a matter of law, Plaintiff's unfair competition claims are flawed because Plaintiff fails to plead any likelihood of confusion, mistake, or deception as to the origin of any goods of Moving Defendants or any defendant, a necessary element of the claims. *See* 15 U.S.C. § 1125(a)(1). In addition, Plaintiff's allegations center on the intangible intellectual property allegedly on Plaintiff's alleged lost hard drive, meaning Plaintiff's claims are preempted by the Copyright Act. *See*, *e.g.*, *Bethea v. Burnett*, 2005 WL 1720631, at *17 (C.D. Cal. June 28, 2005).

Accordingly, because the grounds for dismissal raised in the Fisher Motion apply with equal force to the Joining Defendants, and since the Joining Defendants seek the same relief as sought therein, in order to conserve the Court's valuable resources, the Joining Defendants now join in the Fisher Motion.

DATED: November 13, 2023

DAVID A. STEINBERG
MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
David A. Steinberg (SBN 130593)
*Attorneys for Defendants*
*Universal Music Group. Inc.,*
*Songs of Universal, Inc., and*
*Money Mack Music, Inc.*