DAYNA C. COOPER *(pro hac vice pending)*
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl., Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

*Attorneys for Plaintiff Julius Johnson*
(Additional attorneys listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIUS JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>ONIKA TANYA MARAJ, et al.<br><br>       Defendants. | CASE NO. 2:23-cv-05061-PA-AFM<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AUTHORIZATION TO INCLUDE NEW, RELATED CLAIM IN SECOND AMENDMENT COMPLAINT DUE JANUARY 3, 2024**<br><br>**Honorable Percy Anderson** |

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE THAT:**

Plaintiff, JULIUS JOHNSON, hereby applies for *ex parte* relief for leave to add a new claim to his Second Amended Complaint ("SAC"). On November 13, 2023, defendants Michael Len Williams, II ("Williams"), Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., and

---

**MEMORANDUM ISO PLAINTIFF'S *EX PARTE* APPLICATION FOR AUTHORIZATION**
CASE NO. 2:23-cv-05061-PA-AFM

joined by defendants Onika Tanya Maraj p/k/a Nicki Minaj ("Minaj"), Harajuku Barbie Music, LLC, Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music, Inc. (collectively, "Moving Defendants")[1] moved to dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. Nos. 54–56.

On December 15, 2023, this Court granted the Motion in part. Dkt. 67. Specifically, the Court dismissed Plaintiff's claims for copyright infringement, vicarious infringement, and contributory infringement with leave to amend, and dismissed Plaintiff's claim for unfair competition and false designation of origin in violation of the Lanham Act without leave to amend. The Court ordered Plaintiff to file his Second Amended Complaint no later than January 3, 2024 on pain of "dismissal of this action" "without further warning"; and ordered that the SAC "shall not include any new claims … without the Court's authorization." Dkt. 67 at p. 7.

In his impending SAC, Plaintiff files this *ex parte* application to request leave to add a new claim As outlined in the below Memorandum and Points and Authorities, the factual allegations underlying the proposed claim Plaintiff seeks to add were substantially alleged in the "FAC": Only the legal theory asserted should be considered "new."

---

[1] There are four other named defendants in this action: Kazarion Fowler, Esther Renay Dean, Dat Damn Dean, and Marcus Bell. These defendants and Moving Defendants are collectively referred to as "Defendants."

Accordingly, recrafting the previously asserted factual allegations into a new claim is harmless and will cause no delay in these proceedings. Defendants will not suffer any prejudice as there has been no Answer filed and thus no discovery commenced. Moreover, Defendants will have the opportunity to seek to dismiss the new claim in due course after the SAC is filed by January 3, 2024.

While Plaintiff recognizes that this Court disfavors *ex parte* applications, other potential procedural mechanisms for potentially obtaining the requested--and expressly required--authorization to include the new claim in SAC have effectively been foreclosed. That is, under standard motion practice, Local Rule 7-3 would require a conference with opposing counsel "at least 7 days prior to the filing of the motion." Accordingly, even if opposing counsel were available to meet and confer on December 19, 2023—the day the Court issued its Order (Dkt. 67), Plaintiff would have been prohibited from filing such motion until December 26, 2023. The corresponding hearing date would be in mid-January at the earliest, and Plaintiff would have been required for file its SAC (on January 3, 2024) before Defendants' opposition brief were even due (on January 5, 2024, per L. R. 7-9). Ultimately, the Court's Order that the Plaintiff file its SAC within 15 days (Dkt. 67 at 7) powerfully suggests to Plaintiff that the Court would prefer to adjudicate the requested authorization in an expedited manner that would *not* (i) run afoul of expressly ordered deadlines or (ii) potentially necessitate a Third Amended Complaint in short order.

On December 27 and 28, 2023, Plaintiff's lead counsel, Dayna C. Cooper, notified opposing counsel via email and orally of her intention to file this *ex parte* application and the basis therefore, and to inquire whether Defendants would oppose this request. At the time of the filing this application, counsel for defendants Michael Len Williams, II, Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. indicated that he intended to oppose this application as did counsel for defendants Onika Tanya Maraj p/k/a Nicki Minaj and Harajuku Barbie Music, LLC. In addition, in an email and telephone conversations counsel for, counsel defendants, Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music, Inc. indicated that they intended to oppose this application. With respect to the other Defendants,[2] no response has yet been received.

Pursuant to Local Rule 7-19, contact information for counsel for Defendants participating in this action is provided below.

| DEFENDANT | COUNSEL |
|---|---|
| Michael Len Williams, II, Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp, | Thomas Lundin<br>FisherBroyles LLP<br>111 Favre Street<br>Waveland, MS 39576<br>(678) 778.8857<br>tom.lundin@fisherbroyles.com |

---

[2] Plaintiff has been unable to locate or contact unserved Defendant Marcus Bell. *See* Dkt. 60. Plaintiff has not contacted defaulting Defendant Kazarion Fowler. *See Dkt. 37.*

4
**PLAINTIFF'S *EX PARTE* APPLICATION FOR AUTHORIZATION**
CASE NO. 2:23-cv-05061-PA-AFM

|  | Larry R. Schmadeka<br>FisherBroyles LLP<br>260 Newport Center Dr., Ste. 100<br>Newport Beach, CA 92660<br>(949) 694-5388<br>larry.schmadeka@fisherbroyles.com |
|---|---|
| Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music, Inc. | David A. Steinberg<br>Mitchell Silberberg & Knupp LLP,<br>2049 Century Park East, 18th Floor,<br>Los Angeles, CA 90067<br>(310) 312.3204<br>das@msk.com<br><br>Lindsay Edelstein<br>Mitchell Silberberg & Knupp LLP<br>437 Madison Ave., 25th Floor<br>New York, NY 10022<br>(917) 546.7764<br>lre@msk.com |
| Onika Tanya Maraj p/k/a Nicki Minaj and Harajuku Barbie Music, LLC, | Mark S. Posard<br>Gordon Rees Scully Mansukhani, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>(415) 986.5900<br>mposard@grsm.com<br><br>Susan B. Meyer<br>Gordon Rees Scully Mansukhani, LLP<br>1601 Mt. Rushmore Road, Suite 3-227<br>Rapid City, SD 57701<br>(619) 230-7456<br>smeyer@grsm.com |
| Esther Dean and Dat Damn Dean | Peter Anderson<br>Davis Wright Tremaine LLP<br>865 S Figueroa Street, 24th Floor<br>Los Angeles, CA 90017<br>(213) 633-6800<br>peteranderson@dwt.com | |

Additionally, pursuant to Local Rule 7-19-1, the Plaintiff's counsel has telephoned lead counsel for each above-listed Defendants in an attempt to orally advise as to the date and substance of this *ex parte* application.

Dated: December 28, 2023          Respectfully submitted,

/s/    *Dayna C. Cooper*

Dayna C. Cooper (*pro hac vice*)
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl., Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

*ATTORNEYS FOR PLAINTIFF,*
JULIUS JOHNSON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's *ex parte* application seeks only authorization to add a single claim. The claim Plaintiff seeks leave to file, in effect, seeks adjudication of and relief from wrongful behavior of Defendants that has substantially already been alleged. That is, Plaintiff, in the FAC, has substantially already alleged the factual underpinning of the substantive elements, or at least the essence, of a claim regarding false copyright management information under 17 U.SC. § 1202(a). Referencing, summarizing, and/or amplifying those allegations in a new count in the pleadings neither substantially enlarges the Action, surprises Defendants with new allegations of wrongdoing, nor causes undue delay in this matter.

## II. ARGUMENT

### A. Leave to Amend the Complaint Should Be Freely Granted

Rule 15(a) provides that leave to amend shall be freely given when justice requires. Fed. R. Civ. P. 15. "[E]ven where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be freely given when justice so requires. The Ninth Circuit requires that this policy favoring amendment be applied with 'extreme liberality.'" *Apodaca Promotions, Inc. v. Nuccio*, No. CV 09-8566 PAFMOX, 2010 WL 60964, at *2 (C.D. Cal. Jan. 4, 2010)(internal citations omitted). The Court may allow amendment of complaint to change theory of case up to and even after trial, in absence of clear

showing of harm to defendant from tardy amendment. Fed. R. Civ. P. 15. The Supreme Court has provided, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis,* 371 U.S 178, 182 (1962).

### B. None of the Factors Justifying Denial of a Request for Leave to Amend Are Present and Thus Leave to Amend Should Be Granted

There exists no bad faith, undue delay, or prejudice to Defendants, nor would the amendments be futile.

The addition of the proposed claim does not change the fundamental nature of this copyright case. Specifically, § 1202(a) provides, "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement – (1) provide copyright management information[3] that is false, or (2) distribute or import for distribution copyright management information that is false."

Plaintiff has already alleged, *inter alia,* "Defendants wrongfully credited other parties as being authors of Defendants' infringing work, *I Lied*—to the exclusion of Johnson." Compl. ¶ 74. Plaintiff has also alleged that Defendants placed the work in commerce without credit to Johnson. Compl. ¶¶ 88-100. Plaintiff has also alleged that

---

[3] 17 U.S.C. § 1202(c) provides that "copyright management information" includes but it not limited to "[t]he title and other information identifying the work;" "[t]he name of, and other identifying information about, the author of a work;" and "The name of, and other identifying information about, the copyright owner of the work." This is the very essence of Plaintiff's complaint.

1  the acts were willful. Compl. ¶ 163.  Indeed, Plaintiff has even requested relief of
2  judgements "declaring that Johnson was an author of the music of *I Lied*" and
3  "ordering that Defendants publicly and prominently provide Johnson with attribution
4  credit for his contribution to *The Pinkprint*, *Ransom*, and *I Lied*." Compl. ¶ 440(c) &
5  (d). Accordingly, Plaintiff's request to incorporate the same and corresponding
6  allegations into a separate claim in his SAC is harmless, not in bad faith, and not
7  futile.

8      Plaintiff's proposed addition will not cause undue delay because it raises no
9  new issues. Further, Plaintiff has been granted leave to amend his other claims, and
10 this no responsive pleading has yet been filed nor has discovery on any of the issues
11 commenced. Accordingly, there is no undue delay in the parties proceeding to trial.

12 **III.  CONCLUSION**

13     For all the foregoing reasons, in the interest of justice, Plaintiff respectfully
14 requests the Court grant leave to add the additional claim to his Second Amended
15 Complaint.

| | | |
|---|---|---|
| 1 | Dated: December 28, 2023 | Respectfully submitted, |
| 2 | | */s/     Dayna C. Cooper* |
| 3 | | Dayna C. Cooper (*pro hac vice*)<br>Dayna@CooperLegalSolutions.com<br>COOPER LEGAL, LLC |
| 4 | | 1 Olympic Pl., Suite 900<br>Towson, MD 21204<br>Telephone: (202) 642 5470 |
| 5 | | Facsimile: (757) 257 9878 |
| 6 | | Laurence M. Sandell (SBN 262186)<br>lsandell@meimark.com<br>MEI & MARK LLP |
| 7 | | P.O. Box 65981<br>Washington, DC 20035-5981<br>Telephone: 888-860-5678 |
| 8 | | Facsimile: 888-706-1173 |
| 9 | | Manni Li (SBN 273984)<br>mli@meimark.com<br>Mei & Mark LLP |
| 10 | | 9440 Santa Monica Blvd., Suite 301<br>Beverly Hills, CA 90210<br>Telephone: 888-860-5678 ext. 713 |
| 11 | | Facsimile: 310-564-2769 |
| 12 | | *ATTORNEYS FOR PLAINTIFF,*<br>JULIUS JOHNSON |