Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp d/b/a WC Music Corp.*
*f/k/a WB Music Corp.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ONIKA TANYA MARAJ P/K/A NICKI MINAJ, et al.<br><br>　　　　Defendants. | Case No. 2:23-cv-05061-PA-AFM<br><br>**OPPOSITION TO PLANTIFF'S *EX PARTE* APPLICATION FOR AUTHORIZATION TO INCLUDE NEW CLAIM IN A SECOND AMENDED COMPLAINT**<br><br>**Honorable Percy Anderson** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ....................................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

ARGUMENT ............................................................................................................... 3

I. Plaintiff's *Ex Parte* Application Violates The Local Rules and This Court's Standing Order. ................................................................................ 3

    A. Plaintiff's Counsel Did Not Advise Opposing Defendants' Counsel of the Date of the *Ex Parte* Application. ................................................................ 3

    B. Plaintiff's *Ex Parte* Application Does Not Include a Proposed Second Amended Complaint. ................................................................................... 4

    C. Plaintiff's *Ex Parte* Application Is Not Accompanied by a Separate Proposed Motion. ......................................................................................... 4

II. Plaintiff Has Not Shown That *Ex Parte* Relief Is Justified. ........................... 6

    A. Plaintiff Has Not Shown Irreparable Prejudice ........................................... 6

    B. Plaintiff Has Not Shown That He Is Without Fault. ................................... 9

III. The Proposed Amendment Would Be Futile. .................................................. 9

    A. Plaintiff Has Not Alleged Falsification of Copyright Management Information ................................................................................................. 10

    B. Plaintiff Has Not Alleged the Requisite Dual Intent. ................................. 12

CONCLUSION .......................................................................................................... 13

L.R. 11-6.2 Certification ............................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Abhari v. Victory Park Capital Advisors, Inc.*,
    2020 U.S. Dist. LEXIS 247258 (C.D. Cal. Sept. 17, 2020) ............................ 7

*Allen v. City of Beverly Hills*,
    911 F.2d 367 (9th Cir. 1990) ........................................................................ 8

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) .......................................................................... 8

*Crowley v. Jones*,
    608 F. Supp. 3d 78 (S.D.N.Y. 2022) .......................................................... 12

*Curtis v. ABB, Inc.*,
    2013 U.S. Dist. LEXIS 195766 (C.D. Cal. Sept. 10, 2013) .......................... 4

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
    756 F. Supp. 2d 1352 (N.D. Fla. 2010) ...................................................... 11

*Jeehoon Park v. Skidmore, Owings & Merrill LLP*,
    2019 U.S. Dist. LEXIS 171566 (S.D.N.Y. Sept. 30, 2019) ........................ 12

*Krechmer v. Tantaros*,
    747 F. App'x 6 (2d Cir. 2018) .................................................................... 12

*Michael Grecco Prods. v. Time USA, LLC*,
    2021 U.S. Dist. LEXIS 140274 (S.D.N.Y. July 27, 2021) ......................... 12

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) ...................................................... passim

*Mobe, Ltd. v. Dig Altitude LLC*,
    2017 U.S. Dist. LEXIS 184732 (C.D. Cal. June 27, 2017) .......................... 7

*Murrey v. Minc*,
    2020 U.S. Dist. LEXIS 251490 (C.D. Cal. Dec. 16, 2020) .......................... 9

*NextEngine, Inc. v. Bigfoot Ventures Ltd.*,
    2017 U.S. Dist. LEXIS 220225 (C.D. Cal. Mar. 20, 2017) .......................... 4

*Nucap Indus., Inc. v. Robert Bosch LLC*,
    2019 U.S. Dist. LEXIS 152554 (N.D. Ill. Sept. 7, 2019) ........................... 10

*Triller Fight Club II LLC, Inc. v. Filmdaily.Com*,
    2021 U.S. Dist. LEXIS 163163 (C.D. Cal. May 6, 2021) ........................ 6, 9

*Western Shoshone Nat'l Council v. Molini*,
    951 F.2d 200 (9th Cir. 1991) ........................................................................ 8

*Yellow Pages Photos, Inc. v. Dex Media, Inc.*,
    2021 U.S. Dist. LEXIS 42188 (M.D. Fla. Feb. 3, 2021) ........................... 12

**Statutes**

17 U.S.C. § 1202(a) ................................................................................................. passim

17 U.S.C. § 1202(c) ........................................................................................................ 10

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................. 8

L.R. 15-1 .......................................................................................................................... 4

L.R. 7-19.1 ............................................................................................................... 3, 4, 6

L.R. 7-3 ............................................................................................................................ 6

**Treatises**

4 Nimmer on Copyright § 12A.08 (2023) ..................................................................... 12

Register of Copyrights, Authors, Attribution, and Integrity: Examining Moral Rights in the United States (April 2019) ............................................................................. 12

Defendants Michael Len Williams, II, Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. (collectively, "Opposing Defendants") respectfully submit this opposition and incorporated memorandum of law in opposition to the *Ex Parte* Application for Authorization to Include a New Claim in a Second Amended Complaint ("*Ex Parte* Application") filed by Plaintiff Julius Johnson ("Plaintiff").[1]

## INTRODUCTION

Plaintiff's *Ex Parte* Application violates this Court's Standing Order and the Local Rules. Further, Plaintiff has failed to show any justification for *ex parte* relief under this Court's precedents. These deficiencies alone warrant denial of Plaintiff's *Ex Parte* Application.

Plaintiff's *Ex Parte* Application also should be denied because the proposed new claim for which Plaintiff seeks authorization to add in a Second Amended Complaint ("SAC") is not supported by the allegations of the First Amended Complaint ("FAC") and because Plaintiff's proposed amendment would be futile.

For each of the foregoing reasons, separately and independently, the Court should deny Plaintiff's *Ex Parte* Application.

## STATEMENT OF FACTS

On June 26, 2023, Plaintiff filed his 125-paragraph, eight-count Complaint. [Dkt. 1] The Complaint does not contain any reference to "copyright management information" or the alleged falsification thereof. *Id.*

---

[1] Opposing Defendants' opposition is supported by the Declaration of Thomas C. Lundin Jr. in Opposition to Plaintiff's *Ex Parte* Application for Authorization to Include New Claim in a Second Amended Complaint ("Lundin Decl.") and [Proposed] Order Denying Plaintiff's Ex Parte Application, which are being filed concurrently herewith. In compliance with the Court's procedures for *ex parte* applications, a conformed mandatory chambers copy of Opposing Defendants' opposition papers are being hand-delivered to the Court's mail box outside the Clerk's Office on the 4th floor of the 1st Street Courthouse; because the court is closed today for an Administrative Leave day, and the Court's Standing Order provides that mandatory chambers copies when ordered must be provided by noon on the next business day [Dkt. 12 ¶ 5], said confirmed copies are being hand-delivered on January 2, 2024.

On October 26, 2023, Plaintiff filed his 440-paragraph, six-count FAC. [Dkt. 51] The FAC does not contain any reference to "copyright management information" or the alleged falsification thereof. *Id.*

On December 18, 2023, this Court granted, in part, Opposing Defendants' motion to dismiss the FAC, stating in pertinent part:

> The Court dismisses Plaintiff's claims for copyright infringement, vicarious infringement, and contributory infringement with leave to amend, and dismisses Plaintiff's claim for unfair competition and false designation of origin in violation of the Lanham Act without leave to amend. Plaintiff's Second Amended Complaint, if any, shall be filed by no later than January 3, 2024. Failure to file a Second Amended Complaint by that date may, without further warning, result in the dismissal of this action. Plaintiff's Second Amended Complaint, if any, shall not include any new claims or parties without the Court's authorization.

[Dkt. 67 at 6-7]

Nine days later, on December 27, 2023, Plaintiff's counsel contacted Opposing Defendants' counsel and counsel for other defendants by email, stating in full:

> Pursuant to Local Rule 7-3, I am seeking your consent regarding the addition of a new claim under 17 U.S.C. § 1202(a). **Given the holiday and the remaining time, we intend to file an emergency motion for leave to add the additional claim.** The allegations to support the claim are already included in the complaint and thus while we are "technically" adding a new claim (which might require us to clean up some language) there is no new substance; the substantive allegations are the same. Specifically, § 1202 provides, "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false." Without outlining every single supporting allegation in the complaint, Plaintiff has generally alleged, "Defendants wrongfully credited other parties as being authors of Defendants' infringing work, I Lied—to the exclusion of Johnson." Compl. ¶ 74. Plaintiff has also alleged that Defendants placed the work in commerce without credit to Johnson. Compl. ¶¶ 88-100. Plaintiff has also alleged that the acts were willful. Compl. ¶ 163. To that end, please advise as to your position.

Lundin Decl. ¶ 3 & Ex. A (emphasis added).

On December 28, 2023, Plaintiff's counsel contacted Opposing Defendants' counsel and counsel for other defendants by email, stating in pertinent part:

> Upon further review of the rule, it appears that I'm required to make a good faith attempt to contact you "orally." To that end, I will follow up with a phone call shortly.

Lundin Decl. ¶ 4 & Ex. B.

Also on December 28, Plaintiff's counsel left a voicemail message with Opposing Defendants' counsel stating, among other things, that "it seems silly, but local counsel just wanted to make sure that we followed the rules to the letter of the law," so Plaintiff's counsel was "orally advis[ing]" that Plaintiff was "intending to file the *ex parte* application." Lundin Decl. ¶ 5. Plaintiff's counsel also called Opposing Defendants' local counsel with essentially the same message. Lundin Decl. ¶ 6.

Plaintiff's counsel did not advise Opposing Defendants' counsel of the date of the proposed *ex parte* application in any of the communications preceding the filing of the *Ex Parte* Application. Lundin Decl. ¶ 7.

On December 28, 2023 at 4:59 p.m., Plaintiff filed his *Ex Parte* Application. The *Ex Parte* Application does not include either (1) a proposed SAC or (2) a separate proposed motion for the ultimate relief Plaintiff is seeking. [Dkt. 68]

## ARGUMENT

**I. Plaintiff's *Ex Parte* Application Violates The Local Rules and This Court's Standing Order.**

**A. Plaintiff's Counsel Did Not Advise Opposing Defendants' Counsel of the Date of the *Ex Parte* Application.**

"*[E]x parte* applications are solely for extraordinary relief." [Dkt. 12 (Standing Order) ¶ 8 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995))] "Applications which fail to conform with Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered." *Id.* (original emphasis removed).

Local Rule 7-19.1 provides:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of ***the date*** and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

L.R. 7-19.1 (emphasis added).

Plaintiff's counsel did not advise Opposing Defendants' counsel of the date of the proposed *ex parte* application, as L.R. 7-19.1 requires. Lundin Decl. ¶¶ 3-7. This Court's

Standing Order provides that Plaintiff's failure to conform to L.R. 7-19.1 means that Plaintiff's *Ex Parte* Application "will not be considered." Accordingly, Plaintiff's *Ex Parte* Application should be denied on that ground. *See also NextEngine, Inc. v. Bigfoot Ventures Ltd.*, 2017 U.S. Dist. LEXIS 220225, at *13 (C.D. Cal. Mar. 20, 2017) (Anderson, J.) ("violations of the Local Rules are themselves sufficient to deny [the plaintiff's] Ex Parte Application").

### B. Plaintiff's *Ex Parte* Application Does Not Include a Proposed Second Amended Complaint.

Local Rule 15-1 provides:

> ***Separate Document. Any proposed amended pleading must be filed as an attachment to the related motion*** or stipulation. In addition, unless exempted from electronic filing by L.R. 5-4.2(a)(1), a party who obtains leave of Court to file an amended pleading must promptly thereafter file the pleading approved by the Court as a separate document in the Court's CM/ECF System.

L.R. 15-1 (emphasis in original title, emphasis added in body).

Plaintiff's *Ex Parte* Application does not include as an attachment the proposed SAC including the proposed new claim for which counsel seeks authorization to add. [Dkt. 68] Violation of Local Rule 15-1 is itself sufficient to deny an *ex parte* application. *See Curtis v. ABB, Inc.*, 2013 U.S. Dist. LEXIS 195766, at *12 (C.D. Cal. Sept. 10, 2013) (Anderson, J.) (denying *ex parte* application seeking authorization to file amended complaint); *NextEngine*, 2017 U.S. Dist. LEXIS 220225, at *13. Plaintiff's *Ex Parte* Application should be denied for violating L.R. 15-1.

### C. Plaintiff's *Ex Parte* Application Is Not Accompanied by a Separate Proposed Motion.

This Court's Standing Order is consistent with the decision of the court in *Mission Power Eng'g*, which held that an *ex parte* application is "extraordinary relief" [Dkt. 12 ¶ 8] that is "rarely justified." *Mission Power Eng'g*, 883 F. Supp. at 490. In that case, the court stated:

> **An ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking.** Properly designed ex parte motion papers thus contain two distinct motions or parts. The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of

4
OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

> papers identical to those that would be filed to initiate a regular noticed motion (except that they are denominated as a "proposed" motion and they show no hearing date.) *These are separate, distinct elements for presenting an ex parte motion and should never be combined. The parts should be separated physically and submitted as separate documents.* The clerk's office will stamp the ex parte motion as "filed" and the proposed motion as "lodged."

*Id.* at 492 (italic emphasis in original, bold emphasis added).

Plaintiff's *Ex Parte* Application was not accompanied by a separate proposed motion seeking the ultimate relief Plaintiff seeks. [Dkt. 68] This ground also is sufficient itself to deny Plaintiff's *Ex Parte* Application. "Improperly prepared ex parte motions exacerbate the problems created by their abusive use." *Mission Power Eng'g*, 883 F. Supp. at 492.

The court in *Mission Power Eng'g* explained the important reasons for requiring strict compliance with the court's procedural requirements with respect to *ex parte* applications, noting that "abuse [of *ex parte* applications] is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court." *Id.* at 489. That court further stated that even "hybrid" *ex parte* motions, in which opposing parties are afforded notice and an opportunity to respond,

> are inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system. Though the adversary does have a chance to be heard, the parties' opportunities to prepare are grossly unbalanced. Often, the moving party's papers reflect days, even weeks, of investigation and preparation; the opposing party has perhaps a day or two. This is due primarily to gamesmanship. The opposing party is usually told by telephone when the moving party has completed all preparation of the papers and has a messenger on the way to court with them. The goal often appears to be to surprise opposing counsel or at least to force him or her to drop all other work to respond on short notice.

*Id.* at 490. The court concluded: "All of this detracts from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side." *Id.* at 491.

All of the concerns emphasized by the court in *Mission Power Eng'g* are presented by Plaintiff's *Ex Parte* Application. That is, Plaintiff's *Ex Parte* Application reflects at least nine days of preparation, from the issuance of the Court's Order dismissing the FAC through the filing of the *Ex Parte* Application [Dkt. 67, 68], while the Court's Standing

Order provides Opposing Defendants only 24 hours to respond. [Dkt. 12 ¶ 8] Plaintiff's counsel sought to advise Opposing Defendants' counsel orally of the proposed *ex parte* application, as required by L.R. 7-19.1, only on the day of filing—although Plaintiff's counsel never advised Opposing Defendants' counsel of the *date* of the proposed *ex parte* application, as also required by L.R. 7-19.1. Lundin Decl. ¶¶ 3-7. Thus, Plaintiff's goal does "appear[] to be to surprise opposing counsel or at least to force him or her to drop all other work to respond on short notice." *Mission Power Eng'g*, 883 F. Supp. at 490.

As the *Mission Power Eng'g* court reasoned, because the parties' opportunities to prepare their submissions are so "grossly unbalanced," courts should require strict compliance with Local Rules, Standing Orders, and other procedural requirements to ensure the administration of justice. *Id.* Accordingly, Plaintiff's *Ex Parte* Application should be denied.

## II.   Plaintiff Has Not Shown That *Ex Parte* Relief Is Justified.

To justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." *Triller Fight Club II LLC, Inc. v. Filmdaily.Com*, 2021 U.S. Dist. LEXIS 163163, at *6 (C.D. Cal. May 6, 2021) (Anderson, J.) (quoting *Mission Power Eng'g*, 883 F. Supp. at 492). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." *Id.*

### A.   Plaintiff Has Not Shown Irreparable Prejudice.

Plaintiff has failed to show that he would be irreparably prejudiced if the underlying motion were heard according to regularly noticed motion procedures for two reasons. The *only* argument Plaintiff offers in support of *ex parte* relief centers on the Court's instruction that Plaintiff file any SAC by no later than January 3, 2024. [Dkt. 67 at 7] Plaintiff argues that, under L.R. 7-3,

> even if opposing counsel were available to meet and confer on December 19, 2023—the day the Court issued its Order (Dkt. 67),[2] Plaintiff would have been

---
[2] Plaintiff is incorrect. The Court's Order was entered December 18, 2023.

> prohibited from filing such motion until December 26, 2023. The corresponding hearing date would be in mid-January at the earliest, and Plaintiff would have been required for [sic] file its SAC (on January 3, 2024) before Defendants' opposition brief were even due (on January 5, 2024, per L. R. 7-9).

[Dkt. 68 at 3] Plaintiff's argument is misplaced, as this Court has explained precisely why in rejecting *ex parte* applications in previous cases. In *Mobe, Ltd. v. Dig. Altitude LLC*, this Court reasoned:

> Rather than raising their . . . argument in an ex parte application, Defendants could, and should, have filed a regularly noticed motion and an ex parte application to shorten time. In that case, the Court, with [the plaintiff's] input, would have been in a position to determine whether [the underlying issue] needed to be resolved on a more expedited basis than would otherwise be afforded under the default Local Rules. No argument advanced in the Ex Parte Application constituted an emergency requiring the Court's immediate attention.

2017 U.S. Dist. LEXIS 184732, at *7-8 (C.D. Cal. June 27, 2017). The same reasoning applies here. Plaintiff could and should have filed a regularly noticed motion in compliance with the Local Rules and an *ex parte* application to shorten time, or perhaps to extend the January 3, 2024 deadline to file an SAC in the Court's Order. Thus, the Court's deadline for filing an SAC does not provide any justification for *ex parte* relief. *See id.*; *see also Abhari v. Victory Park Capital Advisors, Inc.*, 2020 U.S. Dist. LEXIS 247258, at *15 (C.D. Cal. Sept. 17, 2020) (Anderson, J.) ("In the future, the Court will not hesitate to deny an ex parte application if a party fails to justify why it should "go to the head of the line in front of all other litigants and receive special treatment.") (quoting *Mission Power Eng'g*, 883 F. Supp. at 492 ("When an ex parte motion is filed . . . [t]he judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions. Even hearings or trials—where a courtroom full of deserving users of the court are waiting—are often interrupted or delayed.")).

Further, "[t]o show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it

7
OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION

cannot be prejudicial." *Mission Power Eng'g*, 883 F. Supp. at 492. As noted in Sections I.B. and I.C., *supra*, Plaintiff failed include either (1) a proposed SAC that includes its proposed new claim, as required by L.R. 15-1, or (2) an accompanying motion, as required by the court in *Mission Power Eng'g*. It is therefore impossible for the Court or Opposing Defendants to assess the merits of Plaintiff's proposed underlying motion.

Even if the Court were to consider Plaintiff's "Memorandum of Points and Authorities" incorporated into his *Ex Parte* Application for the purpose of considering the merits, Plaintiff's argument focuses entirely on whether leave to amend should be granted under Fed. R. Civ. P. 15. Plaintiff argues that "[t]here exists no bad faith, undue delay, or prejudice to Defendants, nor would the amendments be futile." [Dkt. 68 at 2] But Plaintiff misstates the legal standard.

In considering whether leave to amend under Rule 15 should be granted, courts consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and **whether the party has previously amended his pleadings**." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (emphasis added) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). "Additionally, we have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)).

Here, Plaintiff previously amended his pleadings—from the 125-paragraph Complaint to the 440-paragraph FAC. Neither the Complaint nor the FAC contained any reference to "copyright management information" or alleged falsification thereof. [Dkt. 1, 51] Plaintiff's *Ex Parte* Application does not provide any satisfactory explanation for his failure to fully develop his contentions originally or in the FAC. *Bonin*, 59 F.3d at 845. Thus, Plaintiff's conclusory assertion that there has been no undue delay is incorrect. Further, Plaintiff's conclusory assertion that the proposed amendment would not be futile is meritless, as discussed below.

### B. Plaintiff Has Not Shown That He Is Without Fault.

Plaintiff has not shown that he "is without fault in creating the crisis that requires ex parte relief." *Triller Fight*, 2021 U.S. Dist. LEXIS 163163, at *6. Instead, "[h]ere, the 'emergency' is all of Plaintiff's making." *Murrey v. Minc*, 2020 U.S. Dist. LEXIS 251490, at *6-7 (C.D. Cal. Dec. 16, 2020) (Anderson, J., denying *ex parte* application).

Plaintiff had ample opportunity to include a claim for violation of 17 U.S.C. § 1202(a) in his original Complaint or the FAC. Further, Plaintiff could and should have filed a regularly noticed motion and an *ex parte* application for expedited hearing or to extend the Court's January 3, 2024 deadline. Moreover, Plaintiff's counsel admitted to counsel for Defendants Universal Music Group, Inc., Songs of Universal, Inc., and Money Mack Music that the delay in filing the *Ex Parte* Application—until between the Christmas and New Year holidays—was entirely attributable to the fact that "this 'is not [her] only case,' and she had other pressing matters." *See* Declaration of David A. Steinberg in Opposition to Plaintiff's *Ex Parte* Application for Authorization to Include New Claim in the Second Amended Complaint ¶ 5.

### III. The Proposed Amendment Would Be Futile.

Plaintiff's *Ex Parte* Application should be denied because the Plaintiff failed to comply with the Local Rules and this Court's Standing Order, precluding any consideration of the merits of Plaintiff's underlying motion. If the Court were to consider Plaintiff's underlying motion, Plaintiff's *Ex Parte* Application also should be denied because—as best that Opposing Defendants can understand it in the absence of a proposed SAC—Plaintiff's underlying motion is meritless. The allegations of the FAC do not support any claim for violation of 17 U.S.C. § 1202(a). The proposed amendment to add a new claim therefore would be futile.

No allegation in the 440-paragraph FAC contains any reference to 17 U.S.C. § 1202(a) or to "copyright management information" or alleged falsification thereof. [Dkt. 51] Despite this fact, Plaintiff summarily argues that addition of a claim for falsification of

copyright management information would not "change the fundamental nature" of the case because he

> has already alleged, *inter alia*, "Defendants wrongfully credited other parties as being authors of Defendants' infringing work, I Lied—to the exclusion of Johnson." Compl. ¶ 74. Plaintiff has also alleged that Defendants placed the work in commerce without credit to Johnson. Compl. ¶¶ 88-100. Plaintiff also has alleged that these acts were willful. Compl. ¶ 163.

[Dkt. 68 at 8-9] Plaintiff argues that such allegations support a claim under § 1202(a) because "copyright management information" includes "[t]he title and other information identifying the work;" "[t]he name of, and other identifying information about, the author of a work" and "The name of, and other identifying information about, the copyright owner of the work." [Dkt. 68 at 8 n.3]

Plaintiff's argument is wrong for two reasons. First, the allegations Plaintiff identifies concern Defendants' Work, not either of Plaintiff's alleged works. Second, Plaintiff has not alleged the "double scienter requirement" of acting both "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" that § 1202(a) requires. *See, e.g.*, *Nucap Indus., Inc. v. Robert Bosch LLC*, 2019 U.S. Dist. LEXIS 152554, at *43 (N.D. Ill. Sept. 7, 2019) (noting that "both the Second and Ninth circuits have concluded that the statute includes a 'double scienter requirement.'").

### A. Plaintiff Has Not Alleged Falsification of Copyright Management Information.

Section 1202 defines "copyright management information" as "information ***conveyed in connection with*** copies or phonorecords of a work[.]" 17 U.S.C. § 1202(c). The allegations Plaintiff identifies concern information that Defendants conveyed in connection with Defendants' Work, not in connection with either of Plaintiff's alleged works, and Plaintiff failed to allege that Defendants' Work is a copy of Plaintiff's alleged works.[3]

---

[3] This Court has ruled that Plaintiff owns a copyright registration for the sound recording of Plaintiff's alleged work, but not for the musical composition of Plaintiff's alleged work. "Accordingly, to the extent Plaintiff alleges that Defendants infringed on the musical composition of [Plaintiff's alleged w]ork, Plaintiff has failed to state a claim for copyright infringement." [Dkt. 67 at 4]

In *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352 (N.D. Fla. 2010), the defendant published note packages that purportedly violated the copyright to textbooks and lecture notes authored by the plaintiff's licensor. The plaintiff claimed that the defendant intentionally published false copyright management information by printing the defendant's own copyright notice on the cover of its note packages. *Id.* at 1356. The content for the defendant's product was provided by student note takers, which the defendant edited. *Id.* The court granted summary judgment for the defendant because "[t]he note packages that [the defendant] produced were a different product from [the asserted] work even if, as [the plaintiff] alleges, they included materials from [the asserted] work. No alteration was made to [the author's] product or original work, so there was no violation of [§ 1202] by printing [the defendant's copyright notice] on the note packages." *Id.* at 1359-60.

Similarly, here, Plaintiff does not allege that Defendants altered or falsified any copyright management information on Plaintiff's asserted works. Placement of Defendants' copyright notice on Defendants' Work does not violate § 1202(a).

Any argument that placement of Defendants' copyright notice on Defendants' Work constituted "information conveyed in connection with" a copy of Plaintiff's alleged works, because Defendants' Work purportedly is a "copy" of Plaintiff's alleged works, also fails because this Court already has found that Plaintiff failed to allege the "copying" element of a copyright infringement claim. [Dkt. 67 at 4] This Court found that "the FAC does not plead facts to plausibly allege that [Plaintiff's] Work and 'I Lied' are substantially or strikingly similar. Rather, the FAC merely contains conclusory allegations . . . Nowhere in the FAC does Plaintiff allege the protectable elements of [Plaintiff's] Work that are strikingly or substantially similar to 'I Lied.' Nor does Plaintiff plead any other facts to plausibly allege such similarities." *Id.* Accordingly, the allegations of the FAC cannot support any claim that Defendants conveyed any information in connection with a copy of Plaintiff's alleged works.

Further, the FAC repeatedly refers to Defendants' Work as a "derivative" of Plaintiff's alleged works. [Dkt. 51 ¶¶ 159, 190, 202, 205-206, 208-209, 212-213, 216-217, 220, 222, 224-225, 227-228, 230-231, 233-234, 236-237, 239-240, 242-254] In *Crowley v. Jones*, 608 F. Supp. 3d 78 (S.D.N.Y. 2022), the court dismissed a claim for violation of § 1202(a) where "[t]he Complaint repeatedly describes defendants' allegedly infringing use of the [asserted work] as a derivative work." *Id.* at 91. "Where an allegedly infringing work is derivative to the original, a defendant does not violate [§ 1202(a)] by printing his own name on the derivative work, even if the derivative work is an act of infringement." *Id.* at 90 (citing *Jeehoon Park v. Skidmore, Owings & Merrill LLP*, 2019 U.S. Dist. LEXIS 171566, at *11 (S.D.N.Y. Sept. 30, 2019); *see also Michael Grecco Prods. v. Time USA, LLC*, 2021 U.S. Dist. LEXIS 140274, at *5 (S.D.N.Y. July 27, 2021) ("a party that puts its own CMI on work distinct from work owned by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work.").

Plaintiff's proposed amendment to add a new claim would be futile because the allegations fail to state a claim for violation of § 1202(a) arising from the purported placement of Defendants' copyright notice on Defendants' Work.

### B. Plaintiff Has Not Alleged the Requisite Dual Intent.

The requirement of § 1202(a) that a person must act "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" for liability to exist "translates to a 'double scienter requirement.'" *Yellow Pages Photos, Inc. v. Dex Media, Inc.*, 2021 U.S. Dist. LEXIS 42188, at *25-26 (M.D. Fla. Feb. 3, 2021) (citing *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018); *Nucap Indus.*, 2019 U.S. Dist. LEXIS 152554, at *12); *see also* 4 Nimmer on Copyright § 12A.08 (2023) ("the removal, falsification, or alteration of CMI is only actionable under 1202 if a fairly stringent dual intent standard is satisfied") (quoting Register of Copyrights, Authors, Attribution, and Integrity: Examining Moral Rights in the United States (April 2019)).

Plaintiff's mere allegation that "[o]n information and belief, Defendants' acts were willfully, maliciously, and oppressively made without regard to Johnson's proprietary

12

rights" [Dkt. 51 at 163] does not plausibly allege the stringent double scienter that § 1202 requires by Opposing Defendants or any defendant. The FAC fails to allege that any defendant allegedly copied Plaintiff's alleged works, and Plaintiff's previous filings have made clear that his claims are premised on mere speculation and conjecture, stating:

> Given the fact that the registration of the infringing works lists several Defendants as the author or claimant, **Plaintiff cannot possibly know** which Defendant touched which work or at what time. For instance, **it is possible** that one Defendant copied the Sound Recording, made modifications, and then passed that derivative to another who made additional modifications. The derivative which was passed on **could have included** the actual Sound Recording **or** only the underlying Composition. **It is also possible** that one Defendant copied the Sound Recording and then transferred the Sound Recording to Defendant two to incorporate their contribution. **Plaintiff cannot possibly know the chain of events.** . . . Plaintiff can only draw a reasonable inference since the Defendants are listed on the copyright registrations.

[Dkt. 62 at 13 (internal citation omitted; emphasis added)] Because Plaintiff claims that he "cannot possibly know which Defendant touched which work or at what time," Plaintiff fails to plausibly allege that any defendant acted *either* "knowingly" *or* "with the intent to induce, enable, facilitate, or conceal infringement," much less with the required double scienter.

Accordingly, Plaintiff's proposed amendment would be futile for the additional reason that the allegations fail to plausibly allege the scienter required to establish liability under § 1202(a).

## CONCLUSION

For each of the foregoing reasons, independently and collectively, Opposing Defendants respectfully request that the Court deny Plaintiff's *Ex Parte* Application.

Respectfully submitted, December 29, 2023

                              */s/Thomas C. Lundin Jr.*
                              Thomas C. Lundin Jr. (admitted *pro hac vice*)
                              tom.lundin@fisherbroyles.com
                              FISHERBROYLES LLP
                              111 Favre Street
                              Waveland, MS 39576
                              Tel. (678) 778-8857

Larry R. Schmadeka (SBN 160400)
larry.schmadeka@fisherbroyles.com
FISHERBROYLES LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel. (949) 694-5388

*Attorneys for Defendants*
*Michael Len Williams, II; Sounds*
*From Eardrummers, LLC; W Chappell*
*Music Corp f/k/a WB Music Corp.*

## L.R. 11-6.2 CERTIFICATION

The undersigned, counsel of record for defendants Michael Len Williams, II; Sounds From Eardrummers, LLC; and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., certifies that this brief contains 13 pages, which complies with the page limit set by the Court's Order dated June 28, 2023.

Dated: December 29, 2023

/s/*Thomas C. Lundin Jr.*
Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857