UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | January 5, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Renewed Motion for Alternative Service and to Extend the Deadline to Complete Service ("Motion"), filed by plaintiff Julius Johnson ("Plaintiff"). (Docket No. 60.) Plaintiff seeks leave, for a second time, to serve defendant Marcus Bell ("Bell") with the Summons and Second Amended Complaint through alternative means. Plaintiff also seeks a second extension of his deadline to serve Bell. See Fed. R. Civ. P. 4(m). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for January 8, 2024, was vacated, and the matter taken off calendar.

      On August 15, 2023, Plaintiff attempted, unsuccessfully, to serve Bell in person at his last known home address in Los Angeles, California. The process server's Declaration of Non Service reads, in part: "I spoke with an individual who identified themselves as the resident and they stated subject unknown. At the address I observed a package/mail addressed to another. I spoke with a neighbor who says not resident and a neighbor who doesn't recognize name." (Docket No. 60-6.) On September 4, 2023, Plaintiff also attempted, unsuccessfully, to serve Bell in Richmond, Virginia at Bellringer Productions, LLC's "principal office address" listed on the Virginia State Corporation Commission's website.[1/] The process server's Declaration of Non Service reads, in part: "I spoke with an individual who identified themselves as the resident and they stated subject unknown." (Docket No. 60-8.) In August and September of 2023, Plaintiff's counsel also conducted a "skip trace," performed general internet searches, and reviewed copyright records in an effort to locate Bell. Plaintiff contends that these searches did not yield "any new addresses believed to be reasonably calculated to effectuate service." (Docket No. 60-1 at p. 3.)

---

[1/]    The Virginia State Corporation Commission's website lists Bell as the "registered agent" for Bellringer Productions, LLC. (Docket No. 60-8 at p. 3.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | January 5, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

On September 22, 2023, Plaintiff filed his first Motion for Alternate Service and to Extend the Deadline to Complete Service, seeking an extension of Rule 4(m)'s 90-day deadline to serve Bell and seeking leave to serve Bell by email or publication. (Docket No. 24.) The Court issued a Minute Order granting Plaintiff's request to extend his deadline to serve Bell to November 23, 2023, and denying Plaintiff's request to serve Bell by email or publication. (Docket No. 50.) In denying Plaintiff's request to serve Bell by publication, the Court noted that Plaintiff had not taken exhaustive measures to serve Bell and had failed to file an affidavit demonstrating that a cause of action exists against Bell, both of which are requirements for service by publication under California Code of Civil Procedure § 415.50. (Id. at p. 4.)

Thereafter, Plaintiff's counsel attempted to contact Bell by sending him messages via email, LinkedIn, and Instagram, but was unsuccessful. Plaintiff's counsel also searched voter registration and county assessor records, which Plaintiff contends "failed to yield any fruitful information." (Docket No. 60-1 at p. 5.) Now, Plaintiff again seeks leave to serve Bell by publication.

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure § 415.50 allows a summons to "be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner . . . ." Cal. Civ. Proc. Code § 415.50(a). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Watts v. Crawford, 10 Cal. 4th 743, 749 n.5 (1995) (internal citations omitted). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant . . . ." Id. This requirement exists because "it is generally recognized that service by publication rarely results in actual notice." Id. Additionally, the newspaper in which a plaintiff seeks to publish the summons must be one that is "most likely to give actual notice to the party to be served." Cal. Civ. Proc. Code § 415.50(b); see Akzo Nobel Coatings Inc. v. GMP Cars, LLC, No. 4:21-CV-03359-YGR, 2021 WL 2633328, at *2 (N.D. Cal. June 25, 2021) ("[P]laintiff has made no showing that the proposed newspaper . . . is 'most likely to give actual notice to' defendant.").

Here, Plaintiff has not specified which newspaper he intends to publish the Summons in, or demonstrated that a chosen newspaper "is most likely to give actual notice" to Bell, as required by section 415.50. See Claimtek, LLC v. Med Off. Grp., Inc., No. 8:22-cv-01696-FWS-DFM, 2023 WL 2560050, at *2 (C.D. Cal. Jan. 18, 2023) (finding that "[p]laintiff has not adequately demonstrated that the requirements of [section 415.50] are met" where plaintiff "has

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | January 5, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

not specified which newspaper it intends to publish the summons in or adequately demonstrated that the chosen newspaper 'is most likely to give actual notice to the party to be served'") (quoting Cal. Civ. Proc. Code § 415.50(b)).

Plaintiff also requests that the Court extend his deadline to serve Bell to January 22, 2024. Ordinarily, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). Here, the Court finds that Plaintiff has not shown good cause to extend the deadline to serve Bell to January 22, 2024. Plaintiff has simply no idea where Bell is located or where it is that service "is most likely to give actual notice" to Bell.

For all of the foregoing reasons, Plaintiff's Motion is denied and the action against Bell is dismissed without prejudice pursuant to Rule 4(m).

IT IS SO ORDERED.