1  Dayna C. Cooper (*pro hac vice pending*)
   Dayna@CooperLegalSolutions.com
2  COOPER LEGAL, LLC
   1 Olympic Pl., Suite 900
3  Towson, MD 21204
   Telephone: (202) 642.5470
4  Facsimile: (757) 257.9878

5  *Attorneys for Plaintiff Julius Johnson*
   (Additional attorneys listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIUS JOHNSON, an individual,<br>　　Plaintiff,<br><br>　　vs.<br><br>ONIKA TANYA MARAJ P/K/A<br>NICKI MINAJ, et al.<br><br>　　Defendants. | Case No. 2:23-cv-5061- PA-AFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>February 26, 2024, at 10:30 a.m.<br><br>**Courtroom of the Honorable Percy Anderson**<br>**United States District Judge** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and the Court's January 2, 2024 Order [Dkt. 73], Plaintiff Julius Johnson ("Plaintiff") and Defendants Onika Tanya Maraj p/k/a Nicki Minaj ("Minaj"), Harajuku Barbie Music, LLC ("Harajuku"), Universal Music Group, Inc. ("UMG"), Songs Of Universal, Inc. ("SOU"), W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. ("WC Music"), Michael Len Williams II p/k/a Mike Will Made It ("Williams"), Sounds from Eardrummers, LLC ("Eardrummers"), Money Mack Music Inc. ("Money Mack"), and Esther Renay Dean, also sued as Dat Damn Dean ("Dean"),[1] by and through their counsel, hereby file the following joint report:

## PLAINTIFF'S PRELIMINARY STATEMENT

On January 2, 2024, the Court set the upcoming February 26, 2024 Scheduling Conference. Dkt. 73. On January 22, 2024, Plaintiff filed his Motion to Amend. The Court could have but did not stay or extend the parties obligations pending the outstanding Motion. In addition, Defendants did not move to extend the dates.

## DEFENDANTS' PRELIMINARY STATEMENT

Significant uncertainty exists at this time concerning which claims, if any, will be pending in this action, and the nature of those claims, after the Court rules on (i) Plaintiff's pending Motion for Leave to Amend and Authorization to Add New

---

[1] Minaj, Harajuku, UMG, SOU, WC Music, Williams, Eardrummers, Money Mack, and Dean are collectively referred to herein as "Defendants."

Claims Under 17 U.S.C. § 1202 (the "Motion to Amend") [Dkt. 89] in a Third Amended Complaint ("TAC"); and (ii) Defendants' intended motion to dismiss the claims in either the Second Amended Complaint ("SAC") or TAC, after the Court rules on the Motion to Amend.[2]

As set forth in Defendants' opposition [Dkt. 92], the Court should deny the Motion to Amend because Plaintiff's unauthorized modifications and additions to the SAC, as well as Plaintiff's proposed new claims, would significantly and prejudicially expand the scope of the case and, accordingly, the scope of discovery. For example, Plaintiff's proposed TAC seeks to add three new claims under 17 U.S.C. § 1202, and to assert those claims with respect to new, unpleaded works, in addition to Plaintiff's musical composition and sound recording entitled "onmysleeve" ("Plaintiff's Works"). Plaintiff's other unauthorized modifications and additions to the SAC also would significantly expand the scope of the case. Further, the claims of the SAC are subject to dismissal, separate and apart from the new claims in the proposed TAC, and whether or not the Court grants or denies Plaintiff's Motion to Amend.

The Court's Order [Dkt. 73] setting the upcoming February 26, 2024 Scheduling Conference was issued on January 2, 2024, commensurate with the Court's denial of Plaintiff's *ex parte* application seeking leave to file a TAC, and well before Plaintiff filed

---

[2] By the Court's January 16, 2024 Order [Dkt. 84], Defendants' responses to Plaintiff's SAC are not due until after the Court rules on the Motion to Amend.

his Motion to Amend on January 22, 2024. After Plaintiff filed his Motion to Amend, Defendants' counsel proposed to Plaintiff's counsel that the parties submit a joint motion seeking a continuance of the Scheduling Conference to preserve judicial economy and the parties' resources. Plaintiff's counsel disagreed, and the parties conducted the Fed. R. Civ. P. 26(f) conference of counsel.

Considering the significant uncertainty concerning Plaintiff's claims as a result of the Motion to Amend and Defendants' intended motion to dismiss, Defendants are unable to take positions on, *e.g.*, discovery limitations; timing and subjects of discovery, including fact or expert discovery cutoff dates; issues that may need to be addressed by motions; the potential for settlement; the timing and length of trial; and other elements required in the Rule 26(f) Report. It would preserve judicial economy and the parties' resources to continue the Scheduling Conference until after the Court's rulings on the Motion to Amend and Defendant's intended motion to dismiss.

The Court's January 2, 2024 Order provides that "[a] continuance of the Scheduling Conference will be granted only for good cause." [Dkt. 73 at 3.] Good cause exists because Defendants' motion to dismiss the claims that are pending after the Court rules on the Motion to Amend could potentially dispose of the action in its entirety, and it would serve the interests of efficiency and judicial economy for the Court to continue the Scheduling Conference until after the Court rules on Defendants' motion to dismiss. *See, e.g.*, *U.S. v. Dynamic Med. Sys.*, 2020 U.S. Dist. LEXIS 99338, at *3, *17 (E.D. Cal. June 5, 2020) (granting motion to continue scheduling conference and stay

JOINT RULE 26(f) REPORT
2:23-cv-05061-PA-AFM
- 4 -

discovery, pursuant to Fed. R. Civ. P. 26(c)(1), during pendency of potentially dispositive motion to dismiss); *Holland-Hewitt v. Allstate Life Ins. Co.*, 2020 U.S. Dist. LEXIS 227429, at *5 (E.D. Cal. Dec. 3, 2020) (accord; finding that the "likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources"). Further, Plaintiff would not be prejudiced by continuing the Scheduling Conference until there is clarity concerning the claims that will be pending in the action.

I. **STATEMENT OF THE CASE**

A. ***Plaintiff Statement.*** Plaintiff, Julius Johnson ("Johnson"), is a songwriter, musician, music composer, and producer. Johnson owns copyrights in the composition and sound recording *OnMySleeve* (published in 2011) as well as a number of other copyrighted works. In or about winter 2013, during or after one of Johnson's studio sessions, Johnson's hard drive which contained *OnMySleeve* and other copyrighted works was taken without his consent. In or about January 2022, Johnson discovered *OnMySleeve* had been infringed by the Defendants in this matter. On June 26, 2023, Johnson commenced this suit alleging *inter alia*, copyright infringement and secondary infringement theories. Subsequent thereto, Johnson retained an expert forensic musicologist to analyze *OnMySleeve* against the infringing works. The forensic musicologist opined that the works were strikingly similar and given that Johnson's work was the earlier created work, that the Defendants in this matter had access to and infringed *OnMySleeve*. In addition to the copyright infringement claims, Johnson has

sought relief for violations of the Digital Millennium Copyright Act ("DMCA") as well as secondary liability theories under the DMCA. Given Defendants' blatant infringement and misattribution of *OnMySleeve*, Johnson believes that prior to the infringement, one or more of the Defendants removed and falsified the copyright management information ("CMI") contained on *OnMySleeve* and he further believes that it is highly likely that similar violations were committed involving his other copyrighted works contained on his hard drive.

  **B.**   ***Defendants' Statement.*** For the reasons set forth in Defendants' Preliminary Statement, *supra*, Defendants contend that discovery should be stayed until after the Court rules on the Motion to Amend and Defendants' intended motion to dismiss either the SAC or TAC. Subject to the foregoing, Defendants state the following:

- Plaintiff has asserted claims for alleged direct copyright infringement, and for alleged "vicarious infringement" and alleged "contributory infringement," of either, or both, of Plaintiff's Works.

- Plaintiff's SAC and proposed TAC purport to summarize opinions of a purported musicologist that identify only unprotectable elements of Plaintiff's musical composition, and that expressly tie speculation concerning alleged infringement of Plaintiff's sound recording directly and solely to those unprotectable elements of the underlying musical composition.

- Plaintiff's SAC and proposed TAC contain speculative allegations concerning a purportedly lost hard drive allegedly containing Plaintiff's Works.
- Plaintiff's proposed TAC, if allowed, would add claims under 17 U.S.C. § 1202 for alleged falsification and removal of CMI relating to Plaintiff's Works, premised solely on speculation and legal conclusions.
- Plaintiff's Motion to Amend also argues that Plaintiff should be allowed to expand his claims to include other, unpleaded works.

Defendants believe that the claims of the SAC and, if it were allowed, the TAC fail to state claims on which relief can be granted, and Defendants intend to file a motion to dismiss Plaintiff's operative pleading after the Court rules on the Motion to Amend.

## II. AMENDMENTS TO PLEADINGS

The parties have engaged in discussions in which Plaintiff has stated that, should discovery reveal new information which might lend to amending the pleadings, Plaintiff may seek leave for such amendment.

Defendants agreed to consider in good faith any request by Plaintiff to confer concerning any such motion seeking leave to amend, in accordance with their obligations under Local Rule 7-3. Defendants currently believe, however, that no grounds for amendment are likely to be revealed in discovery. Defendants also note that Plaintiff already has amended his complaint twice. Defendants expressly reserve all rights to oppose any future potential motion for leave to amend.

Subject to the foregoing, based upon the information currently before the parties, Plaintiff does not intend to further amend his pleadings.

### III. ADDING PARTIES

Plaintiff intends to engage in discovery to ascertain the whereabouts of Marcus Bell as well as the DOE defendants. Accordingly, Plaintiff intends to amend his complaint to add said parties.

Defendants note that this Court denied Plaintiff's Renewed Motion for Alternative Service and to Extend the Deadline to Complete Service [Dkt. 60] on Marcus Bell and dismissed the action against Bell without prejudice pursuant to Fed. R. Civ. P. 4(m). [*See* Dkt. 78.] Accordingly, any "discovery to ascertain the whereabouts of Marcus Bell" would not be relevant to any claims or defenses in this action. Defendants reserve all rights to oppose any motion by Plaintiff seeking leave to further amend to add any new parties.

### IV. ISSUES TO BE DETERMINED BY MOTION

At this time, Plaintiff does not believe that any issues need to be determined by motion.

For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable at this time to identify which issues, if any, may need to be determined by motion. If any claims remain after the Court rules on the Motion to Amend and Defendants' intended motion to dismiss, Defendants expect to file a motion for summary judgment following discovery.

## V. PROPOSALS REGARDING SEVERANCE AND BIFURCATION

**A.** *Plaintiff Statement.* "[B]ifurcation is the exception rather than the rule of normal trial procedure within the Ninth Circuit." *Parekh v. Tesfaye*, No. 221CV07488FLAKESX, 2022 WL 17219077, at *2 (C.D. Cal. Mar. 31, 2022). At this time, Plaintiff does not believe that severance and/or bifurcation is necessary as it would increase the complexity and cost of the case unreasonably. In addition, Plaintiff does not believe that any exceptional circumstances warranting any such mechanisms are present. Accordingly, Plaintiff reserves the right to oppose any motion to bifurcate discovery.

**B.** *Defendants' Statement.* For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable at this time to take a final position on whether severance and/or bifurcation would be appropriate. As explained below, however, based on the information currently available to the parties, Defendants contend that good cause exists to bifurcate discovery on liability and damages.

Defendants disagree with Plaintiff's contention that bifurcation of liability and damages discovery would "increase the complexity and cost of the case unreasonably." Instead, based on the information currently available to the parties, the contrary is true. As this Court recognized in a recent case involving copyright infringement claims, *Yonay v. Paramount Pictures Corp.*, 2023 U.S. Dist. LEXIS 3817 (C.D. Cal. Jan. 6,

2023),³ "bifurcation of discovery into a liability phase and damages phase would promote convenience, efficiency, and judicial economy. Additionally, the damages and liability issues can reasonably be severed so as to potentially benefit all parties." *Id.* at *4. To prove his copyright infringement claims, Plaintiff will be required to show that protectable elements of his works were copied by Defendants. "The question of damages, on the other hand, is likely to involve a detailed and extensive analysis of revenue and profits from" the Defendants' Work from each of the nine defendants. *Id.* Here, as in *Yonay*, "the complexity of this case and the likely cost of discovery on damages make bifurcation appropriate." *Id.* This is particularly true considering the significant questions concerning whether the elements of Plaintiff's musical composition that Plaintiff has identified are protectable or not protectable under copyright law, and the fact that Plaintiff's allegations concerning his sound recording

---

³ A court has broad discretion under Federal Rule of Civil Procedure 42(b) to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite or economize." *Yonay*, 2023 U.S. Dist. LEXIS 3817, at *3 (quoting Fed. R. Civ. P. 42(b); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004)). "It is implicit that the court also ha[s] [the] power to limit discovery to the segregated issues." *Id.* (quoting *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970)). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Id.* Factors a court may consider in determining whether to bifurcate discovery include the "complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." *Id.* (quoting *Moreno v. NBCUniversal Media, LLC*, 2013 U.S. Dist. LEXIS 198660, at *2 (C.D. Cal. Sept. 30, 2013)). "After considering the benefits of bifurcation, the Court considers whether it would prejudice the opposing party." *Id.* (quoting *Bassil v. Webster*, 2021 U.S. Dist. LEXIS 68981, 2021 WL 1235258, at *3 (C.D. Cal. Jan. 15, 2021)).

are tied directly to those identified elements of his musical composition. It would promote efficiency and judicial economy to conduct discovery on and resolve liability before conducting complex and costly discovery concerning potential damages. Defendants' request is unlike that denied by the court in *Parekh v. Tesfaye*, 2022 U.S. Dist. LEXIS 215051 (C.D. Cal. Mar. 31, 2022), on which Plaintiff relies. There, the defendants requested that the court "bifurcate discovery into (1) an initial, 90-day phase of expert disclosures and discovery as to the extrinsic test [for copyright infringement], and *allow an early summary judgment motion limited to whether Plaintiffs satisfy the extrinsic test*, and then, if necessary, (2) a subsequent phase of discovery and dispositive motion practice on the *remaining* liability issues and damages." *Id.* at *3 (emphasis added). The *Parekh* court found that such a segmentation of liability issues, and proposed early summary judgment, would strain judicial economy. Here, in contrast, the benefits of bifurcation outweigh the costs, and Plaintiff would not be prejudiced by bifurcating liability discovery from more complex damages discovery.

## VI. <u>COMPLEXITY OF THE CASE</u>

Plaintiff does not believe this to be a complex action and accordingly does not believe that any of the procedures of the Manual for Complex Litigation need to be utilized.

As set forth in Section V, *supra*, Defendants contend that the aspects of this action concerning damages are complex. *See, e.g.*, *Yonay*, 2023 U.S. Dist. LEXIS 3817, at *3-4.

JOINT RULE 26(f) REPORT
2:23-cv-05061-PA-AFM
- 11 -

Defendants agree that, based on the information known to the Parties at this time, the procedures of the Manual for Complex Litigation are not necessary.

## VII. RULE 26(f) DISCOVERY PLAN

### A. *Changes to Initial Disclosures (26(f)(3)(A))*

Generally, the Parties see no need to deviate from the disclosures required by Fed. R. Civ. P. 26(a). However, Plaintiff proposes that disclosures be made no later than 7 days after the Scheduling Conference, no later than March 4, 2024.

For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants believe that the parties should make Initial Disclosures 14 days after the Court rules on Defendants' anticipated motion to dismiss the claims of the operative pleading after the Court rules on the Motion to Amend.

### B. *Timing and Subjects for Discovery* (Rule 26(f)(3)(B))

***Plaintiff's Position.*** Plaintiff sets forth the following proposed dates for discovery.

| ACTION | DATE |
| --- | --- |
| Initial Disclosures | March 4, 2024 |
| Close of Fact Discovery | June 6, 2024 |
| Plaintiff's Expert Disclosure | June 27, 2024 |
| Defendant's Expert Disclosure | June 27, 2024 |
| Rebuttal Expert Disclosure | September 30, 2024 |

Plaintiff believes the subjects for discovery include Johnson's ownership of his pleaded works and Defendant's infringement thereof, including Defendants' access to Johnson's works, the similarity between Johnson's works and the infringing works. In addition, liability under the DMCA are at issue. Specifically, issues related to the falsification and removal of Johnson's CMI. In addition, contributory and vicarious liability are at issue for the copyright infringement and DMCA claims. Legal issues concerning heightened damages for willful infringement and for removal of Johnson's CMI in contravention of the DMCA are also present.

***Defendants' Position.*** For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable to take a position on (i) specific dates for discovery events, including the fact discovery cutoff, the timing of expert reports, and the expert discovery cutoff; or (ii) the subjects for discovery. That is, the significant uncertainty concerning which claims, if any, will be pending in this action, and the nature of those claims, creates commensurate uncertainty concerning the appropriate duration and subjects of discovery. For example, in the TAC that is the subject of the Motion to Amend, Plaintiff seeks to add three claims under 17 U.S.C. § 1202 to cover, in addition to Plaintiff's Works, other new, unpleaded works.

Subject to and without waiving the foregoing position, and based on the information currently available to the parties, Defendants propose the following periods for fact and expert discovery, beginning from Defendants' filing of their Answers:

- If the Court grants Defendants' request for bifurcation of liability discovery and damages discovery as set forth in Section V, *supra*: Four months for fact discovery on liability; three months for expert discovery on liability, with initial expert disclosures due 30 days after the close of fact discovery, rebuttal expert disclosures due 30 days after the service of initial expert disclosures, and the close of expert discovery 30 days after the service of rebuttal expert disclosures; five months for fact discovery on remedies; and three months for expert discovery on remedies.
- If the Court does not bifurcate discovery: Nine months for fact discovery and three months for expert discovery.

**C.** ***Disclosure and Discovery of ESI (Rule 26(f)(3)(C)) and Privilege and Protection of Sensitive Information (Rule 26(f)(3)(D))***

The Parties have agreed to work cooperatively and in good faith toward the preparation and filing of a proposed stipulated protective order that contains provisions governing (i) the exchange of confidential information and protections therefor; (ii) discovery of electronically stored information ("ESI"); and (iii) identification of otherwise discoverable information for which a party asserts a claim of privilege, procedures for challenges thereof, and protections against inadvertent disclosure of privileged information.

### D. *Limitations on Discovery (Rule 26(f)(3)(E))*

Plaintiff does not see any need to limit discovery. Plaintiff anticipates seeking leave to conduct additional depositions than those limits imposed by the rules.

Defendants agree that, based on the information currently available to the parties, no changes need to be made to the limitations on discovery imposed under the Federal Rules or by the Local Rules, except for the limitation concerning bifurcation of discovery set forth in Section V, *supra*. For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable to take a position at this time on whether good cause would exist to grant Plaintiff leave to exceed the limitations on number of depositions set forth in Fed. R. Civ. P. 30. Accordingly, Defendants reserve all rights to oppose any such motion.

### E. *Other Orders (Rule 26(f)(3)(F))*

The parties currently are unaware of any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

## VIII. SETTLEMENT EFFORTS AND MEDIATION

**A. *Settlement Efforts.*** No settlement discussions have yet taken place.

***Plaintiff's Statement:*** During the 26(f) conference, Defendants averred that Plaintiff had not proffered any proposals. Plaintiff provided that in order to engage in any meaningful discussions regarding settlement, Plaintiff would seek to discover the profits Defendants generated from the infringing work in order to fairly evaluate the

worth of the case for settlement purposes. Defendants for Williams, WC Music, and Eardrummers, provided, in no uncertain terms, that they would not disclose such figures.

***Defendants' Statement:*** During the Rule 26(f) conference, when Defendants noted that Plaintiff had not presented any settlement proposal, Plaintiff's counsel stated that she would require discovery concerning Defendants' respective profits from Defendants' Work. Defendants stated that it remains unclear that Plaintiff actually has viable claims—to date, the claims he has pleaded have failed to survive Defendants' motions to dismiss—both with respect to alleged infringement, *i.e.*, whether of Plaintiff's musical composition or sound recording or both, and with respect to Plaintiff's attempt to include new, unpleaded works for his 17 U.S.C. § 1202 claims. As a result, all Defendants declined to provide any informal discovery.

**B.** ***Mediation.*** The parties make the following elections pursuant to LR 16-15.4: Plaintiff would prefer to institute ADR Procedure No. 2 and appear before a neutral selected from the Court's Mediation Panel. Defendants would prefer to institute ADR Procedure No. 3 and participate in a private dispute resolution proceeding.

### IX. ISSUES AFFECTING STATUS OR MANAGEMENT OF THE CASE

Except for Plaintiff's pending Motion to Amend, Defendants' intended motion to dismiss after the Court rules on Plaintiff's Motion to Amend, and Defendants' contention that the Scheduling Conference should be continued until after the Court rules on those motions, the parties have not identified any issues affecting the status or management of the case.

## X. PROPOSED DISPOSITIVE MOTION DEADLINE

Plaintiff proposes a cut off of ninety days (90) after the close of discovery for the filing of dispositive motions.

For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable to take a position on a specific date as a deadline for dispositive motions. Subject to and without waiving the foregoing position, and based on the information currently available to the parties, Defendants contend that a dispositive motion filing deadline of 45 days after the close of all discovery should be sufficient.

## XI. TRIAL ESTIMATION AND DATES

Plaintiff has requested a jury trial. Plaintiff estimates the trial in this matter to last five (5) days. Plaintiff proposes that the Court set the Final Pretrial Conference thirty (30) to sixty (60) days prior to trial.

For the reasons set forth in Defendants' Preliminary Statement and Statement of the Case, *supra*, Defendants are unable to take a position on a length of trial or a specific trial date. Subject to and without waiving the foregoing position, and based on the information currently available to the parties, Defendants propose that the parties submit a proposed Pretrial Order 30 days after the Court's ruling on all dispositive motions.

| | | |
|---|---|---|
| 1 | Dated: February 12, 2024 | Respectfully submitted, |
| 2 | | /s/ *Dayna C. Cooper* |
| | | Dayna C. Cooper (*pro hac vice*) |
| 3 | | Dayna@CooperLegalSolutions.com |
| | | COOPER LEGAL, LLC |
| 4 | | 1 Olympic Pl., Suite 900 |
| | | Towson, MD 21204 |
| 5 | | Telephone: (202) 642 5470 |
| | | Facsimile: (757) 257 9878 |
| 6 | | |
| | | Laurence M. Sandell (SBN 262186) |
| 7 | | lsandell@meimark.com |
| | | MEI & MARK LLP |
| 8 | | P.O. Box 65981 |
| | | Washington, DC 20035-5981 |
| 9 | | Telephone: 888-860-5678 |
| | | Facsimile: 888-706-1173 |
| 10 | | |
| | | Manni Li (SBN 273984) |
| 11 | | mli@meimark.com |
| | | Mei & Mark LLP |
| 12 | | 9440 Santa Monica Blvd. Suite 301 |
| | | Beverly Hills, CA 90210 |
| 13 | | Telephone: 888-860-5678 ext. 713 |
| | | Facsimile: 310-564-2769 |
| 14 | | *Attorneys for Plaintiff,* |
| | | *Julius Johnson* |
| 15 | | |
| | | /s/ *Thomas C. Lundin Jr.* |
| 16 | | Thomas C. Lundin Jr. |
| | | (admitted *pro hac vice*) |
| 17 | | FISHERBROYLES LLP |
| | | 111 Favre Street |
| | | Waveland, MS 39576 |
| 18 | | Tel. (678) 778-8857 |
| | | tom.lundin@fisherbroyles.com |
| 19 | | Rob L. Phillips (SBN 175354) |
| | | rob.phillips@fisherbroyles.com |
| 20 | | 145 S. Fairfax, 2nd Floor |
| | | Los Angeles, CA 90036 |
| | | TEL. (949) 290-9631 |
| 21 | | |

*Attorney for Defendants W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., Michael Len Williams III p/k/a Mike Will Made It, and Sounds from Eardrummers*

<u>*/s/ Hannah E Brown*</u>
Susan B. Meyer (SBN 204931)
Mark S. Posard (SBN 208790)
Hannah E. Brown (SBN 311158)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000,
San Francisco, CA 94111
Tel. (415) 986-5900
mposard@grsm.com
smeyer@grsm.com
hbrown@grsm.com
*Attorneys For Defendants Onika Tanya Miraj and Harajuku Barbie Music, LLC*

<u>*/s/ David A Steinberg*</u>
David A. Steinberg (SBN 130593)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel. (310) 312-3204
das@msk.com
*Attorneys for Defendants Universal Music Group. Inc. and Money Mack Music, Inc.*

<u>/s/ Peter Anderson</u>
Peter Anderson (Cal. Bar No. 88891)
DAVIS WRIGHT TREMAINE LLP
*Attorneys For Defendants Esther Renay Dean, also sued as Dat Damn Dean, and Songs of Universal, Inc.*

**ATTESTATION**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: February 12, 2024

/s/ Laurence M. Sandell
Laurence M. Sandell