UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

   Before the Court is a Motion for Leave to Amend and Authorization to Add New Claims Under 17 U.S.C. § 1202 ("Motion"), filed by plaintiff Julius Johnson ("Plaintiff").  (Docket No. 89.)  Defendants Michael Len Williams, II, Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp. filed an Opposition, which was joined by defendants Universal Music Group, Inc., Money Mack Music, Inc., Onika Tanya Maraj p/k/a Nicki Minaj, Harajuku Barbie Music, LLC, Esther Renay Dean, and Songs of Universal, Inc. (collectively, "Opposing Defendants").  (Docket Nos. 92–95.)  Plaintiff filed a Reply.  (Docket No. 96.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 26, 2024, is vacated, and the matter taken off calendar.

   Plaintiff filed the original Complaint in this action on June 26, 2023, and later filed a First Amended Complaint ("FAC"), alleging the following claims against Opposing Defendants and three additional defendants (collectively, "Defendants"):  (1) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 501, et seq.; (2) vicarious infringement; (3) contributory infringement; (4) conversion; (5) unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act claim"); and (6) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.  Certain Defendants filed a Motion to Dismiss the FAC, which the Court granted in part.  The Court dismissed Plaintiff's copyright infringement, vicarious infringement, and contributory infringement claims with leave to amend, and dismissed the Lanham Act claim without leave to amend.  Plaintiff then filed a Second Amended Complaint ("SAC"), alleging the same claims as those alleged in the FAC, with the exception of the Lanham Act claim.

   Plaintiff now seeks leave to file a Third Amended Complaint ("TAC"), which omits the state law claims for conversion and unfair competition, but adds the following three claims for violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202, et seq.:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

(1) falsification and removal of copyright management information; (2) contributory liability; and (3) vicarious liability.  (Docket No. 89-2.)

Rule 15(a) of the Federal Rules of Civil Procedure provides, in part, that a party may amend its pleading with the court's leave.  Rule 15(a) states that courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities") (internal quotations omitted).  "Amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim."  McCartin v. Norton, 674 F.2d 1317, 1321 (9th Cir. 1982).  The Court considers five factors in assessing a motion for leave to amend:  "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).  These factors are not weighed equally.  See DCD Programs, 833 F.2d at 186.  For example, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), cert. denied, 516 U.S. 1051 (1996).  "Undue delay by itself, however, is insufficient to justify denying a motion to amend."  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Here, the above factors weigh in favor of granting Plaintiff leave to file a TAC.  Given that Plaintiff filed his Motion in the early stages of this litigation – before the scheduling conference and before the Court set trial and pretrial dates – there has been no undue delay and Defendants will not be prejudiced by the filing of a TAC.  See DCD Programs, 833 F.2d at 187–88 ("[T]here has been no 'unjust delay.'  Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment.").  Additionally, the proposed DMCA claims are not futile.  See Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (internal quotations omitted).  And the fact that Plaintiff has previously amended the Complaint, alone, is not a sufficient basis to deny Plaintiff's Motion.  See Garcia v. Stemilt AG Servs., LLC, No. 2:20-CV-00254-SMJ, 2021 WL 9527247, at *4 (E.D. Wash. July 1, 2021) ("Plaintiffs have previously amended the complaint [twice] . . . . This factor weighs against granting leave to amend, but not strongly."), report and recommendation adopted, No. 2:20-CV-00254-SMJ, 2021 WL 9527246 (E.D. Wash. July 12, 2021); see also Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption in favor of granting leave to amend.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | February 23, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

While the Court does not conclude that Plaintiff has acted in bad faith, Plaintiff's proposed TAC fails to comply with the Court's Order granting the parties' January 16, 2024 Stipulation. (See Docket Nos. 82, 84.) The Order reads: "On or before January 22, 2024, Plaintiff will file a Motion for Leave, seeking leave to file a [TAC] that [] adds new claims under 17 U.S.C. § 1202 [and] makes no other additions or modifications to the [SAC] . . . ." (Docket No. 84 (emphasis added).) Plaintiff's proposed TAC, however, contains additions or modifications that are not related to the new DMCA claims.[1] Additionally, Plaintiff's proposed TAC names Marcus Bell ("Bell") as a defendant, despite the Court's January 5, 2024 Order dismissing this action against Bell pursuant to Rule 4(m). (See Docket No. 78.)

Accordingly, the Court grants Plaintiff's Motion with some exceptions. Plaintiff may file a revised TAC omitting Bell and omitting the additions and modifications identified in footnote 1 of this Order. The revised TAC, if any, shall be filed by no later than March 1, 2024. Defendants are ordered to answer or otherwise respond to the revised TAC by no later than 14 days after it is filed. If Plaintiff does not file a revised TAC by March 1, 2024, Defendants are ordered to answer or otherwise respond to the SAC by no later than March 15, 2024.

IT IS SO ORDERED.

---

[1] The proposed TAC contains the following additions or modifications that are not related to the new DMCA claims: (1) the phrase "Johnson's selection" in paragraph 80; (2) the entirety of paragraph 81; (3) the phrase "at least 15" in paragraph 82; (4) the entirety of paragraph 83; (5) the phrase "that there are at a minimum 15" in paragraph 84; (6) the phrases "and/or the like" and "infringing work[s]" in paragraphs 87 and 89; and (7) the entirety of section (c) of paragraph 472. (Docket No. 89-2.)