UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss Third Amended Complaint ("Motion"), filed by defendants Michael Len Williams, II ("Williams"), Sounds from Eardrummers, LLC, and W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., and joined by defendants Onika Tanya Maraj p/k/a Nicki Minaj ("Minaj"), Harajuku Barbie Music, LLC, Ester Renay Dean, Songs of Universal, Inc., Universal Music Group, Inc., and Money Mack Music, Inc. (collectively, "Moving Defendants").[1/] (Docket Nos. 107–10.) The Motion is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 15, 2024, was vacated, and the matter taken off calendar.

## I. Background

Plaintiff is a musician, composer, and producer, and Moving Defendants are various music artists, producers, record labels, and publishers. Plaintiff alleges that he created a musical work titled "OnMySleeve" (the "Work") in 2011, and now has copyright registrations for both his musical composition and sound recording of the Work. From 2012 to 2015, Plaintiff attended the Art Institute of Atlanta (the "Institute"). Plaintiff alleges that Williams and "associates and/or affiliates of Minaj and Williams attended and/or were physically present at the Institute during that same time period." (Docket No. 105 ¶¶ 24–25.) Plaintiff alleges that, "during or after one of [his] studio session[s] in the audio production studio room(s) at the Institute, [Plaintiff's] hard drive which contained [the Work] (as well as other valuable data/files) was taken without his consent." (Id. ¶ 26.) Plaintiff alleges that Williams, his associates/affiliates, and Minaj's associates/affiliates "had full access" to the studio rooms and "obtained [Plaintiff's] hard drive." (Id. ¶¶ 27–35.) Plaintiff further alleges that Defendants copied his sound recording and/or musical composition of the Work, and then created and/or

---

[1/] There are two other named defendants in this action: Kazarion Fowler and Dat Damn Dean. These defendants and Moving Defendants are collectively referred to as "Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

distributed an infringing work.  The allegedly infringing work is a song titled "I Lied," which appears on Minaj's album, "The Pinkprint," and on Williams' mixtape, "Ransom."

Plaintiff filed the original Complaint on June 26, 2023, and has since amended the Complaint three times.  The operative, Third Amended Complaint ("TAC") alleges the following six claims:  (1) copyright infringement; (2) vicarious liability for copyright infringement; (3) contributory liability for copyright infringement; (4) falsification and removal of copyright management information; (5) contributory liability for DMCA violations; and (6) vicarious liability for DMCA violations.  (Docket No. 105.)  Moving Defendants seek to dismiss the TAC for failure to state a claim.

**II.     Legal Standard**

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**III.    Analysis**

    **A.    Copyright Infringement Claims**

To state a claim for copyright infringement, a plaintiff must allege two elements: (1) that they own a "valid copyright" in the subject work; and (2) that defendant[s] "copied protected aspects of" the subject work. Hanagami v. Epic Games, Inc., 85 F.4th 931, 940 (9th Cir. 2023). The parties do not dispute the first element.

To allege the second element of a copyright infringement claim, a plaintiff is "required to plead facts plausibly showing either (1) that the two works in question are strikingly similar, or (2) that [the works] are substantially similar and that [defendants] had access to the [subject work]." Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952 (9th Cir. 2019) (internal quotations omitted). "Thus, a plaintiff must separately plead access only when alleging substantial similarity, not when alleging striking similarity." Id.

Two works are strikingly similar when the similarities between them are so great that they are "highly unlikely to have been the product of independent creation." Id. at 953 (internal quotations omitted). "In assessing whether particular works are substantially similar, or strikingly similar, th[e] [Ninth] Circuit applies a two-part analysis: the extrinsic test and the intrinsic test." Unicolors, Inc. v. Urb. Outfitters, Inc., 853 F.3d 980, 985 (9th Cir. 2017). At the pleading stage, the court considers only the extrinsic test. See Malibu Textiles, 922 F.3d at 952. The extrinsic test "compares the objective similarities of specific expressive elements in the two works." Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin, 952 F.3d 1051, 1064 (9th Cir. 2020). Although certain elements of a work may not be protectable individually, the "[o]riginal selection, coordination, and arrangement of unprotectable elements may be protectable expression." Malibu Textiles, 922 F.3d at 952 (internal quotations omitted). A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

combination of unprotectable elements is eligible for copyright protection "if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003). The Ninth Circuit does "not have a well-defined standard for assessing when similarity in selection and arrangement becomes 'substantial' or striking, and in truth no hard-and-fast rule could be devised to guide determinations that will necessarily turn on the unique facts of each case." Malibu Textiles, 922 F.3d at 953 (internal quotations omitted).

The TAC alleges that the Work and "I Lied" are strikingly similar or, in the alternative, that the two songs are substantially similar and that Defendants had access to the Work. Specifically, that the "the combination and arrangement of the individual elements" of the Work are protectable and includes opinions from a musicologist attesting to numerous similarities between the Work and "I Lied." At this stage in the proceedings, the TAC pleads sufficient facts to plausibly allege that the Work and "I Lied" are indeed strikingly similar. The Court therefore need not separately analyze the TAC's allegations of access and substantial similarity. See Malibu Textiles, 922 F.3d at 953 (explaining that successfully pleading striking similarity "obviates the need to plead access").

Moving Defendants contend that Plaintiff has failed to state claims for vicarious and contributory copyright infringement solely based on their argument that Plaintiff has failed to state a claim for direct copyright infringement. However, because the Court has found that the TAC states a valid claim for direct copyright infringement, the Moving Defendants' argument fails. Accordingly, the Court declines to dismiss Plaintiff's direct, contributory, and vicarious copyright infringement claims.

### B. DMCA Claims

The DMCA provides as follows:

> (a) False copyright management information. —No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> > (1) provide copyright management information that is false, or
> >
> > (2) distribute or import for distribution copyright management information that is false.
>
> (b) Removal or alteration of copyright management information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

> —No person shall, without the authority of the copyright owner or the law—
>
> > (1) intentionally remove or alter any copyright management information,
> >
> > (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
> >
> > (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202. A party can also be contributorily or vicariously liable for another party's direct violation of the DMCA. See Philips N. Am. LLC v. Vartanian, No. 2:22-cv-07469-JVS(JDEx), 2023 WL 8937615, at *10 (C.D. Cal. Nov. 16, 2023) (citing Ellison v. Robertson, 357 F.3d 1072, 1077 (9th Cir. 2004)).

Moving Defendants contend that Plaintiff's DMCA claims fail for two reasons: "First, Plaintiff's DMCA claims are premised entirely on the allegations of copying that fail to state a claim as a matter of law . . . . Second, Plaintiff's DMCA claims are based entirely on speculation and legal conclusions, rather than well-pleaded facts . . . ." (Docket No. 107-1 at p. 19.) The first argument fails because Plaintiff has sufficiently alleged copying of the Work.

The TAC alleges that, given the striking similarity of the Work and "I Lied," one or more Defendants therefore removed and falsified Plaintiff's CMI on the Work. (Docket No. 105 ¶ 420.) Plaintiff identifies the CMI as "[Plaintiff's] name, digital file name, song title, and other information identifying the work." (Id. ¶ 32.) As to falsification of Plaintiff's CMI, the TAC alleges that one or more Defendants knew that the CMI they "conveyed in connection" with the Work "was false because [Defendants] knew that they were not the true author(s) and copyright owner(s) of the musical works." (Id. ¶ 425.) The TAC further alleges that Defendants are "aware that CMI is used to identify the owners of and to protect digital music/works," and knew

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5061 PA (AFMx) | Date | April 19, 2024 |
|---|---|---|---|
| Title | Julius Johnson v. Onika Tanya Maraj, et al. | | |

or had reason to know that their actions would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyrights in the Work. (Id. ¶¶ 416, 428.) Plaintiff also that one or more Defendants knew or had reason to know that their removal and/or alteration of the CMI would "would induce, enable, facilitate, or conceal responsible Defendant(s)' infringement of [Plaintiff's] copyrights because each Defendant is familiar with CMI, its purposes, and use CMI to protect their own copyrightable works." (Id. ¶ 422.)

Plaintiff also attempts to allege that one or more Defendants removed and/or falsified the CMI on his other musical works (collectively, the "Other Works") that were on the allegedly stolen hard drive. The TAC merely alleges that it is "highly likely" that one or more Defendants removed and falsified the CMI on the Other Works because they did so on the Work. (Id. ¶ 420, Ex. E.)

The Court finds that the TAC contains well-pleaded allegations to state Plaintiff's DMCA claims insofar as those claims are based on the Work. However, to the extent the DMCA claims are based on the Other Works, those claims are dismissed without leave to amend because any amendment would be futile given that the sole basis for those claims is the allegation that Plaintiff's CMI on the Work was falsified/removed. See Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) ("Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (internal quotations and citations omitted).

## Conclusion

For all of the foregoing reasons, the Court denies Moving Defendants' Motion to Dismiss, in part. The Court finds that the TAC states viable claims for direct, contributory, and vicarious copyright infringement. The Court also finds that the TAC states viable DMCA claims for the direct, contributory, and vicarious removal or falsification of Plaintiff's CMI on the Work. However, to the extent Plaintiff's DMCA claims are based on the Other Works, Plaintiff has not stated viable claims and those claims are dismissed without leave to amend. Defendants shall file their Answers to the TAC by May 3, 2024.

IT IS SO ORDERED.