Dayna C. Cooper (pro hac vice)
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl., Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

*Attorneys for Plaintiff Julius Johnson*

Thomas C. Lundin Jr. (admitted *pro hac vice*)
tom.lundin@fisherbroyles.com
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857

Rob L. Phillips (SBN 175354)
rob.phillips@fisherbroyles.com
FISHERBROYLES LLP
145 S. Fairfax, 2nd Floor
Los Angeles, CA 90036
Tel. (949) 290-9631

*Attorneys for Defendants Michael Len Williams, II;
Sounds From Eardrummers, LLC; W Chappell
Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIUS JOHNSON, | Case No. 2:23-cv-05061-PA-AFM |
| Plaintiff, | **STIPULATION TO AMEND SCHEDULING ORDER** |
| v. | **Honorable Percy Anderson** |
| ONIKA TANYA MARAJ P/K/A NICKI MINAJ, et al. | |
| Defendants. | |

Plaintiff Julius Johnson ("Plaintiff"), and defendants Onika Tanya Maraj p/k/a Nicki Minaj ("Maraj"), Harajuku Barbie Music, LLC ("Harajuku"), Universal Music Group, Inc.

("UMG"), Songs Of Universal, Inc. ("SOU"), Money Mack Music, Inc. ("Money Mack"), W Chappell Music Corp d/b/a WC Music Corp. f/k/a WB Music Corp. ("WC Music"), Michael Len Williams II p/k/a Mike Will Made It ("Williams"), Sounds from Eardrummers, LLC ("Eardrummers"), Esther Renay Dean, also sued as Dat Damn Dean ("Dean") (collectively, "Defendants"), by and through their undersigned counsel, and in accordance with Fed. R. Civ. P. 16(b), the Court's Standing Order (Dkt. 12), the Court's Scheduling Order dated February 23, 2024 (Dkt. 103), respectfully move this Court for an Order amending, in part, the Scheduling Order, namely, for good cause shown,

(1) extending the "Discovery Cut-off Date" by sixty (60) days;

(2) extending the "Last Day for Hearing Motions" by approximately three months, such that the filing deadline for dispositive motions will be two weeks after the new Discovery Cut-off Date; and

(3) extending subsequent dates by a commensurate amount, or an amount selected by the Court.

More particularly, newly-arising or -discovered developments, as explained below, prevent completion of discovery by the current deadline, despite the parties' diligence. As a result, as explained below, the parties jointly seek an extension of the "Discovery Cut-off Date" from September 30, 2024 to November 29, 2024, solely for the purpose of (i) completing already-pending fact discovery and (ii) any additional discovery arising from information in the deposition testimony of Ms. Maraj; and conducting expert discovery; and an extension of the "Motion Cut-off date" (Dkt. 103)/"Last Day for Hearing Motions" (Dkt. 102) from October 7, 2024 to January 13, 2024, which would allow the parties to file motions for summary judgment or partial summary judgment no later than December 16, 2024, *i.e.*, two weeks after the close of discovery. Consistent with the Court's instruction that "[i]n the usual case, the parties should confer and agree on the date for setting [summary judgment] motions" (Dkt. 103 at 2), the parties have conferred and agreed on a summary judgment briefing schedule that seeks to accommodate completion of expert

discovery, which would otherwise not be possible under the existing schedule. In support hereof, the parties show as follows:

1. On February 22, 2024, this Court entered its Order (Civil Minutes – In Chambers) (Dkt. 102), and on February 23, 2024, this Court issued the Scheduling Order (Dkt. 103), collectively providing, in pertinent part, the following dates:

| | |
|---|---|
| 09/30/24 | Discovery Cut-off |
| 10/07/24 | Last Day for Hearing Motions |
| 11/15/24 | Final Pretrial Conference at 1:30 p.m. |
| 12/10/24 | Jury Trial at 9:00 a.m. |

2. In accordance with the Court's Standing Order (Dkt. 12 ¶ 10(c)), the parties advise that there have been no previous requests for extensions of any dates set forth in the Scheduling Order.

3. The parties diligently have been pursuing discovery. The parties have exchanged multiple sets of written discovery requests and responses thereto: Plaintiff has served two sets of interrogatories and requests for production of documents to each defendant, and defendants W Chappell, Williams, and Eardrummers have served two sets of interrogatories and requests for production of documents to Plaintiff, and three subpoenas *duces tecum* to Plaintiff's witnesses. The parties have produced hundreds of pages of documents.

4. Further, as a result of the September 30, 2024 Discovery Cut-off Date, the parties' deadline for initial expert disclosures was August 5, 2024, and on that date, the parties exchanged initial expert disclosures, including written reports required by Fed. R. Civ. P. 26(a)(2)(B); and the parties' deadline for rebuttal expert disclosures is August 26, 2024, and the parties are exchanging rebuttal expert disclosures on that date, including written rebuttal reports.

5. Further, the parties have served deposition notices under Fed. R. Civ. P. 30 and 30(b)(6), and have been working cooperatively to schedule each deposition, and Plaintiff has served or is serving at least one third-party subpoena. As explained below, the

current Discovery Cut-off Date cannot reasonably be met despite the parties' diligence as a result of one defendant's pre-existing business and travel commitments.

6. Further, the Court's Order/Referral to ADR (Dkt. 101) provides a deadline of October 15, 2024 for the parties to complete a mediation before the Court Mediation Panel. Immediately upon issuance of the Court's Order/Referral to ADR, the parties worked diligently and cooperatively with the mediator to schedule the mediation, which initially was scheduled for September 10, 2024. The mediator subsequently advised the parties of a scheduling conflict on the part of the mediator, however, and the parties diligently and cooperatively worked to re-schedule the mediation, which currently is scheduled for September 25, 2024.

7. Once the Court issues a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b), that "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking to interpose an amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause can be shown if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

8. Here, the parties respectfully submit that the pretrial schedule cannot reasonably be met despite the parties' diligence for three reasons: First, Defendant Maraj, who is a globally recognized entertainer with an active touring and performing schedule, has a pre-existing business commitment to a touring schedule that includes twenty-two (22) dates within the month of September and early October across the country. Ms. Maraj cannot forego or alter any of those dates; to do so would incur significant financial penalties for Ms. Maraj and others. Plaintiff's counsel and Ms. Maraj's counsel have worked diligently and cooperatively, but a deposition of Ms. Maraj before October 15, 2024 is not possible in light of the pre-existing business and travel commitments associated with this touring schedule.

9. Second, Plaintiff's counsel has been diagnosed with Covid. Although counsel has been working diligently on discovery since, the effects of Covid have presented difficulties.

10. Third, the parties respectfully contend that the date set as "Last Day for Hearing Motions" has become impractical under the current circumstances. To comply with the notice and briefing schedule contemplated in the Local Rules and Paragraph C of the Scheduling Order, the parties would be required to file motions for summary judgment or partial summary judgment by September 9, 2024, nearly one month before the Discovery Cut-off date and before depositions of experts. The parties respectfully contend that it would not be possible to prepare and file motions for summary judgment, which could potentially dispose of any need for trial and/or narrow the disputes to be tried, until discovery has closed.

11. A court may consider factors such as the "development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference[.]" *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Among such matters here are Ms. Maraj's touring and performing schedule, which precludes any deposition occurring before October 15, 2024, after the current Discovery Cut-off Date. Plaintiff served a Notice of deposition for Ms. Maraj on August 1, 2024, and since that time, Ms. Maraj's counsel has been working diligently to determine whether a deposition could be scheduled before the current Discovery Cut-off Date. Only recently did it become clear that no deposition would be possible before October 15, 2024.

12. Here, the parties have fulfilled their obligations to diligently conduct discovery in a manner that controls the costs and burdens for each party, *see, e.g.*, *Grassroots Prods. II v. Londra*, 2023 U.S. Dist. LEXIS 44797, at *3-4 (C.D. Cal. Mar. 15, 2023) (noting that "Chief Justice John Roberts has emphasized the importance of eight words added to Rule 1, which provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the *just*, *speedy*, and *inexpensive* determination of every action and proceeding.") (quoting Fed. R. Civ. P. 1),

within the current schedule but (1) Plaintiff's deposition of Ms. Maraj is not possible within the current schedule; and (2) the parties' ability to prepare complete motions for summary judgment, fully informed by a complete discovery record, is necessary to control the cost and burden of litigation, would be hampered if the parties are required to file summary judgment motions a month before the close of discovery.

13. Court considering motions to amend a Rule 16 scheduling order have considered the following factors: "(1) whether trial is imminent, (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *See, e.g.*, *SEC v. Vivera Pharms. Inc.*, No. 8:22-cv-01792-FWS-MAA, 2024 U.S. Dist. LEXIS 122016, at *5 (C.D. Cal. May 30, 2024) (applying test in context of motion to reopen discovery) (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)). Here, these factors weigh in favor of finding good cause because (1) trial is approximately four months away, so is not imminent; (2) the request is made jointly, so (3) there is no prejudice to any non-moving party; (4) the moving parties have been diligent in seeking discovery; (5) the parties do not foresee the need for additional discovery if the Court grants the extension; and (6) the extension is to accommodate Plaintiff's deposition of the lead defendant. *See id.*; *see also*, *e.g.*, *Warner v. Amazon.Com, Inc.*, 2024 U.S. Dist. LEXIS 77943, at *4-5 (C.D. Cal. Feb. 9, 2024) (noting, *inter alia*, concurrence of non-moving party as factor in finding good cause).

14. This is not a case where "[t]he parties simply prefer to not to conduct discovery until they have exhausted their mediation efforts." *See Grassroots Prods. II*, 2023 U.S. Dist. LEXIS 44797, at *3; *Idemia Am. Corp. v. Leach Int'l Corp.*, 2023 U.S. Dist. LEXIS 90175, at *5 (C.D. Cal. May 22, 2023); *AMCO Ins. Co. v. Broan-Nutone, LLC*, 2023 U.S. Dist. LEXIS 35340, at *3 (C.D. Cal. Mar. 1, 2023). Here, the parties have been diligently conducting discovery in advance of the scheduled mediation. But under the

existing pretrial schedule, the deadline to file dispositive motions is before both the close of discovery and before the September 25, 2024 mediation. Notably, that the September 25 mediation itself might render the need for summary judgment motions unnecessary is another factor constituting good cause to extend the deadline for filing summary judgment motions until after the Discovery Cut-off Date, as extended.

15. Nor is this a case where the parties have sought a previous extension to the discovery period. *See Universal Cable Prods. LLC v. Atl. Specialty Ins. Co.*, 2017 U.S. Dist. LEXIS 237431, at *5 (C.D. Cal. Apr. 5, 2017) (good cause for amending schedule not shown where parties previously were granted a two month extension of time to complete discovery). Here, the parties intend to complete discovery by the current deadline, except for the deposition of Ms. Maraj.

16. Nor is this a case where the parties have delayed seeking assistance on a disputed discovery matter. *See Bank of N.Y. Mellon v. White*, 2022 U.S. Dist. LEXIS 153585, at *12 (C.D. Cal. July 18, 2022). Instead, the parties have worked diligently and cooperatively to pursue discovery and resolve discovery issues, and thus far have succeeded in doing so, with the exception that Ms. Maraj's touring schedule precludes any deposition before October 15, 2024, which became apparent only recently. Further, the parties' request to extend the deadline for filing dispositive motions until two weeks after the close of discovery seeks merely to provide for motions that are fully informed by a complete discovery record, which accords with the dictates of Fed. R. Civ. P. 1.

17. Although the pretrial schedule cannot reasonably be met despite the parties' diligence, the parties contend that (1) extending the Discovery Cut-off Date by 60 days; and (2) extending the Last Day for Hearing Motions deadline by approximately three months, to January 13, 2024—making the filing deadline for summary judgment motions two weeks after the Discovery Cut-off Date, on December 16, 2024, would provide the parties sufficient time to (i) meaningfully engage in mediation, (ii) complete discovery, including depositions of experts, and (iii) prepare complete summary judgment motions fully informed by a complete discovery record, which will preserve judicial economy and

promote judicial efficiency. The parties request an extension of the subsequent deadlines by a commensurate amount or an amount that the Court selects. *See*, *e.g.*, *Warner*, 2024 U.S. Dist. LEXIS 77943, at *4-5 ("Good cause may be found where the moving party shows it assisted the Court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order.")

18. Accordingly, the parties stipulate, and jointly and respectfully request an Order amending the Scheduling Order, to:

A. extend the Discovery Cut-off Date from September 30, 2024 to November 29, 2024, solely for the purpose of completing (i) already-pending fact discovery and (ii) any additional discovery arising from information in the deposition testimony of Ms. Maraj; and conducting expert discovery;

B. extend the Last Day for Hearing Motions date from October 7, 2024 to January 13, 2024—which would provide, as agreed by the parties, a summary judgment motion briefing schedule, as follows: file summary judgment motions: December 16, 2024; file oppositions: December 23, 2024; and file replies: January 3, 2025;

C. extend the subsequent dates commensurately, as provided below.

| Event | Current Date | Proposed Date |
|---|---|---|
| Discovery Cut-off Date | 9/30/2024 | 11/29/2024 |
| Last Day for Hearing Motions | 10/07/2024 | 1/13/2024 |
| Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists | 11/01/2024 | 2/07/2025 |

| Event | | |
|---|---|---|
| File Joint Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc. | | |
| Final Pretrial Conference at 1:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case | 11/15/2024 | 2/21/2025 |
| Hearing on Motions in Limine at 1:30 p.m.<br>Hearing on Disputed Jury Instructions at 1:30 p.m. | 12/02/2024 | 3/10/2025 |
| File Final Trial Exhibit Stipulation | 12/05/2024 | 3/13/2025 |
| Jury Trial at 9:00 a.m. | 12/10/2024 | 3/18/2025 |

19. In accordance with Local Rules 7-1 and 52-4.1, the parties are submitting concurrently herewith a separate proposed order setting forth the pertinent elements requested in this stipulation.

Respectfully submitted, August 26, 2024

                                          */s/Dayna C. Cooper*
Dayna C. Cooper (*pro hac vice*)
Dayna@CooperLegalSolutions.com
COOPER LEGAL, LLC
1 Olympic Pl., Suite 900
Towson, MD 21204
Telephone: (202) 642 5470
Facsimile: (757) 257 9878

Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
MEI & MARK LLP

P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769
*Attorneys for Plaintiff Julius Johnson*


*/s/Thomas C. Lundin Jr.*
Thomas C. Lundin Jr.
(admitted *pro hac vice*)
FISHERBROYLES LLP
111 Favre Street
Waveland, MS 39576
Tel. (678) 778-8857
tom.lundin@fisherbroyles.com

Rob L. Phillips (SBN 175354)
rob.phillips@fisherbroyles.com
145 S. Fairfax, 2nd Floor
Los Angeles, CA 90036
Tel. (949) 290-9631
*Attorney for Defendants W Chappell Music Corp. d/b/a WC Music Corp. f/k/a WB Music Corp., Michael Len Williams III p/k/a Mike Will Made It, and Sounds from Eardrummers, LLC*


*/s/Lara S. Garner*
Susan B. Meyer (SBN 204931)
Mark S. Posard (SBN 208790)
Lara S. Garner (SBN 234701)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000,
San Francisco, CA 94111
Tel. (415) 986-5900
mposard@grsm.com
smeyer@grsm.com

lsgarner@grsm.com
*Attorneys For Defendants Onika Tanya Miraj and Harajuku Barbie Music, LLC*


*/s/David A. Steinberg*
David A. Steinberg (SBN 130593)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel. (310) 312-3204
das@msk.com
*Attorneys for Defendants Universal Music Group, Inc. and Money Mack Music, Inc.*


*/s/Peter Anderson*
Peter Anderson (SBN 88891)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017
Tel. (213) 633-6800
PeterAnderson@dwt.com
*Attorneys for Esther Renay Dean, also sued as Dat Damn Dean, and Songs of Universal, Inc.*